UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MEGAN GARCIA,**

      **Plaintiff,**

v.                           Case No. 6:24-cv-1903-ACC-EJK

**CHARACTER TECHNOLOGIES, INC., NOAM SHAZEER, DANIEL DE FRIETAS ADIWARSANA, GOOGLE LLC, ALPHABET INC., and DOES 1-50,**

      **Defendants.**

## ORDER TO SHOW CAUSE

This cause comes before the Court *sua sponte* on review of Plaintiff Megan Garcia's Complaint. (Doc. 1). Plaintiff has failed to properly allege the citizenship of Defendant Google, LLC. Therefore, the Court is unable to determine whether the diversity of citizenship requirement has been satisfied.

On October 22, 2024, Plaintiff filed a Complaint against Defendants Character Technologies, Inc., Noam Shazeer, Daniel de Freitas Adiwarsana, Google LLC, and Alphabet Inc.[1] (collectively, "Defendants") asserting products liability, negligence-based and wrongful death claims arising out of the suicide of Plaintiff's

---

[1] Though not named in the body of the Complaint, the case style lists "Does 1-50." The Court is required to disregard the citizenship of defendants sued under fictitious names. *See* 28 U.S.C. § 1441(b).

minor son following his interaction with Character AI (a platform utilizing artificial intelligence "bots" designed to interact with humans through a chatting, app-based platform) that was designed, created, and/or licensed by Defendants. (Doc. 1). Plaintiff asserts jurisdiction based on diversity of citizenship.

### *Subject Matter Jurisdiction Based on Diversity of Citizenship*

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365 (1978). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

Plaintiff asserts that there is complete diversity of citizenship. (Doc. 1 at ¶ 22). Plaintiff, however, has not properly alleged the citizenship of Google, LLC, alleging only that:

> Defendant Google Inc. was incorporated in California in September 1998 and reincorporated in Delaware in August 2003. In or around 2017, Google Inc. converted to a Delaware limited liability company, Defendant Google, LLC (together with its predecessor-ininterest Google Inc., "Google"). Google's principal place of business is in

>Mountain View, CA. On October 2, 2015, Google reorganized and became a wholly owned subsidiary of a new holding company, Alphabet Inc., a Delaware corporation with its principal place of business in Mountain View, CA. (collectively, "Google").

(*Id*. ¶ 19). Based on Plaintiff's allegations, Google LLC is currently a limited liability company, despite that it may have been a corporation in the past. Plaintiff only alleges that Google LLC has a principal place of business in California. Plaintiff then proceeds to reference Google LLC's holding company, Alphabet Inc., which is a separately-named Defendant.

It is well-established that an LLC is "a citizen of any state of which a member of the company is a citizen." *Thermoset Corp. v. Building Materials Corp of Am.*, 849 F.3d 1313, 1316 (11th Cir. 2017) (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)) (internal quotation marks omitted). Therefore, to properly allege the citizenship of Google LLC, Plaintiff will be required to provide the Court with a list of the citizenship of each member of Google LLC.[2] Failure to do so will require dismissal without prejudice of this action for lack of subject matter jurisdiction. *See Hedge Capital Inv. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th

---

[2] Where a member of the party is also an unincorporated entity, **its members must also be identified** continuing on through however many layers of partners or members there may be. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-27 (1st Cir. 2011)." (*Id.* (emphasis added)).

Cir. 2014)[3] ("Complete diversity is an absolute requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.").

Based on the foregoing, Megan Garcia is **ORDERED** to show cause within 14 days why the case should not be dismissed for failure to sufficiently allege diversity of citizenship to support federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 28, 2024.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Unpublished opinions of the Eleventh Circuit generally constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6. This opinion, however, summarizes published case law describing the standard.