UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEGAN GARCIA, INDIVIDUALLY AND
AS THE PERSONAL REPRESENTATIVE OF
THE ESTATE OF S.R.S. III,

    Plaintiffs,

v.                                                       Case No. 6:24-CV-01903-ACC

CHARACTER TECHNOLOGIES, INC.;
NOAM SHAZEER; DANIEL DE
FRIETAS ADIWARSANA; GOOGLE
LLC; AND ALPHABET INC.,

    Defendants.
_____/

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on January 9 and 13, 2025. Thomas Zehnder, Dustin Mauser-Claassen, Stephanie Herrera, and Victoria Degtyareva (for Defendant Character Technologies, Inc.); Matthew Donohue and Lauren White (for Defendants Google LLC and Alphabet Inc.); Paul Schmidt and Isaac Chaput (for Defendant Noam Shazeer); Andrew Schapiro (for Defendant Daniel De Freitas Adiwarsana); and Matthew Bergman and Meetali Jain (for Plaintiff Megan Garcia) attended one or both conferences.

2. **Deadlines and Dates**

The parties have agreed to these deadlines and dates as a compromise:[1]

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 3/28/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/28/2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br><br>Plaintiff | 1/9/2026 |
| Defendant | 2/6/2026 |
| Rebuttal | 3/6/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 3/27/2026 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 5/22/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>The parties are meeting and conferring regarding a mutually agreeable mediator and will update the Court within fourteen (14) days of this submission. | 8/31/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 9/11/2026 |

---

[1] Plaintiff Megan Garcia and Sewell Setzer, II, the decedent's father, are currently in the process of seeking appointment as co-administrators of the decedent's estate and expect promptly to be appointed. Once this process is complete, Plaintiff intends to amend the complaint to add the decedent's father as a co-plaintiff, but will make no substantive changes to the allegations or claims at issue. Defendants' agreement to the dates herein is based on Plaintiff's representation that this process will be completed on or before Defendants' motions to dismiss are adjudicated, and will not involve any substantive changes to the allegations or claims at issue. If Plaintiff has not been appointed administrator or co-administrator of the decedent's estate, or if any co-administrators have not appeared as parties, on or before adjudication of Defendants' motion to dismiss, the parties agree to jointly submit an amended case schedule for the Court's approval.

| | |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 9/25/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 10/30/2026 |
| Month and year of the trial term. | 11/2026 |

The trial will last approximately 10 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

Plaintiff Megan Garcia alleges that her son, S.R.S. III, was harmed by conversations he had with generative AI chatbots, called "Characters," on Character.AI, an online platform operated by Character Technologies, Inc., and she seeks to hold Defendants liable for S.R.S. III's suicide. Defendants deny the claims.

4. **Disclosure Statement**

☐ Each party has filed a disclosure statement using the required form.

Plaintiffs have filed the required disclosure statement. Defendants Character Technologies, Inc., Google LLC, and Alphabet Inc. have filed the required disclosure statement. Defendants Noam Shazeer and Daniel De Freitas Adiwarsana will do so promptly upon approval of ECF filing credentials.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes: enter changes.

   B.  Discovery may be needed on these subjects:

   **Plaintiff:** Involvement of Google, in design of and support for the technology underlying Character AI's products; internal product experimentation data and research related to Character AI's products; Character AI's engagement with minor users and their receipt of minor data; defendants' knowledge of the risks of physical and mental harms to minor users of Character AI's products; Character AI's sale or transmission of user data to third parties; past and present relationships between Google, Noam Shazeer and Daniel De Freitas Adiwarsana; and Google's 2024 acquisition of Character AI's technology, data and personnel.

   **Defendants:** S.R.S. III's medical records, including records relating to any mental health treatment; S.R.S. III's school records; any criminal, law enforcement, or other judicial records related to S.R.S. III or his family members; any other factors that may have contributed to S.R.S. III's alleged injuries; records related to S.R.S. III's suicide; forensic data from S.R.S. III's digital devices; communications involving S.R.S. III or Plaintiff related to the allegations in the First Amended Complaint; documents and testimony related to Plaintiff's claim for loss of SRS. III's services, comfort, care, society, and companionship.

   C.  Discovery should be conducted in phases:

   ☐ No.
   ☒ Yes. Depositions shall not be noticed while motions to dismiss are pending and responses to interrogatories and requests for admission discovery shall not be furnished and documents not produced until thirty (30) days after the Court resolves those motions.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.

☒ Yes; Defendant Character Technologies, Inc. has served a preservation notice on Plaintiff and has identified to Plaintiff digital devices believed to have been used by S.R.S. III to access Character.AI. Plaintiff has represented that she is taking reasonable and proportionate steps to determine who has possession, custody, and control of these devices. The parties are negotiating a protocol for the joint forensic examination of devices and will continue to meet and confer about related issues.

Plaintiff has served a preservation notice on Character AI, and talks are ongoing with all other defendants.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d). The Parties agree to negotiate, and ask the Court to enter, an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

6

12. **Signatures**

/s/ Matthew P. Bergman
Matthew P. Bergman* (Lead Counsel)
Laura Marquez-Garrett*
Glenn Draper*
Tech Justice Law Project
600 1st Avenue, Suite 102-PMB 2383
Seattle, WA 98104
 (206) 741-4862
matt@socialmediavictims.org
laura@socialmediavictims.org
glenn@socialmediavictims.org
*Admitted Pro Hac Vice

Counsel for Plaintiff


/s/ Isaac D. Chaput
Isaac D. Chaput*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
(415) 591-7020
ichaput@cov.com


Paul W. Schmidt* (Lead Counsel)
COVINGTON & BURLING LLP
New York Times Building
620 Eighth Avenue,
New York, New York 10018-1405
(212) 841-1171
pschmidt@cov.com
*Admitted Pro Hac Vice

Attorneys for Defendant
Noam Shazeer


/s/ Matthew K. Donohue
Matthew K. Donahue*
Fred Rowley, Jr.*

/s/ Thomas A. Zehnder
Thomas A. Zehnder
Florida Bar No. 0063274
Dustin Mauser-Claassen
Florida Bar No. 0119289
KING, BLACKWELL, ZEHNDER
 & WERMUTH, P.A.
25 East Pine Street
Orlando, FL 32801
(407) 422-2472
tzehnder@kbzwlaw.com
dmauser@kbzwlaw.com

Counsel for Defendant
Character Technologies, Inc.


/s/ Jonathan H. Blavin
Jonathan H. Blavin* (Lead Counsel)
Stephanie Goldfarb Herrera*
MUNGER, TOLLES & OLSON, LLP
560 Mission Street
San Francisco, CA 94105
(415) 512-4011
(415) 512-4063
Jonathan.Blavin@mto.com
Stephanie.Herrera@mto.com

Victoria A. Degtyareva*
MUNGER, TOLLES & OLSON, LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9505
Victoria.Degtyareva@mto.com
*Admitted Pro Hac Vice

Counsel for Defendant
Character Technologies, Inc.


/s/ Andrew H. Schapiro
Andrew H. Schapiro+
Quinn Emanuel Urquhart & Sullivan, LLP

Wilson Sonsini Goodrich & Rosati, P.C.
953 E. 3rd Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
mdonohue@wsgr.com
fred.rowley@wsgr.com

Lauren Gallo White* (Lead Counsel)
Wilson Sonsini Goodrich & Rosati, P.C.
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105
(415) 947-2000
lwhite@wsgr.com

Jay B. Shapiro
Florida Bar No. 776361
Stearns Weaver Miller Weissler Alhadeff
& Sitterson, P.A.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3229
jshapiro@stearnsweaver.com
*Admitted Pro Hac Vice

*Counsel for Defendants*
*Google, LLC and Alphabet, Inc.*

191 N. Wacker Drive
Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com
+Motion for *Pro Hac Vice* Forthcoming

*Counsel for Defendant*
*Daniel De Freitas Adiwarsana*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on January 13, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Thomas A. Zehnder
Thomas A. Zehnder
Florida Bar No. 0063274