UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S. III,<br><br>Plaintiff,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC; and ALPHABET INC.,<br><br>Defendants. | Case No. 6:24-cv-01903-ACC-EJK |

**UNOPPOSED JOINT MOTION FOR DEFENDANTS GOOGLE LLC, ALPHABET INC., NOAM SHAZEER, AND DANIEL DE FREITAS ADIWARSANA TO JOIN THE MOTION TO DISMISS OF DEFENDANT CHARACTER TECHNOLOGIES, INC. AND TO FILE SEPARATE MOTIONS TO DISMISS**

Defendants Google LLC ("Google"), Alphabet Inc. ("Alphabet" and, collectively with Google LLC, "the Google Defendants"), Noam Shazeer ("Shazeer"), and Daniel De Freitas Adiwarsana ("De Freitas," collectively, "Moving Defendants") jointly move the Court for an order authorizing Google, Shazeer, and De Freitas to join Defendant Character Technologies, Inc.'s ("Character") forthcoming motion to dismiss in order to avoid duplicative briefing and allow the parties to adequately address issues applicable only to specific parties. Character does

not oppose, but seeks no relief through this motion. Moving Defendants further state as follows:

1.  Plaintiff's First Amended Complaint asserts twelve claims. Nine of those claims are alleged against all Defendants, including (1) strict liability (failure to warn); (2) negligence (failure to warn); (3) negligence (defective design); (4) intentional infliction of emotional distress; (5) wrongful death; (6) survivor action; (7) unjust enrichment; (8) deceptive and unfair trade practices; and (9) loss of consortium. Of the three remaining claims, one—strict products liability (design defect)—is asserted against Character and Google; one—negligence per se—is asserted only against Character; and one—aiding and abetting—is asserted only against Google.

2.  Moving Defendants anticipate that, in responding to Plaintiff's claims pled against all Defendants—the majority of the claims—Character will present arguments and caselaw applicable to all Defendants.

3.  The Moving Defendants intend to raise arguments unique to the allegations against them and their role in this case, which will be distinct from those raised by Character. Specifically, Shazeer and De Freitas each intend to file a brief addressing issues as to them, and the Google Defendants will file a single brief addressing to issues as to both Google and Alphabet. As to the Google Defendants, this also includes arguments addressing the aiding and abetting claim, which is not asserted against any other Defendant.

4.  The deadline for Defendants to file their motions to dismiss is January 24, 2025.

5.  In order to avoid duplication and present the issues clearly and efficiently for the Court, the most efficient course would be for Moving Defendants to be permitted to join Character's brief with respect to the arguments that are common among them, rather than raising the same arguments in their own briefs. Moving Defendants do not believe that any modification to the page limits is necessary.

6.  Because of the nature of Moving Defendants' individualized arguments, Moving Defendants do not think that a single joint brief is desirable or feasible on behalf of Moving Defendants and Character objects to a single joint brief.

7.  Therefore, Moving Defendants request the following relief:

    a.  That the Court authorize the Google Defendants, Shazeer, and De Freitas to join Character's motion to dismiss the First Amended Complaint and memorandum of law in support with respect to those arguments which are common among them;

    b.  That, in addition to joining Character's motion to dismiss, the Google Defendants, Shazeer, and De Freitas may still file separate motions to dismiss, in order to raise specific arguments pertaining to the allegations against them; and

    c.  That each of the foregoing briefs shall be subject to the length limit set forth in Local Rule 3.01(a);

    d.  That Plaintiff be permitted to respond in kind, with separate briefs addressing each Defendant's motion to dismiss, each of which shall be subject to the length limit set forth in Local Rule 3.01(b).

## INCORPORATED MEMORANDUM OF LAW

Both the Court and the parties will benefit from avoiding duplicative briefing and conserving judicial resources where, as here, the forthcoming motions to dismiss will present a mix of both cross-cutting issues applicable to all defendants and specific issues unique to each. By allowing the cross-cutting issues to be raised in a single brief, the relief Moving Defendants seek would ensure that the Court not be burdened by argument on the same issues by multiple Defendants. At the same time, separate defendant-specific briefing will allow each Moving Defendant to address the allegations against it or him clearly, and for Plaintiff to respond specifically to each.

This unopposed motion is submitted in good faith, and no party will be prejudiced by the relief sought herein.

WHEREFORE, Moving Defendants respectfully request that the Court enter an order granting the request for Moving Defendants to join Character's motion to dismiss and accompanying memorandum of law.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. Local Rule 3.01(g), on January 9, 2025, counsel for the parties conferred to resolve the issues raised in this motion, and the Moving Defendants certify that they have agreed to seek the requested relief jointly and that Character and Plaintiff do not oppose the relief sought.

Dated: January 21, 2025                                Respectfully submitted,

*/s/ Jay B. Shapiro*
Jay B. Shapiro

Florida Bar No. 776361
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3200
jshapiro@stearnsweaver.com

Lauren Gallo White + (Lead Counsel)
WILSON SONSINI GOODRICH & ROSATI,
PROFESSIONAL CORPORATION
One Market Plaza, Suite 3300
San Francisco, CA 94105
(415) 947-2000
lwhite@wsgr.com

Fred A. Rowley, Jr. +
Matthew K. Donohue +
WILSON SONSINI GOODRICH & ROSATI,
PROFESSIONAL CORPORATION
953 E. Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
fred.rowley@wsgr.com
mdonohue@wsgr.com

+*Pro Hac Vice*

*Counsel for Defendants Google LLC and Alphabet Inc.*

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (pro hac vice application pending)
QUINN EMANUEL URQUHART & SULLIVAN LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel.: (312) 705-7400
Fax: (312) 705-7401
andrewschapiro@quinnemanuel.com

Olivia Barket Yeffet
Florida Bar No. 1026382
QUINN EMANUEL URQUHART & SULLIVAN LLP
2601 S. Bayshore Drive, Suite 1550
Miami, Florida 33133-5417
Tel.: (305) 496-2988
Fax: (305) 901-2975
oliviayeffet@quinnemanuel.com

*Counsel for Defendant Daniel De Freitas Adiwarsana*

/s/ *Isaac D. Chaput*
Paul D. Schmidt + (Lead Counsel)
COVINGTON & BURLING LLP
New York Times Building
620 Eighth Avenue,
New York, New York 10018-1405
Tel.: + (212) 841-1171
pschmidt@cov.com

Isaac D. Chaput +
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Tel.: (415) 591-7020
ichaput@cov.com

+*Pro Hac Vice*

*Attorneys for Defendant Noam Shazeer*

## CERTIFICATE OF SERVICE

I certify that on January 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive notifications.

*/s/ Jay B. Shapiro*
Jay B. Shapiro