UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S. III,

    Plaintiff,

v.

CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC; ALPHABET INC.,

    Defendants.

Case No.: 6:24-cv-01903-ACC-UAM

## CHARACTER TECHNOLOGIES, INC.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Character Technologies, Inc. ("C.AI") respectfully seeks leave pursuant to Local Rule 3.01(d) to file a 10-page reply in support of its Motion to Dismiss (the "Motion") (Doc. 59), and states as follows:

On March 21, 2025, Plaintiff filed her Response in Opposition to the Motion (Doc. 85) (the "Response"), raising new legal arguments that C.AI has not yet had an opportunity to address.  A party may be granted leave to file a reply brief for good cause, including to address law raised for the first time in an opposition brief. *In re Fiddler's Creek, LLC*, No. 2:14-cv-379-FtM-29CM, 2015 WL 4470093, at *2 (M.D. Fla. July 21, 2015).  Courts also grant leave where it would "benefit the Court's resolution of the pending motion." *Id.*

Here, a reply brief will aid the Court's resolution of C.AI's Motion because the Response raises new legal arguments that C.AI has not yet had an opportunity to address. C.AI's Motion argues in part that Plaintiff's claims are barred by the First Amendment because they would impose liability for expressive content. If granted leave to file a reply, C.AI will address Plaintiff's new First Amendment arguments:

1. Plaintiff argues that C.AI may not invoke the First Amendment rights of its users. Doc. 85 at 4–6. C.AI will explain why every relevant consideration supports C.AI's ability to invoke the First Amendment rights of its millions of users.

2. Plaintiff argues that the content at issue is not speech because there is allegedly no intention behind the expression. *Id.* at 6–8. C.AI will explain why no such intent requirement applies here and why, in any event, it is satisfied.

3. Plaintiff argues that the Court should be the first to recognize a new and broad category of unprotected speech. *Id.* at 12–13. C.AI will explain why Plaintiff's suggestion is foreclosed by Supreme Court precedent and is unwise in any event.

4. Plaintiff argues that the Court should modify the elements of the tort claims at issue. *Id.* at 14 n.5. C.AI will explain why the Court should decline Plaintiff's invitation to develop new tort elements on the fly. This argument alone merits leave to reply because the operative pleading gives C.AI no notice that it might be held liable based on wholly novel definitions of the torts pled.

C.AI has shown good cause to reply because this case involves important issues of first impression concerning artificial intelligence technology and because the Response not only raises new arguments, but invites this Court to depart from well-

established precedents and legal principles.

C.AI therefore respectfully requests leave to file a 10-page reply so that C.AI may succinctly and adequately respond to Plaintiff's new First Amendment arguments. C.AI further requests that the filing deadline be set for 14 days after this Court's order on this motion so that there is ample time between the filing of the reply and oral argument, which the Court has set for April 28, 2025. (Doc. 79.)

### Local Rule 3.01(g) Certification

I certify that C.AI conferred with Plaintiff by telephone on March 26, 2025, in a good-faith effort to resolve the motion. Plaintiff opposes the relief requested.

Respectfully submitted this 26th day of March, 2025.

| | |
|---|---|
| /s/ Thomas A. Zehnder<br>Thomas A. Zehnder<br>Florida Bar No. 0063274<br>Dustin Mauser-Claassen<br>Florida Bar No. 0119289<br>KING, BLACKWELL, ZEHNDER<br> & WERMUTH, P.A.<br>25 East Pine Street<br>Orlando, FL 32801<br>(407) 422-2472<br>tzehnder@kbzwlaw.com<br>dmauser@kbzwlaw.com<br><br>*Counsel for Defendant,*<br>*Character Technologies, Inc.* | Jonathan H. Blavin* (Lead Counsel)<br>Victoria A. Degtyareva*<br>Stephanie Goldfarb Herrera*<br>MUNGER, TOLLES & OLSON, LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>(415) 512-4000<br>Jonathan.Blavin@mto.com<br>Stephanie.Herrera@mto.com<br>Victoria.Degtyareva@mto.com<br>*Admitted Pro Hac Vice<br><br>*Counsel for Defendant,*<br>*Character Technologies, Inc.* |