UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S. III,<br><br>　　　Plaintiff,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC; and ALPHABET INC.,<br><br>　　　Defendants. | Case No. 6:24-cv-01903-ACC-UAM |

### DEFENDANT GOOGLE LLC'S MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant Google LLC, through its undersigned attorneys and pursuant to Local Rule 3.01(d) seeks leave of the Court to file a 10-page reply in support of its Motion to Dismiss (ECF No. 61) ("Motion") in order to address new issues raised by Plaintiff in her Response in Opposition (ECF No. 86) ( "Opposition" or "Opp.").

### INCORPORATED MEMORANDUM OF LAW

While this Court does not permit reply briefs as a matter of course, it may "grant leave to file a reply brief where the reply will benefit the Court's resolution of the pending motion." *Weiss v. AT&T Inc.*, 2023 WL 3092631, at *1 (M.D. Fla. Apr. 26, 2023). The purpose of such a reply "is to rebut any new law or facts" contained

in the opposition. *Id.* (quoting *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011).)

Plaintiff's Opposition raises new legal arguments that were not clearly alleged in the First Amended Complaint or articulated in the parties' pre-motion conferrals. Given the novelty and far-reaching implications of Plaintiff's legal theories in this case, the Court should not proceed with less than full briefing. In particular, Google seeks to respond to three points from the Opposition:

*First*, Plaintiff claims for the first time that her products liability claim seeks to hold Google liable as "a component part manufacturer." Opp. 9. If granted leave, Google will explain in reply the additional reasons why this new theory of liability fails as a matter of law.

*Second*, Plaintiff urges an expansive concept of aiding and abetting liability, under which merely "provid[ing] ordinary business services" to the creator of an allegedly defective product or service should be the basis for tort liability, Opp. 13, predicated in large part on the Seventh Circuit's decision in a statutory sex trafficking case, *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 565 (7th Cir. 2023). Google will explain why this novel theory—which would make "ordinary business" vendors liable for their clients' specific products and services—is inconsistent with aiding and abetting law and why Plaintiffs' cited authority is inapposite.

*Third*, Plaintiff defends her unjust enrichment claim by arguing that Google may have received the decedent's personal data, despite there being no such allegation, or support for such an allegation, in the Complaint. Opp. ___; *see* FAC ¶

2

410 (alleging only the "Character.AI" received "Sewell's personal data"). Google will briefly respond as to why this new assertion is speculative and, at all events, provides no cognizable basis for liability.

In order to address these issues, Google requests leave to file a succinct 10-page reply brief. Google would be prepared to file such a brief within 14 days of an order on this motion, or on such other timeline as the Court may direct.

Dated: March 26, 2025                              Respectfully submitted,

Jay B. Shapiro                                    /s/ Lauren Gallo White
STEARNS WEAVER MILLER WEISSLER                    Lauren Gallo White (PHV) (Lead Counsel)
ALHADEFF & SITTERSON, P.A.                        WILSON SONSINI GOODRICH & ROSATI
150 W. Flagler Street, Suite 2200                 One Market Plaza, Suite 3300
Miami, FL 33130                                   San Francisco, CA 94105
(305) 789-3200                                    (415) 947-2000
jshapiro@stearnsweaver.com                        lwhite@wsgr.com

                                                  Fred A. Rowley, Jr. (PHV)
                                                  Matthew K. Donohue (PHV)
                                                  WILSON SONSINI GOODRICH & ROSATI
                                                  953 E. Third Street, Suite 100
                                                  Los Angeles, CA 90013
                                                  (323) 210-2900
                                                  fred.rowley@wsgr.com
                                                  mdonohue@wsgr.com

                                                  *Counsel for Google LLC and Alphabet Inc.*

## LOCAL RULE 3.01(g) CERTIFICATE

I certify that, on March 25, 2025, counsel for Google conferred with counsel for Plaintiff about this motion. Plaintiff opposes the relief requested.

Dated: March 26, 2025                              /s/ Lauren Gallo White
                                                   Lauren Gallo White

## CERTIFICATE OF SERVICE

I certify that on March 26, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive notifications.

*/s/ Jay B. Shapiro*
Jay B. Shapiro
