UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S. III,<br><br>Plaintiff,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC; ALPHABET INC.,<br><br>Defendants. | Case No.: 6:24-cv-01903-ACC-EJK<br><br>**DEFENDANTS DANIEL DE FREITAS AND NOAM SHAZEER'S REPLY IN FURTHER SUPPORT OF THEIR RESPECTIVE MOTIONS TO DISMISS (ECF Nos. 63, 65)** |

Defendants Daniel De Freitas and Noam Shazeer (together, the "Individual Defendants") submit this Reply in further support of their respective motions to dismiss. *See* Daniel De Freitas's Motion to Dismiss, ECF No. 63 ("De Freitas Mot."); Noam Shazeer's Motion to Dismiss, ECF No. 65 ("Shazeer Mot.") (collectively, the "Motions").

## INTRODUCTION

Plaintiff's Opposition makes clear that the FAC should be dismissed. The Opposition ignores the Individual Defendants' demonstration that Plaintiff cannot establish personal jurisdiction over the Individual Defendants under the corporate-shield doctrine or long-arm statute, and that the Individual Defendants lack sufficient minimum contacts to establish personal jurisdiction. Instead, Plaintiff has come up with a brand new theory—alleged nowhere in the FAC—that the traditional personal

1

jurisdiction framework is irrelevant because the alter ego exception applies.[1]  *Id.* at 3.  But Plaintiff's alter ego theory is unsupported by the allegations in the FAC and could not plausibly be alleged.  For these reasons, as addressed below and in the Individual Defendants' opening briefs, the claims against the Individual Defendants should be dismissed with prejudice in their entirety.

## ARGUMENT

**I.   PLAINTIFF CONCEDES THAT FLORIDA LACKS PERSONAL JURISDICTION UNDER THE TRADITIONAL FRAMEWORK**

In their Motions, the Individual Defendants showed that the FAC does not allege sufficient jurisdictional facts to both (1) bring the action within the ambit of Florida's long arm statute and (2) satisfy the Due Process requirements.  De Freitas Mot. at 5; Shazeer Mot. at 4.  To support this argument, the Individual Defendants submitted evidence alongside their Motions.  *See* Declaration of Daniel De Freitas, ECF No. 63-1 ("De Freitas Decl."); Affidavit of Noam Shazeer, ECF No. 68-1 ("Shazeer Aff.").

Plaintiff has not introduced any evidence to rebut the arguments and evidence that the Individual Defendants presented.  *See Jet Charter Serv., Inc. v. Koeck*, 907 F.2d

---

[1] Plaintiff raises the alter ego theory as a basis for both personal jurisdiction and liability.  *See* Plaintiff's Opposition 3–8, 18–19.  Because Florida courts apply the same veil-piercing test to assess both personal jurisdiction and personal liability, the arguments raised in this Reply apply with equal force in both contexts.  *See Parisi v. Kingston*, 314 So. 3d 656, 664 (Fla. 3rd DCA 2021) (applying the test in the context of personal jurisdiction); *Virtus Pharms., LLC v. Woodfield Distribution, LLC*, 2024 WL 4235895, at *9 (M.D. Fla. Sept. 19, 2024), *appeal dismissed*, 2025 WL 548247 (11th Cir. 2025) (applying the test in the context of personal liability).

1110, 1112 (11th Cir. 1990) (explaining that when a defendant submits evidence to challenge personal jurisdiction, Florida's long-arm statute "shifts" the burden to the plaintiff to prove jurisdiction through "affidavits, testimony[,] or documents"). In fact, Plaintiff does not respond *at all* to the arguments and evidence against personal jurisdiction—nor could she.

Perhaps recognizing that this Court may not exercise personal jurisdiction under the traditional framework, Plaintiff instead introduces (improperly) a new argument that an "exception" applies. *Id.* at 3 (quoting *Bellairs v. Mohrmann*, 716 So. 2d 320, 322 (Fla. 2d DCA 1998)). In so doing, Plaintiff concedes that the FAC fails to establish personal jurisdiction under both Florida's long-arm statute and the Fourteenth Amendment. *See Boullosa v. Equifax Info. Servs. LLC*, 2025 WL 833373, at *10 (M.D. Fla. Mar. 17, 2025) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (quoting *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014))). Because Plaintiff failed to allege facts sufficient to support the new alter ego argument, *see infra* Part III, the claims against the Individual Defendants *must* be dismissed. *See Jones*, 546 F. App'x at 434 ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." (quoting *Kramer v. Gwinnett Cnty*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004))).

## II. PLAINTIFF FAILS TO PROVIDE FAIR NOTICE OF THE ALTER EGO THEORY UNDER RULE 8(a)

Rule 8(a) of the Federal Rules of Civil Procedure mandates that a complaint "give the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Klauber v. City of Sarasota*, 235 F. Supp. 2d 1263, 1268 (M.D. Fla. 2002), *aff'd*, 350 F.3d 1301 (11th Cir. 2003). To meet this requirement, "a complaint should at least allege in general terms the acts, customs, practices, policies of the Defendant in a manner sufficient to allow an informed response." *Id.* (quoting *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 879 (M.D. Fla. 1996)). In opposing a motion to dismiss, a plaintiff may not simply "allude to the *possibility* that his Complaint may contain the existence of a violation[.]" *Id.*; *see United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (holding that a plaintiff bears the initial burden of alleging sufficient facts to establish jurisdiction).

The FAC does not provide adequate notice of Plaintiff's purported alter ego theory. Plaintiff fails to allege a specific allegation that C.AI was "a 'mere instrumentality' or alter ego" of the Individual Defendants or that the Individual Defendants "engaged in 'improper conduct' in the formation or use of" C.AI. *See Bellairs v. Mohrmann*, 716 So.2d 320, 322 (Fla. 2d DCA 1998). Nor do the words "alter ego" appear anywhere in the 427 paragraph pleading.

Plaintiff's attempt to introduce a new theory of personal jurisdiction— unsupported by the allegations of the FAC—is not only at odds with Plaintiff's FAC, which alleged that personal jurisdiction was warranted due to the Individual

Defendants' contacts with Florida, *see* FAC ¶¶ 26–31, but also runs contrary to the Federal Rules of Civil Procedure, *see, e.g.*, FRCP 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction"). The Eleventh Circuit has repeatedly held that plaintiffs may not augment their pleadings through filings in opposition to dispositive motions. *See, e.g.*, *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1258 (11th Cir. 2012) (rejecting an allegation presented in opposition to a motion to dismiss because it was not stated in the amended complaint); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

As a judge in this District previously noted, it is "neither Defendants', nor this Court's, duty to play hide-and-seek with claims that Plaintiff claims might be hidden somewhere within [the] Complaint." *Klauber*, 235 F. Supp. 2d at 1268. But even a thorough scavenger hunt through the FAC provides no basis to conclude that Plaintiff intended to raise the alter ego theory.[2] Because notice of the alter ego theory was legally insufficient, the Individual Defendants were "not required to file an affidavit, declaration[,] or present other evidence" opposing it. *Parisi v. Kingston*, 314 So. 3d 656, 665 (Fla. 3d DCA 2021).

---

[2] The fair notice requirement is illustrated by the very cases that Plaintiff cites— each of which discussed alter ego allegations made expressly in underlying pleadings. *See, e.g.*, *Damian v. Yellow Brick Cap. Advisers (UK) Ltd.*, 2019 WL 5887360, at *8–10 (S.D. Fla. Nov. 12, 2019); *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.*, No. 0:15-CV-62688, ECF No. 183, at ¶ 2 (S.D. Fla. Dec. 19, 2019).

### III. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO PIERCE THE CORPORATE VEIL

Even if the Individual Defendants were on notice of the alter ego theory (they were not), Plaintiff's argument fails on the merits. Florida courts pierce the corporate veil "in only the most extraordinary cases." *In re Hillsborough Holdings Corp.*, 166 B.R. 461, 468 (Bankr. M.D. Fla.), *aff'd*, 176 B.R. 223 (M.D. Fla. 1994); *see also Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.,* No. 15-62688-CIV, 2020 WL 5757083, at *2 (S.D. Fla. Sept. 28, 2020) ("[t]he corporate veil will be pierced only in the most exceptional circumstances"). As recognized in one of Plaintiff's own cases, "[t]hose who seek to pierce the corporate veil in Florida carry a '*very heavy burden*.'" *Damian*, 2019 WL 5887360, at *7 (quoting *Gov't of Aruba v. Sanchez*, 216 F. Supp. 2d 1320, 1362 (S.D. Fla. 2002)) (emphasis added).

> To meet this high standard, a plaintiff must sufficiently allege: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for any improper purpose; *and* (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Id.* (quoting *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011)) (emphasis added); *see also Priskie v. Missry*, 958 So.2d 613, 614 (Fla. 4th DCA 2007) (same).

In order for a court to pierce the corporate veil, "there must be indicators that the corporation was a 'mere device or sham *to accomplish* some ulterior purpose,' '*evade* some statute,' '*employed* by the stockholders for fraudulent or misleading purposes,'

6

'*organized or used* to mislead creditors,' or [used to] '*evade* existing personal liability.'" *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 303 F. Supp. 3d 1282, 1286 (M.D. Fla. 2018); *see also Steinhardt v. Banks*, 511 So.2d 336, 339 (Fla. 4th DCA 1987) (similar).  Here, the FAC contains no such allegations.

> A.   **The FAC Fails to Allege Domination and Control**

Courts use a variety of factors to determine whether an individual so dominates and controls a corporation as to render it nonexistent, including whether (1) the corporation observes the basic corporate formalities (such as keeping separate records and holding shareholder meetings), (2) the shareholder and corporation file consolidated financial statements and tax returns, (3) the shareholder finances the corporation, (4) the shareholder pays the salaries and other expenses of the corporation, (5) the corporation has no business except that given to it by the shareholder, and (6) the shareholder uses the corporation's property as its own.  *See Damian*, 2019 WL 5887360, at *8 (listing factors that are considered when alter-ego liability is asserted against a corporate parent).

The FAC contains no facts that could show domination and control.  Plaintiff alleges that the Individual Defendants directed and controlled C.AI's development.  *See* Plaintiff's Opp. 5.  If that allegation was sufficient, any significant director, officer, or shareholder of a corporation would be hauled into court for the acts of their employers.  Plaintiff's argument would unravel the whole concept of a corporation—an entity whose "purpose . . . is to limit the liability of the corporation's owners."  *Molinos*, 633 F.3d at 1349.

Plaintiff's other allegations—that C.AI purportedly lacked a physical address in the months leading up to this action, that C.AI was financed by Google, and that C.AI was inadequately capitalized *after* the Individual Defendants left the company, *see* Plaintiff's Opp. 5—are likewise insufficient to demonstrate domination or control. Two of these allegations have nothing to do with the time the Individual Defendants worked at C.AI, while the other concerns *Google's* purported control of the company. Neither the Individual Defendants' conduct after leaving C.AI nor Google's conduct demonstrates that Mr. De Freitas and Mr. Shazeer "dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent[.]" *Damian*, 2019 WL 5887360, at *7.

### B. The FAC Fails to Allege Improper Purpose

The FAC also fails to adequately allege that C.AI's corporate form was used for an improper purpose. Plaintiff contends that C.AI's improper purpose was to push an allegedly dangerous technology to market as quickly as possible. Plaintiff's Opp. 5-6. But Plaintiff's argument reflects a fundamental misunderstanding of the meaning that Florida courts ascribe to the term "improper purpose."

To prove "improper purpose," a plaintiff must show that a defendant deliberately and improperly *abused the corporate form*, not simply engaged in purportedly wrongful conduct. *Virtus Pharms., LLC v. Woodfield Distribution, LLC*, 2024 WL 4235895, at *9 (M.D. Fla. Sept. 19, 2024) (declining to pierce the corporate veil where the corporation committed regulatory violations and maintained faulty maintenance of records and controlled substances), *appeal dismissed*, No. 24-13349, 2025 WL 548247

8

(11th Cir. 2025). As one of Plaintiff's cases explains, a complaint seeking to pierce the corporate veil must allege that the "corporation was organized or used to mislead creditors or to perpetrate a fraud upon them." *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1119–20 (Fla. 1984) (quoting *Riley v. Fatt*, 47 So. 2d 769, 773 (Fla. 1950)).[3] For that reason, even "negligent or reckless behavior does not constitute [the] improper conduct required to pierce the corporate veil." *In re Hillsborough Holdings Corp.*, 176 B.R. 223, 245 (M.D. Fla. 1994).

Simply put, the FAC makes no allegations related to the deliberate abuse of the corporate form, nor has Plaintiff cited a single authority standing for the proposition that a Florida court may pierce the corporate veil on the basis of a product-defect or negligence claim. Plaintiff's misinterpretation of Florida's definition of "improper purpose" should be handily rejected by this Court.

### C. The FAC Fails to Show that the Alleged Harm was Caused by the Abuse of the Corporate Form

Plaintiff argues that the harm was caused by the Individual Defendants allegedly using C.AI as a "vehicle" to "avoid safety protocols" and "push their

---

[3] *See also Lipsig v. Ramlawi*, 760 So. 2d 170, 187 (Fla. 3rd DCA 2000) ("[U]nless there is a showing that a corporation was formed . . . for an unlawful or improper purpose—as a subterfuge to mislead or defraud creditors, to hide assets, to evade the requirements of a statute or some analogous betrayal of trust, the corporate veil cannot be pierced."); *Wurtzebach v. Flooring Depot FTL, Inc.*, 384 So. 3d 251, 255 (Fla. 4th DCA 2024) (same); *In re Hillsborough Holdings Corp.*, 166 B.R. 461, 470–71 (Bankr. M.D. Fla.) ("The controlling caselaw requires more, . . . before the conduct may form the basis to disregard the corporate structure, it must be established that the corporation was operated as a shell game and the corporate shield between the parent and subsidiary was nothing more than a sham.").

technology to market as quickly as possible." Plaintiff's Opp. 6. In making this argument, Plaintiff implicitly concedes that the harm was *not* caused by fraud, misleading creditors, hiding assets, or any other traditional rationale for veil-piercing. *See Damian*, 2019 WL 5887360, at *7 ("[The] plaintiff must sufficiently allege . . . [that] the fraudulent or improper use of the corporate form caused injury to the claimant.").

## IV. LEAVE TO AMEND WOULD BE FUTILE

Plaintiff should not be granted leave to amend. Plaintiff did not request leave to amend the FAC in her Opposition. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding that a court is not required to grant leave to amend sua sponte if the plaintiff never filed a motion nor requested leave to amend). Amendment would be futile because Plaintiff's new alter ego theory is entirely unsupported by the facts alleged in the FAC.

## CONCLUSION

For the above reasons, Mr. De Freitas and Mr. Shazeer respectfully request the Court to dismiss Plaintiff's claims against them.

Respectfully submitted this 4th day of April, 2025.

| **QUINN EMANUEL URQUHART & SULLIVAN LLP** | **COVINGTON & BURLING LLP** |
|---|---|
| /s/ *Olivia Barket Yeffet* | /s/ *Isaac D. Chaput* |
| Olivia Barket Yeffet | Paul W. Schmidt* (Lead Counsel) |
| Florida Bar No. 1026382 | New York Times Building |
| 2601 S. Bayshore Drive, Suite 1550 | 620 Eighth Avenue |
| Miami, Florida 33133 | New York, New York 10018 |
| Tel.: (305) 496-2988 | Telephone: + 1 (212) 841-1171 |
| Fax: (305) 901-2975 | Email: pschmidt@cov.com |
| oliviayeffet@quinnemanuel.com | |
| | |
| Andrew H. Schapiro (admitted *pro hac vice*) | Isaac D. Chaput* |
| 191 N. Wacker Drive, Suite 2700 | Salesforce Tower |
| Chicago, Illinois 60606 | 415 Mission Street, Suite 5400 |
| Tel.: (312) 705-7400 | San Francisco, California 94105 |
| Fax: (312) 7057401 | Telephone: + 1 (415) 591-7020 |
| andrewschapiro@quinnemanuel.com | Email: ichaput@cov.com |
| | |
| Secondary: | * Admitted Pro Hac Vice |
| michaelalvarez@quinnemanuel.com | |
| | |
| *Counsel for Defendant Daniel De Frietas Adiwarsana* | *Counsel for Defendant Noam Shazeer* |