UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S. III,<br><br>Plaintiff,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC; ALPHABET INC.,<br><br>Defendants. | Case No.: 6:24-cv-01903-ACC-UAM<br><br>**CHARACTER TECHNOLOGIES, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Pursuant to Local Rule 3.01(i), Defendant Character Technologies, Inc. ("C.AI") submits this notice of supplemental authority in support of C.AI's Motion to Dismiss (Doc. 59):

1. **Citation of Authority**

*NetChoice, LLC v. Yost*, No. 2:24-cv-47, 2025 WL 1137485 (S.D. Ohio Apr. 16, 2025).

2. **Specification by Page, Paragraph, and Line of the Issue or Argument in the Earlier Papers that the Authority Supplements**[1]

- Doc. 59 at 9 & n.9, first full paragraph and attached footnote (lines 5–16 of page 9 and lines 1–3 of footnote 9);

- Doc. 98 at 6 n.4 (lines 1–2 of footnote 4).

---

[1] Page numbers refer to the page numbers at the bottom of the original document and not the file-stamped page numbers generated by CM/ECF.

1

3. **Succinct Quotation from the Authority**

"The Act impedes minors' ability to engage in and access speech by requiring covered websites to obtain parental consent before allowing any unemancipated child under the age of sixteen to register or create an account on their website. That means minors' ability to contribute or access a wide array of protected First Amendment activity on any number of diverse topics will be contingent on securing parental consent—an impermissible curtailment of their First Amendment rights."

*Yost*, 2025 WL 1137485, at *15 (cleaned up);

"The State nonetheless argues that the Act is aimed at the 'unique risks' that covered operators' platforms pose to minors 'based on shared features and functions unrelated to speech.' But a law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of animus toward the ideas contained in the regulated speech."

*Id.* at *20 (cleaned up);

"Indeed, other courts have enjoined state statutes similar to the one at issue here."

*Id.* at *2 n.1 (collecting cases).

Respectfully submitted this 22nd day of April, 2025.

|  |  |
|---|---|
| Jonathan H. Blavin* (Lead Counsel)<br>Victoria A. Degtyareva*<br>Stephanie Goldfarb Herrera*<br>MUNGER, TOLLES & OLSON, LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>(415) 512-4000<br>Jonathan.Blavin@mto.com<br>Stephanie.Herrera@mto.com<br>Victoria.Degtyareva@mto.com<br>*Admitted Pro Hac Vice* | /s/ Thomas A. Zehnder<br>Thomas A. Zehnder<br>Florida Bar No. 0063274<br>Dustin Mauser-Claassen<br>Florida Bar No. 0119289<br>KING, BLACKWELL, ZEHNDER<br> & WERMUTH, P.A.<br>25 East Pine Street<br>Orlando, FL 32801<br>(407) 422-2472<br>tzehnder@kbzwlaw.com<br>dmauser@kbzwlaw.com |