UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; ALPHABET INC.,<br><br>　　　　Defendants. | CASE NO.: 6:24-cv-01903-ACC-EJK |

**PLAINTIFF'S OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER**

Plaintiff Megan Garcia respectfully opposes the Motion to Extend Time to Answer Plaintiff's First Amended Complaint (Doc. 121), filed by Defendants Noam Shazeer and Daniel De Freitas (the "Individual Defendants"), and states the following in support:

## I.    INTRODUCTION

The Court permitted the Individual Defendants to renew their motions to dismiss for lack of personal jurisdiction after a 90-day period of jurisdictional discovery. However, the Court did not stay or bifurcate merits-based discovery, nor did it relieve Defendants of their obligation to answer the Complaint by the June 10, 2025, deadline set forth in the Court's Order (Doc. 115). In this case, both the personal jurisdiction inquiry and the merits of Plaintiff's claims turn on the same

1

core issue—whether the Individual Defendants acted as the alter egos of Character Technologies, Inc. ("Character.AI"). Requiring Plaintiff to conduct discovery on overlapping factual issues without the benefit of an answer and affirmative defenses would be prejudicial and inefficient. The requested extension should be denied.

## II.   BACKGROUND

Plaintiff opposed the Individual Defendants' motions to dismiss under Rule 12(b)(2), arguing that she adequately alleged personal jurisdiction based on an alter-ego theory. (Doc. 84). On May 21, 2025, following oral argument, the Court denied the motions, holding that "the Amended Complaint contains allegations that conceivably could support an alter-ego theory." (Doc. 115 at 17). The Court granted the Individual Defendants leave to renew their motions after 90 days "to allow Plaintiff to take jurisdictional discovery." (*Id.* at 48). The Court did not bifurcate jurisdictional and merits discovery and ordered all Defendants to answer the First Amended Complaint by June 10, 2025. As a result, Plaintiff now has 90 days—until August 18, 2025—to conduct discovery on whether the Individual Defendants were acting as alter egos of Character.AI, a factual issue that is central to both personal jurisdiction and the merits.

## III.   ARGUMENT

### A. Plaintiff must prepare to meet her burden on jurisdiction.

In their anticipated renewed Rule 12(b)(2) motion, the Individual Defendants will likely submit affidavit evidence challenging Plaintiff's alter-ego

2

allegations. When a motion to dismiss for lack of personal jurisdiction is supported by sworn factual assertions, the burden shifts to the plaintiff to present sworn facts in support of jurisdiction. *See Bellairs v. Mohrmann*, 716 So. 2d 320, 323 (Fla. 2d DCA 1998) (summarizing the procedure for resolving alter-ego personal jurisdiction challenges). The Court has granted a limited amount of time for Plaintiff to conduct discovery on her alter-ego theories. (Doc. 115). The 90-day jurisdictional discovery period authorized by the Court is critical for Plaintiff to meet her jurisdictional burden, as the relevant facts concerning the Individual Defendants' control over Character.AI are uniquely within their knowledge.

### B. Proceeding without an answer would prejudice Plaintiff and necessitate duplicative discovery

The question of whether the Individual Defendants acted as the alter ego of Character.AI is relevant both the personal jurisdiction question and the ultimate merits of Plaintiff's claims. *See Phx. Senior Living LLC v. Anniston Assisted Living, LLC*, No. 1:23-CV-02669-JPB, 2024 U.S. Dist. LEXIS 243009, at *26 (N.D. Ga. Nov. 18, 2024) (explaining that personal jurisdiction based on alter ego is "intertwine[d] with the merits of a party's claims"); *Segment Consulting Mgmt. v. Bliss Nutraceticals, Ltd. Liab. Co.*, No. 1:20-CV-1837-TWT, 2022 U.S. Dist. LEXIS 48640, at *7 (N.D. Ga. Mar. 17, 2022) (same); *Forbes v. Concord Advice, LLC*, No. 8:19-cv-2980-T-33CPT, 2020 U.S. Dist. LEXIS 80990, at *7 (M.D. Fla. Apr. 21, 2020) (same). As such, the discovery Plaintiff needs to conduct over the 90-day period is necessary both to respond to the motion to dismiss and to support Plaintiff's claims on the merits. Requiring Plaintiff to conduct that discovery

3

without an answer—without knowing what allegations Defendants admit, deny, or what affirmative defenses they intend to raise—would significantly impair Plaintiff's ability to prosecute her claims.

This concern is especially acute in preparing for the Individual Defendants' depositions. Depositions of key parties are among the most critical events in any case, and they are especially important here because the information relevant to the alter-ego theory is within the possession and knowledge of the Individual Defendants. Because the alter-ego question affects both jurisdiction and the merits, Plaintiff must prepare for and take these highly critical depositions within the 90-day window. Without answers on file, Plaintiff cannot question the Individual Defendants about their factual admissions, denials, or affirmative defenses. Proceeding in this fashion would force Plaintiff to either (1) conduct incomplete depositions, or (2) take second depositions later after Defendants answer. The former prejudices Plaintiff's case; the latter wastes time and resources. Neither result is justified.

The cases cited by Defendants supporting a bifurcated procedure are distinguishable because they do not involve cases where the jurisdictional facts are intertwined with the merits. For example, Defendants rely on *Spigot, Inc. v. Hoggatt*, No. 2:18-cv-764-FtM-29NPM, 2019 U.S. Dist. LEXIS 174817, at *5 (M.D. Fla. Oct. 8, 2019), in arguing that "jurisdictional discovery should be narrowly tailored." *Id.* But the disputed jurisdictional facts at issue in *Spigot* were limited to where the defendants were domiciled. *Id.* Such jurisdictional facts can easily be

bifurcated from merits discovery, allowing the court to resolve the jurisdictional issue before proceeding with merits discovery. The procedure is necessarily different when the jurisdictional issues are intertwined with the merits. In such cases, the preferred and proper procedure is to allow discovery to proceed on the merits and resolve the jurisdictional issues after the defendant answers the allegations and merits-based discovery is conducted. *See ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) ("[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a qualified right to jurisdictional discovery. . . .") (quotations omitted); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982) ("Where the jurisdictional issues are intertwined with the substantive merits, the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.") (quotation omitted); *Forbes*, 2020 U.S. Dist. LEXIS 80990, at *7 (deferring ruling on personal jurisdiction until summary judgment or trial). The Court should follow such a procedure here.

### C. Defendants' concerns about waiver are unfounded and curable.

The Individual Defendants argue that answering the Complaint now may waive their right to file a renewed Rule 12(b)(2) motion. This concern is both unfounded and easily cured. The Court has already ordered that all Defendants answer the First Amended Complaint by June 10,2025. That same order preserves the Individual Defendants' right to renew their motion to dismiss for lack of

5

personal jurisdiction. (Doc. 115). There can be no risk of waiver in this procedural posture. Moreover, to the extent that there is some risk of unintentional waiver—there is none—Plaintiff does not oppose the Court entering an order clarifying that any answer filed during the jurisdictional discovery period will not waive Defendants' ability to challenge jurisdiction.

In sum, the Individual Defendants' request to postpone responding to the First Amended Complaint would fracture the discovery process into artificial components, requiring two sets of depositions on overlapping subject matter and would lead to extensive disputes about the permissible scope of discovery. This Court has not ordered, and should not now endorse, such a costly and inefficient procedure. A more reasonable and efficient approach is to allow discovery to proceed concurrently on jurisdictional and merits issues and require Defendants to answer the Complaint now so that Plaintiff can conduct meaningful and targeted discovery within the time allowed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Individual Defendants' Motion for Extension of Time to Answer the First Amended Complaint. In the alternative, Plaintiff requests that any extension be limited to ensure Defendants' answers are served in sufficient time for Plaintiff to prepare for depositions of the Individual Defendants within the 90-day jurisdictional discovery period.

Dated: June 9, 2025                                Respectfully submitted,

*/s/ Amy L. Judkins*
**Amy L. Judkins, Esq.**
Florida Bar No.: 125046
Normand PLLC
Telephone: (407) 603-6031
3165 McCrory Place
Ste 175
Orlando, FL 3280
alj@normandpllc.com

**Matthew P. Bergman (*pro hac vice*)**
Social Media Victims Law Center
600 1st Avenue, Suite 102-PBM 2382
Seatle, WA 98104
Ph: (206) 741-4862
matt@socialmediavictims.org

7