IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S. III,<br><br>Plaintiff,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC; ALPHABET INC.,<br><br>Defendants | Case No. 6:24-CV-1903-ACC-UAM<br><br>Hon. Anne C. Conway |

**OPPOSED MOTION OF
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF
CHARACTER TECHNOLOGIES, INC.'S MOTION FOR CERTIFICATION
OF IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**

Pursuant to Local Rule 3.01, the Foundation for Individual Rights and Expression (FIRE) respectfully moves this court for leave to file a brief as *amicus curiae* in support of Defendant Character Technologies, Inc.'s Motion for Certification of Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and for Stay Pending Appellate Review (ECF No. 130). FIRE's proposed brief is attached as to this motion as **Exhibit A**. In support of this motion, FIRE states as follows:

1. District courts have the "inherent authority to appoint 'friends of the court' to assist in their proceedings." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). Courts generally permit the filing of *amicus curiae* briefs "where the third parties can contribute to the court's understanding of the matter in question" by proffering timely and useful information. *Conservancy of Sw. Fla. v. U.S. Fish and Wildlife Serv.*, No. 2:10-cv-106-FtM-SPC, 2010 WL 3603276 at *1 (M.D. Fla. Sept. 9, 2010).

2. While Defendants have consented to the filing of this motion, counsel for Plaintiff informed FIRE they will oppose this request on the belief that a motion under 28 U.S.C. § 1292(b) is not a proper subject matter for *amicus* input.

3. To the contrary, courts often grant leave to file *amicus* briefs in support of certification of immediate appeal under § 1292(b). *See, e.g.*, *Dale v. Deutsche Telekom AG*, No. 22 C 3189, 2024 WL 1302783, at *1 n.1 (N.D. Ill. Mar. 27, 2024) (leave to file as *amicus curiae* in support of certification granted because *amici* provided practical perspective on the impact of the outcome to non-litigants and the legal system); *see also Mitre Sports Int'l Ltd. v. Home Box Off., Inc.*, No. 08-CV-9117, 2014 WL 12802684, at *1 n.1 (S.D.N.Y. Aug. 27, 2014) (noting prior grant of leave to file in support of certification for interlocutory appeal); *Clark v. Bank of Am., N.A.*, No. SAG-18-3672, 2020 WL 3868990, at *1 (D. Md. July 9, 2020) (granting leave to file in support of motion to certify); *Bean Me. Lobster, Inc. v. Monterey Bay Aquarium Found.*, No. 2:23-cv-00129-JAW, 2025 WL 1114801, at *1 (Apr. 15, 2025) (same); *Silva v. Schmidt Baking*

*Distrib., LLC*, No. 3:23-cv-01695-MPS, 2024 WL 3566168, at *2 n.1 (D. Conn. July 29, 2024) (referencing the arguments of *amicus curiae* in ruling on a motion for certification under § 1292(b)).

4. Proposed *amicus* FIRE is a nonpartisan nonprofit that defends the rights of all Americans to free speech and free thought.

5. Since 1999, FIRE has successfully defended First Amendment rights on college campuses nationwide through public advocacy, targeted litigation, and *amicus curiae* filings in cases implicating expressive rights. In June 2022, FIRE expanded its mission beyond the university setting and now defends First Amendment rights in society at large as well.

6. Through its nationwide advocacy and litigation, FIRE works tirelessly to vindicate First Amendment rights without regard to speakers' views. Its work includes protecting expressive rights in the digital realm—ensuring that courts apply the First Amendment's protections consistently regardless of the means used for expression and that expressive rights are not subverted or weakened based on misunderstandings or fears about emerging technologies. *See, e.g.*, *NetChoice, LLC v. Bonta*, 113 F.4th 1101 (9th Cir. 2024); *Volokh v. James*, 656 F. Supp. 3d 431 (S.D.N.Y. 2023), *appeal argued*, No. 23-356 (2d Cir. Feb. 16, 2024); *Students Engaged in Advancing Tex. v. Paxton*, 765 F. Supp. 3d 575 (W.D. Tex. 2025), *appeal docketed* No. 25-50096 (5th Cir. Feb. 11, 2025); *see also* Brief of FIRE et al. as *Amicus Curiae* in Support of Petitioners, *TikTok Inc. v. Garland*, 145 S. Ct. 57 (2025); Brief of FIRE as *Amicus Curiae* in Support of Petitioners,

*NetChoice, LLC v. Paxton*, No. 22-555 (U.S. argued Feb. 26, 2024); Brief of FIRE as *Amicus Curiae* in Support of Respondents, *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024).

7. FIRE's work also includes matters where the threat or imposition of civil liability, rather than government regulation, threatens First Amendment rights. *See, e.g.*, Defs.' Br. in Supp. of Mot. to Dismiss, *Trump v. Selzer*, No. 4:24-cv-00449-RGE-WPK (S.D. Iowa Feb. 21, 2025), ECF No. 25; Resp.'s Mot. to Quash, *Adams v. Gulley*, No. CCH-24-587004 (Cal Super. Ct. July 24, 2024), *available at* https://www.thefire.org/research-learn/gulleys-motion-quash; Foundation for Individual Rights and Expression, *Mastriano v. Gregory: Politician Tries to Silence Critics of His Academic Scholarship* (case materials relating to FIRE's defense of a critic sued for defamation, antitrust violations, and RICO offenses by a Pennsylvania politician), https://www.thefire.org/cases/mastriano-v-gregory-politician-tries-silence-critics-his-academic-scholarship.

8. FIRE has a direct interest in this case. Whether (and to what extent) the First Amendment protects the output of Artificial Intelligence (AI) systems is an issue with profound implications for free speech, and nearly every aspect of FIRE's advocacy. If unprotected by the First Amendment, an integral and pervasive tool for communication, information retrieval, and knowledge creation will be at the whims of multiple censors: the government, who would have almost limitless power to regulate what AI systems may or may not "say" to users; and civil litigants who, unobstructed by the First Amendment, could wield the power of the courts and the

unpredictability of litigation to force AI developers to remove whatever ideas or views they would like to censor for everyone.

9. The far-reaching consequences of this question require speedy resolution. Lingering uncertainty about the contours of First Amendment protections chills expression across society at large. Accordingly, courts have long given special consideration to First Amendment cases to ensure their swift and conclusive resolution. That special consideration is congruent with the certification requirements under 28 U.S.C. § 1292(b), especially where, as here, resolution of the First Amendment issue may be dispositive of most, or all, of the litigation.

10. FIRE has extensive experience defending against both explicit and subtle-yet-impactful encroachments on First Amendment rights. FIRE submits this brief to help inform this Court's understanding of the impact that resolving the First Amendment issue at hand will have on free expression, far beyond the parties and facts of this case. FIRE believes it is well-positioned to assist the court by providing an informed, broader perspective to clarify the necessity and importance of allowing the higher courts to rule on this issue as soon as possible.

For the foregoing reasons, FIRE respectfully requests that this Court grant its Opposed Motion for Leave to File Brief as Amicus Curiae in Support of Character Technologies, Inc.'s Motion for Certification of Immediate Appeal Pursuant to 28 U.S.C. § 1292(b).

## Local Rule 3.01(g) Certification

Counsel for proposed *amicus curiae* Foundation for Individual Rights and Expression certifies that he has conferred with counsel for all parties in a good faith effort to resolve the issues raised in this motion. On June 11, counsel for Defendants consented to the filing of this motion via email to the undersigned. On June 16, 2025, undersigned counsel requested the consent of Plaintiff via email. The same day, counsel for Plaintiff replied via email, stating that Plaintiff does not consent to the filing of this motion.

Counsel for proposed *amicus curiae* FIRE certifies that (1) no counsel for a Party authored the attached brief in whole or in part; (2) no Party, counsel to any Party, or any person other than *amicus* FIRE contributed money to fund preparation of submission of the attached brief; (3) proposed *amicus* FIRE does not have a parent corporation; and (4) no publicly-held entity owns ten percent (10%) or more of proposed *amicus* FIRE.

Dated: June 23, 2025                                       Respectfully Submitted,

By: /s/ Ari Z. Cohn
    Ari Z. Cohn (admitted pro hac vice)
    FOUNDATION FOR INDIVIDUAL
        RIGHTS AND EXPRESSION
    700 Pennsylvania Avenue SE
    Suite 340
    Washington, DC 20003
    (215) 717-3473
    ari.cohn@thefire.org

    *Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I, Ari Z. Cohn, hereby certify that on June 23, 2025, I electronically filed the foregoing and proposed amicus brief with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: June 23, 2025                                     Respectfully Submitted,

By: /s/ Ari Z. Cohn
    Ari Z. Cohn (admitted pro hac vice)
    FOUNDATION FOR INDIVIDUAL
      RIGHTS AND EXPRESSION
    700 Pennsylvania Avenue SE
    Suite 340
    Washington, DC 20003
    (215) 717-3473
    ari.cohn@thefire.org

*Counsel for Amicus Curiae*