UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S. III,<br><br>               Plaintiff,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC; ALPHABET INC.,<br><br>               Defendants. | Case No.: 6:24-cv-01903-ACC-DCI |

## DEFENDANT CHARACTER TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Defendant Character Technologies, Inc. ("CTI") hereby responds as follows to the allegations in the First Amended Complaint (Doc. 11) filed in this action by Megan Garcia ("Plaintiff").

### PRELIMINARY STATEMENT

The following matters are incorporated into responses to each paragraph of the First Amended Complaint:

A.    The First Amended Complaint contains purported references to documents and third-party publications and statements that have often been excerpted, paraphrased, characterized, and otherwise taken out of context. These documents and third-party publications and statements should be considered, if at

all, in context and in unmodified form, and CTI respectfully directs the Court to the respective materials for their complete contents.

B.    Except as otherwise expressly stated herein, CTI denies each and every allegation in the First Amended Complaint, including any allegations in the preamble, unnumbered paragraphs, subparagraphs, subparts, prayer for relief, titles, headings, subheadings, table of contents, footnotes, tables, graphs, and illustrations of the First Amended Complaint, and specifically denies liability to Plaintiff. To the extent not expressly denied, all allegations for which CTI denies possessing knowledge or information sufficient to form a belief are denied.

C.    CTI reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

D.    CTI does not respond herein to the headings in the First Amended Complaint. To the extent a response is required, CTI denies any and all allegations contained in headings in the First Amended Complaint.

## I.    <u>SUMMARY OF CLAIMS</u>

1.    In response to Paragraph 1, Character Technologies, Inc. ("CTI") states that Plaintiff withdrew her claim for loss of filial consortium as reflected in CTI's Local Rule 3.01(g) Certification attached to its Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 59 at 25. CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

2.      In response to Paragraph 2, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

3.      In response to Paragraph 3, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

4.      In response to Paragraph 4, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

5.      In response to Paragraph 5, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

6.      In response to Paragraph 6, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

7.      In response to Paragraph 7, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these
allegations.

8.      In response to Paragraph 8, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

9.      In response to Paragraph 9, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.  CTI states that the deadline for motions to add parties or amend
pleadings passed on March 28, 2025, ECF No. 77.  CTI reserves its right to object to
any belated motions to amend.

10.     In response to Paragraph 10, Plaintiff's claim for intentional infliction
of emotional distress was dismissed by this Court in its Order on Defendants'
Motions to Dismiss, ECF No. 115 at 43-44.  As such, no response by CTI is
necessary.  CTI further states that the allegations assert arguments and legal
conclusions, rather than factual allegations, to which no response is required.  To the
extent that a response is required, CTI denies these allegations.

## II.    PLAINTIFF OVERVIEW

11.     In response to Paragraph 11, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

12.    In response to Paragraph 12, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

13.    In response to Paragraph 13, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

14.    In response to Paragraph 14, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

15.    In response to Paragraph 15, CTI lacks information sufficient to admit
or deny the allegations as to any User Agreement or contractual relationship with
Plaintiff and, therefore, it denies these allegations.  CTI further states that the
allegations regarding any agreement with Sewell Setzer III ("S.S.") assert arguments
and legal conclusions, rather than factual allegations, to which no response is
required.  To the extent that a response is required, CTI denies these allegations.

16.    In response to Paragraph 16, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

### III.    <u>DEFENDANTS OVERVIEW</u>

17.    In response to Paragraph 17, CTI admits that it is a Delaware
corporation and, as of the date of the filing of the First Amended Complaint, its
principal place of business was in Menlo Park, California.

18.    In response to Paragraph 18, CTI admits that CTI operates the
Character.AI application ("C.AI") and that C.AI is marketed and available to

customers throughout the United States. Except as expressly admitted, CTI denies

the allegations of Paragraph 18.

19.    In response to Paragraph 19, CTI states that the term "social media

product" is vague and ambiguous and denies the allegation that CTI is not a "social

media product" on that basis. CTI further states that it lacks information sufficient

to admit or deny the allegations regarding the platforms and/or products at issue in

MDL No. 3047, and therefore, it denies these allegations. CTI denies the remaining

allegations of Paragraph 19.

20.    In response to Paragraph 20, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required. To the extent that a response is required, CTI denies these

allegations.

21.    In response to Paragraph 21, CTI admits that Noam Shazeer and

Daniel De Freitas are the founders of CTI. Except as expressly admitted, CTI lacks

information sufficient to admit or deny the allegations and, therefore, it denies these

allegations.

22.    In response to Paragraph 22, CTI lacks information sufficient to admit

or deny the allegations and, therefore, it denies these allegations.

23.    In response to Paragraph 23, CTI lacks information sufficient to admit

or deny the allegations and, therefore, it denies these allegations.

24.    In response to Paragraph 24, CTI admits that Noam Shazeer is a co-

founder and former CEO of CTI and was one of its technical leads. CTI further

admits that Shazeer was one of the individuals responsible for incorporating CTI and

was listed as an officer on its corporate paperwork; CTI states that Shazeer is no

longer an officer of CTI.  CTI further admits that Shazeer was involved in raising

series funding for CTI.  The remaining allegations in Paragraph 24 assert arguments

and legal conclusions, rather than factual allegations, to which no response is

required.  To the extent that a response is required, CTI denies these allegations.

Except as expressly admitted, CTI states that it lacks information sufficient to admit

or deny the allegations, and, therefore, it denies these allegations.

25.    In response to Paragraph 25, CTI admits that Daniel De Freitas is a co-

founder and former President of CTI and was one of its technical leads.  The

remaining allegations in Paragraph 25 assert arguments and legal conclusions, rather

than factual allegations, to which no response is required.  To the extent that a

response is required, CTI denies these allegations.  Except as expressly admitted,

CTI also states that it lacks information sufficient to admit or deny the allegations

and, therefore, it denies these allegations.

## IV.    <u>JURISDICTION AND VENUE</u>

26.    In response to Paragraph 26, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI lacks information

sufficient to admit or deny the allegations and, therefore, it denies these allegations.

27.    In response to Paragraph 27, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these

allegations.

28.    In response to Paragraph 28, CTI admits that CTI has its principal place

of business in California.  CTI lacks information sufficient to admit or deny the

allegations regarding Shazeer, De Freitas, Google, and Alphabet, and, therefore, it

denies these allegations.[1]

29.    In response to Paragraph 29, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI admits that there

are individuals in Florida who use C.AI and that, to create a C.AI account, users

must agree to C.AI's Terms of Service.  CTI admits that it sends email notifications

to C.AI's users.  Except as expressly admitted, C.AI denies these allegations.

30.    In response to Paragraph 30, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these

allegations.

31.    In response to Paragraph 31, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these

allegations.

---

[1] CTI notes that all claims against Defendant Alphabet were dismissed by this Court
in its Order on Defendants' Motions to Dismiss, ECF No. 115 at 47.

# V.    FACTUAL ALLEGATIONS

32.    In response to Paragraph 32, CTI admits that 15 U.S.C. § 9401(3)

exists.  The statute speaks for itself and CTI and directs the Court to the statute for its

contents.  Except as expressly admitted, CTI denies the allegations of Paragraph 32.

33.    In response to Paragraph 33, CTI admits that CTI designs and creates

AI models.  Except as expressly admitted, CTI lacks information sufficient to admit

or deny the allegations and, therefore, it denies these allegations.

34.    In response to Paragraph 34, CTI states that the term "smart" is vague

and ambiguous and denies the allegation AI "can do things that are considered

'smart'" on that basis.  Except as expressly admitted, CTI lacks information

sufficient to admit or deny the allegations and, therefore, it denies these allegations.

35.    In response to Paragraph 35, CTI lacks information sufficient to admit

or deny the allegations and, therefore, it denies these allegations.

36.    In response to Paragraph 36, CTI lacks information sufficient to admit

or deny the allegations and, therefore, it denies these allegations.

37.    In response to Paragraph 37, CTI admits that C.AI is available for

public consumption and that C.AI generates unique, original content based on user

input.  Except as expressly admitted, CTI lacks information sufficient to admit or

deny the allegations and, therefore, it denies these allegations.

38.    In response to Paragraph 38, CTI states that "Generative AI" is vague

and ambiguous and denies these allegations on that basis.  CTI also lacks

information sufficient to admit or deny the allegations and, therefore, it denies these
allegations.

39.    In response to Paragraph 39, CTI admits that, with the exception of the
May 1, 2023, Atleson article, the articles cited in Footnote 4 exist. The articles speak
for themselves, and CTI directs the Court to the articles for their contents.  With
respect to the May 1, 2023, Atleson article, CTI lacks information sufficient to admit
or deny the existence of the article, and, therefore, it denies these allegations.  CTI
admits that some CTI users are minors under the age of 18, but states that, pursuant
to C.AI's Terms of Service, users under the age of 13 are prohibited from using the
service.  CTI states that the remaining allegations regarding CTI assert arguments
and legal conclusions, rather than factual allegations, to which no response is
required.  To the extent that a response is required, CTI denies these allegations.

40.    In response to Paragraph 40, CTI admits that the article cited in
Footnote 5 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  CTI states that the term "venture funding" is vague and
ambiguous, and it denies these allegations on that basis.  Except as expressly
admitted, CTI lacks information sufficient to admit or deny the remaining allegations
in Paragraph 40 and, therefore, it denies these allegations.

41.    In response to Paragraph 41, CTI admits that the articles cited in
Footnote 6 and Footnote 7 exist. The articles speak for themselves, and CTI directs
the Court to the articles for their contents.  CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

42.     In response to Paragraph 42, CTI admits that the article cited in
Footnote 8 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI lacks information
sufficient to admit or deny the allegations and, therefore, it denies these allegations.

43.     In response to Paragraph 43, CTI admits that the article cited in
Footnote 9 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI lacks information
sufficient to admit or deny the allegations and, therefore, it denies these allegations.

44.     In response to Paragraph 44, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

45.     In response to Paragraph 45, CTI admits that its LLM is trained on
data.  CTI states that the term "massive" is vague and ambiguous, and denies the
allegation about the amount of data required to train its LLM on that basis.  CTI
further admits that the article cited in Footnote 10 exists.  The article speaks for itself,
and CTI directs the Court to the article for its contents.  Except as expressly
admitted, CTI lacks information sufficient to admit or deny the allegations and,
therefore, it denies these allegations.

46.     In response to Paragraph 46, CTI denies the allegations.

47.     In response to Paragraph 47, CTI admits that the article cited in
Footnote 11 exists.  The article speaks for itself, and CTI directs the Court to the

article for its contents.  CTI states that the remaining allegations assert arguments
and legal conclusions, rather than factual allegations, to which no response is
required.  To the extent that a response is required, CTI denies these allegations.

48.     In response to Paragraph 48, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

49.     In response to Paragraph 49, CTI admits that the article cited in
Footnote 12 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI denies the allegations in
Paragraph 49.

50.     In response to Paragraph 50, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

51.     In response to Paragraph 51, CTI admits that the phrases "AI that feels
alive" and Characters that "hear you, understand you, and remember you" have
appeared in public statements.  CTI also admits that CTI designs and markets AI
chatbots.  Except as expressly admitted, CTI denies the allegations in Paragraph 51.

52.     In response to Paragraph 52, CTI admits that there are beneficial use
cases for AI chatbots.  CTI lacks information sufficient to admit or deny the
allegations related to Google's internal research and, therefore, it denies these
allegations.  Except as expressly admitted, CTI denies the allegations in Paragraph
52.

53.     In response to Paragraph 53, CTI admits the allegations.

54.     In response to Paragraph 54, CTI admits that the article cited in
Footnote 13 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI lacks information
sufficient to admit or deny the allegations and, therefore, it denies these allegations.

55.     In response to Paragraph 55, CTI admits that the articles cited in
Footnotes 14, 15, and 16 exist.  The articles speak for themselves, and CTI directs
the Court to the articles for their contents.  Except as expressly admitted, CTI lacks
information sufficient to admit or deny the allegations and, therefore, it denies these
allegations.

56.     In response to Paragraph 56, CTI admits that the articles cited in
Footnotes 17, 18, 19, 20, 21, and 22 exist.  The articles speak for themselves, and
CTI directs the Court to the articles for their contents.  Except as expressly admitted,
CTI lacks information sufficient to admit or deny the allegations and, therefore, it
denies these allegations.

57.     In response to Paragraph 57, CTI admits that the article cited in
Footnote 23 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  CTI further admits that the article cited in Footnote 24 exists,
but denies that it discusses LaMDA specifically as opposed to LLMs more generally.
The article speaks for itself, and CTI directs the Court to the article for its contents.
Except as expressly admitted, CTI lacks information sufficient to admit or deny the
allegations and, therefore, it denies these allegations.

58.    In response to Paragraph 58, CTI admits that the articles cited in Footnotes 25 and 26 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

59.    In response to Paragraph 59, CTI admits that the article cited in Footnote 27 and the Google paper referenced therein exist, but denies that either was published in 2021.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

60.    In response to Paragraph 60, CTI admits that the articles cited in Footnotes 28 and 29 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

61.    In response to Paragraph 61, CTI admits that the article cited in Footnote 30 exists, but denies that the article includes the dates that the various iterations of GPT were released or discusses GPT-3.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

62.     In response to Paragraph 62, CTI admits that the articles cited in
Footnotes 31 and 32 exist.  The articles speak for themselves, and CTI directs the
Court to the articles for their contents.  Except as expressly admitted, CTI lacks
information sufficient to admit or deny the allegations and, therefore, it denies these
allegations.

63.     In response to Paragraph 63, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

64.     In response to Paragraph 64, CTI admits that the video cited in
Footnote 33 exists, but denies that the video includes the quoted language.  The
video speaks for itself, and CTI directs the Court to the video for its contents.  CTI
further admits that the article cited in Footnote 34 exists.  The article speaks for itself,
and CTI directs the Court to the article for its contents.  Except as expressly
admitted, CTI lacks information sufficient to admit or deny the allegations and,
therefore, it denies these allegations.

65.     In response to Paragraph 65, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

66.     In response to Paragraph 66, CTI admits that Shazeer and De Freitas
formed CTI in November 2021.  CTI admits that the article cited in Footnote 35
exists.  The article speaks for itself, and CTI directs the Court to the article for its
contents.  Except as expressly admitted, CTI lacks information sufficient to admit or
deny the allegations and, therefore, it denies these allegations.

67.    In response to Paragraph 67, CTI admits that the article cited in Footnote 36 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

68.    In response to Paragraph 68, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

69.    In response to Paragraph 69, CTI admits that C.AI launched to the public in September 2022 as a web-browser-based service that allowed users to converse with AI Characters.  CTI further admits that the article cited in Footnote 37 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  CTI states that the allegations characterizing C.AI as a "product" assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

70.    In response to Paragraph 70, CTI denies the allegation that C.AI "let users maximally experiment with the AI without adequate safety guardrails in place."  CTI lacks information sufficient to admit or deny the remaining allegations and, therefore, it denies these allegations.

71.    In response to Paragraph 71, CTI admits that the article cited in Footnote 38 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

72.    In response to Paragraph 72, CTI admits that the article cited in Footnote 39 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

73.    In response to Paragraph 73, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

74.    In response to Paragraph 74, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

75.    In response to Paragraph 75, CTI admits that it is a customer of Google Cloud Services.  CTI further admits that the video cited in Footnote 40 exists.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 75.

76.    In response to Paragraph 76, CTI admits that the video cited in Footnote 41 exists.  The video speaks for itself, and CTI directs the Court to the

video for its contents.  Except as expressly admitted, CTI lacks information sufficient
to admit or deny the allegations and, therefore, it denies these allegations.

77.    In response to Paragraph 77, CTI admits that it launched a mobile
application to the public in May 2023, that it raised $150 million, and was valued at
$1 billion in Series A funding led by Andreessen Horowitz (a16z) in March 2023.
CTI further admits that the video cited in Footnote 42 exists.  The video speaks for
itself, and CTI directs the Court to the video for its contents.  CTI further admits that
the article cited in Footnote 43 exists.  The article speaks for itself, and CTI directs
the Court to the article for its contents.  Except as expressly admitted, CTI denies the
allegations in Paragraph 77.

78.    In response to Paragraph 78, CTI admits that CTI's "About Us" page
included the quoted language until July 2024.  CTI denies the characterization of this
language and states that pursuant to CTI's Terms of Service, users under the age of
13 are prohibited from using the service.  CTI denies that the website cited in
Footnote 45, which is CTI's current "About Us" page, contains the quoted language.
CTI states that the remaining allegations assert arguments and legal conclusions,
rather than factual allegations, to which no response is required.  To the extent that a
response is required, CTI denies these allegations.

79.    In response to Paragraph 79, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

80.     In response to Paragraph 80, CTI admits that on August 1, 2024, CTI entered into a $2.7 billion non-exclusive licensing agreement with Google.  CTI further admits that Shazeer, De Freitas, and other employees left CTI.  CTI further admits that the article cited in Footnote 46 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

81.     In response to Paragraph 81, CTI admits that the articles cited in Footnotes 47, 48, 49, and 50 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

82.     In response to Paragraph 82, CTI admits that the article cited in Footnote 51 exists.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

83.     In response to Paragraph 83, CTI denies the allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.

84.     In response to Paragraph 84, CTI admits that on August 1, 2024, CTI entered into a $2.7 billion non-exclusive licensing agreement with Google.  CTI

further admits that the article cited in Footnote 52 exists.  The article speaks for itself,
and CTI directs the Court to the article for its contents.  Except as expressly
admitted, CTI denies the allegations in Paragraph 84.

85.    In response to Paragraph 85, CTI admits that the articles cited in
Footnotes 53 and 54 exist.  The articles speak for themselves, and CTI directs the
Court to the articles for their contents.  CTI states that the term "closed-loop
strategy" is vague and ambiguous and denies the allegations in the first sentence of
Paragraph 85 on that basis. Except as expressly admitted, CTI denies the allegations
in Paragraph 85.

86.    In response to Paragraph 86, CTI admits that some CTI employees left
after CTI entered into a $2.7 billion non-exclusive licensing agreement with Google.
CTI further admits that CTI's investors received a return as a result of the non-
exclusive licensing agreement with Google.  CTI admits that the article cited in
Footnote 55 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI denies the allegations in
Paragraph 86.

87.    In response to Paragraph 87, CTI denies the allegation that it had no
real physical address in the months leading up to this suit.  Except as expressly
admitted, CTI lacks information sufficient to admit or deny the allegations and,
therefore, it denies these allegations.

88.    In response to Paragraph 88, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

89.     In response to Paragraph 89, CTI admits that the article cited in
Footnote 56 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI lacks information
sufficient to admit or deny the allegations and, therefore, it denies these allegations.

90.     In response to Paragraph 90, CTI admits that the articles cited in
Footnotes 57 and 58 exist.  The articles speak for themselves, and CTI directs the
Court to the articles for their contents.  Except as expressly admitted, CTI lacks
information sufficient to admit or deny the allegations and, therefore, it denies these
allegations.

91.     In response to Paragraph 91, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

92.     In response to Paragraph 92, CTI admits that the articles cited in
Footnotes 59 and 60 exist.  The articles speak for themselves, and CTI directs the
Court to the articles for their contents.  CTI states that the allegations relating to
CTI's expected revenue are vague and ambiguous as to time period, and denies the
allegations on that basis.  Except as expressly admitted, CTI denies the allegations in
Paragraph 92.

93.     In response to Paragraph 93, CTI denies the allegations.

94.     In response to Paragraph 94, CTI denies the allegations.

95.     In response to Paragraph 95, CTI admits that the article cited in
Footnote 61 exists.  The article speaks for itself, and CTI directs the Court to the

article for its contents. Except as expressly admitted, CTI denies the allegations in
Paragraph 95.

96. In response to Paragraph 96, CTI denies the allegations that C.AI might
be unsafe, caused harm, or was targeted at children. Except as expressly admitted,
CTI lacks information sufficient to admit or deny the allegations and, therefore, it
denies these allegations.

97. In response to Paragraph 97, CTI denies the allegations.

98. In response to Paragraph 98, CTI admits that CTI financed, designed,
coded, and marketed C.AI. CTI further admits that CTI is the distributor of C.AI.
CTI states that these allegations are vague and ambiguous, and denies these
allegations on that basis. CTI states that the remaining allegations regarding CTI
assert arguments and legal conclusions, rather than factual allegations, to which no
response is required. To the extent that a response is required, CTI denies these
allegations.

99. In response to the allegations in Paragraph 99, CTI admits that
consumers can access C.AI via its web application or its mobile application, which is
available via the Apple and Google stores. CTI states that "uniform" and "an
unlimited number of copies can be obtained" are vague and ambiguous, and denies
the allegations on that basis. Except as expressly admitted, CTI denies the
allegations of Paragraph 99.

100. In response to the allegations in Paragraph 100, CTI admits that C.AI is
used by millions of users. CTI states that "mass marketed" and "value" are vague

and ambiguous, and denies the allegations on that basis.  Except as expressly

admitted, CTI denies the allegations of Paragraph 100.

101.   In response to Paragraph 101, CTI admits that C.AI is advertised to the

general public via media.  Except as expressly admitted, CTI denies the allegations of

Paragraph 101.

102.   In response to Paragraph 102, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these

allegations.

103.   In response to Paragraph 103, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these

allegations.

104.   In response to Paragraph 104, CTI admits that the subreddit cited in

Paragraph 104 exists.  The subreddit speaks for itself, and CTI directs the Court to

the subreddit for its contents.  Except as expressly admitted, CTI lacks information

sufficient to admit or deny the allegations and, therefore, it denies these allegations.

105.   In response to Paragraph 105, CTI admits that it is involved in both the

server-side and client-side of C.AI.  CTI states that "'full-stack' developer" is vague

and ambiguous, and denies the allegations on that basis.  Except as expressly

admitted, CTI lacks information sufficient to admit or deny the allegations and,

therefore, it denies these allegations.

106.    In response to Paragraph 106, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

107.    In response to Paragraph 107, CTI admits that the video cited in Footnote 63 exists, but denies that the video contains the quoted language and further denies the characterization of the video.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 107.

108.    In response to Paragraph 108, CTI admits that C.AI is used by the public, but states that, pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.  Except as expressly admitted, CTI denies the allegations in Paragraph 108.

109.    In response to Paragraph 109, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

110.    In response to Paragraph 110, CTI admits that C.AI is a web- or app-based application that allows users to create and chat with AI Characters.  CTI admits that C.AI has been downloaded more than 10 million times.  CTI admits that C.AI's rating in the Apple App Store changed from 12+ to 17+ in June 2024, and that its rating in the Google Play Store changed from "Everyone" to "Teen" (13+) in March 2024.  Except as expressly admitted, CTI denies the allegations in Paragraph 110.

111.     In response to Paragraph 111, CTI states that the allegations are vague
and ambiguous, and therefore, it denies these allegations on that basis.

112.     In response to Paragraph 112, CTI admits that C.AI is a web- or app-
based application that allows users to create and chat with AI Characters.  CTI
admits that Characters may be created by users on C.AI in accordance with C.AI's
Terms of Service.  CTI further admits that the article cited in Footnote 65 exists.  The
article speaks for itself, and CTI directs the Court to the article for its contents.
Except as expressly admitted, CTI denies the allegations in Paragraph 112.

113.     In response to Paragraph 113, CTI admits that users on C.AI can create
Characters and can choose to make those Characters private, unlisted, or public.
Except as expressly admitted, CTI denies the allegations in Paragraph 113.

114.     In response to Paragraph 114, CTI admits that creating a Character on
C.AI can involve the following: inputting a character name, avatar image, tagline,
brief description, greeting, and Character definition.  CTI admits that, beginning in
November 2023, C.AI+ users could choose voices for Characters from pre-created
voices or create their own.  These voice features became available for all users in
March 2024.  Except as expressly admitted, CTI denies the allegations in Paragraph
114.

115.     In response to Paragraph 115, CTI admits that C.AI users can create
personas, which is a description of the user's desired personality, preferences, and
physical traits in the context of a user's interactions with Characters.  CTI admits

that personas impact how Characters interact with the user.  Except as expressly
admitted, CTI denies the allegations in Paragraph 115.

116.    In response to Paragraph 116, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

117.    In response to Paragraph 117, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

118.    In response to Paragraph 118, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

119.    In response to Paragraph 119, CTI admits that Character Voice, which
allows users to choose to associate a voice with a Character, debuted for C.AI+
subscribers in November 2023 and became available for all users in March 2024.
CTI admits that Character Voice includes voice recommendations.  CTI further
admits that the articles cited in Footnotes 66 and 67 exist.  The articles speak for
themselves, and CTI directs the Court to the articles for their contents.  Except as
expressly admitted, CTI denies the allegations in Paragraph 119.

120.    In response to the allegations in Paragraph 120, CTI admits that CTI created Character Voice to facilitate more engaging interactions with Characters on its platform.  CTI admits that the Character Voice feature includes tone.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations, and, therefore, it denies those allegations.

121.    In response to Paragraph 121, CTI admits that Character Voice allows users to create their own voices by uploading an audio sample or creating a recording or access pre-made voices.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

122.    In response to Paragraph 122, CTI admits that C.AI added a feature to Character Voice in June 2024 that allows for two-way conversations between users and Characters.  CTI further admits that the press release cited in Footnote 68 exists. The press release speaks for itself, and CTI directs the Court to the press release for its contents.  CTI states that the remaining allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations, and, therefore, it denies these allegations.

123.    In response to Paragraph 123, CTI admits that the C.AI homepage includes Character suggestions.  Except as expressly admitted, CTI denies the allegations in Paragraph 123.

124.    In response to Paragraph 124, CTI denies the allegations.

125.    In response to Paragraph 125, CTI admits that users can access C.AI for free, but states that, pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service.  CTI admits that the articles cited in Footnotes 69 and 70 exist.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  CTI states that the remaining allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Except as expressly admitted, CTI denies the allegations in Paragraph 125.

126.    In response to Paragraph 126, CTI admits that in March 2023, C.AI was valued at $1 billion.  Except as expressly admitted, CTI denies the allegations in Paragraph 126.

127.    In response to Paragraph 127, CTI admits that users may subscribe to C.AI+ for $9.99/month.  Except as expressly admitted, CTI denies the allegations in Paragraph 127.

128.    In response to Paragraph 128, CTI lacks information sufficient to admit or deny the allegations regarding Defendants Shazeer, De Freitas, and Google and, therefore, it denies these allegations.  CTI denies the remaining allegations in Paragraph 128.

129.    In response to Paragraph 129, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

130.    In response to Paragraph 130, CTI admits that C.AI is a web- or app-based application that allows users to create and chat with AI Characters.  CTI admits that users of C.AI may chat with Characters created by other users.  Except as expressly admitted, CTI denies the allegations in Paragraph 130.

131.    In response to Paragraph 131, CTI admits that chats with Characters on C.AI are powered, in large part, by an LLM.  CTI further admits that CTI users can develop their own Characters, which can be based on fiction, historical figures, or completely invented personas.  CTI further admits that these Characters can generate text and audio responses to user inputs.  CTI admits that the article cited in Footnote 72 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 131.

132.    In response to Paragraph 132, CTI admits that users can create Characters via C.AI.  Except as expressly admitted, CTI denies the allegations in Paragraph 132.

133.    In response to Paragraph 133, CTI responds to the subparts as follows. Except as expressly admitted, CTI denies the allegations in Paragraph 133.

a.    In response to the allegations in subpart (a) of Paragraph 133, CTI admits that C.AI users can interact with pre-made AI characters or create their own personalized Characters.  CTI admits that when users create Characters, they may choose a name, avatar, tagline, description, definition, greeting, and character visibility.  CTI further admits that the choices made by the user when creating a Character impact how that Character responds to

users.  Except as expressly admitted, CTI denies the allegations in subpart (a) of Paragraph 133.

b.      In response to subpart (b) of Paragraph 133, CTI admits that a user may add a Tagline to the Character, which allows users to briefly describe the Character and appears under the Character avatar when displayed on C.AI's homepage.  Except as expressly admitted, CTI denies the allegations in subpart (b) of Paragraph 133.

c.      In response to subpart (c) of Paragraph 133, CTI admits that a user can input a Long Description for the Character, which is limited to 500 characters and allows the user to have the Character describe themselves (traits, history, mannerisms, etc.) and the kinds of things they want to talk about.  Except as expressly admitted, CTI denies the allegations in subpart (c) of Paragraph 133.

d.      In response to subpart (d) of Paragraph 133, CTI admits that a user can input a Greeting, which is the first thing that a Character will text or say when starting a new conversation; if the Greeting is left blank, a user will need to go first in a new chat.  Except as expressly admitted, CTI denies the allegations in subpart (d) of Paragraph 133.

e.      In response to subpart (e) of Paragraph 133, CTI admits that a user can input a Definition, which is a large, free-form field that can contain structured example dialogs or any text content; a Definition can contain up to 32,000 characters.  CTI further admits that the "Character Book" referenced

in subpart (e) of Paragraph 133 exists, and directs the Court to the Character

Book for its contents.  Except as expressly admitted, CTI denies the

allegations in subpart (e) of Paragraph 133.

      f.    In response to subpart (f) of Paragraph 133, CTI admits that a

user can determine the level of access that other users have to their

Character(s) by making the Character either private, unlisted, or public.

Except as expressly admitted, CTI denies the allegations in subpart (f) of

Paragraph 133.

134.    In response to Paragraph 134, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these

allegations.

135.    In response to Paragraph 135, CTI lacks information sufficient to admit

or deny the allegations and, therefore, it denies these allegations.

136.    In response to Paragraph 136, CTI lacks information sufficient to admit

or deny the allegations and, therefore, it denies these allegations.

137.    In response to Paragraph 137, CTI admits that a user who creates a

Character cannot see the conversations of that Character and another user.  CTI

further responds that the website cited in Footnote 76 is an old version of C.AI's

FAQs which is no longer operative.  Except as expressly admitted, CTI denies the

allegations in Paragraph 137.

138.    In response to Paragraph 138, CTI admits that a user who creates a Character cannot see the conversations of that Character and another user.  Except as expressly admitted, CTI denies the allegations in Paragraph 138.

139.    In response to Paragraph 139, CTI admits that a Greeting created by a user has the username of the Character creator next to it.  CTI admits that the "Character Book" referenced in Footnote 77 exists.  The document speaks for itself, and CTI directs the Court to the document for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 139.

140.    In response to Paragraph 140, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

141.    In response to Paragraph 141, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

142.    In response to Paragraph 142, CTI denies the allegations.

143.    In response to Paragraph 143, CTI denies the allegations.

144.    In response to Paragraph 144, CTI admits that the article cited in Footnote 78 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

145.    In response to Paragraph 145, CTI denies the allegations.

146.    In response to Paragraph 146, CTI admits that the article cited in
Footnote 79 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI lacks information
sufficient to admit or deny the allegations and, therefore, it denies these allegations.

147.    In response to Paragraph 147, CTI denies the allegations.

148.    In response to Paragraph 148, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

149.    In response to Paragraph 149, CTI admits that Characters use ellipses
when chatting with users.  The remainder of Paragraph 149 asserts arguments and
legal conclusions, rather than factual allegations, to which no response is required.
To the extent that a response is required, CTI denies these allegations.

150.    In response to Paragraph 150, CTI admits that the prompt interface is
similar to interfaces used by other chat or messaging services.  Except as expressly
admitted, CTI denies the allegations in Paragraph 150.

151.    In response to Paragraph 151, CTI admits that Characters may respond
to user prompts with phrases like "Uhm," "Mmmmmm," and "Heh."  Except as
expressly admitted, CTI denies the allegations in Paragraph 151.

152.    In response to Paragraph 152, CTI admits that C.AI is an interactive
service.  The remainder of Paragraph 152 asserts arguments and legal conclusions,

rather than factual allegations, to which no response is required.  To the extent that a
response is required, CTI denies these allegations.

153.    In response to Paragraph 153, CTI states that the allegations are vague
and ambiguous, and denies these allegations on that basis.  CTI also states that the
allegations assert arguments and legal conclusions, rather than factual allegations, to
which no response is required.  To the extent that a response is required, CTI denies
these allegations.

154.    In response to Paragraph 154, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

155.    In response to Paragraph 155, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

156.    In response to Paragraph 156, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

157.    In response to Paragraph 157, CTI admits that the articles cited in
Footnotes 80, 81, and 82 exist.  The articles speak for themselves, and CTI directs
the Court to the articles for their contents.  Except as expressly admitted, CTI lacks

information sufficient to admit or deny the allegations and, therefore, it denies these
allegations.

158.    In response to Paragraph 158, CTI admits that the article cited in
Footnote 83 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI lacks information
sufficient to admit or deny the allegations and, therefore, it denies these allegations.

159.    In response to Paragraph 159, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

160.    In response to Paragraph 160, CTI admits that the article cited in
Footnote 84 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI lacks information
sufficient to admit or deny the allegations and, therefore, it denies these allegations.

161.    In response to Paragraph 161, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

162.    In response to Paragraph 162, CTI admits that the articles cited in
Footnotes 85 and 86 exist.  The articles speak for themselves, and CTI directs the
Court to the articles for their contents.  CTI states that the remaining allegations
assert arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these allegations.

163.    In response to Paragraph 163, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI also lacks information sufficient to admit or deny the allegations, and, therefore, it denies these allegations.

164.    In response to Paragraph 164, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

165.    In response to Paragraph 165, CTI admits that the articles cited in Footnotes 87 and 88 exist, but denies that the article cited in Footnote 88 contains the quoted language.  The articles speak for themselves, and CTI directs the Court to the articles for their contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

166.    In response to Paragraph 166, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

167.    In response to Paragraph 167, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

168.    In response to Paragraph 168, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

169.    In response to Paragraph 169, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

170.    In response to Paragraph 170, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

171.    In response to Paragraph 171, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

172.    In response to Paragraph 172, CTI admits that an account associated with S.S. was opened on C.AI on April 14, 2023.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations, and, therefore, it denies these allegations.

173.    In response to Paragraph 173, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

174.    In response to Paragraph 174, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

175.    In response to Paragraph 175, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

176.    In response to Paragraph 176, CTI admits that a username associated with S.S. subscribed to C.AI+ on December 19, 2023.  Except as expressly admitted,

CTI lacks information sufficient to admit or deny the allegations and, therefore, it
denies these allegations.

177.    In response to Paragraph 177, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

178.    In response to Paragraph 178, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

179.    In response to Paragraph 179, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

180.    In response to Paragraph 180, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

181.    In response to Paragraph 181, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

182.    In response to Paragraph 182, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

183.    In response to Paragraph 183, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

184.    In response to Paragraph 184, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.  CTI also lacks information sufficient to admit or deny the allegations
regarding the knowledge of S.S.'s parents and, therefore, it denies these allegations.

185.    In response to Paragraph 185, CTI denies the allegations.

186.    In response to Paragraph 186, CTI states that pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service, and have been at all times when S.S. was using C.AI.  CTI further states that these allegations are vague and ambiguous, and denies these allegations on that basis.  CTI further states that the allegations regarding CTI, including the allegations in Footnote 89, assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

187.    In response to the allegations in Paragraph 187, CTI states that C.AI's rating in the Apple App Store changed from 12+ to 17+ in June 2024, and that its rating in the Google Play Store changed from "Everyone" to "Teen" (13+) in March 2024.  The remaining allegations regarding CTI assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

188.    In response to Paragraph 188, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

189.    In response to Paragraph 189, CTI denies the allegations.

190.    In response to Paragraph 190, CTI denies the allegations.

191.    In response to the allegations in Paragraph 191, CTI states that C.AI's rating in the Apple App Store changed from 12+ to 17+ in June 2024.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

192.    In response to Paragraph 192, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

193.    In response to Paragraph 193, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

194.    In response to Paragraph 194, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

195.    In response to Paragraph 195, CTI admits that an account associated with S.S. was opened on C.AI on April 14, 2023.  CTI admits that accounts associated with S.S. used personas and usernames including king_JT_01 and hshebdjdgbwjsgdnisgw.  CTI admits that accounts associated with S.S. had conversations with Characters named for characters from Game of Thrones, including Daenerys Targaryen, Aegon Targaryen, Viserys Targaryen, and Rhaenyra Targaryen.  CTI admits that Exhibit A contains chats from an account associated with S.S. but denies the characterization of Exhibit A as a "full transcript."  Except as expressly admitted, CTI denies the allegations in Paragraph 195.

196.    In response to Paragraph 196, CTI admits that a conversation between a username associated with S.S. and a Character called "Mrs. Barnes" took place. The user data speaks for itself.  CTI denies all characterizations of the conversation. Except as expressly admitted, CTI denies the allegations in Paragraph 196.

197.    In response to Paragraph 197, CTI admits that a conversation between a username associated with S.S. and a Character called "Daenerys" took place.  The user data speaks for itself.  CTI denies all characterizations of the conversation. Except as expressly admitted, CTI denies the allegations in Paragraph 197.

198.    In response to Paragraph 198, CTI admits that a conversation between a username associated with S.S. and a Character called "Viserys" took place.  The user data speaks for itself.  CTI denies all characterizations of the conversation. Except as expressly admitted, CTI denies the allegations in Paragraph 198.

199.    In response to Paragraph 199, C.AI admits that conversations between a username associated with S.S. and Characters called "Rhaenyra" and "Viserys" took place but denies that the conversations contain the quoted language.  The user data speaks for itself.  C.AI denies all characterizations of the conversations.  Except as expressly admitted, CTI denies the allegations in Paragraph 199.

200.    In response to Paragraph 200, CTI admits that conversations between a username associated with S.S. and a Character called "Rhaenyra" took place but states that the quoted language is taken out of context.  The user data speaks for itself.  CTI denies all characterizations of the conversation.  Except as expressly admitted, CTI denies the allegations in Paragraph 200.

201.    In response to Paragraph 201, CTI admits that C.AI users can edit Character's responses and that edited chats appear with the word "edited" below the chat.  CTI further admits that some chats with a username associated with S.S. were edited.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

202.    In response to Paragraph 202, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

203.    In response to Paragraph 203, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

204.    In response to Paragraph 204, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

205.    In response to Paragraph 205, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

206.    In response to Paragraph 206, CTI admits that a conversation between a username associated with S.S. and a Character called "Daenerys" took place.  The user data speaks for itself.  C.AI denies all characterizations of the conversation.  Except as expressly admitted, CTI denies the allegations in Paragraph 206.

207.    In response to Paragraph 207, CTI admits that a conversation between a username associated with S.S. and a Character called "Daenerys" took place but states that the quoted language is taken out of context.  The user data speaks for itself.  CTI denies all characterizations of the conversation.  Except as expressly admitted, CTI denies the allegations in Paragraph 207.

208.    In response to Paragraph 208, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI also lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

209.    In response to Paragraph 209, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

210.    In response to Paragraph 210, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

211.    In response to Paragraph 211, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

212.    In response to Paragraph 212, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

213.    In response to Paragraph 213, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

214.    In response to Paragraph 214, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

215.    In response to Paragraph 215, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

216.    In response to Paragraph 216, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

217.    In response to Paragraph 217, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

218.    In response to Paragraph 218, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

219.    In response to Paragraph 219, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

220.    In response to Paragraph 220, CTI admits that a conversation between a username associated with S.S. and a Character called "Daenerys" took place.  The user data speaks for itself.  C.AI denies all characterizations of the conversation. Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

221.    In response to Paragraph 221, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

222.    In response to Paragraph 222, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

223.    In response to Paragraph 223, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

224.    In response to Paragraph 224, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

225.    In response to Paragraph 225, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

226.    In response to Paragraph 226, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

227.    In response to Paragraph 227, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

228.    In response to Paragraph 228 and all of its subparts, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

229.    In response to Paragraph 229, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

230.    In response to Paragraph 230, CTI admits that the article cited in Footnote 90 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

231.    In response to Paragraph 231, CTI admits that the article cited in
Footnote 91 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI lacks information
sufficient to admit or deny the allegations and, therefore, it denies these allegations.

232.    In response to Paragraph 232, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

233.    In response to Paragraph 233, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

234.    In response to Paragraph 234, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

235.    In response to Paragraph 235, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

236.    In response to Paragraph 236, CTI admits that the articles cited in
Footnotes 92 and 93 exist.  The articles speak for themselves, and CTI directs the
Court to the articles for their contents.  Except as expressly admitted, CTI denies the
allegations in Paragraph 236.

237.    In response to Paragraph 237, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

238.    In response to Paragraph 238, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

239.    In response to Paragraph 239, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

240.    In response to Paragraph 240, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

241.    In response to Paragraph 241, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

242.    In response to Paragraph 242, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI further lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

243.    In response to Paragraph 243, CTI admits that prior to November 3, 2024, C.AI's service included an in-chat warning informing users that everything the Characters said was made up.  C.AI further admits that as of November 3, 2024, a disclaimer on the service reads in white-colored text:  "This is an A.I. chatbot and not a real person. Treat everything it says as fiction. What is said should not be relied upon as fact or advice."  Except as expressly admitted, CTI denies all remaining characterizations in Paragraph 243.

244.    In response to Paragraph 244, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these allegations.  CTI further lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

245.    In response to Paragraph 245, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

246.    In response to Paragraph 246, CTI admits that C.AI has instituted further protections specifically focused on suicide and self-harm.  In response to the second sentence of Paragraph 246, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations. Except as expressly admitted, CTI denies the allegations in Paragraph 246.

247.    In response to Paragraph 247, CTI admits that the Futurism article cited in Footnote 95 exists. The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 247.

248.    In response to Paragraph 248, CTI admits that the article cited in Footnote 95 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

249.    In response to Paragraph 249, CTI admits that the article cited in Footnote 96 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

250.    In response to Paragraph 250, CTI admits that it implemented new or enhanced safety features in late 2024.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

251.    In response to Paragraph 251, CTI admits that the YouTube video cited in Footnote 98 exists.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

252.    In response to Paragraph 252, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

253.    In response to Paragraph 253, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

254.    In response to Paragraph 254, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

255.    In response to Paragraph 255, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

256.    In response to Paragraph 256, CTI admits that the article cited in Footnote 99 exists.  The article speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

257.    In response to Paragraph 257, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

258.    In response to Paragraph 258, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

259.    In response to Paragraph 259, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

260.    In response to Paragraph 260, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

261.    In response to Paragraph 261, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

262.    In response to Paragraph 262, CTI admits that a Definition allows a user to shape the Character they create by providing further rules for the Character's responses.  CTI states that the remaining allegations assert arguments and legal

conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

263.    In response to Paragraph 263, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

264.    In response to Paragraph 264, CTI states that the article cited in Footnote 100 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  CTI lacks information sufficient to admit or deny whether the article in Footnote 101 exists and, therefore, it denies these allegations.  CTI states that the remaining allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, except as expressly admitted, CTI denies these allegations.

265.    In response to Paragraph 265, CTI admits that the article cited in Footnote 102 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the remaining allegations.

266.    In response to Paragraph 266, CTI admits that the article cited in Footnote 103 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

267.    In response to Paragraph 267, CTI admits that the article cited in
Footnote 104 exists.  The article speaks for itself, and CTI directs the Court to the
article for its contents.  Except as expressly admitted, CTI lacks information
sufficient to admit or deny the allegations and, therefore, it denies these allegations.

268.    In response to Paragraph 268, CTI denies the allegations in the first
sentence of Paragraph 268.  CTI admits that accounts associated with S.S. interacted
with a Character called "Therapist."  Except as expressly admitted, CTI lacks
information sufficient to admit or deny the remaining allegations in the second
sentence of Paragraph 268, and, therefore, it denies these allegations.

269.    In response to Paragraph 269, CTI states that the article cited in
Footnote 105 exists, but denies that the article contains the quoted language.  The
article speaks for itself, and CTI directs the Court to the article for its contents.
Except as expressly admitted, CTI denies the allegations in Paragraph 269.

270.    In response to Paragraph 270, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

271.    In response to Paragraph 271, CTI lacks information sufficient to admit
or deny the allegations and, therefore, it denies these allegations.

272.    In response to Paragraph 272, CTI states that "health profession" is
vague and ambiguous and denies these allegations on that basis.  CTI further states
that the allegations assert arguments and legal conclusions, rather than factual
allegations, to which no response is required.  To the extent that a response is
required, CTI denies these allegations.

273.    In response to Paragraph 273, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

274.    In response to Paragraph 274, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

275.    In response to Paragraph 275, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

276.    In response to Paragraph 276, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

277.    In response to Paragraph 277, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

278.    In response to Paragraph 278, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

279.    In response to Paragraph 279, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

280.    In response to Paragraph 280, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

281.    In response to Paragraph 281, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

282.    In response to Paragraph 282, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

283.    In response to Paragraph 283, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

284.    In response to Paragraph 284, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

285.    In response to Paragraph 285, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

286.    In response to Paragraph 286, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

287.    In response to Paragraph 287, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

288.    In response to Paragraph 288, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

289.    In response to Paragraph 289, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

290.    In response to Paragraph 290, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

291.    In response to Paragraph 291, CTI admits that the video cited in Footnote 106 exists.  The video speaks for itself, and CTI directs the Court to the video for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

292.    In response to Paragraph 292, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

293.    In response to Paragraph 293, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

294.    In response to Paragraph 294, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

295.    In response to Paragraph 295 and all of its subparts, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

296.    In response to Paragraph 296, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

297.    In response to Paragraph 297, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

298.    In response to Paragraph 298, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

299.    In response to Paragraph 299, CTI admits that CTI employed certain classifiers which would limit C.AI's output regarding the content of certain messages.  Except as expressly admitted, CTI denies the remaining allegations.

300.    In response to Paragraph 300, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

301.    In response to Paragraph 301, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

302.    In response to Paragraph 302, CTI states that these allegations are vague and ambiguous, and denies these allegations on that basis.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

303.    In response to Paragraph 303, CTI admits that the article cited in Footnote 107 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 303.

304.    In response to Paragraph 304, CTI admits that the article cited in Footnote 108 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI denies the allegations in Paragraph 304.

305.    In response to Paragraph 305, CTI lacks information sufficient to admit or deny the existence of the article cited in Footnote 109 and, therefore, it denies these allegations.

306.    In response to Paragraph 306, CTI states that these allegations are vague and ambiguous, and denies these allegations on that basis.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI further states that it lacks information

sufficient to admit or deny the allegations related to other AI developers and, therefore, it denies these allegations.

307.    In response to Paragraph 307, CTI states that these allegations are vague and ambiguous and CTI denies these allegations on that basis.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI denies any implication that C.AI sexually abuses customers.

308.    In response to Paragraph 308, CTI admits that the article cited in Footnote 110 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  CTI states that the allegations in the first sentence of Paragraph 308 assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  CTI states that it lacks information sufficient to admit or deny the allegations in the second sentence of Paragraph 308 and, therefore, it denies these allegations.

309.    In response to Paragraph 309, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

310.    In response to Paragraph 310, CTI admits that C.AI's rating in the Apple App Store changed from 12+ to 17+ in June 2024.  CTI states that the

remaining allegations are vague and ambiguous, and it denies the allegations on this basis.

311.    In response to Paragraph 311, CTI states that it lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

312.    In response to Paragraph 312, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

313.    In response to Paragraph 313, CTI denies the allegations in this paragraph.

314.    In response to Paragraph 314, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.  Pursuant to C.AI's Terms of Service, users under the age of 13 are prohibited from using the service, and have been at all times when S.S. was using C.AI.

315.    In response to Paragraph 315, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

316.    In response to Paragraph 316, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these allegations.

317.    In response to Paragraph 317, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

318.    In response to Paragraph 318, CTI states that the term "social media product" is vague and ambiguous and denies the allegation that CTI is not a "social media product" on that basis.  CTI admits that it does not serve advertisements on its application or website.  Except as expressly admitted, CTI denies the remaining allegations.

319.    In response to Paragraph 319, CTI admits that the article cited in Footnote 111 exists, but denies that the article contains the quoted language.  The article speaks for itself, and CTI directs the Court to the article for its contents.  CTI admits that it offers a free version of its service and C.AI+, which is a subscription for $9.99/month.  Except as expressly admitted, CTI states that the allegations in Paragraph 319 regarding CTI assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

320.    In response to Paragraph 320, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual

allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

321.    In response to Paragraph 321, CTI admits that the article cited in Footnote 112 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

322.    In response to Paragraph 322, CTI admits that C.AI's Terms of Service cited in Footnote 113 exist.  The Terms of Service speak for themselves, and CTI directs the Court to the Terms of Service for their contents.  Except as expressly admitted, CTI states that the remaining allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

323.    In response to Paragraph 323, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

324.    In response to Paragraph 324, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## VI.    PLAINTIFF'S CLAIMS

## COUNT I – STRICT PRODUCT LIABILITY (DEFECTIVE DESIGN)
### (Against Character.AI and Google)

325.    In response to Paragraph 325, CTI incorporates its responses to the preceding Paragraphs.  Paragraph 325 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

326.    In response to Paragraph 326, CTI admits that, as to CTI only, CTI financed, designed, coded, and marketed C.AI.  CTI further admits that CTI is the distributor of C.AI.  CTI states that these allegations are vague and ambiguous, and denies these allegations on that basis.  CTI states that the remaining allegations regarding CTI assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

327.    In response to Paragraph 327 and all of its subparts, CTI admits that the CTI platform is designed to be used by the public as part of CTI's regular business. CTI further admits that CTI is the distributor of C.AI, that CTI advertises to the public, and that C.AI has millions of users.  CTI states that the remaining allegations in Paragraph 327 and all of its subparts assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

328.    In response to Paragraph 328 and all of its subparts, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

329.    In response to Paragraph 329 and all of its subparts, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

330.    In response to Paragraph 330 and all of its subparts, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

331.    In response to Paragraph 331, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

332.    In response to Paragraph 332, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT II – STRICT LIABILITY (FAILURE TO WARN)
### (Against All Defendants)

333.    In response to Paragraph 333, CTI incorporates its responses to the preceding Paragraphs.

334.    In response to Paragraph 334 and all of its subparts, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

335.    In response to Paragraph 335, CTI admits that, as to CTI only, CTI financed, designed, coded, and marketed C.AI.  CTI further admits that CTI is the distributor of C.AI.  CTI states that these allegations are vague and ambiguous, and denies these allegations on that basis.  CTI states that the remaining allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

336.    In response to Paragraph 336 and all of its subparts, CTI admits that C.AI is designed to be used by the public as part of CTI's regular business, that CTI is the distributor of C.AI, that CTI advertises to the public, and that C.AI has millions of users.  Except as expressly admitted, CTI states that the allegations regarding CTI in Paragraph 336, including all of its subparts, assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

337.    In response to Paragraph 337, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

338.    In response to Paragraph 338, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

339.    In response to Paragraph 339, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

340.    In response to Paragraph 340, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

341.    In response to Paragraph 341, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

342.    In response to Paragraph 342, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no

response is required. To the extent that a response is required, CTI denies these allegations.

343. In response to Paragraph 343, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

344. In response to Paragraph 344, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

## COUNT III – AIDING AND ABETTING
### (Against Google)

345. In response to Paragraph 345, CTI incorporates its responses to the preceding Paragraphs.

346. The allegations in Paragraph 346 are not directed at CTI and therefore no response by CTI is required. To the extent a response is required by CTI, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

347. The allegations in Paragraph 347 and all its subparts are not directed at CTI and therefore no response by CTI is required. To the extent a response is required by CTI, CTI states that the allegations assert arguments and legal

conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

a.      In response to the allegations in subpart (a) of Paragraph 347, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

b.      In response to the allegations in subpart (b) of Paragraph 347, CTI admits that it is a customer of Google Cloud services. Except as expressly admitted, CTI states that the remaining allegations in subpart (b) of Paragraph 347 CTI assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

c.      In response to the allegations in subpart (c) of Paragraph 347, CTI admits that in 2024 Google and CTI agreed to a non-exclusive license of CTI's LLM technology and that Shazeer and De Freitas left CTI to rejoin Google. Except as expressly admitted, CTI states that the remaining allegations in subpart (c) of Paragraph 347 assert arguments and legal conclusions, rather than factual allegations, to which no response is required. To the extent that a response is required, CTI denies these allegations.

### COUNT IV NEGLIGENCE PER SE
### (SEXUAL ABUSE AND SEXUAL SOLICITATION)
### (Against Character.AI)

348.    In response to Paragraph 348, CTI incorporates its responses to the preceding Paragraphs.

349.    In response to Paragraph 349, CTI admits that CTI is subject to various laws and regulations.  Except as expressly admitted, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

350.    In response to Paragraph 350, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

351.    In response to Paragraph 351, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

352.    In response to Paragraph 352, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

353.    In response to Paragraph 353, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

354.    In response to Paragraph 354, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

355.    In response to Paragraph 355, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

356.    In response to Paragraph 356, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

357.    In response to Paragraph 357, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

358.    In response to Paragraph 358, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

359.    In response to Paragraph 359, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these allegations.

360.    In response to Paragraph 360, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT V – NEGLIGENCE (DEFECTIVE DESIGN)
### (Against All Defendants)

361.    In response to Paragraph 361, CTI incorporates its responses to the preceding Paragraphs.

362.    In response to Paragraph 362, CTI admits that, as to CTI only, CTI financed, designed, coded, and marketed C.AI.  CTI further admits that CTI is the distributor of C.AI.  CTI states that these allegations are vague and ambiguous, and denies these allegations on that basis.  The remaining allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

363.    In response to Paragraph 363, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

364.    In response to Paragraph 364, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these allegations.

365.    In response to Paragraph 365, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

366.    In response to Paragraph 366, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

367.    In response to Paragraph 367, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

368.    In response to Paragraph 368, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

369.    In response to Paragraph 369, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

370.    In response to Paragraph 370, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

371.    In response to Paragraph 371, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

### COUNT IV – NEGLIGENCE (FAILURE TO WARN)[2]
### (Against All Defendants)

372.    In response to Paragraph 372, CTI incorporates its responses to the
preceding Paragraphs.

373.    In response to Paragraph 373, CTI admits that, as to CTI only, CTI
financed, designed, coded, and marketed C.AI.  CTI further admits that CTI is the
distributor of C.AI.  CTI states that these allegations are vague and ambiguous, and
denies these allegations on that basis. The remaining allegations assert arguments
and legal conclusions, rather than factual allegations, to which no response is
required.  To the extent that a response is required, CTI denies these allegations.

374.    In response to Paragraph 374, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no

---

[2] The First Amended Complaint's counts are misnumbered. This Answer refers to
the counts as numbered in the First Amended Complaint.

response is required.  To the extent that a response is required, CTI denies these allegations.

375.    In response to Paragraph 375, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

376.    In response to Paragraph 376, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

377.    In response to Paragraph 377, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

378.    In response to Paragraph 378, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

379.    In response to Paragraph 379, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

380.   In response to Paragraph 380, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

381.   In response to Paragraph 381, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

382.   In response to Paragraph 382, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

383.   In response to Paragraph 383, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

384.   In response to Paragraph 384, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

385.   In response to Paragraph 385, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these

allegations.

386.    In response to Paragraph 386, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these

allegations.

387.    In response to Paragraph 387, CTI states that the allegations assert

arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these

allegations.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

388.    In response to Paragraph 388, CTI incorporates its responses to the

preceding Paragraphs.

389.    In response to Paragraph 389, Plaintiff's claim for intentional infliction

of emotional distress was dismissed by this Court in its Order on Defendants'

Motions to Dismiss, ECF No. 115 at 43-44.  As such, no response by CTI is

necessary.  To the extent that a response is necessary, CTI denies the allegations.

CTI further states that the allegations assert arguments and legal conclusions, rather

than factual allegations, to which no response is required.  To the extent that a

response is required, CTI denies these allegations.

390.    In response to Paragraph 390, Plaintiff's claim for intentional infliction of emotional distress was dismissed by this Court in its Order on Defendants' Motions to Dismiss, ECF No. 115 at 43-44.  As such, no response by CTI is necessary.  To the extent that a response is necessary, CTI denies the allegations. CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

391.    In response to Paragraph 391, Plaintiff's claim for intentional infliction of emotional distress was dismissed by this Court in its Order on Defendants' Motions to Dismiss, ECF No. 115 at 43-44.  As such, no response by CTI is necessary.  To the extent that a response is necessary, CTI denies the allegations. CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT VII – WRONGFUL DEATH CLAIM ON BEHALF OF THE ESTATE
### (Against All Defendants)

392.    In response to Paragraph 392, CTI incorporates its responses to the preceding Paragraphs.

393.    In response to Paragraph 393, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

394.    In response to Paragraph 394, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

395.    In response to Paragraph 395, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

396.    In response to Paragraph 396 and all of its subparts, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT VIII – SURVIVOR ACTION
### (Against All Defendants)

397.    In response to Paragraph 397, CTI incorporates its responses to the preceding Paragraphs.

398.    In response to Paragraph 398, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

399.    In response to Paragraph 399, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these allegations.

400.    In response to Paragraph 400, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

401.    In response to Paragraph 401 and all of its subparts, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT IX – UNJUST ENRICHMENT
### (Against All Defendants)

402.    In response to Paragraph 402, CTI incorporates its responses to the preceding Paragraphs.

403.    In response to Paragraph 403, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

404.    In response to Paragraph 404, CTI admits that a username associated with S.S. subscribed to C.AI+ from December 19, 2023 until January 18, 2024. Except as expressly admitted, CTI lacks information sufficient to admit or deny the allegations and, therefore, it denies these allegations.

405.    In response to Paragraph 405, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

406.    In response to Paragraph 406, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

407.    In response to Paragraph 407, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no
response is required.  To the extent that a response is required, CTI denies these
allegations.

408.    In response to Paragraph 408, CTI admits that an account associated
with S.S. was opened on C.AI on April 14, 2023.  Except as expressly admitted, CTI
lacks information sufficient to admit or deny the allegations in the first sentence of
Paragraph 408, and, therefore, it denies these allegations.  CTI states that the
allegations in the second sentence of Paragraph 408 assert arguments and legal
conclusions, rather than factual allegations, to which no response is required.  To the
extent that a response is required, CTI denies these allegations.

409.    In response to Paragraph 409, CTI states that the allegations assert
arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these allegations.

410.    In response to Paragraph 410, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

411.    In response to Paragraph 411, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

412.    In response to Paragraph 412 and all of its subparts, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT X – DECEPTIVE AND UNFAIR TRADE PRACTICES
### FLA. STAT. § 501.204 *et seq*.
### (Against All Defendants)

413.    In response to Paragraph 413, CTI incorporates its responses to the preceding Paragraphs.

414.    In response to Paragraph 414, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

415.    In response to Paragraph 415, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

416.    In response to Paragraph 416, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

417.    In response to Paragraph 417, CTI lacks information sufficient to admit or deny the existence of the complaint cited in Footnote 114 and, therefore, it denies these allegations.  CTI further states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

418.    In response to Paragraph 418, CTI admits that the article cited in Footnote 115 exists.  The article speaks for itself, and CTI directs the Court to the article for its contents.  Except as expressly admitted, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

419.    In response to Paragraph 419, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no

response is required.  To the extent that a response is required, CTI denies these allegations.

420.    In response to Paragraph 420 and all of its subparts, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

421.    In response to Paragraph 421, CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## COUNT XI: LOSS OF CONSORTIUM AND SOCIETY
### (Against All Defendants)

422.    In response to Paragraph 422, CTI states that Plaintiff withdrew her claim for loss of filial consortium as reflected in CTI's Local Rule 3.01(g) Certification attached to its Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 59 at 25.  CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

423.    In response to Paragraph 423, CTI states that Plaintiff withdrew her claim for loss of filial consortium as reflected in CTI's Local Rule 3.01(g) Certification attached to its Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 59 at 25.  CTI incorporates its responses to the preceding Paragraphs.

424.    In response to Paragraph 424, CTI states that Plaintiff withdrew her claim for loss of filial consortium as reflected in CTI's Local Rule 3.01(g) Certification attached to its Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 59 at 25.  CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

425.    In response to Paragraph 425, CTI states that Plaintiff withdrew her claim for loss of filial consortium as reflected in CTI's Local Rule 3.01(g) Certification attached to its Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 59 at 25.  CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

426.    In response to Paragraph 426, CTI states that Plaintiff withdrew her claim for loss of filial consortium as reflected in CTI's Local Rule 3.01(g) Certification attached to its Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 59 at 25.  CTI states that the allegations assert arguments and legal conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

427.    In response to Paragraph 427, CTI states that Plaintiff withdrew her claim for loss of filial consortium as reflected in CTI's Local Rule 3.01(g) Certification attached to its Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 59 at 25.  CTI states that the allegations assert arguments and legal

conclusions, rather than factual allegations, to which no response is required.  To the extent that a response is required, CTI denies these allegations.

## AFFIRMATIVE DEFENSES

Defendant Character Technologies, Inc. asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (First Amendment)

Plaintiff's claims are barred by the First Amendment of the United States Constitution because they would violate the rights of C.AI's users to express and receive information and ideas on C.AI.  Plaintiff's claims are barred by Section 4 of the Florida Constitution for the same reason.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The First Amended Complaint and each claim contained therein fails to state a claim upon which relief can be granted, fails to state facts sufficient to constitute a cause of action, and fails to plead cognizable injury.

### THIRD AFFIRMATIVE DEFENSE
### (Section 230)

Plaintiff's claims are barred or preempted, in whole or in part, by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1).

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred or limited by the statute of limitations.  Plaintiff's

claims are based on alleged acts or omissions that occurred before any applicable

limitations period and thus are time-barred.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of

laches to the extent that Plaintiff unreasonably delayed before pursuing her alleged

claims.

## SIXTH AFFIRMATIVE DEFENSE
### (No Equitable Relief)

Equitable relief is barred by the availability of an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE
### (Real Party-in-Interest)

Plaintiff's claims are barred because Plaintiff is not the real party-in-interest.

## EIGHTH AFFIRMATIVE DEFENSE
### (Mootness)

Plaintiff's claims are barred to the extent they are moot, including because

Plaintiff has made allegations about historical practices or other practices that have

ceased and therefore cannot support a request for injunctive or other relief.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Causation, Generally)

CTI denies all types of causation, general and specific, including cause-in-fact, proximate cause, and producing cause, with respect to the claims asserted against CTI.

## TENTH AFFIRMATIVE DEFENSE
### (Third Party Fault, Generally)

A percentage of Plaintiff's alleged injury or loss, if proven, is attributable to (i) other parties from whom Plaintiff seeks recovery in this action, and/or (ii) persons from whom Plaintiff does not seek recovery in this action. Plaintiff's claims are barred and/or Plaintiff's damages must be reduced, in whole or in part, because of the comparative fault of third parties who caused or contributed to Plaintiff's alleged injuries, including without limitation S.S.'s stepfather.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Proportionate Fault of Agents, Employees, Contractors)

To the extent any agents, employees, or contractors of CTI are proven to have caused any of the damages alleged by the Plaintiff, such agents, employees, or contractors were acting outside the scope of agency, employment, or contract with CTI, and any recovery against CTI must be reduced by the proportionate fault of such agents, employees, or contractors.

## TWELFTH AFFIRMATIVE DEFENSE
### (Independent, Intervening, or Superseding Causation)

Plaintiff's alleged injuries, in whole or in part, resulted from independent,

intervening, and/or superseding causes for which CTI is not legally responsible and

which were not foreseeable.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Misuse)

Plaintiff's alleged injuries and harm were caused or contributed to, directly

and proximately, in whole or in part, by misuse, unauthorized use, unintended use,

unforeseeable use and/or improper use of C.AI in this matter.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Pre-Existing Conditions)

The injuries and harms Plaintiff alleges, if any are proven, were the direct

result of S.S.'s preexisting medical conditions or idiosyncratic reactions and/or

occurred by operation of nature or as a result of circumstances over which CTI had

and continues to have no control.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Conduct Not Willful)

CTI denies that it engaged in any wrongful conduct.  Any conduct by CTI was

not willful or knowing.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Notice)

Plaintiff cannot obtain relief on her claims based on actions undertaken by

CTI of which CTI provided notice of all reasonable facts.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Discharged Obligations)

CTI appropriately, completely, and fully discharged any and all obligations

arising out of the matters alleged in the First Amended Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Contract)

Plaintiff's claims are barred in whole or in part by contracts and/or

agreements, including the integrated Terms of Service, that she or S.S. entered into

with CTI or third parties.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Punitive damages are not recoverable by Plaintiff because Plaintiff has failed

to allege or establish any conduct that would support an award of punitive damages.

Plaintiff's claims for punitive or exemplary damages or other civil penalties are

further barred or reduced by applicable law or statute or, in the alternative, are

unconstitutional insofar as they violate the due process protections afforded by the

U.S. Constitution, the excessive fines clause of the Eighth Amendment of the U.S.

Constitution, the Full Faith and Credit Clause of the U.S. Constitution, and

applicable provisions of the Constitution of this State or that of any other state whose

laws may apply.  Punitive damages are not recoverable by Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff is barred from recovery to the extent of Plaintiff's and/or S.S.'s failure to avoid or mitigate harm, including but not limited to Plaintiff's and/or S.S.'s failure to cease S.S.'s use of C.AI; failure to seek medical or other assistance for S.S. in an effort to cease using C.AI; or failure to otherwise seek medical or other assistance in an effort to address or prevent S.S.'s alleged injuries or harm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Collateral Sources)

CTI is entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment received, available, or to be received by Plaintiff from any collateral source, as permitted by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Set-off/Recoupment)

CTI is not liable for the full amount of the claims to the extent CTI is entitled to a set-off.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Conformance with Laws)

The claims asserted in the First Amended Complaint are barred, in whole or in part, because the activities of CTI alleged in the First Amended Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant times alleged in the First Amended Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (State of the Art)

Plaintiff may not recover from CTI because the methods, standards, or techniques of designing and making available the services at issue complied with and were in conformity with the generally recognized state of the art at the time the services were designed and made available to users.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Due Process Clause)

Plaintiff's claims are barred in whole or in part by the Due Process Clauses of the United States and Florida Constitutions, including to the extent Plaintiff seeks punitive damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Separation of Powers)

Plaintiff's claims are barred or limited by the separation of powers doctrine to the extent that they raise political or policy issues, not legal or constitutional ones.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Content and Parties Outside of Defendant's Control)

Recovery for Plaintiff's alleged harm should be barred or reduced to the extent such harm was caused by (A) content created by persons and/or entities not within CTI's control and/or (B) changes and/or alterations to C.AI made by persons and/or entities not within CTI's control.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Contemplated Conduct)

Plaintiff's claims are barred in whole or in part because the conduct alleged in the First Amended Complaint was contemplated by contracts and/or agreements that S.S. entered into with CTI or third parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and/or S.S. consented to and/or ratified the conduct alleged in the First Amended Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert some or all of the causes of action alleged and to obtain some or all of the relief requested.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

Plaintiff has failed to join necessary or indispensable parties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Authorized Conduct)

At all times material herein, CTI's actions were specifically authorized under the laws administered by, or rules and regulations promulgated by, regulatory bodies or officers acting under the authority of Florida or the United States.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Florida Deception and Unfair Trade Practices Act Exception – Publishers)

Plaintiff's Florida Deceptive and Unfair Trade Practices Act claim fails, in

whole or in part, because the law does not apply to "a publisher, broadcaster, printer,

or other person engaged in the dissemination of information or the reproduction of

printed or pictorial matter, insofar as the information or matter has been

disseminated or reproduced on behalf of others without actual knowledge that it

violated" the Florida Deceptive and Unfair Trade Practices Act.  Fla. Stat. §

501.212(2).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Florida Deception and Unfair Trade Practices Act Exception – Personal Injury)

Plaintiff's Florida Deceptive and Unfair Trade Practices Act claim fails, in

whole or in part, because the law does not apply to a claim for personal injury or

death or a claim for damage to property other than the property that is the subject of

the consumer transaction.  Fla. Stat. § 501.212(3).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

Plaintiff's claims are barred and/or Plaintiff's alleged damages must be

reduced, in whole or in part, because Plaintiff's damages were caused by the

comparative negligence of Plaintiff and/or S.S., and/or other circumstances over

which CTI has no control and for which CTI is not responsible and not liable.

Plaintiff is further not entitled to recovery because Plaintiff and/or S.S. are more

than 50% at fault, and thus precluded from recovery.  Fla. Stat. § 768.81.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff's claims are barred, in whole or in part, because there is no cognizable duty of care in regard to the alleged harms, and any recovery against CTI is barred or limited under the principle of primary assumption of risk, both express and implied.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, because of unclean hands, including to the extent Plaintiff's claims are based in whole or in part on actions that violated CTI's Terms of Service.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Duty or Breach)

Plaintiff's claims against CTI fail as a matter of law because no cognizable legal duty was owed or breached by CTI.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff and/or S.S. agreed to binding arbitration agreements and has no right to recovery outside of arbitration.

## FORTIETH AFFIRMATIVE DEFENSE
### (Plaintiff's Acts or Omissions)

Plaintiff's claims are barred and/or Plaintiff's alleged damages must be reduced, in whole or in part, because Plaintiff's damages were caused by the acts or omissions of Plaintiff and/or S.S.

**FORTY-FIRST AFFIRMATIVE DEFENSE**
**(Third Party Fault, Other Services)**

CTI is not liable for any harm alleged by Plaintiff that Plaintiff or S.S.

sustained as a result of S.S.'s use of any non-party's website, app, online service, or

other good, product, service, or intangible.

**FORTY-SECOND AFFIRMATIVE DEFENSE**
**(Derivative Nature of Unjust Enrichment Claim)**

Any unjust enrichment claim is barred, in whole or in part, as entirely

derivative of Plaintiff's other, legally deficient claims.

**FORTY-THIRD AFFIRMATIVE DEFENSE**
**(Derivative Nature of Wrongful Death Claim)**

Any wrongful death claim is barred, in whole or in part, as entirely derivative

of Plaintiff's other, legally deficient claims.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**
**(Derivative Nature of Survival Action)**

Any survival action is barred, in whole or in part, as entirely derivative of

Plaintiff's other, legally deficient claims.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**
**(Puffery)**

Plaintiff's claims fail, in whole or in part, to the extent that they are based on

nonactionable statements of puffery or opinion, rather that statements of fact.

## FORTY-SIXTH AFFIRMATIVE DEFENSE
## (Fraud not Pled with Particularity)

To the extent that Plaintiff alleges fraud, fraudulent concealment, or similar

conduct, Plaintiff has failed to plead fraud with sufficient particularity.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE
## (Justification)

Plaintiff's claims are barred, in whole or in part, because to the extent CTI

engaged in any of the alleged acts, omissions, or conduct, it did so with justification.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE
## (Ordinary Course of Business)

Plaintiff's claims are barred, in whole or in part, because at all relevant times,

CTI's actions were within the ordinary course of business and complied with

industry custom and practice.

## FORTY-NINTH AFFIRMATIVE DEFENSE
## (No Reliance)

Plaintiff's claims may be barred, in whole or in part, because users did not rely

(reasonably or otherwise) upon any purported statement by CTI.

## FIFTIETH AFFIRMATIVE DEFENSE
## (Attorneys' Fees Unavailable)

Plaintiff's request for attorneys' fees in this action is barred because it lacks

any basis in law.

## FIFTY-FIRST AFFIRMATIVE DEFENSE
### (Reservation of Rights / Additional Defenses)

CTI hereby gives notice that it reserves the right to rely upon any other

defense that may become apparent as discovery progresses in this matter, and

reserves its right to amend the Answer and to assert any such defense.  CTI also

reserves the right to amend the Answer and to assert any such defense should

Plaintiff at any time hereafter purport to raise, rely on, or otherwise seek to proceed

on any claim or theory stated in their First Amended Complaint that has been

dismissed.  CTI also reserves the right to amend its Answer and to assert any such

defense should Plaintiff at any time hereafter ask the Court to award relief on the

basis of Plaintiff's prayers for "other" relief.  Nothing stated herein constitutes a

concession as to whether Plaintiff bears the burden of proof on any issue.

### PRAYER FOR RELIEF

Defendant Character Technologies, Inc. prays for the following:

1. That Plaintiff take nothing by reason of her First Amended Complaint;

2. That judgment be rendered in favor of CTI;

3. That CTI be awarded costs and expenses incurred in defense of this action;
and

4. For all such other relief as the Court deems just and proper.

Respectfully submitted this 24th day of June, 2025.

Thomas A. Zehnder
Florida Bar No. 0063274
Dustin Mauser-Claassen
Florida Bar No. 0119289
KING, BLACKWELL, ZEHNDER
  & WERMUTH, P.A.
25 East Pine Street
Orlando, FL 32801
(407) 422-2472
tzehnder@kbzwlaw.com
dmauser@kbzwlaw.com

/s/ Jonathan H. Blavin

Jonathan H. Blavin* (Lead Counsel)
Victoria A. Degtyareva*
Stephanie Goldfarb Herrera*
MUNGER, TOLLES & OLSON, LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
(415) 512-4000
Jonathan.Blavin@mto.com
Stephanie.Herrera@mto.com
Victoria.Degtyareva@mto.com
*Admitted Pro Hac Vice

Counsel for Defendant
Character Technologies, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on June 24, 2025, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will send

a notice of electronic filing to all counsel of record.

/s/ Dustin Mauser-Claassen
Dustin Mauser-Claassen
Florida Bar No.: 0119289