# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representatives of the Estate of S.R.S III,<br><br>Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC<br><br>Defendants. | Civil No. 6:24-cv-01903-ACC-DCI<br><br>OPPOSITION TO MOTIONS FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE |

## INTRODUCTION

Plaintiffs Megan Garcia and Sewell Setzer ask the Court to deny requests by the Center for Democracy & Technology, Electronic Frontier Foundation, Foundation for Individual Rights and Expression, Professor Eugene Voloh and Professor Jane Bambaurer (hereinafter "The Five Amici") for leave to file amicus curiae briefs in support of Defendant Character Technologies' motion to certify this case for interlocutory appeal. "[A]ceptance of an . . . amicus curiae should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that existing counsel need assistance." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988) (citing *Donovan v. Gillmor*, 535 F. Supp. 154, 159 (N.D. Ohio 1982). Although The Five Amici each have a strong background in First

1

Amendment jurisprudence, they offer no special expertise or perspective beyond the arguments already advanced by Character Technologies to guide the Court's procedural inquiry under 28 U.S.C. § 1292(b). While amicus submissions may advance the Court's summary judgment adjudication, because Defendants are fully capable of articulating the factors governing interlocutory review under 28 U.S.C. § 1292(b), the proffered submissions from Five Amici are unnecessary and unwarranted. The Court should decline to expend judicial resources entertaining third-party arguments duplicating Defendants' already-extensive briefing.

## ARGUMENT

### A.    Acceptance of Amicus Curiae Should be Allowed Sparingly

"[A]n amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). Courts have held that acceptance of amicus curiae "should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that the existing counsel need assistance." *News & Sun-Sentinel Co.*, 700 F. Supp. at 32 (citing *Donovan,* 535 F. Supp. at 159)).

*Amici curiae* typically appear at the appellate level and are not usually necessary or helpful at the trial level. *Fla. by & through McCollum v. U.S. Dep't of Health & Hum. Servs.,* No. 3:10-CV-91-RV/EMT, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010). Consequently, there is no provision in the Federal Rules of

2

Civil Procedure or in the Local Rules of this Court pertaining to such appearances. *Id*. Because an *amicus curiae* participates for the benefit of the court, "it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus." *Id*. (quotations omitted) (citing *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500–01 (S.D. Fla. 1991)).

"District courts have inherent authority to appoint or deny amici which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Mobile Cnty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys.*, Inc., 567 F. Supp. 2d 1342, 1344 n.1 (S.D. Ala. 2008) (citing *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)).[1] Rule 29 provides that leave to file an amicus brief should be granted only if the court is satisfied as to the movant's interest and finds that an amicus brief would be desirable and relevant to the disposition of the case. *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.,* No. 9:17-CV-80495, 2018 WL 3368746, at *1 (S.D. Fla. July 6, 2018).

Generally, a district court grants amicus curiae only status where: "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). Movants that "do[ ] not meet the requirements of (a) an adequate

---

[1] FED. R. APP. P. 29(b)(1) and (2) requires that the proposed brief state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."

3

interest, (b) desirability, and (c) relevance" should not be granted leave to file. *Neonatology Assocs., P.A. v. Comm's of Internal Revenue,* 293 F.3d 128, 131 (3rd Cir. 2002). While amicus curiae briefs that bring relevant matter not already brought to the Court's attention by the parties may be of some help, an amicus curiae brief that does not serve this purpose burdens the Court, and its filing is not favored. Sup. Ct. R. 37.1.

For these reasons, a district court lacking joint consent of parties should "go slow" in accepting an amicus brief unless the amicus has a special interest that justifies his having a say or the court feels that existing counsel may need supplementing assistance. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). It is "particularly questionable to allow an amicus brief when the existing parties are already well represented." *McCollum*, 2010 WL 11570635 at *2 (citing *Strasser*, 432 F.2d at 569). *See, e.g., Ocwen*, 2018 WL 3368746 at *3 (noting that acceptance of amicus curiae "should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that the existing counsel need assistance.") (citations omitted); *United States v. 324 Auto. Grilles*, No. CV418-195, 2019 WL 11544480 at *4 (S.D. Ga. Mar. 25, 2019) (denying amicus submission by interested party in civil forfeiture action because "the Court feels that it is adequately represented by the Government"); *United States v. Gotti*, 755 F. Supp. 1157 (E.D.N.Y. 1991) (denying amicus submission where parties had not jointly consented to the filing, the parties were well represented and their counsel did not need assistance).

## B. The Five Amici Do Not Advance the Court's Section 1292(b) Inquiry

In the Eleventh Circuit, interlocutory review under 28 U.S.C. § 1292(b) is available "only in exceptional cases where decision of the appeal may avoid protracted and expensive litigation . . . where a question which would be dispositive of the litigation if raised and there is serious doubt as to how it should be decided." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004) (quoting Report of the Committee on Appeals from Interlocutory Orders of the District Courts, Sept. 23, 1953, *reprinted in* 1958 U.S.C.C.A.N. 5258, 5260–61). To justify a departure from the well-established rule, the movant must demonstrate that there is "(1) a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Havana Docks Corp.*, No. 19-CV-23591-BLOOM/Louis, 2020 WL 3433147, at *1 (S.D. Fla. June 23, 2020) (citing 28 U.S.C. § 1292(b)). The failure to satisfy *any* element is fatal to § 1292(b) certification. *In re Yormak*, No. 2:17-cv-73-FtM-38, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017) ("This standard is conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review.").

While The Five Amici in this case extol their experience and expertise in First Amendment jurisprudence, their motions are bereft of any argument as to why amicus curie are beneficial to the Court's consideration of the three elements governing interlocutory review pursuant to 28 U.S.C. § 1292(b). For example, the

5

Center for Democracy & Technology and the Electronic Frontier Foundation posit that their input is "necessary to ensure that the full ramifications of the court's actions on users First Amendment rights are considered." Motion of Center for Democracy & Technology and Electronic Frontier Foundation to Submit an Amicus Curiae Brief in Support of Certifcation of Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) at 2 (Dkt. 145). Yet, their proposed brief entirely fails to cite, let alone discuss, § 1292(b). *See generally* [Proposed] Brief of *Amici Curiae* Center for Democracy & Technology and Electronic Frontier Foundation to Submit an Amicus Curiae Brief in Support of Certifcation of Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) (Dkt. 145-1). Instead, they furnish an exogeis on the first amendment jurisprudence that is wholly irrelvent to the Court's determination of whether or not interloquatory review is the most efficacious way to address these issues.

The Foundation for Individual Rights and Expression ("FIRE") purports to "help inform this Court's understanding of the impact that resolving the First Amendment issue at hand will have on free expression . . . by providing an informed, broader perspective to clarify the necessity and importance of allowing the higher courts to rule on this issue as soon as possible." Opposed Motion of Foundation for Individual Rights and Expression for Leave to File Brief as *Amicus Curiae* in Support of Character Technologies, Inc.'s Motion for Certfication of Immediate Appeal Pursuant to 28 U.S.C. § 1292(B) at 5 (Dkt. 148). However, while making passing reference to § 1292(b), FIRE entirely fails to discuss the statutory

6

factors governing interlocutory review.  Instead, FIRE castigates the Court for its "unduly narrow and dismissive approach" to first amendment speech and "fail[ure] to grapple with . . . significant First Amendment questions." Brief of Proposed *Amicus Curiae* Foundation for Individual Rights and Expression for Leave to File Brief as Amicus Curiae in Support of Character Technologies, Inc.'s Motion for Certfication of Immediate Appeal Pursuant to 28 U.S.C. § 1292(B) at 10, 23 (Dkt. 148-1).

Professors Volokh and Baum seek amicus status on the simple ground that district courts "have in particular often accepted amicus briefs from law professors." and that their proferred brief "adds to the analysis in *Plaintiff's* brief in ways that may be helpful to this Court." Motion of Professor Eugene Volokh and Professor Jane Bambauer for Leave to File Amicus Curiae Brief in Support of Defendant Character Technologies Inc. at 3–4 (emphasis supplied) (Dkt. 133). Yet, their academic argument that there is "substantial ground" to believe that the Court's interpretation of the First Amendment opinion is wrong mistakes the proper standard under § 1292(b). *See* Brief of Proposed *Amici Curiae* in Support of Defendant's Motion Requestign That This Court Certify the Case for Interlocutory Appeal at 4, 7, 10 (Dkt. 133-1). Rather, "to demonstrate the existence of a *substantial ground for difference of opinion*, the appellant 'must show that at least two courts interpret the legal principle differently.'" *In re Yormak*, 2017 WL 2645601, at *3 (emphasis supplied) (quoting *Figeroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007)).  While Professor Volokh and Baum disagree

7

with the Court's preliminary holding regarding generative AI and first amendment speech, they do not identify a *single* case where any other court has ruled differently.

Finally, The Five Amici fail to provide any basis for the Court to conclude that Character Technologies requires any assistance effectively articulating the factors governing interlocutory review under § 1292(b). Character Technologies is capably represented by Munger Tolles Olsen, a prodigious firm that includes the former solicitor general of the United States, fifteen former Supreme Court clerks, and 155 former federal judicial clerks.[2] Character Technologies filed a copious memorandum of law tracing the requirements of § 1292(b) and arguing why each element was satisfied to which Plaintiff will reply in due course.[3] There is no basis to conclude that the Court is unable to thoughtfully and capably adjudicate Character Technologies' motion a under § 1292(b) based upon the legal briefing submitted by the parties.

C. **The Issues Presented Are Not Appropriate for Amicus Commentary At this Stage of the Litigation.**

In denying Character Technologies' Motion to Dismiss, the Court explicitly stated that it was "not prepared to hold that the Character A.I. LLM's output is speech *at this stage*." (Doc. 115 at 27) (emphasis added). In doing so, the Court

---

[2] *See* Munger Tolles & Olson homepage, available at https://www.mto.com/ (last visited July 1, 2025).

[3] Plaintiff has filed a motion to extend the response deadline to July 7th which Character Technologies does not oppose and to submit a combined response to Google's motion which it does oppose. Dkt. 154.

acknowledged that this case remains in its early stages and that the complex First Amendment issues implicated by Defendants' arguments should be addressed only after the factual record has been more fully developed. The Court's holding reflects a cautious and procedural approach—not a definitive legal conclusion—underscoring that further evidentiary development is necessary before resolving such novel constitutional questions.

As such, the Court's decision does not present a "controlling question of law" under 28 U.S.C. § 1292(b) because it is neither dispositive of any claim nor a pure legal issue about which reasonable jurists might disagree. Rather, it is a threshold procedural determination that the case should proceed to discovery. That kind of interlocutory ruling does not implicate the sort of abstract or unsettled legal questions that typically warrant interlocutory appeal—or that are appropriately the subject of amicus participation. Allowing the litigation to advance so the parties can build a factual record is not, in itself, a legal controversy deserving appellate or third-party intervention at this juncture..

Plaintiff already faces substantial burdens in litigating this complex case on behalf of her deceased son. Adding more non-party filings—particularly from ideologically aligned amici who seek to elevate Defendants' narrative—risks transforming a focused motion for certification for interlocutory appeal into a public policy debate. The Court should not permit amici to further delay or distort the ordinary course of litigation.

9

## **CONCLUSION**

The First Amendment issues presented in this case are significant and profound. To be sure, final determsination of the extent to which generative AI content is subject to First Amendment protections will be made upon appellate review. The issue before this Court in the pending motion for interloquatory review is therefore not whether the Eleventh Circuit will consider the First Amendment issues in this case, but when.

Section 1292(b) mandates a stringent three-part test for the " exceptional cases" in which interlocutory review is warranted, *McFarlin* 381 F.3d at 1256. The Five Amici fail to provide the Court with any additional argument or authority as to why the requirements of § 1292(b) are satisfied or why such arguments cannot be capably advanced by Character Technologies on its own behalf. Leave to file amicus curie in support of Character Technologies' motion for interlocutory review should therefore be denied.

DATED: July 2, 2025.

/s/ *Amy L. Judkins*
Amy L. Judkins
Florida Bar No.: 125046
NORMAND PLLC
(407) 603-6031
3165 McCrory Place, Ste. 175
Orlando, FL 32803
alj@normandpllc.com

Matthew Bergman
matt@socialmediavictims.org
Laura Marquez-Garrett
laura@socialmediavictims.org
Glenn Draper

10

glenn@socialmediavictims.org
SOCIAL MEDIA VICTIMS LAW CENTER
(206) 741-4862
600 1st Avenue, Suite 102-PMB 2383
Seattle, WA 98104

Meetali Jain
meetali@techjusticelaw.org
Melodi Dincer
melodi@techjusticelaw.org
TECH JUSTICE LAW PROJECT
611 Pennsylvania Avenue Southeast #337
Washington, DC 20003

*Attorneys for Plaintiffs*