# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representatives of the Estate of S.R.S III,<br><br>Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC<br><br>Defendants. | Civil No. 6:24-cv-01903-ACC-DCI<br><br>OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B) AND TO STAY PROCEEDINGS |

**OPPOSITION TO DEFENDANT GOOGLE LLC'S
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(B) AND TO STAY PROCEEDINGS**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND .................................................................................................... 1

III. ARGUMENT .......................................................................................................... 2

   A. Certification Should Only Be Granted In Rare Circumstances ...................... 2

   B. Google Does Not Identify a Controlling Question of Law. ............................ 4

   C. Google Fails to Identify Substantial Ground for Difference of Opinion. ....... 6

   D. Early Resolution of the Aiding and Abetting Issue Would Not Materially Advance the Overall Determination of this Case. ............................................. 9

   E. A Stay Would Only Delay This Case. ............................................................ 13

IV. CONCLUSION .................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alley v. Farmers Bank*,
   No. 3:13-CV-146 (CAR), 2015 WL 13449662 (M.D. Ga. Mar. 23, 2015) .................................................................................................................. 11

*U.S. ex rel. Armfield v. Gills*,
   No. 8:07-CV-2374-T-27TBM, 2011 WL 2084072 (M.D. Fla. May 24, 2011) ..................................................................................................... 14, 15, 16

*Armor Screen Corp. v. Storm Catcher, Inc.*,
   No. 07-CV-81091-RYSKAMP/VITUNAC, 2010 WL 11505239 (S.D. Fla. June 21, 2010) ............................................................................... 12

*Asis Internet Servs. v. Active Response Grp.*,
   2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ......................................................... 16

*Aurelius Capital Master, Ltd. v. Tousa Inc.*,
   No. 08–61317–CIV, 2009 WL 6453077 (S.D. Fla. Feb. 6, 2009) ............................. 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955 (2007) ........................................................................ 9

*Caterpillar v. Lewis*,
   117 S.Ct. 467 (1996) ................................................................................................. 1

*CCP SP Hotel, LLC v. Heritage Hotel Assocs., LLC*,
   No. 19-BK-9946-CED, 2021 WL 229532 (M.D. Fla. Jan. 22, 2021) ...................... 12

*Consumer Fin. Prot. Bureau v. Frederick J. Hanna Assocs., P.C.*,
   165 F. Supp. 3d 1330 (N.D. Fla. 2015) ..................................................................... 8

*In re Cruz*,
   No. 6:19-cv-647-Orl-37, 2019 WL 2084525 (M.D. Fla. May 12, 2019) ................ 12

*Dauval v. MRS BPO, L.L.C.*,
   No. 8:11-CV-2703-T-MAP, 2013 WL 9921550 (M.D. Fla. June 27, 2013) ................................................................................................................ 7, 10

*Fabricant v. Sears Roebuck & Co.*,
   No. 98-1281-CIV-NESBITT, 2001 WL 883303 (S.D. Fla. Jan. 29, 2001) ............................................................................................................... 11, 14

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014) .................................................................... 15

*Flint Riverkeeper, Inc. v. S. Mills, Inc.*,
    261 F. Supp. 3d 1345 (M.D. Ga. 2017) .................................................................. 11

*Grajales v. Genesco, Inc.*,
    No. 8:23-CV-420-SCB-TGW, 2023 WL 7135899 (M.D. Fla. Oct. 31,
    2023) ..................................................................................................................... 12

*Grand Lodge of Pennsylvania v. Peters*,
    No. 8:07-CV-479-T-26EAJ, 2008 WL 2790237 (M.D. Fla. July 18,
    2008) ....................................................................................................................... 7

*Halberstam v. Welch*,
    705 F.2d 472 (D.C. Cir. 1983) ................................................................................. 7

*Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*,
    No. 19-CV-23591, 2020 WL 3433147 (S.D. Fla. June 23, 2020) ................... 3, 7, 8

*Laurent v. Herkert*,
    196 F. App'x 771 (11th Cir. 2006) ........................................................................... 4

*McFarlin v. Conseco Servs.*,
    381 F.3d 1251 (11th Cir. 2004) ....................................................................... *passim*

*OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*,
    549 F.3d 1344 (11th Cir. 2008) ................................................................................ 4

*Petersen v. Am. Gen. Life Ins. Co.*,
    No. 3:14-CV-100-J-39JBT, 2016 WL 11806893 (M.D. Fla. Dec. 16,
    2016) ..................................................................................................................... 13

*In re Poe Fin. Grp., Inc.*,
    No. 06-BK-04288-CPM, 2010 WL 2431919 (M.D. Fla. June 16, 2010) .................. 8

*Portobanco v. Paradise Cruise Line Operator Ltd. Inc.*,
    No. 20-61044-CIV, 2022 WL 2182885 (S.D. Fla. Feb. 2, 2022) .............................. 3

*Reyes v. BCA Fin. Servs., Inc.*,
    No. 16-24077-CIV-GOODMAN, 2018 WL 2849768 (S.D. Fla. June
    8, 2018) .................................................................................................................... 3

*Rodriguez v. Procter & Gamble Co.*,
    499 F. Supp. 3d 1202 (S.D. Fla. 2020) ..................................................................... 9

*Samsung Semiconductor, Inc. v. AASI Liquidating Trust ex rel. Welt*,
   No. 12-23707-CIV, 2013 WL 704775 (S.D. Fla. Feb. 26, 2013) ................................ 4

*SavaSeniorCare, LLC v. Starr Indem. & Liab. Co.*,
   No. 1:18-CV-01991-SDG, 2020 WL 6782049 (N.D. Ga. Nov. 18,
   2020) ......................................................................................................................... 8

*Twitter, Inc. v. Taamneh*,
   598 U.S. 471 (2023) ............................................................................................... 6, 9

*United States v. One Parcel of Real Prop. With Bldgs., Appurtenances &
   Improvements*,
   767 F.2d 1495 (11th Cir. 1985) .................................................................................. 4

*In re Wiand*,
   No. 8:10-CV-71-T-17MAP, 2012 WL 611896 (M.D. Fla. Jan. 4,
   2012) ......................................................................................................................... 5

*In re Yormak*,
   No. 2:17-cv-73-FtM-38, 2017 WL 2645601 (M.D. Fla. June 19, 2017) .................... 4

**Statutes**

28 U.S.C. § 1292 ............................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 2

4

## I.     INTRODUCTION

Google's request to certify the Court's denial of its motion to dismiss for immediate appeal should be denied for failure to satisfy any requirement of 28 U.S.C. § 1292(b), much less all three. Instead of presenting real issues for the Court to decide, Google seeks to rehash arguments made and rejected by the Court. Interlocutory review would result in piecemeal litigation, waste judicial resources, and needlessly delay the efficient resolution of this important case.  Moreover, the fact that both Defendants Google and Character Technologies are asking this court to certify an interlocutory appeal on separate issues – but twice in the same case – further demonstrates that they are not invoking an interlocutory appeal sparingly, as it was intended to be used,  *Caterpillar v. Lewis*, 117 S.Ct. 467, 475 (1996), but rather treating it as an ordinary means by which to contest a preliminary decision with which they disagree.

## II.     BACKGROUND

On January 24, 2025, Defendants Google and Character Technologies each filed independent pre-answer motions to dismiss all of Plaintiffs' claims. *See* Defendants Google LLC's and Alphabet Inc.'s Motion to Dismiss First Amended Complaint and Memorandum of Law in Support  (Dkt. 61) and Character Technologies, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 59). On May 21, 2025, the Court issued an order granting in part and denying in part Defendants' Motions to Dismiss. Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Dkt. 115) (hereinafter "Order"). The Court's 48-

1

pages order meticulously detailed the reasoning behind the Court's decision for each defendant and each claim at issue.

With respect to Google, the Court held, *inter alia*, that (1) Plaintiffs' Complaint sufficiently alleged that Google was liable as a component parts manufacturer of Character Technologies' defective product; (2) Plaintiffs had plausibly alleged that Google was unjustly enriched under Florida law; and (3) that Plaintiffs' claim that Google aided and abetted tortious conduct met the requirements of Fed. R. Civ. P. 12(b)(6). Order at 20–24. Google now seeks to certify only the Court's aiding and abetting ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendant Google LLC's Motion to Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(B) and to Stay Proceedings (Dkt. 132) (hereinafter "Google's Motion to Certify").

### III. ARGUMENT

**A. Certification Should Only Be Granted In Rare Circumstances**

Generally, litigants in federal court are required to wait until after a final judgment to appeal. *See McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1264 (11th Cir. 2004) ("the great bulk of [appellate] review must be conducted after final judgment[.]"). In the Eleventh Circuit, interlocutory review under 28 U.S.C. § 1292(b) is available "only in exceptional cases where decision of the appeal may avoid protracted and expensive litigation ... where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Id*. at 1256 (quoting Report of the Committee on Appeals from Interlocutory Orders of the District Courts, Sept. 23, 1953, reprinted in 1958

U.S.C.C.A.N. 5258, 5260–61). Interlocutory appeal under 28 U.S.C. § 1292(b) serves as a "rare exception" to the general rule that final judgment must precede appellate review, *id*, and is not to be used merely a vehicle for "early appellate review of hard cases[.]" *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV-GOODMAN, 2018 WL 2849768, at *3 (S.D. Fla. June 8, 2018).

The Eleventh Circuit considers liberal use of § 1292(b) to be bad policy, as it may promote piecemeal appeals. *Portobanco v. Paradise Cruise Line Operator Ltd. Inc.*, No. 20-61044-CIV, 2022 WL 2182885, at *1 (S.D. Fla. Feb. 2, 2022) (citing *McFarlin*, 381 F.3d at 1259). District courts in Florida have "acknowledge[ed] the profound hurdles that parties face in seeking interlocutory appeal[.]" *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, No. 19-CV-23591, 2020 WL 3433147, at *2 (S.D. Fla. June 23, 2020). Recognizing this uphill battle, the Eleventh Circuit has noted that § 1292(b) certification is a "high threshold" and "[m]ost interlocutory orders do not meet this test." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). Accordingly, there is a "strong presumption against interlocutory appeals." *United States v. One Parcel of Real Prop. With Bldgs., Appurtenances & Improvements*, 767 F.2d 1495, 1498 (11th Cir. 1985).

To justify a departure from the well-established rule, a movant must demonstrate that there is "(1) a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006). The movant "bears the 'burden of persuading the court that exceptional circumstances justify

3

a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Samsung Semiconductor, Inc. v. AASI Liquidating Trust ex rel. Welt*, No. 12-23707-CIV, 2013 WL 704775, at *4 (S.D. Fla. Feb. 26, 2013) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). The failure to satisfy *any* element is fatal to § 1292(b) certification. *See In re Yormak*, No. 2:17-cv-73-FtM-38, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017) ("This standard is conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review."). Further, even if the movant can satisfy all three demands, whether to grant or deny interlocutory review is "committed 'wholly' to the discretion of the district court and the court of appeals." *In re Wiand*, No. 8:10-CV-71-T-17MAP, 2012 WL 611896, at *3 (M.D. Fla. Jan. 4, 2012).

### B. Google Does Not Identify a Controlling Question of Law.

Under the first prong, "the movant must demonstrate that there is a question of law, and it is controlling." *Aurelius Capital Master, Ltd. v. Tousa Inc.*, No. 08–61317–CIV, 2009 WL 6453077, at *14 (S.D. Fla. Feb. 6, 2009). The question must be one of "pure law" that can be decided "quickly and cleanly without having to study the record." *McFarlin*, 381 F. 3d. at 1258. It is not "the application of settled law to fact," nor a question that requires a court to go "rooting through the record in search of the facts." *Id.* The question must also "be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *Id*. at 1259. By contrast, "[t]he antithesis of a proper § 1292(b) appeal is one that

4

turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id*.

Google attempts to conjure a pure issue of law by misconstruing the Court's order as holding that "providing commercially available business services to a company that distributes an allegedly unsafe product constitutes 'substantial assistance' for purposes of aiding-and-abetting liability." Google's Motion to Certify at 8. In actuality, the Court found that the services Google provided to Character Technologies "are unlike the services Twitter provided in *Taamneh* which were available to the general public and not customized for the wrongdoers," and, in further contrast, Google's services, including the provision of highly sought after accelerators, GPUs and TPUs required to run C.AI's products, "were only available to highly sophisticated parties and were catered to fit Character Technologies' specific needs." Order at 24. Appellate review of this holding will require the Eleventh Circuit to determine whether the Court's conclusion was supported by the factual allegations in Plaintiffs' Complaint, a quintessential fact issue ill-suited to interlocutory adjudication.

Google relies on *Barrientos v. CoreCivic, Inc.*, where the legal issue "did not depend on any facts or the factual record below[.]" 951 F.3d 1269, 1275 n. 4 (11th Cir. 2020) (holding based solely on statutory construction that the TVPA applies to for-profit contractors operating federal immigration detention facilities). In contrast, the Court's holding that Plaintiffs plausibly alleged that Google substantially assisted Character Technologies' tortious conduct involved application of the factors articulated in *Halberstam v. Welch*, 705 F.2d 472, 483–

5

84 (D.C. Cir. 1983), to the factual allegations in the Complaint. Appellate resolution of the Court's aiding and abetting ruling will therefore require the Eleventh Circuit to "consider and apply the allegations and facts to the law" and thus "is not a controlling question of law for purposes of § 1292(b)." *Grand Lodge of Pennsylvania v. Peters*, No. 8:07-CV-479-T-26EAJ, 2008 WL 2790237, at *1 (M.D. Fla. July 18, 2008).

### C. Google Fails to Identify Substantial Ground for Difference of Opinion.

Even assuming that Google has identified a controlling question of law, there is no substantial ground for difference of opinion on the same. If a district court applied settled law to the case's facts, interlocutory appeal of the order at issue is plainly inappropriate. *Dauval v. MRS BPO, L.L.C.*, No. 8:11-CV-2703-T-MAP, 2013 WL 9921550, at *5 (M.D. Fla. June 27, 2013) (citing *McFarlin*, 381 F. 3d at 1258). Importantly, questions of first impression or the absence of binding authority on an issue, without more, are insufficient to demonstrate a substantial ground for difference of opinion. *Havana Docks Corp.*, 2020 WL 3433147, at *2 (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). Instead, the district court should measure the weight of opposing arguments to the disputed ruling in deciding whether there is a "substantial ground for dispute." *Id.*

District courts in the Eleventh Circuit have explained that it is yet another "high bar" for a movant to show there is a substantial ground for difference of opinion. *Consumer Fin. Prot. Bureau v. Frederick J. Hanna Assocs., P.C.*, 165 F. Supp. 3d 1330, 1335 (N.D. Fla. 2015). It is not sufficient to show that "an issue is one of

6

first impression" or that the movant simply disagrees with the Court's decision. *SavaSeniorCare, LLC v. Starr Indem. & Liab. Co.*, No. 1:18-CV-01991-SDG, 2020 WL 6782049, at *4 (N.D. Ga. Nov. 18, 2020). To make this showing, there must be "at least two courts [that have] interpreted the legal principle differently." *In re Poe Fin. Grp., Inc.*, No. 06-BK-04288-CPM, 2010 WL 2431919, at *2 (M.D. Fla. June 16, 2010). Beyond this, the movant can also show that "the district court of the controlling circuit are split as to the issue, or [] the circuits are split on the issue." *Havana Docks Corp.*, 2020 WL 3433147, at *3.

Google has not pointed to any other authority specifically interpreting aiding and abetting liability in conflict with the Court's holding. And although Google claims that the Court's order is in "tension" with Supreme Court precedent (which it is not)[1], Google's Motion to Certify at 11, Google has made no showing that the Court's ruling is adverse to those referenced in its motion. Indeed, just because the Court found that Plaintiffs' allegations satisfied the plausibility test for claiming aiding and abetting liability under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), does not mean that the bounds of liability were stretched. On the contrary, "piecemeal" review of settled law on an undeveloped

---

[1] In *Taamneh*, which rested on entirely different facts involving JASTA and acts of terrorism, the Court emphasized that the relationship was "highly attenuated" and that "Plaintiff's complaint rest[ed] heavily on defendants' failure to act[.]" *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 500–01 (2023). The same is not true here. Google instead "consciously and culpably 'participate[d]' in a wrongful act so as to help 'make it succeed.'" *Id*. at 493 (citations omitted). Indeed, "[t]he point of aiding and abetting is to impose liability on those who consciously and culpably participated in the tort at issue." *Id*. at 506. That is exactly why aiding and abetting liability is being imposed here.

evidentiary record runs the opposite risk of artificially curtailing responsibility for tortious acts.

Google furnishes an extensive factual narrative regarding its product and services to explain why it believes the Court's aiding and abetting holding was erroneous. Google's Motion to Certify at 13–15. This underscores the principle that § 1292(b) is not satisfied simply because the movant may disagree with the Court's ruling. *Rodriguez v. Procter & Gamble Co.*, 499 F. Supp. 3d 1202, 1208 (S.D. Fla. 2020) ("Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion.") (citing *Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017)). Google's disagreement with the Court's application of law to the facts does not establish the substantial grounds for difference of opinion necessary to certify issues for interlocutory appeal.

Google finally claims that the Court's decision is "a 'novel application' of aiding and abetting law[.]" Google's Motion to Certify at 9–10. But there is no novel application where, as here, a Court merely applies established authority to a specific set of facts. *See* Order at 21–24 (application of the elements of an aiding and abetting claim to the facts alleged in Plaintiffs' complaint). An interlocutory appeal on these grounds would be inappropriate under Eleventh Circuit precedent. *Dauval v. MRS BPO, L.L.C.*, No. 8:11-CV-2703-T-MAP, 2013 WL 9921550, at *5 (M.D. Fla. June 27, 2013) ("If a district court applied settled law to the case's facts, an interlocutory appeal of the order at issue is plainly

8

inappropriate."). Because Google has not made any showing of substantial grounds for difference of opinion, certification must be denied.

### D. Early Resolution of the Aiding and Abetting Issue Would Not Materially Advance the Overall Determination of this Case.

The § 1292(b) requirement that resolution of the "controlling question of law … may materially advance the ultimate termination of the litigation" is a straightforward one: "[i]t means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259 (citing 16 Charles Alan Wright, et al., Federal Practice & Procedure § 3930 at 432 (2d ed.1996)). District courts in this circuit have explained that "interlocutory appeals of denials of a motion to dismiss are less likely to advance the ultimate termination of the litigation because the Court must assume that all the facts alleged in the complaint are true." *Fabricant v. Sears Roebuck & Co.*, No. 98-1281-CIV-NESBITT, 2001 WL 883303, at *2 (S.D. Fla. Jan. 29, 2001) (citations omitted). This makes sense, as denying a pre-answer motion to dismiss means only that a court "merely held that accepting the facts alleged in the Complaint as true, Plaintiff has stated a [] claim." *Alley v. Farmers Bank*, No. 3:13-CV-146 (CAR), 2015 WL 13449662, at *2 (M.D. Ga. Mar. 23, 2015); *see also Flint,* 261 F. Supp. 3d at 1347. Courts have reasoned that rather than prematurely granting an appeal that is not yet ripe, it would be prudent to allow further discovery on the issue. Indeed, "[w]ith the benefit of fact discovery, Defendants can re-raise these arguments on summary judgment[.]" *Alley*, 2015 WL 13449662, at *2.

9

Google advocates for a position broad enough to render the rigorous standard for certification for interlocutory review superfluous. If it were up to Google, the mere fact that an issue may be appealed after a trial would be satisfactory to satisfy the third prong of the certification standard. *See* Google's Motion to Certify at 18–19. However, the "argument that this issue may eventually be appealed misunderstands the third element." *CCP SP Hotel, LLC v. Heritage Hotel Assocs., LLC*, No. 19-BK-9946-CED, 2021 WL 229532, at *5 (M.D. Fla. Jan. 22, 2021). If the third prong could be met by the possibility "that the issue would be appealed after final resolution of the case, then nearly all motions for interlocutory appeals would qualify." *Id*.

Google relies on *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-CV-81091-RYSKAMP/VITUNAC, 2010 WL 11505239 (S.D. Fla. June 21, 2010), to claim that the third prong is satisfied if even one claim is affected by appeal. Google's Motion to Certify at 18. This reliance is misplaced. *Armor* denied certification after finding the third prong was not met. Curiously, Google cites to *In re Cruz*, No. 6:19-cv-647-Orl-37, 2019 WL 2084525 (M.D. Fla. May 12, 2019) to support the assertion that resolving the instant issue would materially advance and shorten the litigation. Google's Motion to Certify at 18. *In re Cruz* contains no substantive discussion of the third prong and declined to exercise discretion over the appeal after the movant failed to establish the first prong. *Id*. at *2.

District courts in this circuit have denied § 1292(b) certification where claims would still remain no matter the outcome of appellate review. *See, e.g. Grajales v. Genesco, Inc.*, No. 8:23-CV-420-SCB-TGW, 2023 WL 7135899, at *3 (M.D. Fla. Oct.

10

31, 2023) (finding the § 1292(b) motion must be denied because no matter the outcome of the plaintiff's claim under one statutory provision the case will go forward under a different provision); *Petersen v. Am. Gen. Life Ins. Co.*, No. 3:14-CV-100-J-39JBT, 2016 WL 11806893, at *2 (M.D. Fla. Dec. 16, 2016) (denying motion for interlocutory appeal under 28 U.S.C. § 1292 "because the parties still must litigate Plaintiff's unjust enrichment count even if the Eleventh Circuit's answers to the proposed questions led to the granting of summary judgment on the EFTA claim."). This is especially true where the same parties would remain regardless of the appellate outcome. *See McFarlin*, 381 F.3d at 1259 (citing *Ashmore v. Northeast Petrol. Div.*, 855 F.Supp. 438, 440 (D. Me. 1994) (noting that the § 1292(b) appeal was "inappropriate where the same parties and issues would remain in district court regardless of resolution of issues on appeal[.]")).

Google only seeks interlocutory review of the Court's denial of its motion to dismiss Plaintiffs' aiding and abetting claims. Even if the Eleventh Circuit accepts Google's arguments on aiding and abetting, the negligence, product liability, deceptive trade practice, and unjust enrichment claims would move forward. This fact alone negates the argument that resolution of the aiding and abetting issue would avoid a trial, let alone shorten the litigation. Google cannot argue that the need for a trial will be vitiated if the Court's aiding and abetting holding is reversed by the Eleventh Circuit and cannot "even contend that a reversal will eliminate many issues for trial or otherwise shorten the trial[.]" *U.S. ex rel. Armfield v. Gills*, No. 8:07-CV-2374-T-27TBM, 2011 WL 2084072, at *3 (M.D. Fla. May 24, 2011).

11

Google's arguments that immediate appellate review would shorten the time, effort, and expense of the litigation similarly fail. Although Google claims that dismissing the aiding and abetting claim would "streamlin[e] discovery and clarify[] the nature and scope of the remaining claims", Google's Motion to Certify at 18, it offers no real explanation as to how. Any theoretical success on appeal would not meaningfully alter the amount of discovery that will be needed and thus would not shorten or streamline the case as a whole. Courts have found this to be particularly true where, as here, "the basis for the claim is interrelated with those charged in the other counts." *Fabricant*, 2001 WL 883303, at *2.

Even if the aiding and abetting claim were dismissed, Google's conduct still serves as the basis for other claims that would proceed. Discovery as to Google will still focus on the same conduct alleged in the Complaint: Google's role in the creation of Character.AI, knowledge of the defective nature of the Character.AI product, and its substantial assistance of Character Technologies' tortious conduct. In other words, "the litigation [would] continue to advance in substantially the same manner as if the interlocutory appeal had never occurred," with the appeal consuming the time and resources of the parties and the Court. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 532 (S.D.N.Y. 2014). Instead of cultivating an efficient resolution, "an interlocutory appeal would substantially delay these proceedings, as an appeal would bring the case to a standstill." *U.S. ex rel. Armfield*, 2011 WL 2084072, at *3. Where, as here, discovery would proceed in largely the same fashion, the third prong cannot be satisfied on the basis of shortening the litigation.

Instead, interlocutory appeal of the aiding and abetting issue would needlessly delay this litigation. Under the current schedule, summary judgment motions will be filed by May 2026 with trial following soon after in November 2026. *See* Amended Case Management and Scheduling Order (Dkt. 77). If the Court grants summary judgment, the parties will have a fulsome factual record to bring to the Eleventh Circuit in ten months. If summary judgment is denied, a full trial record will be available in sixteen months. Conversely, appeal to the Eleventh Circuit will likely take at least ten months.[2] This would be entirely fruitless here, as resolution of the aiding and abetting issue will not dispose of the case entirely and the parties–and the court–would be in substantially the same position after an appeal is resolved.

In sum, Google does not meet the bar required by the statute: resolution of the issue "must substantially reduce the amount of litigation left in the case." *McFarlin*, 381 F.3d at 1259. It is therefore clear that "[c]ertification under Section 1292(b) will not materially advance the termination of the litigation." *U.S. ex rel. Armfield,* 2011 WL 2084072, at *3.

### E. A Stay Would Only Delay This Case.

Defendant Google requests a stay of all proceedings should the Court grant the motion for certification. Google's Motion to Certify at 20. No stay is necessary here. As detailed previously, even if appellate review is granted for the aiding and

---

[2] *See* Table B-4A, U.S. Court of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month Period ending September 30, 2024, available at https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf (median time from filing of notice of appeal to last opinion or final order in the Eleventh Circuit is 10.8 months).

abetting issue and resolved in Google's favor, Google will remain in the case and must litigate a myriad of other claims. This was not the circumstance in the authority relied upon by Google, where resolution of the issue at hand had the potential to end the case altogether. *See Asis Internet Servs. v. Active Response Grp.*, 2008 WL 4279695, at *4 (N.D. Cal. Sept. 16, 2008) (noting if the Court of Appeal adopted a certain standard on appeal, "litigation in this case will end."). There is no efficiency to be had by halting proceedings altogether to await the resolution of a non-dispositive portion of the case. Google's request for a stay is a final thinly veiled attempt to halt the prosecution of Plaintiffs' case.

## IV.  CONCLUSION

For the foregoing reasons, this Court should deny Google's motion for interlocutory appeal and to stay proceedings.

DATED: July 9, 2025.

        SOCIAL MEDIA VICTIMS LAW CENTER

        By: */s/ Matthew P. Bergman*
            Matthew Bergman

        matt@socialmediavictims.org
        Laura Marquez-Garrett
        laura@socialmediavictims.org
        Glenn Draper
        glenn@socialmediavictims.org
        600 1st Avenue, Suite 102-PMB 2383
        Seattle, WA 98104
        Telephone: (206) 741-4862

        TECH JUSTICE LAW PROJECT

        By: */s/ Meetali Jain*
            Meetali Jain

        Meetali Jain

meetali@techjusticelaw.org
Melodi Dincer
melodi@techjusticelaw.org
611 Pennsylvania Avenue Southeast #337
Washington, DC 20003

NORMAND PLLC

By: /s/ *Amy L. Judkins*
      Amy L. Judkins

Florida Bar No.: 125046
Normand PLLC
Telephone: (407) 603-6031
3165 McCrory Place, Ste 175
Orlando, FL 3280
alj@normandpllc.com

*Attorneys for Plaintiffs*