UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S III,<br><br>       Plaintiff,<br><br>    v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; ALPHABET INC.,<br><br>       Defendants. | CASE NO.: 6:24-cv-01903-ACC-DCI |

**JOINT MOTION
FOR SCHEDULING ORDER RELATING TO INDIVIDUAL
DEFENDANTS' RENEWED RULE 12(b)(2) MOTION TO DISMISS**

Plaintiff Megan Garcia and Individual Defendants Noam Shazeer and Daniel De Freitas (collectively, the "Parties") respectfully move the Court for entry of a briefing and discovery schedule relating to the Individual Defendants' forthcoming renewed motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), and state as follows:

1. On January 13, 2025, the Parties submitted their Uniform Case Management Report, which provided that discovery is stayed until after the Court resolves any motions to dismiss. (Doc. 52 at 5).

2. On January 24, 2025, the Individual Defendants filed their motions to dismiss for, *inter alia*, lack of personal jurisdiction. (Docs. 63, 65). Plaintiff filed her

Response on March 21, 2025, asserting personal jurisdiction pursuant to "the alter ego exception to the Florida longarm statute." (Doc. 84 at 4). The Individual Defendants filed a reply brief on April 4, 2025 (Doc. 100). On May 21, 2025, the Court denied the Individual Defendants' initial motions to dismiss for lack of personal jurisdiction without prejudice, allowing the Individual Defendants to renew their Rule 12(b)(2) motions after a 90-day period to allow Plaintiff to conduct jurisdictional discovery. (Doc. 115 at 17, 48).

3. The Motion to Dismiss Order also stated that all "Defendants shall file answers to the Amended Complaint on or before June 10, 2025." (*Id*. at 48).

4. On May 28, 2025, Plaintiff served written discovery requests on the Individual Defendants and on June 2, 2025, Plaintiff requested the Individual Defendants' availability to sit for depositions.

5. On June 10, 2025, the Court granted the Individual Defendants' motion for extension of time to respond to the Amended Complaint in part and denied it in part, stating: "The time for movants to **respond** to the amended complaint is extended to September 2, 2025." (Doc. 124 (emphasis added.)) The Order further noted that "the Court has not, at this point, specified any limits on jurisdictional discovery." (*Id.*).

6. On June 16, 2025, the Parties conferred on the scope and timing of jurisdictional discovery and the briefing schedule for the renewed Rule 12(b)(2) motion. The Parties could not reach agreement as to (1) whether the term "respond" in Doc. 124 authorizes the Individual Defendants to file a renewed

motion to dismiss in lieu of filing an answer by September 2, 2025, or whether the Order requires an answer by that date even if the Individual Defendants have filed renewed motions to dismiss, (2) whether Plaintiff may depose the Individual Defendants prior to responding to their renewed Rule 12(b)(2) motions, and (3) what, if any, limitations should be placed on the scope of discovery conducted prior to the Court's ruling on renewed Rule 12(b)(2) motions. The parties' respective positions on each of these issues is set forth below.

7. **Plaintiff's Position on Issue #1:** Plaintiff takes the position that the Court's prior directive in Doc. 115 required all Defendants to file answers on or before June 10, 2025, and that Doc. 124 extended the answer deadline to September 2, 2025, without relieving Individual Defendants of their obligation to answer the complaint. Plaintiff does not interpret the Court's order allowing the Individual Defendants leave to renew their challenges to personal jurisdiction as relieving them of their obligation to file an answer. Such an interpretation is consistent with how courts within this Circuit have handled personal jurisdiction based on an alter ego theory of liability. *See SpeedyForbes v. Concord Advice, LLC*, No. 8:19-cv-2980-T-33CPT, 2020 U.S. Dist. LEXIS 80990, at *20 (M.D. Fla. Apr. 21, 2020) (deferring ruling on personal jurisdiction issues until after discovery).

8. **Individual Defendants' Position on Issue #1:** The Individual Defendants understand the June 10, 2025 Order as permitting them to respond to the Amended Complaint on September 2, 2025, either by way of a renewed Rule 12(b)(2) motion or filing an answer, consistent with Federal Rule of Civil Procedure

12. Plaintiff's interpretation, that Individual Defendants must file an answer while their renewed Rule 12(b)(2) motions are pending, is contrary to the plain language of the order and would be inefficient and wasteful. Plaintiff's reliance on *SpeedyForbes* is misplaced because there, the court deferred ruling on defendants' personal jurisdiction arguments until summary judgment or at trial – and did not invite defendants to file a renewed motion to dismiss.

9. **Plaintiff's Position on Issue #2:** Plaintiff maintains that deposition testimony from the Individual Defendants is essential to properly address the issue of personal jurisdiction, particularly in connection with Plaintiff's alter-ego theory. Because the alter-ego theory bears on both the jurisdictional analysis and the substantive merits of Plaintiff's claims, bifurcating jurisdictional discovery from merits-based discovery is not feasible. Plaintiff has agreed to defer taking the depositions until after Defendants file their renewed motion to dismiss, to allow the parties to first conduct targeted written discovery. Accordingly, Plaintiff proposed an extended briefing schedule to allow time for written discovery and to accommodate the scheduling of the Individual Defendants' depositions. As such, if depositions proceed before the Individual Defendants file their answers, or before Plaintiff has been able to conduct fulsome discovery on the merits, a second deposition may be necessary to address any factual admissions or affirmative defenses raised in their pleadings and to prevent prejudice. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982) ("Where the jurisdictional issues are intertwined with the substantive merits, the jurisdictional

issues should be referred to the merits, for it is impossible to decide one without the other.").

10. **Individual Defendants' Position on Issue #2:** The Individual Defendants believe that written discovery is adequate for the purposes of jurisdictional discovery, *see, e.g.*, *Muchnikoff v. Choraria*, 2007 WL 9701761, at *2 (S.D. Fla. Aug. 24, 2007) ("Discovery shall be limited to interrogatories and document requests regarding personal jurisdiction."); *Riad v. Porsche Cars N.A., Inc.*, 2020 WL 3455640, at *1 (E.D. Pa. Feb. 26, 2020) (limiting alter ego jurisdictional discovery to "to written discovery narrowly tailored to the asserted claims of jurisdiction"); *Bailey v. B. Braun Med. Inc.*, 2018 WL 8924678, at *2 (N.D. Ga. Sept. 27, 2018) (limiting jurisdictional discovery to "written requests for production of documents and written interrogatories"); *Davis v. Data Capture Sols.-Repair & Remarketing, Inc.*, 2009 WL 3297976, at *8 (S.D. Tex. Oct. 13, 2009) (in permitting jurisdictional discovery based on "the alter-ego theory for establishing personal jurisdiction, limiting discovery to "written discovery requests and to the threshold jurisdictional issue" and denying request for deposition "because it appears that the written discovery will provide the information the parties and the court need to resolve the personal jurisdiction motion"), and object to any effort to depose the Individual Defendants twice, contrary to Federal Rule of Civil Procedure 30 and the Case Management and Scheduling Order (Doc. 70 at 3). However, the Individual Defendants are willing to consider a deposition limited in time and scope if

Plaintiff can show that the written discovery sought and received during the jurisdictional discovery period is not adequate to respond to the renewed motions. *See, e.g.*, *Cumis Ins. Soc., Inc. v. TCT Fed. Credit Union*, 2010 WL 843691, at *2 (W.D. Wisc. Mar. 5, 2010) ("For now, discovery on personal jurisdiction shall be limited to written requests. If plaintiff believes it needs to take a deposition in order to establish personal jurisdiction over one or more of the defendants, then it must seek authorization from the court.").

11.    **Plaintiff's Position on Issue #3:**  Plaintiff's position is that the Court has not bifurcated merits discovery from jurisdictional discovery. In denying the Individual Defendants' Motion to Dismiss (Doc. 115), the Court did not impose any limitations on the scope of merits discovery. Magistrate Judge Baker subsequently confirmed that "the Court has not . . . specified any limits on jurisdictional discovery" (Doc. 124). Accordingly, Plaintiff understands that she is required under the Federal Rules of Civil Procedure to diligently pursue both merits and jurisdictional discovery. Because the alter-ego theory is central to both the personal jurisdiction analysis and the substantive claims, Plaintiff believes that discovery should proceed on all issues in the case.

12.    **Individual Defendants' Position on Issue #3:**  In light of the Parties' agreement on discovery in the Uniform Case Management Report, and the Court's specific authorization of "jurisdictional discovery," the Individual Defendants believe that any discovery taken prior to the resolution of its renewed Rule 12(b)(2) motion should be limited to issues directly related to establishing

personal jurisdiction under Plaintiff's alter ego theory. *See Damian v. Yellow Brick Cap. Advisers (UK) Ltd.*, 2019 WL 5887360, at *7 (S.D. Fla. Nov. 12, 2019) (setting out test for alter ego). Plaintiff's claim that bifurcating merits discovery and jurisdictional discovery is not feasible because both rely upon the alter-ego theory misses the point. As Plaintiff's document requests make clear, much of the merits discovery she seeks has no bearing on the alter-ego theory. The Individual Defendants believe it would be most efficient, and consistent with the Parties' prior agreement, not to respond to such discovery until after the Court has ruled on the renewed motions.

13. Based on the above, the Parties propose the competing schedules set forth below.

## PROPOSED RELIEF

The Parties respectfully request that the Court enter an Order providing:

1. A briefing schedule on the Individual Defendants' forthcoming Renewed Rule 12(b)(2) Motion to Dismiss as follows:

| **Deadline** | **Plaintiff's Proposal** | **Individual Defendants' Proposal** |
|---|---|---|
| Last Day to Conduct Jurisdictional Discovery | October 3, 2025 | August 19, 2025 |
| Last Day to File Renewed 12(b)(2) Motion | August 19, 2025 | September 2, 2025 |
| Last Day to File Answer to Amended Complaint | September 2, 2025 | If no renewed motion is filed, September 2, 2025. If renewed motions are filed, 14 days after the Court's ruling on such motions. |

| | | |
|---|---|---|
| Last Day to Meet & Confer as to Whether Additional Jurisdictional Discovery is Necessary | August 25, 2025 | August 25, 2025 |
| Last Day to File Joint Submission to the Court re: Outstanding Jurisdictional Discovery Disputes | August 25, 2025 | August 27, 2025 |
| Status Conference, if necessary | On or after August 26, 2025 | On or after August 28, 2025 |
| Last Day to File Opposition to Renewed 12(b)(2) Motion | October 3, 2025 | October 3, 2025 |
| Last Day to File Reply In Support of Renewed 12(b)(2) Motion | October 17, 2025 | October 22, 2025 |

2. That discovery will proceed as follows:

**Plaintiff's Proposal:** As discussed above, Plaintiff believes that bifurcating discovery is both unnecessary and impractical given the substantial overlap between the jurisdictional and merits issues presented by the alter-ego theory. Nonetheless, Plaintiff is willing to defer the deposition of the Individual Defendants until after the renewed motion to dismiss is filed, to allow the parties an opportunity to engage in written discovery and work toward resolving some of the outstanding issues identified in this motion. Plaintiff proposes that the briefing schedule on the renewed motion include sufficient time for the parties to confer and, if necessary, conduct the depositions of the Individual Defendants prior to the deadline for Plaintiff's response.

**Individual Defendants' Proposal**: Any discovery conducted on the Individual Defendants' prior to the resolution of their renewed Rule 12(b)(2) motions shall be limited to interrogatories and document requests directly

related to establishing personal jurisdiction under Plaintiff's alter ego theory. Absent agreement of the Parties, Plaintiff may not conduct jurisdictional depositions without leave of Court.

DATED: July 10, 2025

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

/s/ *Olivia Yeffet*
Olivia Barket Yeffet
Florida Bar No. 1026382
2601 S. Bayshore Drive, Suite 1550
Miami, Florida 33133
Tel.: (305) 496-2988
Fax: (305) 901-2975
oliviayeffet@quinnemanuel.com

/s/ *Christopher Hudon*
**Christopher M. Hudon, Esq.**
Florida Bar No. 123845
**Amy L. Judkins, Esq.**
Florida Bar No.: 125046
Normand PLLC
Telephone: (407) 603-6031
3165 McCrory Place
Ste. 175
Orlando, FL 3280
alj@normandpllc.com
christopher.hudon@normandpllc.com

Andrew H. Schapiro (admitted *pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel.: (312) 705-7400
Fax: (312) 7057401
andrewschapiro@quinnemanuel.com

**Matthew P. Bergman (*pro hac vice*)**
Social Media Victims Law Center
600 1st Avenue, Suite 102-PBM 2382
Seatle, WA 98104
Ph: (206) 741-4862
matt@socialmediavictims.org

*Counsel for Plaintiff Megan Garcia*

Alyssa G. Olson (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
alyolson@quinnemanuel.com

Secondary:
michaelalvarez@quinnemanuel.com

*Counsel for Defendant Daniel De Frietas Adiwarsana*

**COVINGTON & BURLING LLP**

/s/ *Isaac Chaput*
Isaac D. Chaput*
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
Telephone: + 1 (415) 591-7020
Email: ichaput@cov.com


Paul W. Schmidt* (Lead Counsel)
New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: + 1 (212) 841-1171
Email: pschmidt@cov.com
* Admitted Pro Hac Vice


*Counsel for Defendant Noam Shazeer*