UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representatives of the Estate of S.R.S. III,

    Plaintiffs,

v.

CHARACTER TECHNOLOGIES, INC., NOAM SHAZEER, DANIEL DE FRIETAS, and GOOGLE LLC

    Defendants.

Case No. 6:24-cv-1903-ACC-DCI

## ORDER

This cause comes before the Court on Defendants Character Technologies, Inc. and Google LLC's Motions for Certification of Interlocutory Appeal and Stay (the "Motions"). (Docs. 130, 132). For the reasons stated below, Defendants' Motions will be denied.

## BACKGROUND

Plaintiffs Megan Garcia and Sewell Setzer Jr. bring the instant action against Defendants for their involvement in Character A.I., which they believe caused the death of their son Sewell Setzer III. (Doc. 157). Plaintiffs allege a variety of torts, among other claims, against Defendants. (*Id.*). Plaintiffs allege Defendant Character Technologies is liable for negligence and strict products liability; Plaintiffs allege Defendant Google is liable as a component part manufacturer and for aiding and abetting Character Technologies. (*Id.*)

On January 24, 2024, Defendants filed their Motions to Dismiss Plaintiff's Amended Complaint[1]. (Docs. 59, 61). Character Technologies primarily argued that the First Amendment categorically precludes Plaintiff's claims. (Doc. 59 at 6–15). Google argued that its role as a service provider does not support a claim for aiding and abetting. (Doc. 61 at 19–23).

On April 28, 2025, the Court held oral argument on the Motions. (*See* Docs. 79, 112). On May 21, 2024, the Court granted in part and denied in part Defendants' Motions. (Doc. 115). As to Character Technologies argument regarding the First Amendment, the Court held that Character Technologies can assert the First Amendment rights of Character A.I. users. (*Id.* at 27). Nonetheless, the Court also held that—at the current stage of litigation—it "is not prepared to hold that Character A.I.'s output is speech" which warrants First Amendment protections. (*Id.* at 31). As to Google's argument regarding its role as a service provider, the Court agreed that "provid[ing] generic, routine business services" is insufficient to support a claim for aiding and abetting. (*Id.* at 21–22). Yet, the Court found that Plaintiff's allegations went further than generic, routine business services. (*Id.* at 24). Defendants now move the Court to certify interlocutory appeal of the Order under 28 U.S.C. § 1292(b). (Docs. 130, 132).

---

[1] On July 1, 2025, Plaintiffs filed a Second Amended Complaint, adding Sewell Setzer Jr. as a Plaintiff. (Doc. 157).

## LEGAL STANDARD

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order." 28 U.S.C. § 1292(b). Interlocutory appeals are a "rare exception" to the rule that appellate review must be conducted after final judgment. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). "Even assuming [the movant] were to satisfy all three demands [of § 1292(b)], the motion is committed 'wholly' to the discretion of the district court and the court of appeals." *Grajales v. Genesco, Inc.*, No. 8:23-cv-420-SCB-TGW, 2023 WL 7135899, at *2 (M.D. Fla. Oct. 31, 2023); *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1358 (11th Cir. 2008). Accordingly, granting review of interlocutory orders under § 1292(b) is limited to exceptional circumstances. *McFarlin*, 381 F.3d at 1256.

## DISCUSSION

**A. Character Technologies' Motion**

In its Motion, Character Technologies asks the Court to certify the following question: "Do users lack First Amendment rights as listeners to receive information and ideas communicated by generative [A.I.] technologies absent a separate showing of 'expressive choice' by a human speaker?" (Doc. 130 at 1). Character

Technologies contends that this question meets the § 1292(b) standard for interlocutory appeals and should be addressed by the Eleventh Circuit immediately. (*Id.* at 1–2). The Court disagrees.

Resolution of Character Technologies' proposed question would not "materially advance the ultimate termination of the litigation" because it would not substantially reduce the amount of litigation left in the case. *See McFarlin*, 381 F.3d at 1259. Character Technologies concludes that resolution of the proposed question in its favor would terminate "all or most of Plaintiff[s'] claims on the pleadings." (Doc. 130 at 18). This is true, Character Technologies argues, despite Plaintiffs' challenges to design features and functionalities. (*Id.*). Character Technologies contends the challenged functionalities are inextricable from speech thus requiring dismissal. (*Id.* (citing *Comput. & Commc'ns. Indus. Ass'n v. Uthmeier*, No. 4:24-cv-438, 2025 WL 1570007, at *12, n. 19 (N.D. Fla. June 3, 2025)). Yet, in *Universal City Studios, Inc. v. Corley*, the Second Circuit affirmed the lower court's ruling that a law which targeted "the functional aspects of [certain] speech . . . is content neutral and [] intermediate scrutiny . . . applies." 273 F.3d 429, 442, 460 (2d Cir. 2001); *see also In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 702 F. Supp. 3d 809, 836 (N.D. Cal. 2023) (denying the defendants' motion to dismiss on First Amendment grounds because addressing "defects relate[d] to how users interact with the platforms . . . would not require that defendants change how or what speech they disseminate").

Inevitably, if the Eleventh Circuit were to find that generative A.I. is speech even absent expressive choice, substantial litigation would commence around the challenged functionalities' relation to Character A.I. "speech." (*See* Doc. 130 at 18; Doc. 85 at 11–12). Such litigation would necessarily involve a determination as to the applicable level of scrutiny. *See Uthmeier*, 2025 WL 1570007, at *10; *Corley*, 273 F.3d at 442. Moreover, as Character Technologies points out, the parties would need to litigate whether First Amendment exceptions apply and to what effect. (Doc. 130 at 19; *see* Doc. 85 at 9–11). The issues in the Court's Order are more appropriate for appellate review after further development of the factual record and final judgment. *See Grajales*, 2023 WL 7135899, at *3 ("No matter the outcome of [the p]laintiff's claim under Section 501.059(8)(b), this case will go forward on [the p]laintiff's claim under Section 501.059(8)(a)."); *Fabricant v. Sears Roebuck & Co*, No. 98-1281-CIV-NESBITT, 2001 WL 883303, at *2 (S.D. Fla. Jan. 29, 2001) ("[I]nterlocutory appeals of denials of a motion to dismiss are less likely to advance the ultimate termination of the litigation . . . particularly . . . where as here, the basis for the claim is interrelated with those charged in the other counts. Even if the [motion] were reversed on interlocutory appeal, the case would still go forward."); *see also McFarlin*, 381 F.3d at 1262 ("Resolution of one claim out of seven would do too little, if anything, to 'materially advance the ultimate termination of the litigation.' That might not be true of one claim of several in another case, but it is

true of this claim here."). Consequently, Character Technologies' Motion for Certification of Interlocutory Appeal and Stay is denied.

### B. Google's Motion

In its Motion, Google asks the Court to certify the following question: Can "providing commercially available business services to a company that distributes an allegedly unsafe product [] constitute 'substantial assistance' creating aiding-and-abetting liability in tort?" (Doc. 132 at 2). Google contends that this question meets the § 1292(b) standard for interlocutory appeals. (*Id.*). The Court disagrees.

Google's proposed question is not a "controlling question of law" because it requires the Court to delve into the factual record to answer it. *See McFarlin*, 381 F.3d at 1259; *see Barrientos v. CoreCivic, Inc.*, 951 F.3d 1269, 1275, n. 4 (11th Cir. 2020). In its Order, the Court stated "a defendant that provides generic, routine business services does not render substantial assistance." (Doc. 115 at 21–22). Nonetheless, the Court concluded that the services Plaintiffs alleged Google provided Character Technologies exceeded generally available business services. (*Id.* at 24). A review of the Court's holding would thus necessarily require the Eleventh Circuit to analyze Plaintiffs' factual allegations. Consequently, Google's Motion for Certification of Interlocutory Appeal and Stay is denied.

- 7 -

Based on the foregoing, it is ordered as follows:

1. Defendants Character Technologies, Inc. and Google LLC's Motions for Certification of Interlocutory Appeal and Stay (Docs. 130, 132) are **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 14, 2025.

/s/ Anne C. Conway
Anne C. Conway
United States District Judge

Copies furnished to:
Counsel of Record