# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MEGAN GARCIA and SEWELL SETZER JR.,**
*individually and as the Personal Representatives of the Estate of S.R.S. III,*

                    **Plaintiffs,**

**v.**                                                    **Case No: 6:24-cv-1903-ACC-DCI**

**CHARACTER TECHNOLOGIES, INC.;
NOAM SHAZEER; DANIEL DE
FRIETAS ADIWARSANA; and
GOOGLE LLC,**

                    **Defendants.**

_____

## ORDER

Pending before the Court are Plaintiffs'[1] Time-Sensitive Motions to Compel Production of Documents to Defendants Daniel De Freitas Adiwarsana[2] and Noam Shazeer (collectively, Defendants). Docs. 180, 181 (the Motions). The Motions are due to be denied because the Motions are not "Time-Sensitive" within the meaning of Local Rule 3.01(e), and it appears that several of the issues are either moot or were not the subject of a good faith conferral pursuant to Local Rule 3.01(g).

With respect to the alleged "Time-Sensitive" nature of the Motions, Plaintiffs served Defendants with Requests for Production of Documents several months ago, and on June 27, 2025,

_____

[1] In the Motions, Plaintiffs interchangeably refer to themselves as "Plaintiff" or "Plaintiffs." Docs. 180, 181. The docket reflects that the Motions were filed on behalf of all Plaintiffs and, therefore, the Court will refer to Plaintiffs in plural form.

[2] Other than in the pleadings, in the papers filed in this case both by Defendant Daniel De Freitas Adiwarsana and opposing counsel, he is referred to as "Daniel De Freitas" or "Defendant De Freitas." Accordingly, the undersigned will do the same in the body of this and future orders.

Defendants served their responses and objections. Docs. 180-1; 181-1. It seems that Plaintiffs did not file the instant Motions until August 19, 2025 because Plaintiffs wanted to first preview Defendants' August 19, 2025 Motions to Dismiss before doing so. *See* Docs. 180, 181 at 1. Plaintiffs now contend that they need the withheld documents to respond to the Motions to Dismiss and request an expedited ruling by August 28 and 29, 2025 before Defendants' respective depositions. *Id*.

Yet it was Plaintiffs' decision to wait to seek Court intervention, and even though they are now on the eve of the depositions, Plaintiffs' problem was self-created. A party's litigation tactics do not justify time-sensitive attention and relief. And with respect to relief, it is not clear if the parties properly conferred and what, if any, relief is still warranted. For example, Defendant De Frietas represents that Plaintiffs did not provide notice that Request Nos. 4, 6-9, 14, 19, and 25 would be the subject of the Motion and claims that for "most of [these requests] the parties were not at an impasse" and he has served amended responses. Doc. 180 at 1 n. 1. Defendant De Frietas adds that Plaintiffs have not conferred with his counsel on Request No. 23. *Id*. at 2 n.2. The Court will not address the parties' discovery dispute without a proper conferral under Local Rule 3.01(g).

And even if the parties did confer it appears that some of the issues have been resolved or there is nothing to compel. Namely, De Frietas asserts that he is not in possession of documents responsive to Requests Nos. 4 and 6 and he has produced documents responsive to Requests Nos. 7 and 9. Doc. 180 at 1. De Frietas provides that with respect to Requests Nos. 8 and 19, responsive documents have either been produced, do not exist, or are not in his possession. *Id*. at 2. Likewise, Defendant Shazeer represents that he did not identify any documents responsive to No. 4. Doc. 185 at 3.

Further, assuming the requests are not moot, it seems production is ongoing, and further conferral may be necessary.  In fact, Plaintiffs themselves include a footnote that states that "[o]n August 19, Plaintiffs received a letter indicating additional production would be forthcoming.  To the extent any item of dispute is obviated by such production, Plaintiffs will withdraw."  Doc. 181 at 1 n. 1.  Plaintiffs have not yet withdrawn the Motions, but Defendants had no meaningful opportunity to produce the documents at issue before Plaintiffs filed the Motions that same day.  Before the Court gets involved, Plaintiffs need an opportunity to review the production to determine if anything is outstanding and confer with opposing counsel to resolve any problems.

Based on the foregoing, it is **ORDERED** that Plaintiffs' Motions (Docs. 180, 181) are **DENIED without prejudice**.  If Plaintiffs still require Court intervention after a good faith conferral, then Plaintiffs may file the appropriate motion(s).

**ORDERED** in Orlando, Florida on August 27, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE