UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representatives of the Estate of S.R.S. III,<br><br>Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; and GOOGLE LLC,<br><br>Defendants. | Case No. 6:24-cv-01903-ACC-DCI<br><br>**DEFENDANT DANIEL DE FREITAS ADIWARDANA'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION** |

Pursuant to Local Rule 3.01(d), Defendant Daniel De Freitas respectfully moves for leave to file a reply brief of no more than six pages in support of his Motion to Dismiss Plaintiffs' Second Amended Complaint for Lack of Personal Jurisdiction (the "Motion"). Dkt. 183.

**MEMORANDUM OF LAW**

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition[.]" *Herezi v. 31-W Insulation Co.*, 2025 WL 1913203, at *1 (M.D. Fla. May 1, 2025) (quoting *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011)); *see also Easterwood v. Sedgwick Claims Mgmt. Servs. Inc.*, 2019 WL 12471699, at *2 (M.D. Fla. Dec. 20, 2019) (granting motion for leave to file reply to address "evidence that [the moving party] has received since the Motion…was

filed" because it "will be helpful in addressing" the underlying motion); *United States Equal Emp. Opportunity Comm'n v. Hospman, LLC*, 2016 WL 11794688, at *1 (M.D. Fla. Dec. 7, 2016) (granting motion for leave to file reply where opposition "contains new legal and factual allegations that [the] Motion…does not address" and where the "reply brief will benefit the Court's resolution of the Motion"); *Montgomery Bank, N.A. v. Alico Rd. Bus. Park, LP*, 2014 WL 3828406, at *3 (M.D. Fla. Aug. 4, 2014) (granting motion for leave to file reply where "a reply would benefit [the Court's] review of the pending motion…, particularly because [the opposition] appears to raise new arguments and law"); *Ottaviano v. Nautilus Ins. Co.*, 2009 WL 425976, at *1 (M.D. Fla. Feb. 19, 2009) (granting leave where "defendant has misstated the facts and that defendant's case law should not be applied to the facts of the present case").

The Court should allow Mr. De Freitas to file a reply brief for three reasons. *First*, Plaintiffs' opposition to the Motion (Dkt. 193) (the "Opposition") relies on new facts—*i.e.*, the deposition testimony of Mr. De Freitas and Mr. Shazeer—that Mr. De Freitas has not had the opportunity to address.[1] Plaintiffs relatedly argue for the first time that, despite Mr. De Freitas producing documents in response to Plaintiffs' documents requests and sitting for a deposition, "jurisdictional discovery is [not]

[1] Plaintiffs took Mr. De Freitas's and Mr. Shazeer's depositions after the Motion was filed. *See* Dkt. 194 ¶¶ 1–2. Over Mr. De Freitas' objection, Plaintiffs took the position that Mr. De Freitas' deposition "need[ed] to occur within a 10-day range" after Mr. De Freitas' filed the Motion. Dkt. 187-1 at 6. Mr. De Freitas agreed, "subject to Plaintiffs' agreement not to oppose any motion for leave to file a reply in support of [Mr. De Freitas'] motion to dismiss." *Id.* at 7.

complete." Opp. 9. *Second*, Plaintiffs cite inapplicable law to argue that the "resident corporation" requirement does not apply. Opp. 12–15. *Third*, Plaintiffs attempt to re-argue personal jurisdiction on grounds other than alter ego, Opp. 1–3, 9–12, even though the Court previously found that "Plaintiff concedes that neither [the Florida Long-Arm Statute nor the Due Process Clause] authorizes jurisdiction" over Mr. De Freitas and ordered further briefing on alter ego alone. Dkt. 115 at 17.

Absent leave to file a reply, Mr. De Freitas would face unfair prejudice from his inability to respond to arguments based on testimony that did not exist at the time the Motion was filed, based on new case law, and based on arguments the Motion did not address. Specifically, a six-page brief (inclusive of all parts) would give Mr. De Freitas the opportunity to address (1) Plaintiffs' arguments regarding Mr. De Freitas's and Mr. Shazeer's deposition testimony, including Plaintiffs' new position that jurisdictional discovery is not complete, (2) whether the "resident corporation" requirement applies, and (3) Plaintiffs' arguments based on a non-alter ego theory. Briefing on these issues would assist the Court in resolving the Motion.

Accordingly, Mr. De Freitas respectfully requests leave to file a six-page reply brief, to be due within ten days of this Court's order granting leave to file a reply.

**LOCAL RULE 3.01(g) CERTIFICATION**

I certify that, on September 9 and 10, 2025, counsel for movant Daniel De Freitas conferred with counsel for Plaintiffs and Plaintiffs do not oppose the relief requested.

Respectfully submitted this 10th day of September, 2025.

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

/s/ *Andrew H. Schapiro*

Olivia Barket Yeffet
Florida Bar No. 1026382
2601 S. Bayshore Drive, Suite 1550
Miami, Florida 33133-5417
Tel.: (305) 496-2988
Fax: (305) 901-2975
oliviayeffet@quinnemanuel.com

Andrew H. Schapiro (admitted *pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
andrewschapiro@quinnemanuel.com

Alyssa G. Olson (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
alyolson@quinnemanuel.com

Secondary:
michaelalvarez@quinnemanuel.com

*Attorney for Defendant Daniel De Freitas*