# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MEGAN GARCIA and SEWELL
SETZER JR., individually and as the
Personal Representatives of the Estate of
S.R.S. III,

      Plaintiffs,

      v.

CHARACTER TECHNOLOGIES, INC.;
NOAM SHAZEER; DANIEL DE
FREITAS ADIWARSANA; GOOGLE
LLC; and ALPHABET INC.,

      Defendants.

Civil Case No. 6:24-cv-01903-ACC-DCI

**DEFENDANT NOAM SHAZEER'S
REPLY BRIEF IN SUPPORT OF HIS
RENEWED MOTION TO DISMISS**

      Plaintiffs' Opposition makes clear that the claims against Mr. Shazeer should be dismissed for lack of personal jurisdiction. This Court denied Mr. Shazeer's original motion to dismiss without prejudice on the basis that the complaint "contain[ed] allegations that conceivably could support an alter-ego theory" and granted Plaintiffs 90 days to take jurisdictional discovery. Order at 17 (Dkt. No. 115). Jurisdictional discovery has produced no evidence that C.AI was the alter ego of Mr. Shazeer. Apparently recognizing this reality, Plaintiffs misuse their Opposition to put forth yet another new jurisdictional theory: that Mr. Shazeer is subject to personal jurisdiction under the exception to the corporate shield doctrine. Plaintiffs waived this theory. They did not suggest it was a basis for jurisdiction in opposing Mr. Shazeer's initial motion to dismiss and did not put Mr. Shazeer on notice by pleading facts to

support it in the operative complaint. The new theory is also legally and factually

deficient. Plaintiffs' shifting sands approach to jurisdiction cannot satisfy their burden.

## ARGUMENT

### I. Personal Jurisdiction Does Not Exist Under the Exception to the Corporate Shield Doctrine.

#### A. Plaintiffs Waived Their New Basis for Jurisdiction.

Plaintiffs' opposition to Mr. Shazeer's initial motion to dismiss made plain that

Plaintiffs seek to establish jurisdiction *solely* under the alter-ego theory. *See, e.g.,* Dkt.

No. 84, at 4 ("The FAC . . . support[s] personal jurisdiction over Individual

Defendants under the alter ego exception"); *see also id.* at 17, 19. Not once did Plaintiffs

suggest an alternative basis for jurisdiction. Plaintiffs' new position (Opp. 9) that

jurisdictional discovery revealed that this Court may exercise personal jurisdiction

under the exception to the corporate shield doctrine is unsupported by the record. Both

parties' original briefing extensively discussed the corporate shield doctrine, with

Plaintiffs even highlighting the distinctions between the alter ego theory and theories

based on a corporate officer's conduct. *See* Dkt. No. 65, at 4-5; Dkt. No. 84, at 17-19.

Yet, Plaintiffs never raised the exception to the corporate shield doctrine as a possible

basis for jurisdiction. Accordingly, that argument is waived. *UBS Fin. Servs., Inc. of

Puerto Rico v. Efron*, 2025 WL 1833578, at *10 (11th Cir. July 3, 2025) ("The failure to

make arguments and cite authorities in support of an issue waives it.") (cleaned up);

*In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) (party "waived th[e] issue by not

presenting it fully in its initial brief").

2

## B. Jurisdiction is Not Proper Under the Exception to the Corporate Shield Doctrine.

Even if their new jurisdictional argument were not waived, Plaintiffs cannot establish jurisdiction under the exception to the corporate shield doctrine. Under the corporate shield doctrine, a nonresident corporate officer is not subject to jurisdiction for acts taken on behalf of his or her employer, except where: (1) the "corporate officer personally and intentionally engaged in the tortious conduct," *and* (2) "the specific conduct of the nonresident corporate officer was calculated to inflict a direct injury upon a resident of Florida." *Rensin v. State*, 18 So.3d 572, 575-76 (Fl. Ct. App. 2009).

### 1. Mr. Shazeer's Alleged Conduct Did Not Target Florida.

Plaintiffs contend that Mr. Shazeer "personally drove the launch of Character.AI into the United States market—including Florida." Opp. at 10. This claim mischaracterizes Mr. Shazeer's testimony. It also fails because Plaintiffs have not filed a counter-affidavit (or any other evidence) disputing Mr. Shazeer's declaration establishing that he never conducted business on behalf of C.AI in or directed specifically to Florida. *See* Dkt. No. 68.1, at ¶¶ 4-10; *see Rensin*, 18 So.3d at 576 (no jurisdiction where the party did not submit a counter-affidavit and the party's supporting documents did not mention Florida or misconduct aimed at Florida). Plaintiffs failed to even ask Mr. Shazeer about any purported activities targeting Florida during his nearly four hour deposition. *See generally*, Shazeer Tr. (Dkt. No. 194.2). Moreover, that C.AI was accessible nationwide (Opp. at 10; SAC ¶ 17) is insufficient to show that Mr. Shazeer targeted Florida. *See Rensin*, 18 So.3d at 576

("specific conduct of the nonresident corporate officer [must be] calculated to inflict a direct injury upon a resident of Florida"); *cf. Walden v. Fiore*, 571 U.S. 277, 277 (2014) (jurisdiction "arise[s] out of contacts that the 'defendant *himself*' creates with the forum [State]"); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 325 (5th Cir. 2021) ("visits[] and views" of a defendant's website "are not evidence that 'the *defendant* has formed a contact with the forum state'").

### 2.    Mr. Shazeer Did Not Commit an Intentional Tort.

The exception to the corporate shield doctrine also does not apply as a matter of law because the SAC does not include any claim that Mr. Shazeer committed an intentional tort.  Plaintiffs attempt to remedy this shortcoming by arguing (Opp. 11) that Mr. Shazeer's conduct "implicate[d] Florida's Computer Pornography and Child Exploitation Prevention Act, Fla. Stat. § 847.0135."  This argument is meritless. Plaintiffs have never claimed, and cannot claim, that Mr. Shazeer violated this statute. In fact, the SAC's sole reference to this statute refers to a negligence per se claim that Plaintiffs assert *exclusively* against C.AI.  *See* SAC ¶ 347.  Moreover, that Mr. Shazeer's alleged conduct purportedly "implicated" a statute does not satisfy the intentional tortious conduct exception to the corporate shield doctrine.  *See LaFreniere v. Craig-Myers*, 264 So.3d 232, 241 (Fl. Ct. App. 2018) ("In the absence of an intentional tort, Appellee cannot rely on the intentional-tort exception to the corporate shield doctrine.").  Accordingly, Plaintiffs have failed to show Mr. Shazeer is subject to jurisdiction under the exception to the corporate shield doctrine.

## II.    Jurisdictional Discovery Has Produced No Evidence that C.AI is the Alter Ego of Mr. Shazeer.

### A.    Mr. Shazeer satisfied his initial burden to show that CTI observed corporate formalities at all times.

Plaintiffs' alter ego theory fails because they have not shown C.AI failed to observe corporate formalities.  *See Merkin v. PCA Health Plans of Fla., Inc.,* 855 So.2d 137, 141 (Fl. Ct. App. 2003) (plaintiff must prove that the corporation is the alter ego of the defendant).  Plaintiffs have not identified any evidence establishing that the relevant factors are met.[1]  *See Damian v. Yellow Brick Cap. Advisers (UK) Ltd.*, 2019 WL 5887360, at *8 (S.D. Fla. Nov. 12, 2019) (noting factors courts use to determine whether entities are alter egos); *Rensin*, 18 So.3d at 576 (party must submit counter-affidavit or supporting documents to establish jurisdiction).

In fact, of the 430 documents Mr. Shazeer produced, Plaintiffs include only two (*see* Judkins Decl., Exs. 5 and 22)—neither of which they cite in their Opposition.[2] Such a thin record is plainly insufficient to sustain Plaintiffs' "very heavy burden."  *In re Hillsborough Holdings Corp.*, 166 B.R. 461, 468 (Bankr. M.D. Fla.), *aff'd* 176 B.R. 223 (M.D. Fla. 1994); *see Rogers v. Coloplast Corp.*, 2022 WL 252420, at *2 (M.D. Fla. Jan. 27, 2022) (plaintiffs face "a higher burden [to establish jurisdiction] following

---

[1] Mr. Shazeer's declaration established that C.AI observed corporate formalities at all times.  *See* Shazeer Decl. ¶¶ 5-7, 10-14, 17-19.  Mr. Shazeer's deposition testimony provided further evidence. *See* Shazeer Tr. 72:2–15, 78:16-79:5, 81:24-82:16, 89:10-18.

[2] Plaintiffs did not ask Mr. Shazeer at his deposition about any of the many documents supporting his declaration, including any of the hundreds of documents produced by C.AI.  Mr. Shazeer is therefore submitting examples of such documents to the Court to ensure a complete record.  *See, e.g.,* Chaput Decl., Exs. A-E.

jurisdictional discovery").

### B.    Plaintiffs Have No Evidence of an "Improper Purpose."

Plaintiffs nonetheless argue that piercing the corporate veil is appropriate because Mr. Shazeer allegedly created C.AI for "an improper purpose." *See* Opp. at 14-16. Plaintiffs' argument improperly collapses the separate elements of veil piercing into one. To pierce the corporate veil, Plaintiffs must show "*both* that the corporation is . . . [the] alter ego of the defendant, *and* that the defendant engaged in 'improper conduct[.]'" *Merkin,* 855 So.2d at 141 (emphasis in original; cleaned up).

Plaintiffs also lack any evidence of an "improper purpose." Plaintiffs' argument hinges on the claim that C.AI's founders sought to "bypass" Google's safety policies. Opp. at 14-16. This allegation is false. *See* Shazeer Decl. ¶¶ 3-4. It is also insufficient as a matter of law. Plaintiffs' own cases make clear that "improper purpose" means conduct such as evading a statute, perpetuating fraud, or otherwise achieving some *illegal* purpose. *See* Opp. 16-17. There is no evidence of such conduct here, nor have Plaintiffs cited any authority that would allow the Court to use another company's policy decision to justify this Court taking the "extraordinary" step of piercing the corporate veil. *In re Hillsborough*, 166 B.R. at 468. Plaintiffs cannot meet their burden to show that Mr. Shazeer is subject to alter ego jurisdiction under Florida law.

Mr. Shazeer respectfully requests that the claims asserted against him be dismissed in their entirety.

DATED: September 22, 2025    /s/ Isaac D. Chaput

Paul W. Schmidt[*] (Lead Counsel)
COVINGTON & BURLING LLP
New York Times Building
620 Eighth Avenue,
New York, New York 10018-1405
Telephone: + 1 (212) 841-1171
Email: pschmidt@cov.com

Isaac D. Chaput*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-7020
Email: ichaput@cov.com

*Admitted Pro Hac Vice

Counsel for Defendant Noam Shazeer