UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; et al.,<br><br>               Defendants. | Case No.: 6:24-cv-01903-ACC-DCI<br><br>**DEFENDANT CHARACTER TECHNOLOGIES, INC.'S BRIEF IN SUPPORT OF SEALING (Doc. 195)** |

Defendant Character Technologies, Inc. ("CTI") files this response in partial support of Plaintiffs' Motion to Seal Exhibits (Doc. 195).[1] Plaintiffs have filed hundreds of pages of documents—including entire deposition transcripts—which contain confidential information about a non-public government inquiry and competitively sensitive licensing terms. Plaintiffs' responses to the motions to dismiss cite only portions of those documents, and in some cases, do not cite to the documents at all. Because it was not "necessary" to file a significant portion of what Plaintiffs filed under seal, it would be appropriate to strike the exhibits and pages not cited in Plaintiffs' responses and to direct Plaintiffs to file only the relevant excerpts. *See* M.D. Fla. Local Rule 1-11(b)(3)(A). Nevertheless, if the entirety of the documents is permitted to remain on the docket, CTI respectfully asks the Court to narrowly grant the request to seal the following:

---

[1] All exhibits filed in support of Plaintiffs' responses to Mr. De Freitas's and Mr. Shazeer's renewed motions to dismiss are attached as exhibits to the Declaration of Amy Judkins, Doc. 194.

| Doc. | Ex. to Decl. of Amy Judkins | Document | Portions to Seal | Reason |
|---|---|---|---|---|
| 194-1 | 1 | Transcript of the August 29, 2025 Deposition of Daniel De Freitas ("De Freitas Transcript") | 108:8–109:13; 119:23–124:6 | Discussion of non-public government inquiry |
| | | | 64:9–66:4; 105:3–108:7 | Competitively sensitive details about product development, including specific methods and unreleased product |
| 194-2 | 2 | Transcript of the August 29, 2025 Deposition of Noam Shazeer ("Shazeer Transcript") | 11:11–13:23; 124:13–17; 124:23–25; 125:8–13 | Discussion of non-public government inquiry |
| | | | 122:7–123:5 | Competitively sensitive information about structure of Google-CTI transaction that could undermine future licensing negotiations |
| 194-7 | 7 | License and Release Agreement | Entirety | Competitively sensitive contractual and financial terms that could undermine future licensing negotiations |

With the exception of the License and Release Agreement, CTI seeks to seal only limited portions of the exhibits submitted by Plaintiffs and does not seek to seal any portion of Plaintiffs' briefs or any of the other documents Plaintiffs have submitted in support of their responses, including the Pitch Deck (Doc. 194-8) and the Spreadsheets (Docs. 194-24, 194-25).

I. **Filing These Exhibits in Full Was Not Necessary**

As a threshold matter, filing the entirety of the documents submitted with Plaintiffs' motion to seal was not "necessary." *See* M.D. Fla. Local Rule 1.11(b)(3)(A). Here, Plaintiffs have filed the entirety of two deposition transcripts (Docs. 194-1, 194-2)—amounting to hundreds of pages—even though their responses cite only to portions of these documents and many of the uncited portions contain confidential, sensitive information. Similarly, Plaintiffs have filed all 61 pages of the License and Release Agreement (Doc. 194-7), including pages containing irrelevant sensitive commercial information, even though Plaintiffs' responses provide a pincite to only one page in that agreement. *See* Doc. 193 at 7. Plaintiffs also filed a 644-page spreadsheet (Doc. 194-24) without "any pinpoint citation to the relevant pages or information" or "analysis related to the necessity of filing." *See Bedgood v. Wyndham Vacation Resorts, Inc.*, No. 6:21-CV-418-JSS-DCI, 2025 WL 326652, at *2–3 (M.D. Fla. Jan. 29, 2025). And Plaintiffs have sought to file documents under seal that they do not even cite or reference in their responses, such as Exhibit 25. *See* Doc. 194-25.

Accordingly, filing the exhibits in full was not necessary and they should be stricken. Plaintiffs should be directed to file only the relevant excerpts.

II. **There Is Good Cause to Seal Portions of the De Freitas Transcript, Shazeer Transcript, and License and Release Agreement**

Even if the Court finds that filing the entirety of the De Freitas Transcript, Shazeer Transcript, and License and Release Agreement is necessary, there is good cause to seal narrow portions of these documents.

3

The common law right of access to material filed in connection with a substantive pretrial motion "is not absolute" and "may be overcome by a showing of good cause," which includes a "party's privacy or proprietary interest in information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007).

There is good cause to seal the portions of the documents identified above.

*First*, there is good cause to seal information concerning a confidential, non-public government inquiry, which is discussed in the Shazeer Transcript at 11:11–13:23, 124:13–17, 124:23–25, and 125:8–13, and the De Freitas Transcript at 108:8–109:13 and 119:23–124:6. "The Eleventh Circuit has recognized that prejudice to an ongoing investigation is a compelling reason for closure." *Matter of Search of Off. Suites for World & Islam Studies Enter.*, 925 F. Supp. 738, 743 (M.D. Fla. 1996). CTI is obligated to preserve confidentiality over the referenced government inquiry, as public disclosure risks prejudicing the inquiry. This testimony also risks disclosing the scope and direction of that inquiry, as it identifies individuals who have been questioned. *See also id.* (sealing proper to maintain confidentiality of the identities of individuals, as well as the length, scope, and direction of the investigation).

*Second*, there is good cause to seal competitively sensitive information about an unreleased and nonrelevant product and specific methods used to develop large language models, discussed in the De Freitas Transcript at 64:9–66:4 and 105:3–108:7. Competitors could use this information to gain an advantage over CTI. *See Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-CV-376, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (sealing "confidential and competitively sensitive information," including

information that "competitors could use" to "determine Defendant's relevant markets"). Moreover, this particular discussion is unrelated to the issues in the pending motions to dismiss, and Plaintiffs do not rely on this testimony.[2] *See* Docs. 192, 193. Accordingly, CTI's interest outweighs the public's right of access. *See Advice Interactive Grp., LLC v. Web.com Grp., Inc.*, No. 3:17-cv-801-J-39MCR, 2018 WL 3609861, at *2 (M.D. Fla. July 26, 2018) (sealing trade secrets and confidential product information).

*Third*, there is good cause to seal the License and Release Agreement, which contains competitively sensitive financial and contractual terms, as well as related discussion about the structure of the transaction in the Shazeer Transcript at 122:7–123:5. Courts have recognized that "[a] party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access." *Loc. Access, LLC v. Peerless Network, Inc.*, No. 6:14-CV-399, 2015 WL 5897743, at *1–2 (M.D. Fla. Oct. 7, 2015) (approving redaction of "information about Defendant's customers, confidential contract terms, and the valuation of Plaintiffs' business"); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) (approving redaction of the terms of confidential agreements); *McKesson Glob. Sourcing Ltd. v. M.C. Johnson Co.*, No. 2:21-CV-782-JES-NPM, 2022 WL 2238346, at *2 (M.D. Fla. June 22, 2022) (same). The

---

[2] Plaintiffs cite page 64 of the De Freitas Transcript on two occasions in their response to Mr. Shazeer's motion to dismiss, but do not rely on the specific discussion that CTI seeks to seal. *See* Doc. 193, at 5, 18. CTI does not seek to seal any portion of Plaintiffs' briefs.

specific contractual terms and related information that CTI seeks to seal, such as bank wire information, financial terms, and employee lists, are irrelevant to the pending motions. Both CTI and Google have kept the terms of the License and Release Agreement strictly confidential, and public disclosure could undermine CTI's negotiations in future licensing agreements.

CTI respectfully requests that the Court grant leave to seal these limited portions of the exhibits, and the License and Release Agreement. CTI does not otherwise object to a version of the partially sealed documents being filed on the public record with the specified portions redacted.

### III. The Court Should Direct the Clerk to Delete the Sealed Excerpts Upon Expiration of Local Rule 1.11(e)'s 90-Day Period

Because public disclosure of these portions would cause harm even after the case is closed, CTI respectfully requests that the Court direct the clerk to delete the sealed portions from the record upon expiration of Local Rule 1.11(e)'s 90-day period. This is consistent with Local Rule 1.11, as deleting documents from the record is analogous to having an authorized person retrieve a sealed tangible item from the Court (and thus remove the document from the Court's records). *See* M.D. Fla. Local Rule 1-11(b)(6), (e) (providing that tangible items must be retrieved by an authorized person when the case is closed, while electronically filed sealed documents become available on the docket 90 days after a case is closed and all appeals are exhausted).

Alternatively, if deletion is not available or administratively feasible, CTI requests the Court to provide such other relief that would prevent these sealed excerpts

from becoming public upon expiration of the period in Rule 1.11(e). *See, e.g.*, *Thompson v. United States Dep't of Homeland Sec.*, No. 8:24-CV-349-KKM-AAS, 2025 WL 1370051, at *1 (M.D. Fla. May 12, 2025) (granting request to seal document indefinitely).

## CONCLUSION

For the foregoing reasons, the Court should permit the License and Release Agreement and portions of the documents identified above to be filed under seal.

Respectfully submitted this 22nd day of September, 2025.

|  |  |
|---|---|
| Thomas A. Zehnder<br>Florida Bar No. 0063274<br>Dustin Mauser-Claassen<br>Florida Bar No. 0119289<br>KING, BLACKWELL, ZEHNDER<br> & WERMUTH, P.A.<br>25 East Pine Street<br>Orlando, FL 32801<br>(407) 422-2472<br>tzehnder@kbzwlaw.com<br>dmauser@kbzwlaw.com | /s/ Jonathan H. Blavin<br>Jonathan H. Blavin* (Lead Counsel)<br>Victoria A. Degtyareva*<br>Stephanie Goldfarb Herrera*<br>MUNGER, TOLLES & OLSON, LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>(415) 512-4000<br>Jonathan.Blavin@mto.com<br>Stephanie.Herrera@mto.com<br>Victoria.Degtyareva@mto.com<br>*Admitted Pro Hac Vice* |

*Counsel for Defendant, Character Technologies, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on September 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Dustin Mauser-Claassen
Dustin Mauser-Claassen
Florida Bar No. 00119289