UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representatives of the Estate of S.R.S. III,<br><br>Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; and ALPHABET INC.,<br><br>Defendants. | Civil Case No. 6:24-cv-01903-ACC-DCI<br><br>**DEFENDANT NOAM SHAZEER'S MOTION TO SEAL AND RESPONSE TO PLAINTIFFS' MOTION TO SEAL** |

## I. INTRODUCTION

Pursuant to Local Rule 1.11, Defendant Noam Shazeer files this response to and in partial support of Plaintiffs' Motion to Seal Exhibits in Support of Opposition to Defendant Daniel De Freitas's Renewed Motion to Dismiss For Lack of Personal Jurisdiction (ECF No. 195) ("Pls' Motion to Seal"). Mr. Shazeer also files his own Motion to Seal Exhibits in Support of His Reply Brief in Support of His Renewed Motion to Dismiss the Amended Complaint ("Mr. Shazeer's Motion to Seal").

In Plaintiffs' Motion to Seal, Plaintiffs sought leave to file certain documents under seal, including documents containing Mr. Shazeer's confidential information. Mr. Shazeer also moves the Court for leave to file under seal limited portions of certain

1

documents submitted in support of his Reply Brief in Support of his Renewed Motion to Dismiss the Amended Complaint. Mr. Shazeer and Character Technologies, Inc. ("C.AI") designated the information in these documents as confidential under the parties' interim confidentiality agreement.

Per Local Rule 1.11, Mr. Shazeer asks the Court to grant his narrowly-tailored requests to seal his confidential documents and information. Mr. Shazeer requests that this information be sealed permanently. *Clark v. Unum Life Ins. Co. of Am.*, 2014 WL 12609869, at *2 (M.D. Fla. Oct. 16, 2014) (finding sealing warranted because the record contained the plaintiff's personal and financial information, as well as the private financial information of third parties).

Plaintiffs moved to seal the following documents relevant to this motion:

- Plaintiffs' Opposition to Defendant Noam Shazeer's Renewed Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 192).

- The transcript of Mr. Shazeer's August 28, 2025 deposition (ECF No. 194-2).

- An email from Jared Kaplan to Mr. Shazeer; forwarded to Mr. De Freitas and produced in discovery in this case at GARCIA-NS-0001047 (ECF No. 194-5).

- A 2012 employment agreement between Mr. Shazeer and Google Inc. produced in discovery in this case at GARCIA-NS-0002413 (ECF No. 194-22).

Mr. Shazeer moves to seal the following documents filed in support of his Reply

Brief[1]:

| Docket No. | Ex. | Description | Beginning Bates No. |
|---|---|---|---|
| 203-2 | A | A November 23, 2021 Founder Stock Purchase Agreement between Mr. Shazeer and C.AI that Mr. Shazeer produced in discovery (the "Founder Stock Purchase Agreement") | GARCIA-NS-0001199 |
| 203-3 | B | A November 3, 2021 written consent action by the board of directors of C.AI that C.AI produced in discovery (the "Nov. 3, 2021 Board Consent") | 103CAI00000593 |
| 203-4 | C | A November 29, 2021 written consent action by the board of directors of C.AI that C.AI produced in discovery (the "Nov. 29, 2021 Board Consent") | 103CAI00000708 |
| 203-5 | D | A July 15, 2022 lease agreement between C.AI. and Woodcrest Court, LLC that C.AI produced in discovery (the "Lease Agreement") | 103CAI00002289 |

## II.   LEGAL STANDARD

The Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985). This right of access "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). The right of access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245,

---

[1] Mr. Shazeer has consulted with counsel for Character Technologies, Inc., who confirmed that Character Technologies, Inc. does not request sealing of any of the Exhibits to the Declaration of Isaac D. Chaput.

1246 (11th Cir. 2007). Good cause is "decided by the nature and character of the information in question." *Chicago Tribune*, 263 F.3d at 1315. The Eleventh Circuit's balancing test weighs the public interest against:

> legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. Upon a showing of good cause, redactions of the sensitive information are appropriate. *See, e.g.*, *Travelers Companies, Inc. v. Carrillo*, 2014 WL 12868915, at *2 (M.D. Fla. Mar. 3, 2014) (permitting "redactions for salary, benefits, incentives, and other personal, sensitive information").

### III. ARGUMENT

#### A. There is Good Cause to Seal Documents Containing Mr. Shazeer's and Third-Parties' Personally-Identifying Information and Private Financial Information.

Here, there is good cause to seal portions of the documents identified above because they contain Mr. Shazeer's confidential and private information. The redactions proposed are appropriately limited to Mr. Shazeer's confidential compensation-related information and personally-identifying information ("PII").

Courts in this District have recognized it is appropriate to seal PII, such as home addresses, personal email addresses, and telephone numbers. *See, e.g.*, *Eason v. United States*, 2024 WL 5692091, at *2 (M.D. Fla. Nov. 21, 2024) ("good cause to seal [] documents . . . when they contain [PII]"). Moreover, such PII is immaterial to the

4

Court's resolution of Mr. Shazeer's Renewed Motion, eliminating any public interest in its disclosure. *See Doe K.R. v. Choice Hotels*, 2025 WL 1446285, at *2 (M.D. Fla. May 20, 2025) (redacting PII would be appropriate due to its irrelevance to the case).

Similarly, Courts in this District and throughout the Eleventh Circuit routinely seal personal, confidential, compensation information. *See, e.g.*, *Travelers Companies, Inc.*, 2014 WL 12868915, at *2 (permitting redactions of Plaintiff's salary in his offer letter); *Williams v. Bank of Am. Corp.*, 2018 WL 9440768, at *1 (M.D. Fla. Aug. 30, 2018) (authorizing sealing of "sensitive salary and compensation information"); *Pledger v. Reliance Tr. Co.*, 2019 WL 4439606, at *21–23 (N.D. Ga. Feb. 25, 2019) (authorizing sealing of salary details and "internal financial information")

Mr. Shazeer details in the chart below the specific portions of the at-issue documents he seeks to seal, together with the basis for redacting each portion thereof. While Mr. Shazeer disputes many of Plaintiffs' claims that their exhibits are "necessary" to resolution of Mr. Shazeer's renewed motion to dismiss—particularly filing of his entire deposition transcript rather than only pertinent excerpts—he nonetheless seeks to seal only limited portions of each document.

| ECF No. | Ex. | Portion for Redaction | Basis for Redaction |
|---|---|---|---|
| 192 | N/A | Pages 6, 12, 18 (only compensation-related information) | Irrelevance; compensation / financial information |
| 194-2 | Judkins 2 | 10:12-13, 65:8 | Irrelevance; PII (home address) |
| 194-2 | Judkins 2 | 76:3, 128:9 | Irrelevance; PII (personal email address) |
| 194-2 | Judkins 2 | 124:8 | Irrelevance; compensation / financial information |

| 194-2 | Judkins 2 | 126:5 | Irrelevance; PII (non-party email address) |
| 194-2 | Judkins 2 | 128:13 | Irrelevance; PII (non-party email address) |
| 194-5 | Judkins 5 | Mr. Shazeer's email address[2] | Irrelevance; PII (personal email address) |
| 194-22 | Judkins 22 | Entire document except for limited portion cited by Plaintiffs | Irrelevance; personal compensation / financial information |
| 203-2 | Chaput A | Mr. Shazeer's Social Security Number | Irrelevance; PII (SSN)[3] |
| 203-2 | Chaput A | Mr. Shazeer's home address | Irrelevance; PII (home address) |
| 203-2 | Chaput A | Purchase price for Mr. Shazeer's initial purchase of C.AI stock and amount of shares granted | Irrelevance; compensation / financial information |
| 203-3 | Chaput B | Mr. Shazeer's home address | Irrelevance; PII (home address) |
| 203-3 | Chaput B | Purchase price for Mr. Shazeer's initial purchase of Character Technologies, Inc. stock and amount of shares granted | Irrelevance; compensation / financial information |
| 203-4 | Chaput C | Purchase price for C.AI's early employees' purchase of C.AI stock and amount of shares granted | Irrelevance; non-party compensation / financial information |

### B. Filing of Chaput Declaration Exhibits A–D Is Necessary.

Plaintiffs' asserted basis for personal jurisdiction over Mr. Shazeer is that Mr. Shazeer was the "alter ego" of C.AI. ECF No. 203 at 2. In opposing Mr. Shazeer's motion to dismiss, Plaintiffs ignored entirely substantial evidence in the discovery record supporting Mr. Shazeer's declaration explaining that, at all relevant times, C.AI

---

[2] Plaintiffs also moved to seal Mr. Kaplan's email address. Mr. Shazeer agrees such sealing is appropriate for the reasons stated above.

[3] *See also* Fed. R. Civ. P. 5.2(a)(1) (requiring redaction of last four digits of Social Security Numbers).

observed required corporate formalities. *Id.* at 3, 5.

### C. The Court Should Temporarily Seal the Nov. 3, 2021 Board Consent.

Ex. B to the Chaput Decl. is a November 3, 2021 written consent action by the board of directors of C.AI. Mr. De Freitas has an interest in the confidentiality of the document so the Court should provisionally seal Ex. B until he has had an opportunity to file a memorandum supporting the seal.

### D. The Court Should Temporarily Seal C.AI's Lease Agreement.

Ex. D to the Chaput Decl. is a commercial lease agreement between C.AI and Woodcrest Court, LLC ("Woodcrest"). Woodcrest has an interest in the confidentiality of the document so the Court should provisionally seal Ex. D until Woodcrest has had an opportunity to file a memorandum supporting the seal.

### E. Certification of Serving Motion on Non-Party.

Pursuant to Local Rule 1.11(b)(7), undersigned counsel states as follows:

> Woodcrest may have an interest in establishing or maintaining a seal of Ex. D and its contact information is as follows: Mail: Woodcrest Court, LLC, 525 South Drive Suite 115, Mountain View, CA 94040. On September 23, 2025, the undersigned placed in first class mail a copy of this motion along with Ex. D, for delivery to Woodcrest.

## IV. CONCLUSION

The Court should grant Plaintiffs' Motion to Seal and Mr. Shazeer's Motion to Seal with respect to the information described above, and seal the unredacted versions of the documents indefinitely, except for Chaput Exs. B & D, which should be sealed provisionally until Woodcrest and Mr. De Freitas have an opportunity to seek sealing of their own confidential information.

Respectfully submitted this 22nd day of September, 2025.

/s/ *Isaac D. Chaput*

Paul W. Schmidt* (Lead Counsel)
COVINGTON & BURLING LLP
New York Times Building
620 Eighth Avenue,
New York, New York 10018-1405
Telephone: + 1 (212) 841-1171
Email:  pschmidt@cov.com

Isaac D. Chaput*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-7020
Email:  ichaput@cov.com
**Admitted Pro Hac Vice*

*Counsel for Defendant Noam Shazeer*

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that, on September 22, 2025, counsel for Noam Shazeer informed counsel for Plaintiffs via email that Mr. Shazeer would be seeking to seal information in the documents referenced by Mr. Shazeer's Motion to Seal, and in support of Mr. Shazeer's Reply Brief. Counsel for Plaintiffs opposed Mr. Shazeer's submission of additional evidence into the record but did not state a position on the sealing at issue in this motion.

/s/ *Isaac D. Chaput*

Paul W. Schmidt* (Lead Counsel)
COVINGTON & BURLING LLP
New York Times Building
620 Eighth Avenue,
New York, New York 10018-1405
Telephone: + 1 (212) 841-1171
Email: pschmidt@cov.com

Isaac D. Chaput*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-7020
Email: ichaput@cov.com
**Admitted Pro Hac Vice*

*Counsel for Defendant Noam Shazeer*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 22, 2025, a true and correct copy of the foregoing document was filed using the Court's CM/ECF, causing a copy to be served to all attorneys of record.

/s/ *Isaac D. Chaput*
Isaac D. Chaput