UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEGAN GARCIA and SEWELL SETZER,
JR., individually and as the Personal
Representative of the Estate of S.R.S. III,

     Plaintiffs,

v.

CHARACTER TECHNOLOGIES, INC.;
NOAM SHAZEER; DANIEL DE FREITAS
ADIWARSANA; and GOOGLE LLC,

     Defendants.

CASE NO.: 6:24-cv-01903-ACC-DCI

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' MOTION TO
SEAL AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Middle District of Florida Local Rule 1.11(c), Defendant Google

LLC ("Google"), submits this memorandum in response to, and in partial support

of, Plaintiffs' Motion to Seal Exhibits in Support of Opposition to Defendant Daniel

De Freitas's Renewed Motion to Dismiss for Lack of Personal Jurisdiction (ECF

No. 195) ("Motion to Seal").[1]

---

[1] The Motion to Seal is titled "Plaintiffs' Motion To Seal Exhibits In Support Of Opposition To **Defendant Daniel De Freitas's** Renewed Motion To Dismiss For Lack Of Personal Jurisdiction" (emphasis added) and does not reference Plaintiff's opposition to Defendant Noam Shazeer's motion to dismiss. However, the Declaration of Amy L. Judkins (ECF No. 194) ("Judkins Decl.") indicates that the attached exhibits were filed in support of **both** oppositions. Judkins Decl. ¶ 10. Google requests that the Court seal the identified documents with respect to both of Plaintiffs' oppositions to the pending motions to dismiss (ECF Nos. 192 and 193).

On September 8, 2025, Plaintiffs filed their oppositions to Mr. Shazeer's and Mr. De Freitas's renewed motions to dismiss for lack of personal jurisdiction (ECF Nos. 192, 193) (together, "Oppositions"), along with 22 exhibits in support (*see* Declaration of Amy L. Judkins (ECF No. 194) ("Judkins Decl."). Among those exhibits, Plaintiffs insisted on filing the entirety of the deposition transcripts for both Mr. Shazeer and Mr. De Freitas, rather than excerpting the specific portions on which they actually rely in their Oppositions. Judkins Decl. Exs. 1, 2 (ECF Nos. 195-1, 195-2). Google does not believe Plaintiffs have met their burden of establishing that the filing of the entire transcripts was "necessary" under Rule 1.11(b)(3)(A). *See, e.g., Bedgood v. Wyndham Vacation Resorts, Inc.*, 2025 WL 326652, at *2-3 (M.D. Fla. Jan. 29, 2025) ("Generic references to a collection of four items totaling over seventy pages—without an analysis related to the necessity of filing tied to any pinpoint citation to the relevant pages or information deemed necessary—does not meet the standard established by Local Rule 1.11(b)(3)(A). . . . [I]f the confidential information is not necessary to the Court's decision, the parties should probably not provide it to the Court, sealed or not."). "This is no idle requirement. The Court's public docket should not be riddled with sealed documents . . . that are unnecessary to the Court's resolution of this case." *Sharfman*

*v. Precision Imaging St. Augustine LLC*, 2024 WL 4461733, at \*1 (M.D. Fla. Mar. 5, 2024).[2]

Plaintiffs also filed eight additional documents produced by Defendants Noam Shazeer, Daniel De Freitas, and Character Technologies, Inc. ("CTI"), which had been designated "Confidential" or "Highly Confidential" under the parties' interim confidentiality agreement pending entry of a protective order. Judkins Decl. Exs. 5, 6, 7, 8, 22, 23, 24, 25 (ECF Nos. 195-3 through 195-10). Plaintiffs concurrently filed the Motion to Seal these confidential documents.

Google seeks the sealing of only a small subset of information contained within Plaintiffs' exhibits:[3]

- Three limited excerpts totaling eight pages from the 185-page transcript of the August 28, 2025 deposition of Mr. Shazeer (Judkins Decl. Ex. 2) ("Shazeer Transcript"), which reference a nonpublic, confidential regulatory matter and confidential information related to the terms of Google's agreements with CTI. Specifically, Google seeks to seal **Judkins Decl. Ex. 2 (ECF No. 195-2) at 11:4-13:23; 121:16-123:5; 124:13-125:13**;

---

[2] Defendants raised this deficiency with Plaintiffs before filing, but Plaintiffs disagreed and insisted that the entire deposition transcripts were necessary, despite citing just 15% of Shazeer's transcript and less than one-third of De Freitas' deposition transcript. *See* Declaration of Matthew Donohue in Support of Google's Response to Plaintiffs' Motion to Seal ("Donohue Decl.") ¶ 9 and Ex. A.

[3] To the extent the Court has any uncertainty about which excerpts of the documents Google supports sealing, Google can submit a supplemental filing with the relevant excerpts highlighted or redacted for the Court's convenience. However, given that Plaintiffs have already moved to file the relevant documents under seal in their entirety (*see* ECF Nos. 195-1, 2, 4, 5, 8), Google does not re-file and move to seal them again in connection with this memorandum.

- Two limited excerpts totaling eight pages from the 208-page transcript of the August 29, 2025 deposition of Mr. De Freitas (Judkins Decl. Ex. 1) ("De Freitas Transcript"), which reference a nonpublic, confidential regulatory matter. Specifically, Google seeks to seal **Judkins Decl. Ex. 1 (ECF No. 195-1) at 108:8-109:15, 119:23-124:17**;

- Confidential financial information contained within Google's offer letter and employment agreement for Mr. De Freitas in connection with his 2024 hire (Judkins Decl. Ex. 6) ("2024 Offer Letter"). Specifically, Google seeks to seal **the dollar amounts and bonus percentages in Judkins Decl. Ex. 6 (ECF No. 195-4), p. 2**, immediately after the subheadings "Annual Base Salary:", "Annual Bonus Target"; and "GSU Grant Amount:".

- Confidential financial information contained within Google's offer letter and employment agreement for Mr. De Freitas in connection with his 2016 hire (Judkins Decl. Ex. 23) ("2016 Offer Letter").[4] Specifically, Google seeks to seal the **dollar amounts, bonus percentages, and number of restricted stock units (GSUs) in Judkins Decl. Ex. 23 (ECF No. 195-8), p. 1** contained within the subheadings "Salary", "Bonus Target", "Relocation", and "Equity Compensation".

- The **entirety of the 2024 license and release agreement between Google and CTI (Judkins Decl. Ex. 7) (ECF No. 195-5)** ("License and Release"), which reflects confidential information related to the terms of Google's agreements with CTI (collectively, "Confidential Materials").

These documents and proposed redactions are further discussed in the Declaration of Matthew Donohue ("Donohue Decl.") filed concurrently with this memorandum. Google does not take a position on whether any other information in the Motion to Seal should remain sealed.

---

[4] The Motion to Seal incorrectly labels Exhibit 23 as "The Employment Agreement Between Google LLC and Noam Shazeer, dated October 21, 2016." Motion to Seal at 2. In fact, Exhibit 23 is the Employment Agreement between Google LLC and **Daniel De Freitas**, dated October 21, 2016. *See id.* at 12; Judkins Decl. ¶ 33

## MEMORANDUM OF LAW

The common-law right of access to materials filed in connection with dispositive motions "may be overcome by a showing that 'good cause exists to prevent such access, balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Kanthal Corp. v. Custom Wire Prods., LLC*, 2025 U.S. Dist. LEXIS 172437, at *2 (M.D. Fla. Sep. 4, 2025) (quoting *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal quotations omitted)). In weighing these competing interests, the Eleventh Circuit has directed courts to consider various factors:

> [i] whether allowing [public] access would impair court functions or harm legitimate privacy interests, [ii] the degree of and likelihood of injury if made public, [iii] the reliability of the information, [iv] whether there will be an opportunity to respond to the information, . . . [iv] whether the information concerns public officials or public concerns, and [v] the availability of a less onerous alternative to sealing the documents.

*Id.* (citation omitted). This standard encompasses documents containing confidential business and financial information. *See Timothy K. Gaspar Ins. Servs., Inc. v. Found. Risk Partners*, 2025 U.S. Dist. LEXIS 180249, at *2, *4 (M.D. Fla. Sep. 15, 2025) (granting motion to seal where the document "contains confidential and proprietary business information, including financial information"); *cf. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (the presumption of access "has bowed before the power of a court to insure that its records are not used . . . as

sources of business information that might harm a litigant's competitive standing.").

Here, there is good cause to seal Google's Confidential Materials identified above.

*First*, certain excerpts of the Shazeer Transcript discuss the highly sensitive terms of Google's license and release agreement with CTI. Judkins Decl. Ex. 2 at 121:16-123:5; Donohue Decl. ¶ 6. To publicly disclose specific details regarding Google's business relationships and financial information would give Google's competitors insight into its business strategy and cause competitive harm. *See* Declaration of Sarah Hutchison in Support of Google's Response to Plaintiffs' Motion to Seal ("Hutchison Decl.") ¶¶ 5, 7. The risk of this harm is heightened as it relates to the nascent and highly competitive market of artificial intelligence. *Id.* Google accordingly treats the terms of its agreements with third parties as highly confidential. *Id.* ¶¶ 4, 7. Courts have found sealing appropriate where the material at issue comprises confidential business information that would harm a party's ability to compete in the marketplace. *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, 2014 U.S. Dist. LEXIS 120376, at *7 (M.D. Fla. Aug. 28, 2014) (sealing was appropriate where defendants argued that information at issue "would reveal how Kohl's structures its store leases and Kohl's would be harmed competitively if this information were disclosed to its competitors and other potential

landlords."); *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 U.S. Dist. LEXIS 50367, at
*3-4 (M.D. Fla. Apr. 14, 2016) (granting motion to seal confidential sales
information where "a competitor could use the data to Defendant's detriment").
Moreover, the portions of the transcript discussing Google's confidential
information are not material to the instant motions to dismiss, which concern the
individual defendants and their relationship with CTI, not Google.

 *Second*, certain excerpts of the De Freitas Transcript and Shazeer Transcript
discuss and disclose a confidential regulatory matter, the existence of which has
not been confirmed by either Google or the regulator. Judkins Decl. Ex. 1 at 108:8-
109:15, 119:23-124:17; *id.* Ex. 2 at 11:4-13:23, 124:13-125:13; *see* Donohue Decl. ¶¶ 5,
6; Hutchison Decl. ¶¶ 6, 8. Because of the sensitivity of this testimony, Google
designated this information confidential during the depositions under the parties'
agreement. *See, e.g.*, Judkins Decl. Ex. 2 at 11:25-12:7. And this information is
immaterial to the individual defendants' motions. Courts routinely find that a
party's interest in keeping a nonpublic, confidential regulatory matter outweighs
the public right to access such information. *Calhoun v. Google LLC*, 2021 U.S. Dist.
LEXIS 191374, at *13-14 (N.D. Cal. Sep. 30, 2021) (granting motion to seal where
request was "[n]arrowly tailored to protect confidential information regarding . . .
nonpublic regulatory investigations, which Google maintains as confidential in
the ordinary course of its business and is not generally known to the public or

Google's competitors"); *Capital Health Sys. v. Erol Veznedaroglu, M.D.*, 2020 U.S. Dist. LEXIS 266552, at *14-15 (D.N.J. July 17, 2020) ("finding "a legitimate interest in sealing materials that they have previously designated as 'Confidential' or 'Attorneys' Eyes Only' . . . because these materials contain . . . information related to a confidential government investigation"); *Cooper Health Sys. v. Maxis Health Sys.*, 2019 U.S. Dist. LEXIS 237716, at *2 (D.N.J. Jan. 10, 2019) (granting motion to seal exhibit that "discusses the status of an investigation [and] potential regulatory issues"). The public disclosure of that matter would likely result in non-trivial reputational and financial harm. *Plaintiff v. Consumer Fin. Prot. Bureau*, 2015 U.S. Dist. LEXIS 141812, at *11 (D.D.C. Oct. 16, 2015) ("[I]t is not difficult to see how disclosure of the fact that an entity is subject to investigation by federal authorities would inflict non-trivial reputational, and possibly associated financial, harm on that entity.")

*Third*, the excerpts of the 2016 and 2024 Offer Letters contain confidential financial information reflecting how Google compensates employees in the competitive field of artificial intelligence, including salary figures and disbursements of Google stock. Judkins Decl. Ex. 6 at 2; Judkins Decl. Ex. 23 at 1; *see* Donohue Decl. ¶¶ 7, 8; Hutchison Decl. ¶¶ 9-10. Again, this information is particularly sensitive in the highly competitive market surrounding artificial intelligence and competition to hire and retain top talent. Hutchison Decl. ¶¶ 5, 9-

10. Its disclosure would reveal important information about Google's employment decision making, causing Google competitive disadvantage. *Id.* Courts in this district routinely find good cause to seal this sort of "sensitive financial and employment information." *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, 2020 U.S. Dist. LEXIS 272069, at *8 (M.D. Fla. Sep. 16, 2020); *see also Cottingim v. ReliaStarLife Ins. Co.*, 2023 U.S. Dist. LEXIS 44623, at *2 (M.D. Fla. Mar. 16, 2023) (granting motion to seal separation agreement containing "Plaintiff's salary, payment structure, [and] severance package" where employer argued it would "put the employer at a competitive disadvantage with respect to its ability to hire employees, negotiate terms of its contracts, and its ability to perform its primary business of placing candidates with other employers").

*Finally*, the License and Release reflects Google's agreement with CTI to license CTI's proprietary technology and hire several of its key employees. *See, e.g.*, Judkins Decl. Ex. 7 at 1, 12; Donohue Decl. ¶ 9. While aspects of the agreement have been publicly reported, the agreement itself, including certain confidential terms, have not. Hutchison Decl. ¶¶ 4, 11. In light of the high-profile and ongoing competition among technology companies for individuals with expertise in artificial intelligence, the disclosure of specific details concerning Google's

agreement with CTI would cause acute competitive harm. *Id.* ¶¶ 5, 7.[5] Accordingly, it is appropriate for this document to remain sealed. *See Narcoossee Acquisitions*, 2014 U.S. Dist. LEXIS 120376, at *7.

Google's interest in protecting its confidential business information outweighs other considerations. Again, making this information publicly available would result in competitive harm to Google. Hutchison Decl. ¶¶ 5, 7. In contrast, because this information is tangential, at best, to the merits of this case, sealing this limited information will not impair the Court's ability to evaluate the individual defendants' motions to dismiss or Plaintiffs' Oppositions. *See Hall v. Sargeant*, 2019 U.S. Dist. LEXIS 240554, at *5 (S.D. Fla. Dec. 11, 2019) ("There is a lesser right of access for court filings 'less central to merits resolutions.'" (citation omitted)); *ESR Performance Corp. v. JVMAX, Inc.*, 2019 U.S. Dist. LEXIS 240151, at *7 (M.D. Fla. Aug. 20, 2019) ("Allowing access to the Documents would not impair court functions, but it would harm the parties' and non-parties' legitimate privacy interests," including in "confidential and proprietary business information[.]"). Moreover, Plaintiffs have access to the Confidential Materials in fully unredacted form, and there is no concern about Plaintiffs' ability to respond to or utilize the

---

[5] Citing Anna Tong and Kenrick Cai, *OpenAI, Google and xAI battle for superstar AI talent, shelling out millions*, Reuters (May 21, 2025), https://www.reuters.com/business/openai-google-xai-battle-superstar-ai-talent-shelling-out-millions-2025-05-21; Sawdah Bhaimiya, *AI talent war: Why tech giants are paying millions to top hires*, CNBC (September 6, 2025), https://www.cnbc.com/2025/09/06/ai-talent-war-tech-giants-pay-talent-millions-of-dollars.html).

information in their own case. To the extent Plaintiffs believe the information is necessary to include in their briefing, there is no less onerous alternative for the Court than to seal the documents given their confidentiality and the harms that would arise from public disclosure. Further, the material is of little, if any, relevance to the motions with which it was submitted; it does not concern public officials or a matter of significant public debate; and the sealing and redactions Google supports are limited.

## CONCLUSION

For the reasons stated above, Google respectfully requests that the Court issue an order permitting Plaintiffs to file under seal the categories of Confidential Materials set forth in the four bullet points on pp. 3-4 herein. Pursuant to Rule 1.11(e), Google requests that the sealing order last until "ninety (90) days after the case is closed and all appeals exhausted" subject to "renew[al] . . . , if appropriate, prior to the expiration of the deadline." *Timothy K. Gaspar Ins. Servs.*, 2025 U.S. Dist. LEXIS 178938, at *4 n.3 (granting motion to seal for similar duration).

DATED: September 22, 2025                    Respectfully submitted,

                                             */s/ Jay B. Shapiro*
                                             Jay B. Shapiro
                                             STEARNS WEAVER MILLER
                                             WEISSLER ALHADEFF &
                                             SITTERSON, P.A.
                                             150 W. Flagler Street, Suite 2200
                                             Miami, FL 33130
                                             (305) 789-3200

jshapiro@stearnsweaver.com

Lauren Gallo White (PHV) (Lead
Counsel)
WILSON SONSINI GOODRICH &
ROSATI
One Market Plaza, Suite 3300
San Francisco, CA 94105
(415) 947-2000
lwhite@wsgr.com

Fred A. Rowley, Jr. (PHV)
Matthew K. Donohue (PHV)
WILSON SONSINI GOODRICH &
ROSATI
953 E. Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
fred.rowley@wsgr.com
mdonohue@wsgr.com
Counsel for Google LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive notifications.

<u>/s/ Jay B. Shapiro</u>
JAY B. SHAPIRO