UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEGAN GARCIA and SEWELL
SETZER JR., *individually and as the*
*Personal Representatives of the Estate of*
*S.R.S. III,*

                    Plaintiffs,

v.                                              Case No: 6:24-cv-1903-ACC-DCI

CHARACTER TECHNOLOGIES, INC.;
NOAM SHAZEER; DANIEL DE
FRIETAS ADIWARSANA; and
GOOGLE LLC,

                    Defendants.
_____/

### ORDER

Pending before the Court is "Plaintiffs' Motion to Seal Exhibits in Support of Opposition to Defendant Daniel De Freitas's Renewed Motion to Dismiss for Lack of Personal Jurisdiction." Doc. 195 (the Motion to Seal). The Motion to Seal is due to be granted in part.

**I.    Background**

On August 19, 2025, Defendant Daniel De Freitas and Defendant Noam Shazeer filed their respective motions to dismiss for lack of personal jurisdiction. Docs. 182 & 183 (the Motions to Dismiss).

Plaintiffs filed redacted responses (Docs. 192, 193) to the Motions to Dismiss, and their counsel filed a declaration (Doc. 194, the Declaration) in support of those responses. Attached to the Declaration as exhibits are both non-confidential documents and also placeholders for documents that Defendants designated as "confidential" or "highly confidential-attorneys' eyes only." *Id*. With leave of Court, Plaintiffs filed amended responses (still redacted) in opposition

1

to the Motions to Dismiss. Docs. 213, 214. In the amended responses, Plaintiffs cited to the documents and the placeholders attached to the Declaration. *Id*.

Plaintiffs now seek to file under seal the documents identified in the placeholder exhibits. Plaintiffs identify the documents at issue as follows:

| Doc. | Plaintiffs' Description | Short Form: |
|---|---|---|
| 194-1 | Transcript from Mr. Daniel De Freitas's August 29, 2025 Deposition | De Freitas Transcript |
| 194-2 | Transcript from Mr. Noam Shazeer August 28, 2025 Deposition | Shazeer Transcript |
| 194-5 | Email from Jared Kaplan to Noam Shazeer and Forwarded to Daniel De Freitas | Kaplan Email |
| 194-6 | Letter from Keith Wolfe on Behalf of Google LLC to Daniel De Freitas dated August 1, 2024[1] | Offer Letter |
| 194-7 | The License and Release Agreement by and Between Google LLC and Character Technologies, dated August 1, 2025 | License Agreement |
| 194-8 | Pitch Deck for Character AI, Dated December 8, 2021 | Pitch Deck |
| 194-22 | The Employment Agreement Between Google LLC and Noam Shazeer, dated June 18, 2012 | Shazeer Agreement |
| 194-23 | The Employment Agreement Between Google LLC and Daniel De Freitas[2] | De Freitas Agreement |
| 194-24 | Spreadsheet data | |

Doc. 195.[3]

---

[1] In their chart, Plaintiffs identify Doc. 194-6 as a letter dated August 1, 2025. Doc. 195 at 15. However, De Freitas correctly contends that the Offer Letter at issue is dated August 1, 2024. Doc. 205 at 3.

[2] In their chart, Plaintiffs identify Doc. 194-23 as the employment agreement between Google LLC and Shazeer dated October 21, 2016. Doc. 195 at 2. Elsewhere in the Motion, Plaintiffs identify the agreement as De Freitas' employment agreement (Doc. 195 at 12), and the placeholder is entitled "De Freitas Employment Agreement." Doc. 194-23.

[3] In the Motion, Plaintiffs also sought to seal Doc. 194-25, described as "Select Rows of Spreadsheet data." Doc. 195 at 2. Plaintiffs, however, subsequently filed a Joint Motion for leave to permit Plaintiffs to file amended responses to the Motions to Dismiss and to withdraw Doc. 194-25. Doc. 211. Plaintiffs state that they agree to withdraw the exhibit, which is not cited in

2

Depending on the document, Plaintiffs either: (1) take no position as to whether the item should be sealed; (2) oppose the necessity to seal the item; or (3) propose that redaction would be sufficient. Defendants have filed responses (Docs. 204, 205, 207, and 208) to the Motion to Seal, and Plaintiffs have filed an "Opposition to Defendants' Responses to Motion to Seal Documents" (Doc. 209). In the discussion that follows, the Court attempts to note a party's position concerning sealing the exhibit at issue. However, if the Court does not identify a party's position on whether an item should be sealed, the party did not specify a position to the Court.[4]

## II. Legal Standard

The filing of an item under seal is governed by Local Rule 1.11(b), which provides as follows:

> (b) Motion to Seal. A motion to seal an item:
>
> (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";
>
> (2) must describe the item;
>
> (3) must establish:
>
> (A) that filing the item is necessary,
>
> (B) that sealing the item is necessary, and
>
> (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
>
> (4) must include a legal memorandum;

---

their Responses. *Id*. at 3. By Order dated October 2, 2025, the Court granted the request and directed the Clerk to delete Doc. 194-25. Doc. 212. Accordingly, the Court will not address Plaintiffs' request to seal that item.

[4] For example, De Freitas states that he "does not take a position on whether any information in the Motion to Seal designated as confidential by parties other than Mr. De Freitas or designated as confidential by Mr. De Freitas but that contain the confidential information of other parties, should be sealed." Doc. 205 at 3. In those circumstances, the Court will simply not discuss De Freitas's position.

>   (5) must propose a duration for the seal;
>
>   (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
>
>   (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and
>
>   (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b). A seal under Local Rule 1.11(e) "expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires."

In addition to assessing compliance with the Local Rule, the Court must determine whether the movant has shown good cause for sealing the documents. In deciding whether to grant a motion to seal, the Court must remain cognizant of a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted). Although the common law right of access creates a presumption against sealing court records, a party may overcome that

4

presumption with a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

### III. Discussion

**A. The Requests for Relief within Defendants' Responses (Docs. 204, 207)**

Defendant Character Technologies, Inc. (CTI) and Shazeer each filed a response to the Motion to Seal that improperly included an affirmative request for relief. CTI included a request to strike certain exhibits[5] and Shazeer included "his own Motion to Seal Exhibits in Support of His Reply Brief in Support of His Renewed Motion to Dismiss the Amended Complaint." Those requests are not properly before the Court.[6] "A motion buried within a response is improper, in violation of Local Rule 3.01(a), and will not be considered by the Court." *Tmh Med. Servs. v. Nat's Union Fire Ins. Co.*, 2020 U.S. Dist. LEXIS 257392, at *5 n.1 (M.D. Fla. July 29, 2020). While Defendants may oppose or support the request to seal, neither Local Rule 1.11 nor any other rule allows for separate motions to be included within a response.

---

[5] In its response, CTI complains that Plaintiffs unnecessarily filed hundreds of pages of exhibits including entire deposition transcripts, moves to strike the exhibits and pages not cited in Plaintiffs' responses, and requests that the Court direct Plaintiffs to file only the relevant excerpts. Doc. 204 at 1. Plaintiffs have filed an opposition and contend, in part, that the filing of the entire transcripts was appropriate. Doc. 209. While the Court will not consider CTI's motion to strike because it was improperly included within the response, the Court has considered Plaintiffs' position and has reviewed the entire exhibits.

[6] Plaintiffs also filed an opposition to Shazeer's embedded motion to seal. Doc. 210.

### B. The De Freitas Transcript (Doc. 194-1)[7]

Plaintiffs assert that the De Freitas Transcript relates to Plaintiffs' personal jurisdiction argument, specifically an alter ego theory that is at issue in this case. Doc. 195 at 7 to 8. Plaintiffs state that the De Freitas Transcript relates to the "veil-piercing issues" and that Plaintiffs rely heavily on the transcript in their response to the Motions to Dismiss. *Id*. Plaintiffs state that they do not "believe this testimony warrants permanent sealing" but Defendants designated the transcript as "Highly Confidential" and Plaintiffs seek leave to preserve the record. *Id*. at 8 to 9. Plaintiffs assert that to the extent certain statements in the deposition contain sensitive information that outweighs the public's right to access, such information can be redacted. *Id*. at 9.

In response, CTI contends that there is good cause to narrow the scope of the seal to certain portions of the De Freitas Transcript. Doc. 204 at 3 to 4. Specifically, CTI states that the De Freitas Transcript at 108:8–109:13 and 119:23–124:6 "concern[s] a confidential, non-public government inquiry[.]" *Id*. at 4. CTI states that it is obligated to preserve confidentiality and the "testimony also risks disclosing the scope and direction of that inquiry, as it identifies individuals who have been questioned." *Id*. CTI also asserts that there is "good cause to seal competitively sensitive information about an unreleased and non-relevant product and specific methods used to develop large language models, discussed in the De Freitas Transcript at 64:9–66:4 and 105:3–108:7." *Id*.

---

[7] In their own chart, Plaintiffs describe the De Freitas Transcript as Exhibit 194-1 but then refer to it as "Exhibit 2." Doc. 195 at 1, 7. Also, in the chart, Plaintiffs describe the Shazeer Transcript as Exhibit 194-2 but then refer to it as "Exhibit 1." *Id*. at 1, 6. The Court will refer to the exhibits based on counsel's designation (i.e., the DeFreitas Transcript is Doc. 194-1, and the Shazeer Transcript is Doc. 194-2).

De Freitas adds that his testimony includes personal information including his home address and email addresses and contends that the Court should seal the De Freitas Transcript at 10:12-13; 117:13; and 118:1, 4.  Doc. 205 at 3.

Google supports a seal of "only a small subset of information contained within Plaintiffs' exhibits[.]" Doc. 208 at 3.  In relevant part, Google seeks to seal "two limited excerpts totaling eight pages" located in the transcript at 108:8-109:15 and 119:23-124:17.  *Id*.  Google states that these sections reference a non-public, confidential regulatory matter and "the existence of which has not been confirmed by either Google or the regulator."  *Id*. at 7.  Google adds that the information is sensitive and immaterial to the Motions to Dismiss.  *Id*.

Plaintiffs respond and oppose sealing the portions of the transcripts related to the government inquiry.  Doc. 209 at 4 to 6.  Plaintiffs argue that those portions reference an ongoing investigation but do not contain a "substantive discussion of investigative strategy, evidence detail, or government deliberations."  *Id*. at 5.  Plaintiffs state that the excerpts "do not reveal scope, focus, or evidence being considered."  *Id*.

Upon due consideration, the Court finds that it is unnecessary to seal the entire De Freitas Transcript as no party has stated a basis for doing so.  The Court, however, finds good cause to permit Plaintiffs to file under seal an unredacted version of the De Freitas Transcript.  Otherwise, Plaintiffs should file the De Freitas Transcript (Doc. 194-1) on the public docket with redactions at 10:12-13; 64:9–66:4; 105:3-109:15; 117:13; 118:1, 4; and 119:23-124:17.  *See Doe K.R. v. Choice Hotels*, 2025 WL 1018408, at *2 (M.D. Fla. Apr. 4. 2025) (finding good cause to permit redactions of the plaintiff's personal identifying information and related parties, such as the plaintiff's parents and siblings, and their full names and home addresses); *Barkley v. Pizza Hut of Am., Inc.* 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a request to seal a deposition

7

and report because the documents included "competitively sensitive information"); *Advice Interactive Grp. LLC v. Web.com Grp. Inc.*, 2018 WL 3609861, at *2 (M.D. Fla. July 26, 2018) (permitting a plaintiff to file documents under seal because the material contained evidence of trade secrets, internal business decisions, financial information, and confidential product information); *In re Abilify Prods. Liab. Litig.*, 2017 WL 4399198, at *3 (N.D. Fla. Sept. 29, 2017) (finding correspondence with and submissions to regulatory agencies that are not publicly available should remain under seal).

### C. The Shazeer Transcript (Doc. 194-2)

As to the transcript from Shazeer's "jurisdictional deposition," Plaintiffs represent that they have filed the exhibit because it relates to personal jurisdiction over Shazeer and because Plaintiffs cite to the Shazeer Transcript "more than forty times, referencing significant portions of the transcript throughout their response briefs." Doc. 195 at 5-6. Plaintiffs contend that filing the Shazeer Transcript is necessary but submit "that the presumption of public access outweighs Defendants' confidentiality designation, and that the transcript should ultimately be available on the public docket." Doc. 7. As with the De Freitas Transcript, Plaintiffs state that sensitive information should be redacted if it outweighs the public right to access. *Id*.

CTI contends that there is good cause to seal portions of the Shazeer Transcript. Doc. 204 at 4. Again, CTI claims that there is information concerning a confidential, non-public government inquiry located within the transcript (Doc. 194-2) at 11:11– 13:23; 124:13–17; and 124:23–25. *Id*. CTI also argues that there is a discussion at 122:7– 123:5 related to the structure of the transaction at issue in the License and Release Agreement, "which contains competitively sensitive financial and contractual terms[.]" *Id*. at 5.

Shazeer disputes the need to file the transcript, and requests that the Court narrowly tailor the information that is sealed. Doc. 207 at 5. Shazeer states that he seeks to seal "only limited portions" of the transcript at 10:12-13; 65:8; 76:3; 124:8; 126:5; and 128:9, 13. *Id*. Shazeer claims that these sections include irrelevant information, concern sensitive information related to his compensation and other financial matters, and include non-parties' email addresses. *Id*. at 5-6.

Google agrees that it is unnecessary to seal the entire transcript and seeks to seal only "three limited excerpts totaling eight pages" located in the transcript at 11:4-13:23; 121:16-123:5; and 124:13-125:13. Doc. 208 at 3 to 4. Google claims that these portions of the Shazeer Transcript include discussions of highly sensitive terms of Google's License and Release Agreement with CTI and asserts that public disclosure would give Google's competitors insight into its business strategy and cause harm. *Id*. at 6. Google submits a declaration in support of its claim and represents that Google "treats the terms of its agreements with third parties as highly confidential" and the risk of harm is "heightened as it relates to the nascent and highly competitive market of artificial intelligence." *Id*. Also, Google asserts that the testimony relates to the confidential regulatory matter. *Id*. at 7.

Again, in response to the request to seal portions of the Shazeer transcript that relate to the government inquiry or investigation, Plaintiffs oppose the request for the same reasons that apply to the De Frietas Transcript excerpts. Doc. 209 at 5 to 7.

Based on the foregoing, the Court sees no reason why the entire Shazeer Transcript should be sealed as no party has stated a basis for doing so. Given the parties' positions, however, the Court finds good cause to permit Plaintiffs to file under seal an unredacted version of the Shazeer Transcript. Otherwise, Plaintiffs should file the Shazeer Transcript (Doc. 194-2) on the public docket with redactions at 10:12-13; 11:4–13:23; 65:8; 76:3; 121:16-123.5; 124:8, 13-125:13;

9

126:5; 128:9, 13. *See Nguyen v. Raymond James & Assoc., Inc.*, 2022 WL 61198, at *8 (M.D. Fla. Jan. 6, 2022) ("As the court noted in *Romero*, the right of access is not absolute, 480 F.3d at 1245, such that specific portions of items contain personal information about nonparties may be redacted or sealed to protect a nonparty's right to privacy"); *MEDAI, Inc. v. Quantros, Inc.*, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (permitting parties to file product licensing agreement under seal as the terms of the agreement expressly provided that it was to remain confidential and the parties had otherwise complied with the Local Rule to establish good cause); *Advice Interactive*, 2018 WL 3609861, at *2 (permitting a plaintiff to file documents seal because the material contained evidence of trade secrets, internal business decisions, financial information, and confidential product information); *In re Abilify Prods. Liab. Litig.*, 2017 WL 4399198, at *3 (N.D. Fla. Sept. 29, 2017) (finding correspondence with and submissions to regulatory agencies that are not publicly available should remain under seal).

### D. The Kaplan Email (Doc. 194-5)

Plaintiffs state that the Kaplan Email is "an email sent by an AI technician to Defendant Noam Shazeer, in which the sender references his understanding of Mr. Shazeer's reasons for departing Google to form CTI." Doc. 195 at 9. Plaintiffs claim that the email is "highly probative" of Plaintiffs' jurisdictional arguments because the email is directly relevant to whether CTI was formed for an improper purpose and whether Shazeer's personal involvement warrants a finding that jurisdiction exists. *Id*. Plaintiffs claim there is "no basis for permanent sealing," but Plaintiffs move to seal the document because Defendants designated the exhibit as "Highly Confidential." *Id*. at 10.

With respect to the Kaplan Email, Shazeer seeks only to redact the portion of the exhibit that reflect his email address. Doc. 207 at 6. Shazeer contends that the information is irrelevant and personal in nature.

Upon due consideration, the Court finds that there is no basis to seal the entire exhibit. However, the Court finds good cause to permit Plaintiffs to file under seal an unredacted version of the exhibit (Doc. 194-5) with Shazeer's email address redacted from the version filed on the public docket. *See Doe K.R.*, 2025 WL 1018408, at *3 (finding good cause to permit redactions of the plaintiff's personal identifying information and related parties, such as the plaintiff's parents and siblings, and their full names and home addresses); *Hausburg v. McDonough*, 2023 WL 2432322, at *1 (M.D. Fla. Mar. 9, 2023) (finding good cause to seal summary judgment filings containing personal identifying information of the plaintiff and non-parties) (citing *Allgood v. Paperlesspay Corp.*, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (finding good cause to seal personally identifiable information such as a personal email address)).

### E.  The Offer Letter (Doc. 194-6)

Plaintiffs explain that the Offer Letter "directly bears on Plaintiffs' allegations regarding the Individual Defendants' motivations in creating CTI and the manner in which they personally profited from the licensing deal." Doc. 195 at 10. Plaintiffs state that they take no position as to whether the Offer Letter should be maintained under seal. *Id*. at 11.

De Freitas asserts that portions of the Offer Letter should be sealed. Doc. 205 at 3. Specifically, De Freitas states that the 2024 Offer Letter includes his base salary, equity compensation, his home address, email address, and personal phone number. *Id*. He asserts that the public disclosure of that information would violate his privacy. *Id*. Google adds that it seeks to seal the "dollar amounts and bonus percentages" listed in the Offer Letter. Doc. 208 at 4.

11

Upon due consideration, the Court finds there is no basis to seal the entire exhibit. The Court, however, finds good cause to permit Plaintiffs to file under seal an unredacted version of the exhibit and to file on the public docket the Offer Letter (Doc. 194-6) with De Freitas' salary, bonus percentage, equity compensation, home and email addresses, and personal phone number[8] redacted from public view.[9] *See Travelers Cos. v. Carrillo*, 2014 U.S. Dist. LEXIS 202718, at *5 to 6 (M.D. Fla. Mar. 3, 2014) (denying the plaintiff's request to seal an offer letter because other offer letters were already disclosed to the public but permitting the plaintiff to file the document with "redactions to the salary, benefits, incentives, and other personal, sensitive information" that is not pertinent to the plaintiff's opposition to the motion to dismiss); *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, 2020 WL 13862027, at *1 (M.D. Fla. Sept. 16, 2020) (finding good cause to seal motions because they included sensitive financial and employment information) (citations omitted); *Merone v. Select Portofolio S Servicing, Inc.*, 2015 WL 12859326, at *1 (M.D. Fla. May 1, 2015) (denying a request to permanently seal a letter because the only personal information was the plaintiff's credit score and monthly gross income but finding that the information was "easily redacted" and did not require a seal); *Hausburg*, 2023 WL 2432322, at *1 (finding good cause to seal exhibits as they contained personally identifiable information).

---

[8] The Court did not find De Freitas' phone number in the exhibit, but to the extent it is included, Plaintiffs must redact the information.

[9] The Court will not further consider the documents provisionally filed under seal pursuant to Local Rule 1.11(b)(8). Thus, the Court reminds the parties of the obvious: if a redacted document is filed and an unredacted version is not also filed under seal, whatever is redacted is not before the Court for consideration. In other words, the Court will not look back to the provisionally sealed documents to consider the substance of any redacted materials. If there is no unredacted version filed with permission of the Court, the Court will consider only the redacted document.

### F. The License Agreement (Doc. 194-7)

Plaintiffs assert that the License Agreement "is central to Plaintiffs' jurisdictional arguments" because it "memorializes the licensing transaction by which Google acquired rights to CTI's technology while simultaneously providing substantial personal financial benefits to Defendants Shazeer and De Freitas." Doc. 195 at 11. Plaintiffs take no position on whether the document needs to be sealed but filed the request to seal because Defendants designated it as "Highly Confidential." *Id*. at 11 to 12.

CTI contends that it has kept the terms of the License Agreement "strictly confidential" and "public disclosure could undermine CTI's negotiations in future licensing agreements." Doc. 204 at 6. As such, CTI contends that a seal of the document in its entirety is necessary. *Id*.

Google adds that the entirety of the License Agreement reflects confidential information related to the terms of Google's agreements with CTI. Doc. 208. Google represents that the exhibit reflects its agreement with CTI to license CTI's proprietary technology and hire several "key employees." *Id*.at 9. Google states that "[w]hile aspects of the agreement have been publicly reported, the agreement itself, including certain confidential terms, have not." *Id*. Google claims that "disclosure of specific details concerning Google's agreement with CTI would cause acute competitive harm." *Id*. at 9 to 10. Accordingly, Google supports the request to seal the entire exhibit.

Upon due consideration, the Court finds good cause to seal the exhibit. *See* MEDAI, 2012 WL 2512007, at *2 (permitting parties to file product licensing agreement under seal as the terms of the agreement expressly provided that it was to remain confidential and the parties had otherwise complied with the Local Rule to establish good cause); *Seasame Workshop v. Seaworld Parks & Ent., Inc.*, 2023 WL 616174, at *1 to 2 (M.D. Fla. Sept. 21, 2023) (finding that the parties

demonstrated good cause to seal certain documents including a license agreement between the parties as courts in this District have "recognized that maintaining the privacy of confidential business information can contain good cause for keeping documents from the public view") (citing *Robertson v. Alvarado*, 2018 WL 1899052, at *2 (M.D. Fla. Apr. 20, 2018) (sealing unredacted version of complaint containing non-public, competitively sensitive, confidential and proprietary information); *Local Access, LLC v. Peerless Network, Inc.*, 2017 WL 2021761, at *2-3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests")).

### G. The Pitch Deck (Doc. 194-8)

Plaintiffs claim that the Pitch Deck is highly probative to the Shazeer and De Freitas's motivation and involvement in the creation and operation of CTI and supports Plaintiffs' contention that CTI was established to "capitalize on innovations developed at Google but to do so outside of Google's safety and brand constraints." *Id*. at 12. Plaintiffs state that there is no legitimate basis for "permanent sealing" and the "strong presumption of public access should ultimately govern." *Id*.

Since there is no response in opposition or in support of sealing the "Pitch Deck" (*See* Docs. 204, 205, 207, and 208) and Plaintiffs do not assert that a seal is necessary, Plaintiffs' Motion to Seal is due to be denied with respect to this exhibit. *See* Local Rule 1.11(b)(3)(B).

### H. The Shazeer Agreement (Doc. 194-22) & the De Freitas Agreement (Doc. 194-23)

Plaintiffs state that they filed the employment agreements as support for their contention that CTI was created with Google's knowledge and approval and that Shazeer "left Google to

14

accelerate the commercialization of Character.AI without Google's brand or safety constraints, while still relying on Google-trained personnel to build the platform." Doc. 195 at 13. Plaintiffs, however, state that they cite to just one provision in the agreements and, therefore, "the rest of the documents could be redacted to avoid public disclosure of sensitive information[.]" *Id*.

In response, De Freitas describes Doc. 194-23 as an offer letter from Google dated October 21, 2016. Doc. 205 at 3. From a review of the provisionally sealed documents, the De Freitas Agreement appears to include an offer letter dated October 21, 2016 and an employment agreement. As with the Offer Letter at Doc. 194-6, De Freitas states that the October 21, 2016 letter includes his base salary, equity compensation, and other personal information. *Id*. at 3 to 4. De Frietas maintains that disclosure of this information violates his privacy interests. *Id*. at 4. De Freitas states that he has no objection to Plaintiffs' proposal to redact the letter other than the single provision Plaintiffs cite to in the opposition. *Id*. at 4 n.3.

Shazeer asserts that the Shazeer Agreement (Doc. 194-22) should be sealed except for the limited portion of that document that Plaintiffs cite to in their responses to the Motions to Dismiss. Doc. 207 at 6. Otherwise, Shazeer states that the document includes irrelevant and personal compensation and financial information. *Id*.

Google adds that these agreements or letters include confidential financial information (including salary figures and stock disbursements) reflecting how Google compensates its employees in a competitive field. Doc. 208 at 4, 8. Google believes this information is particularly sensitive in the relevant market and would improperly reveal important information related to decision making that would cause a competitive disadvantage. *Id*. at 9.

Upon due consideration, the Court finds that the parties have stated no basis to file unredacted versions of the De Freitas Agreement and the Shazeer Agreement under seal. That

said, the parties need not file upon the public docket irrelevant information that they are not asking the Court to review. Accordingly, Plaintiffs are directed to file on the public docket redacted versions of the De Freitas Agreement and the Shazeer Agreement (Docs. 194-22 and 194-23).[10] The only information that need appear on the publicly filed documents is that information that the parties seek the Court to consider.

### I. The Spreadsheet Data (Doc. 194-24)

Plaintiffs state that CTI produced spreadsheets in response to a request for production and that the production response "indicates that the spreadsheet data consists, at least in part, of 'messages sent by Sewell Setzer III." Therefore, Plaintiffs argue that "such data cannot be confidential information of Character Technologies." *Id*. at 13 to 14. Plaintiffs do not state why filing the exhibit is necessary and "maintain that no legitimate basis exists for permanent sealing[.]" *Id*. at 14.

Since Plaintiffs do not explain why filing the exhibit is necessary and there is no response in opposition or in support of sealing the "Spreadsheet Data" (*See* Docs. 204, 205, 207, and 208), Plaintiffs' Motion to Seal is due to be denied with respect to this exhibit. *See* Local Rule 1.11(b)(3)(A), (B).

### J. Plaintiffs' Amended Responses to the Motions to Dismiss

Plaintiffs redacted both their Responses and their Amended Responses to the Motions to Dismiss. Plaintiffs state that they "redacted statements in Plaintiffs' Responses that specifically

---

[10] The Court notes that De Freitas' October 21, 2016 letter includes his salary, bonus target, equity compensation, etc. Plaintiffs, however, have only submitted Shazeer's Employment Agreement and did not include the June 18, 2012 letter. To the extent that Shazeer's letter is a part of Doc. 194-22, Plaintiffs are permitted to file under seal the unredacted version of the exhibit and file on the public docket the entire document with Shazeer's salary, bonus percentage, equity compensation, home and email addresses, and personal phone numbers redacted from public view.

reference the information designated confidential." Doc. 195 at 3. Plaintiffs state, "Concurrently with the filing of this Motion to Seal, Plaintiffs will serve the Court and Defendants with unredacted copies of the Responses, filed at Doc. 192 and 193." Doc. 195 at 3 to 4. But Plaintiffs, did not submit to the Court unredacted versions of the Responses or the Amended Responses.

As to Plaintiffs filling under seal unredacted versions of the Responses, the other parties take the following positions:

(1) CTI states that it does not seek to seal any portion of Plaintiffs' responses (Doc. 204 at 5 n.2);

(2) De Freitas mentions that Plaintiffs moved to seal and redact their response to this motion to dismiss, but does not specifically address the necessity to seal any portion of that response (*See* Doc. 205);

(3) Shazeer moves to seal Plaintiffs' response to his motion to dismiss to the extent it discloses his compensation and financial information and refer to irrelevant information (Doc. 207 at 6, 12, 18); and

(4) Google does not seem to address Plaintiffs' redacted responses (Doc 208).[11]

Upon due consideration, the Court finds that the request to file under seal unredacted versions of Plaintiffs' responses to the Motions to Dismiss is due to be denied. Despite Plaintiffs' representation that they would submit the unredacted versions of their responses along with the Motion to Seal, Plaintiffs have not done so. Thus, the Court has been unable to review the unredacted versions of the Responses or the Amended Responses. The request is due to be denied since Plaintiffs have not complied with Local Rule 1.11(b)(8) ("A motion to seal an item. . . must include the item, which is sealed pending an order resolving the motion.").

Regardless, the parties have not established that sealing portions of the responses to the Motions to Dismiss is appropriate. Accordingly, there is no basis for relief. *See* Local Rule

---

[11] Plaintiffs filed the Amended Responses to the Motions to Dismiss after Defendants filed their responses to the Motion to Seal.

1.11(b)(A). Since there is no unredacted version filed with permission of the Court, the Court will consider only the redacted document. If Plaintiffs choose to file unredacted versions of the Amended Responses on the public docket, Plaintiffs may do so.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiffs' Motion to Seal (Doc. 195) is **GRANTED in part** to the extent that:

   a. **on or before November 17, 2025**, Plaintiffs may file under seal unredacted versions of the following documents, which shall remain under seal until the 90th day after the date this case is closed and all appeals exhausted (s*ee* Local Rule 1.11(f)):

      i. De Freitas' Deposition Transcript (Doc. 194-1);

      ii. Shazeer's Deposition Transcript (Doc. 194-2);

      iii. the Kaplan Email (Doc. 195-5);

      iv. the Offer Letter (Doc. 194-6); and

      v. the License Agreement (Doc. 194-7);

   b. **On or before November 17, 2025**, Plaintiffs shall file on the public docket the following documents with the noted redactions:[12]

      i. De Freitas' Deposition Transcript (Doc. 194-1) with redactions at 10:12-13; 64:9–66:4; 105:3–109:15; 117:13; 118:1, 4; and 119:23-124:17;

      ii. Shazeer's Deposition Transcript (Doc. 194-2) with redactions at 10:12-13; 11:4– 13:23; 65:8; 76:3; 121:16-123.5; 124:8, 13-125:13; 126:5; and 128:9, 13;

      iii. the Kaplan Email (Doc. 195-5) with Shazeer's email address redacted;

---

[12] Plaintiffs may keep the placeholder for the License Agreement (Doc. 194-7).

18

     iv. the Offer Letter (Doc. 194-6) with De Freitas' salary, bonus percentage, equity compensation, home and email addresses, and personal phone number redacted;

     v. the Shazeer Agreement (Doc. 194-22) & the De Freitas Agreement (Doc. 194-23), redacted so that only the information appearing on the public docket is that information that the parties seek the Court to consider; and

2. the remainder of the Motion to Seal (Doc. 195) is **DENIED**.

3. Plaintiffs may file unredacted versions of the Amended Responses on the public docket. Likewise, Plaintiffs may file the Pitch Deck (Doc. 194-8) and Spreadsheet Data (Doc. 194-24) on the public docket; and

4. To the extent CTI and Shazeer include requests for relief within their responses (Docs. 204, 207) to the Motion to Seal, the requests are **DENIED**.

**ORDERED** in Orlando, Florida on October 31, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE