**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representatives of the Estate of S.R.S. III,<br><br>Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; and ALPHABET INC.,<br><br>Defendants. | Civil Case No. 6:24-cv-01903-ACC-DCI<br><br><br>**DEFENDANT NOAM SHAZEER'S MOTION TO SEAL** |

**I.   INTRODUCTION**

Pursuant to Local Rule 1.11, Defendant files this Motion to Seal Exhibits in Support of His Reply Brief in Support of His Renewed Motion to Dismiss the Amended Complaint ("Mr. Shazeer's Motion to Seal").[1]  Mr. Shazeer moves the Court for leave to file under seal limited portions of certain documents submitted in

---

[1] Mr. Shazeer files this Motion to Seal after receipt of the Court's order denying his initial Motion to Seal (filed with his response to Plaintiffs' Motion to Seal, ECF No. 207) under Local Rule 3.01.  ECF No. 221 at 5.  *See Est. of Miller ex rel. Miller v. Toyota Motor Corp.*, No. 607CV1358ORLDAB, 2008 WL 899054, at *2 (M.D. Fla. Mar. 31, 2008) (granting renewed request for jurisdictional discovery after denying initial request partly because it was "buried…in a response to a motion"); *Rhoden v. Miller*, No. 5:25-CV-198-JSM-PRL, 2025 WL 2320490, at *2 (M.D. Fla. July 11, 2025) (denying "Plaintiff's motion to compel *without prejudice* for failure to fully comply" with Local Rule 3.01) (emphasis added).

1

support of his Reply Brief in Support of his Renewed Motion to Dismiss the Amended Complaint. Mr. Shazeer and Character Technologies, Inc. ("C.AI") designated the information in these documents as confidential under the parties' interim confidentiality agreement.

Per Local Rule 1.11, Mr. Shazeer asks the Court to grant his narrowly-tailored requests to seal his confidential documents and information. Mr. Shazeer requests that this information be sealed permanently. *Clark v. Unum Life Ins. Co. of Am.*, 2014 WL 12609869, at *2 (M.D. Fla. Oct. 16, 2014) (finding sealing warranted because the record contained the plaintiff's personal and financial information, as well as the private financial information of third parties). Indeed, the Court has already approved sealing Mr. Shazeer's confidential personal and financial information in the documents Plaintiffs cited to in their response and amended response to his motion to dismiss. ECF No. 221.

Mr. Shazeer moves to seal the following documents filed in support of his Reply Brief[2]:

---

[2] Mr. Shazeer has consulted with counsel for Character Technologies, Inc., who confirmed that Character Technologies, Inc. does not request sealing of any of the Exhibits to the Declaration of Isaac D. Chaput (ECF No. 203-1). Additionally, while Mr. Shazeer included ECF No. 203-5 (Ex. D) in his initial Motion to Seal (ECF No. 207), third-party Woodcrest LLC never moved to seal ECF No. 203-5 upon service of the document and Mr. Shazeer's initial Motion to Seal pursuant to Local Rule 1.11(b)(7). As such, Mr. Shazeer is withdrawing his arguments to seal ECF No. 203-5, but is nonetheless submitting it to the Court for the Court's consideration of that document in support of his Renewed Motion to Dismiss (ECF No. 203).

| Docket No. | Ex. | Description | Beginning Bates No. |
|---|---|---|---|
| 203-2 | A | A November 23, 2021 Founder Stock Purchase Agreement between Mr. Shazeer and C.AI that Mr. Shazeer produced in discovery (the "Founder Stock Purchase Agreement") | GARCIA-NS-0001199 |
| 203-3 | B | A November 3, 2021 written consent action by the board of directors of C.AI that C.AI produced in discovery (the "Nov. 3, 2021 Board Consent") | 103CAI00000593 |
| 203-4 | C | A November 29, 2021 written consent action by the board of directors of C.AI that C.AI produced in discovery (the "Nov. 29, 2021 Board Consent") | 103CAI00000708 |

II.     **LEGAL STANDARD**

The Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985). This right of access "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). The right of access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245, 1246 (11th Cir. 2007). Good cause is "decided by the nature and character of the information in question." *Chicago Tribune*, 263 F.3d at 1315. The Eleventh Circuit's balancing test weighs the public interest against:

> legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

3

*Romero*, 480 F.3d at 1246. Upon a showing of good cause, redactions of the sensitive information are appropriate. *See, e.g.*, *Travelers Companies, Inc. v. Carrillo*, 2014 WL 12868915, at *2 (M.D. Fla. Mar. 3, 2014) (permitting "redactions for salary, benefits, incentives, and other personal, sensitive information").

### III. ARGUMENT

#### A. There is Good Cause to Seal Documents Containing Mr. Shazeer's and Third-Parties' Personally-Identifying Information and Private Financial Information.

Here, there is good cause to seal portions of the documents identified above because they contain Mr. Shazeer's confidential and private information. The redactions proposed are appropriately limited to Mr. Shazeer's confidential compensation-related information and personally-identifying information ("PII").

Courts in this District have recognized it is appropriate to seal PII, such as home addresses, personal email addresses, and telephone numbers. *See, e.g.*, *Eason v. United States*, 2024 WL 5692091, at *2 (M.D. Fla. Nov. 21, 2024) ("good cause to seal [] documents . . . when they contain [PII]"). Moreover, such PII is immaterial to the Court's resolution of Mr. Shazeer's Renewed Motion, eliminating any public interest in its disclosure. *See Doe K.R. v. Choice Hotels*, 2025 WL 1446285, at *2 (M.D. Fla. May 20, 2025) (redacting PII would be appropriate due to its irrelevance to the case).

Similarly, Courts in this District and throughout the Eleventh Circuit routinely seal personal, confidential, compensation information. *See, e.g.*, *Travelers Companies, Inc.*, 2014 WL 12868915, at *2 (permitting redactions of Plaintiff's salary in his offer

4

letter); *Williams v. Bank of Am. Corp.*, 2018 WL 9440768, at *1 (M.D. Fla. Aug. 30, 2018) (authorizing sealing of "sensitive salary and compensation information"); *Pledger v. Reliance Tr. Co.*, 2019 WL 4439606, at *21–23 (N.D. Ga. Feb. 25, 2019) (authorizing sealing of salary details and "internal financial information").

Mr. Shazeer details in the chart below the specific portions of the at-issue documents he seeks to seal, together with the basis for redacting each portion thereof.

| ECF No. | Ex. | Portion for Redaction | Basis for Redaction |
|---|---|---|---|
| 203-2 | Chaput A | Mr. Shazeer's Social Security Number | Irrelevance; PII (SSN)[3] |
| 203-2 | Chaput A | Mr. Shazeer's home address | Irrelevance; PII (home address) |
| 203-2 | Chaput A | Purchase price for Mr. Shazeer's initial purchase of C.AI stock and amount of shares granted | Irrelevance; compensation / financial information |
| 203-3 | Chaput B | Mr. Shazeer's home address | Irrelevance; PII (home address) |
| 203-3 | Chaput B | Purchase price for Mr. Shazeer's initial purchase of Character Technologies, Inc. stock and amount of shares granted | Irrelevance; compensation / financial information |
| 203-4 | Chaput C | Purchase price for C.AI's early employees' purchase of C.AI stock and amount of shares granted | Irrelevance; non-party compensation / financial information |

**B.     Filing of Chaput Declaration Exhibits A–C Is Necessary.**

Plaintiffs' asserted basis for personal jurisdiction over Mr. Shazeer is that Mr. Shazeer was the "alter ego" of C.AI. ECF No. 203 at 2. In opposing Mr. Shazeer's

---

[3] *See also* Fed. R. Civ. P. 5.2(a)(1) (requiring redaction of last four digits of Social Security Numbers).

motion to dismiss, Plaintiffs ignored entirely substantial evidence in the discovery record supporting Mr. Shazeer's declaration explaining that, at all relevant times, C.AI observed required corporate formalities.  *Id.* at 3, 5.

### C. The Court Should Temporarily Seal the Nov. 3, 2021 Board Consent.

Ex. B to the Chaput Decl. is a November 3, 2021 written consent action by the board of directors of C.AI.  Mr. De Freitas has an interest in the confidentiality of the document so the Court should provisionally seal Ex. B until he has had an opportunity to file a memorandum supporting the seal.

### IV. CONCLUSION

The Court should grant Mr. Shazeer's Motion to Seal with respect to the information described above, and seal the unredacted versions of the documents indefinitely, except for Chaput Ex. B, which should be sealed provisionally until Mr. De Freitas has an opportunity to seek sealing of his own confidential information.

Respectfully submitted this 14th day of November, 2025.

/s/ *Isaac D. Chaput*

Paul W. Schmidt* (Lead Counsel)
COVINGTON & BURLING LLP
New York Times Building
620 Eighth Avenue,
New York, New York 10018-1405
Telephone: + 1 (212) 841-1171
Email:  pschmidt@cov.com

Isaac D. Chaput*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400

        San Francisco, California 94105-2533
        Telephone: + 1 (415) 591-7020
        Email:  ichaput@cov.com
        **Admitted Pro Hac Vice*

*Counsel for Defendant Noam Shazeer*

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that, on November 13, 2025, counsel for Noam Shazeer informed counsel for Plaintiffs via email that Mr. Shazeer would be seeking to seal information in the documents referenced by Mr. Shazeer's Motion to Seal, and in support of Mr. Shazeer's Reply Brief. Counsel for Plaintiffs opposed Mr. Shazeer's submission of additional evidence into the record but did not state a position on the sealing at issue in this motion.

/s/ Isaac D. Chaput

Paul W. Schmidt[*] (Lead Counsel)
COVINGTON & BURLING LLP
New York Times Building
620 Eighth Avenue,
New York, New York 10018-1405
Telephone: + 1 (212) 841-1171
Email:  pschmidt@cov.com

Isaac D. Chaput*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-7020
Email:  ichaput@cov.com
**Admitted Pro Hac Vice*

*Counsel for Defendant Noam Shazeer*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 14, 2025, a true and correct copy of the foregoing document was filed using the Court's CM/ECF, causing a copy to be served to all attorneys of record.

                                                /s/ *Isaac D. Chaput*
                                                Isaac D. Chaput