UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representatives of the Estate of S.R.S. III,<br><br>Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; and GOOGLE LLC,<br><br>Defendants. | Case No. 6:24-cv-01903-ACC-DCI<br><br>**UNOPPOSED JOINT MOTION TO STRIKE DOCUMENT NO. 213** |

Plaintiffs and Defendant Daniel De Freitas Adiwardana (the "Parties"), by and through undersigned counsel, move to strike Plaintiffs' Amended Response in Opposition to Mr. De Freitas' Motion to Dismiss Plaintiffs' Second Amended Complaint for Lack of Personal Jurisdiction (the "Amended Opposition"). (Doc. 213.) Because the Amended Opposition inadvertently reveals confidential information, the Parties respectfully request that the Court direct the Clerk of the Court to remove Document 213 from the docket and, if necessary, substitute with Document 226-1. No other party opposes the relief sought herein.

The Parties state as follows:

1. On September 8, 2025, Plaintiffs filed a Response in Opposition to Mr. De Freitas' Motion to Dismiss Plaintiffs' Second Amended Complaint for Lack of

Personal Jurisdiction (the "Original Opposition"). (Doc. 193.) Consistent with the Parties' confidentiality agreement, Plaintiffs applied redactions to the Original Opposition and simultaneously emailed an unredacted copy of the Response to the Court's chambers, copying all parties of record. Plaintiffs also moved to seal portions of the exhibits supporting the Original Opposition. (Doc. 195.) Mr. De Freitas filed his Response to Plaintiffs' Motion to Seal on September 22. (Doc. 205.)

2. On September 29, 2025, Plaintiffs and Character Technologies, Inc. filed an Unopposed Motion for Leave for Plaintiffs to File Amended Responses to Renewed Motions to Dismiss. (Doc. 211.) This Court granted the motion on October 2, 2025 (Doc. 212), and Plaintiffs filed the Amended Opposition on October 3, 2025 (Doc. 213).

3. On October 31, 2025, this Court ruled on Plaintiffs' Motion to Seal. (Doc. 221.) The Court found good cause to redact the portions of the exhibits containing Mr. De Freitas' sensitive financial and personally identifiable information. (*See, e.g.*, Doc. 221 at 6–8, 14–16.) The Court ordered Plaintiffs to re-file certain exhibits under seal, and to file other exhibits publicly. As to the redacted Amended Responses filed at Documents 213 and 214, the Court permitted Plaintiffs to "choose to file unredacted version of the Amended Responses on the public docket." (Doc. 221 at 18.)

4. Following the Court's order, the Parties conferred regarding the appropriate handling of the Amended Opposition. Filing an entirely unredacted version on the public docket would have disclosed information the Court expressly

ordered to be filed under seal. Because Plaintiffs had already provided chambers with a fully unredacted version of the Amended Opposition, the Parties agreed that the proper approach was to update the redactions to conform precisely to the Court's sealing order, limiting redactions to the specific information the Court found confidential.

5. In compliance with the Court's directives from Order Doc. 221, Plaintiffs filed a Notice of Filing documents under seal (Doc. 225) and a notice of filing documents on the public docket (Doc. 226). Included in Docket 226 are the newly redacted versions of Plaintiffs' Amended Oppositions (the "Revised Oppositions"). (Docs. 226-1, 226-2.)

6. In the process of reviewing Plaintiffs' Revised Opposition, Mr. De Freitas discovered that the version of the Amended Opposition available on the public docket at Documents 213 inadvertently disclosed sensitive information from exhibits that was (1) designated as highly confidential under the Parties' confidentiality agreement and (2) ordered by this Court to be filed under seal. (*See, e.g.*, Doc. 221 at 6–8, 14–16.) To reduce the possibility of bringing public attention to the sensitive information at issue, the Parties do not cite the precise portion of the document that contains inadvertent disclosures.

7. The Parties respectfully note that the Revised Opposition (Doc. 226-1) fully complies with this Court's sealing order and is now the operative filing on the public docket. For that reason, this Court may strike the earlier-filed Amended Opposition (Doc. 213) from the docket entirely, without a need to substitute or replace

the filing. Should the Court prefer a substitution, however, the Parties respectfully request that Document 213 be replaced with Document 226-1.

8. Accordingly, the Parties request that the Court grant this joint motion and direct the Clerk of the Court to remove Document 213 from the docket.

## INCORPORATED MEMORANDUM OF LAW

This Court "has supervisory power over its own records and files." *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & DeCamp, LLP*, 2022 WL 17541230, at *1 (M.D. Fla. Dec. 8, 2022) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). When parties file documents with improper redactions, courts will strike the records from the docket "based on the parties' representation that these items were mistakenly filed." *Perdomo v. TK Elevator Corp.*, 2022 WL 1289338, at *1 (M.D. Fla. Apr. 29, 2022). Here, the Parties agree that the current version of Document 213 was mistakenly filed, and its removal from the docket will not prejudice any party.

WHEREFORE, the Parties respectfully request that the Court grant this unopposed joint motion, order the Amended Opposition stricken in its entirety, and direct the Clerk of the Court to remove Document 213 from the docket and, if necessary, substitute with Document 226-1.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to M.D. Fla. Local Rule 3.01(g), on November 14 and November 24, 2025, counsel for Plaintiffs and counsel for Mr. De Freitas conferred over email to resolve the issues raised in this motion and certify that the parties have agreed to seek

the requested relief jointly. Plaintiffs and counsel for Mr. De Freitas have conferred with the other parties and no party opposes the relief requested herein.

Respectfully submitted this 3rd day of December, 2025.

| **NORMAND PLLC** | **QUINN EMANUEL URQUHART & SULLIVAN LLP** |
|---|---|
| /s/  *Amy L. Judkins* | /s/  *Andrew H. Schapiro* |
| Amy L. Judkins, Esq.<br>Florida Bar No.: 125046<br>Telephone: (407) 603-6031<br>3165 McCrory Place, Ste 175<br>Orlando, FL 3280<br>alj@normandpllc.com<br><br>*Attorney for Plaintiffs* | Olivia Barket Yeffet<br>Florida Bar No. 1026382<br>2601 S. Bayshore Drive, Suite 1550<br>Miami, Florida 33133-5417<br>Tel.: (305) 496-2988<br>Fax: (305) 901-2975<br>oliviayeffet@quinnemanuel.com<br><br>Andrew H. Schapiro (admitted *pro hac vice*)<br>191 N. Wacker Drive, Suite 2700<br>Chicago, Illinois 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br>andrewschapiro@quinnemanuel.com<br><br>Secondary:<br>michaelalvarez@quinnemanuel.com<br><br>*Attorney for Defendant Daniel De Freitas* |