UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S III,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; ALPHABET INC.,<br><br>    Defendants. | CASE NO.: 6:24-cv-01903-ACC-EJK<br><br><br>PLAINTIFF'S SHORT FORM MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO OCTOBER 24, 2024 ORDER ON DISCOVEYR MOTIONS |

The Court should order Google LLC to fully produce all documents responsive to Plaintiff's Requests for Production Nos. 4, 5, 6, 7, 8, 9, 10, 27, 30, and 42. Despite numerous conferrals, the parties remain at an impasse.

"[A] party seeking to resist discovery on [proportionality] ground[s] … bears the burden of making specific objection[s] and showing that discovery fails [the] proportionality calculation by coming forward with specific information." *Gamache v. Hogue*, 595 F. Supp. 3d 1344, 1356 (M.D. Ga. 2022); Fed. R. Civ. P. 26(b)(1). Request Nos. 4, 5, 6, and 7 seek documents and communications from specific current or former Google employees regarding LaMDA, all of whom were identified in the Complaint. *See* First Amended Complaint ("FAC") ¶¶ 57-58, n.23. Request Nos. 8, 9, and 10 seek internal studies, documents, and communications referring or relating to safety and/or ethical concerns of key AI features and

products.  Request No. 27 relates to Google's potential use of Character.AI LLM technology into Google's own products. *See* FAC ¶¶ 24, 25, 42, 50-97.  Request No. 30 seeks communications relating to Google's knowledge of the potential dangers of LaMDA.  *See* FAC ¶¶ 70-73.  And Request No. 42 seeks documents depicting communications with key employees at Character Technologies, Inc.  *See* FAC ¶ 60.

The amount in controversy and importance of the issues here are substantial.  Google has more than enough resources to search for and produce responsive documents, which are critical to the issues in this litigation.  Finally, Google has not provided any factual support for its boilerplate objections.

"In the Eleventh Circuit, objections to discovery must be 'plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable.'" *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011). "Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008).  A party objecting on these bases must explain "the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." *Id.*

Google failed to include "a specific explanation describing why the request[s] lack[] relevance, and why the information sought will not reasonably lead to admissible evidence." *Id.* at 401.  Google failed to establish that any documents in

fact contain proprietary, trade secret information, let alone that their disclosure would result in a "clearly defined and very serious injury." *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985).  Google failed to explain why common terms and phrases were vague or ambiguous.  *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022). And Google failed to provide a privilege log supporting its claims of attorney-client privilege and the work product doctrine.  *Guzman*, 249 F.R.D. at 401 ("If such an objection is made without a *proper* privilege log attached, it shall be deemed a nullity.").

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. Local Rule 3.01(g), on November 17, 2025, counsel for the Plaintiff conferred with counsel for Google LLC and counsel for Character Technologies, Inc. to resolve the issues raised in this motion.

## SHORT FORM DISCOVERY MOTION CERTIFICATION

Pursuant to this Court's Order on Discovery Motions [D.E. 4], counsel for the Plaintiff certifies this motion which was prepared using Georgia 13-point typeface, contains 500 words, excluding the parts of the document that are exempted by the Order.

DATED: December 4, 2025

*/s/ Matthew P. Bergman*

Matthew Bergman
matt@socialmediavictims.org
Laura Marquez-Garrett

laura@socialmediavictims.org
Glenn Draper
glenn@socialmediavictims.org
SOCIAL MEDIA VICTIMS LAW CENTER
(206) 741-4862
600 1st Avenue, Suite 102-PMB 2383
Seattle, WA 98104

Amy L. Judkins
Florida Bar No.: 125046
NORMAND PLLC
(407) 603-6031
3165 McCrory Place, Ste. 175
Orlando, FL 32803
amy.judkins@normandpllc.com

Christopher M. Hudon
NORMAND PLLC
(407) 603-6031
3165 McCrory Place, Ste. 175
Orlando, FL 32803
christopher.hudon@normandpllc.com

Meetali Jain
meetali@techjusticelaw.org
TECH JUSTICE LAW PROJECT
611 Pennsylvania Avenue Southeast #337

Washington, DC 20003

*Attorneys for Plaintiffs*

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA, individually and as the Personal Representative of the Estate of S.R.S III,<br><br>   Plaintiff,<br><br>  v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARSANA; GOOGLE LLC; ALPHABET INC.,<br><br>   Defendants. | CASE NO.: 6:24-cv-01903-ACC-EJK |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS GOOGLE LLC AND ALPHABET INC.

Plaintiff, Megan Garcia, by and through undersigned counsel of record, hereby serves upon You the following Requests for Production, pursuant to the provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS

A. "You," "Your," or "Defendant" shall mean and refer to Defendants, Google LLC and Alphabet Inc., hereinafter referred to simply as "Google," and shall include any respective assignees, successors in interests, representatives, attorneys, agents, experts, investigators, directors, executives, employees, independent contractors and/or any other entity or person which has ever acted, or purported to act, on behalf thereof in any of the matters covered by these Requests for Production of Documents.

1

B.     "Plaintiff" shall mean and refer to the Plaintiff, Megan Garcia, individually and as the personal representative of the Estate of S.R.S. III.

C.     "Document" or "Documents" shall mean any medium upon which information can be recorded or retrieved; and additionally shall synonymous in meaning and equal scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, the originals and each and every non-identical duplicate/copy, regardless of origin and location, which shall constitute separate Documents, any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, email, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in Your possession, custody, or control, or which was, but is no longer, in Your possession, custody, or control. Additionally, any attachments, exhibits, appendices, schedules, and enclosures to Documents are considered part of the same Document.

D.     "Thing" shall mean and refer to any tangible object other than a document and includes objects of every kind and nature, including but not limited to prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

E.    "Person" shall mean and refer to the parties, herein, and any and all individuals, present and former officers, directors, general partners, limited partners, agents, servants, employees, attorneys, representatives, experts, and consultants, however denominated. The word "person," as well as the pronoun "he" and the noun "individual," includes all humans, male or female, living or dead.

F.    "Entity": Any artificial body or organization possessing some or all of the legal attributes of a natural person, including, without limitation, corporations, incorporated and unincorporated associations, general partnerships, limited partnerships, societies, boards, committees, agencies, commissions, joint ventures, governments, governmental subdivisions, artificial persons, quasi-public bodies, and groups and all other forms of organization or association.

G.    "Complaint" shall mean and refer to the Complaint, including any amendments thereto, filed in this action.

H.    "Artificial intelligence" (AI) systems are as defined in 15 US Code §9401.

I.    "Large Language Model" (LLM) is an artificial intelligence system trained on large quantities of data in order to generate outputs, such as natural language text and other content.

J.    "Language Model for Dialogue Applications" (LaMDA), is a pioneering language model developed at Google that validated many of the modern technical methods used in LLM development; Meena was an earlier version of LaMDA.

3

## INSTRUCTIONS

A.      Responses to Requests for Production of Documents and Documents Produced Pursuant thereto. You are required to respond to each Request separately and fully in writing with a copy of Your responses being served on counsel for Plaintiff within the time set forth in Rule 34 of the Federal Rules of Civil Procedure. Further, You must Identify any Document responsive to any Request as being responsive to the specific Request at issue. If the same Document is responsive to more than one Request, Identify all requests to which it is responsive.

B.      Answers or Compliance. If any Requests for Production of Documents cannot be answered or complied with in full, it should be answered or complied with to the fullest extent possible and should include the specified reasons for the inability to answer or comply fully. If information concerning any Requests for Production of Documents, or Documents responsive to a Requests for Production of Documents, will become available in the future, please state when such information and Documents will be available. If any Requests for Production of Documents calls for any information or the production of any Document not in Your possession or subject to Your control, or ascertainable by You upon reasonable inquiry, then when known, Identify the custodian or possessor of such information or Document. If You refuse to answer any Requests for Production of Documents in whole or in part, describe the factual or legal basis for Your refusal

4

to answer, including any claim or privilege, in sufficient detail to permit the court to adjudicate the validity of Your refusal to answer.

C.      Relating To or Related To; Concern and Concerning.  The terms, "relating to," "related to," "concern" and "concerning" are used in their broadest sense, and mean: of, about, concerning, detailing, disclosing, reporting, listing, explaining, compiling, noting, summarizing, exposing, regarding, respecting, involving, touching, implicating, bearing upon, having to do with, associated with, connected with or to, apposite to, referring to, related to, relating to or pertaining in any way to.

D.      Claims of Privilege.  If a Requests for Production of Documents is denied on the ground of privilege, including work product, please include the following in your written response to this Requests for Production of Documents:

a.   A description of the Document (i.e., "a two-page letter");

b.   The date the Document was prepared;

c.   The name of the person who prepared the Document;

d.   A general description of the subject matter of the Document;

e.   The name and address of each person to whom the Document is directed or addressed;

f.   The name and address of each person shown on the Document as having received a copy;

g.   The name and address of each person known or believed to have seen the Document or any copy or summary thereof;

    h.  The purpose for which the Document was created or transmitted;

    i.  The degree of confidentiality with which the Document was treated when it was created, transmitted and thereafter;

    j.  The privilege You assert and any other facts You deem relevant to the privilege You assert.

E.    **Claims of Burdensomeness.** If at any time you refuse to answer a Requests for Production of Documents, or to produce Documents, on grounds that the Requests for Production of Documents is burdensome, you are requested to state the reason the Request is considered burdensome, including the number and nature of Documents which must be searched, the location of the Documents, and the estimated man-hour and other costs necessary for such a search. If the Request can be complied with in a more limited fashion which avoids the claim of burdensomeness, please so indicate and so answer the Request, produce the Documents and explain in detail why answering the Request and producing the Documents pursuant to the Request in its present form are burdensome.

F.    **And, Or.** Use of the conjunctive (and), also shall be taken in the disjunctive (or), and vice versa.

G.    **Any, All.** Use of the term "any" also shall mean "all" and vice versa.

H.    **Each, Every.** Use of the term "each" also shall mean "every" and vice versa.

I.    If any Document relevant to any response to any Requests for Production of Documents has been in your possession or subject to your custody

or control but is not at the present time or is known to you to have been in existence but is not at the present time, state what disposition was made of it or what became of it and when.

J.      You are required to furnish all Documents in Your possession and all Documents available to You; not only such Documents as You know of Your own personal knowledge, but also Documents that are available to You, Your attorney, Your employees, officers and agents, by reason of inquiry, including inquiry of their representatives.

K.      If You elect to produce business records in response to any Requests for Production of Documents, please produce the Documents as they are kept in the usual course of business or organize and label the Documents to correspond with the response to which they are produced.  You are also requested to admit the genuineness of each such Document.

L.      Electronically Stored Information and Native Format.  Native format means the files as created and maintained by the applications associated with them. Emails should be produced as .eml or .msg files, Word documents as .doc or .docx files, etc. For all Documents, produce a .txt file with the text extracted from the native files or created by Optical Character Recognition (OCR) of hard copies. Embedded Documents should also be produced separately. The methodology for calculating hash values on emails, if the hash values are not being calculated on the emails as separate .eml or .msg files, should also be specified. A Concordance load file for native files should include the following fields:

7

a.  Beginning Bates;

b.  Ending Bates

c.  Begin Attachment;

d.  End Attachment;

e.  Parent Bates;

f.  Attachment Bates;

g.  From;

h.  To;

i.  CC;

j.  BCC;

k.  Subject;

l.  Sent Date;

m. Sent Time;

n.  File Name;

o.  Document Title;

p.   Author;

q.   File Ext.;

r.  File Size;

s.   Create Date;

t.   Create Time;

u.  Date last Modified;

v.  Time Last Modified;

w.  File path for e-documents which are not email attachments;

x.  Custodian for all Documents;

y.  MD5 (or SHA1) hash value for all Documents;

z.   For emails and attachments, the custodian's file folder;

aa. For emails, any flags or other notations recorded by the native environment;

bb.    For emails, attachment count and attachment names;

cc. Path to extracted text;

dd.    Path to native file in production;

ee.  For emails, MSGID;

ff.  Application associated with the Document;

gg. Document type: e-Document, e-attachment, email or physical.

Additionally, for all native documents, we require a .txt file with the text extracted from the native files or created by OCR of hard copies. Embedded documents should also be produced separately. The methodology for calculating hash values on emails, if the hash values are not being calculated on the emails as separate .eml or .msg files, should also be specified.

J. Supplementation. These Requests for Production of Documents are intended to and shall be deemed to be continuing in nature, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, so as to require you to supplement any response, or Document production with respect to which you discover or acquire new, additional, or different information or Documents.

9

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1.      Produce all documents furnished in response to any subpoena or investigative request by the United State Department of Justice regarding the August 2024 transactions between Character Technologies, its founders (Noem Shazeer and Daniel De Freitas) and Google.

2.      Produce all communications discussing Shazeer and De Freitas's plans for launching Meena and/or LaMDA.

3.      Produce any and all correspondence discussing or relating to the release of Meena and/or LaMDA to public audiences, including any and all correspondence and documents concerning why Meena and/or LaMDA were not released ultimately.

4.      Produce all documents and communications either received by or created by former Google employee Blake Lemone that refer or relate to LaMDA.

5.      Produce documents and communications either received by  or created by former Google employee Margaret Mitchell that refer or relate to ethical or safety concerns regarding LaMDA.

6.      Produce documents and communications either received by or created by former Google employee Timnit Gebru that refer or relate to LaMDA.

7.      Produce documents and communications either received by or created by Google employee El Mahdi El Mhamdi that refer or relate to LaMDA.

10

8.     Produce all internal studies, documents and communications that refer or relate to safety and/or ethical concerns around designing AI to be anthropomorphic.

9.     Produce internal studies, documents and communications that refer or relate to safety and/or ethical concerns around designing AI to generate or to mitigate the generation of sexualized outputs.

10.    Produce internal studies, documents and communications that refer or relate to safety and/or ethical concerns around designing AI to be sycophantic.

11.    Produce all communications discussing or relating to the reasons why Meena and/or LaMDA were not released, including documents and communications that refer or relate to Google's decision not to integrate LaMDA into Google Assistant.

12.    Produce all communications between Google, Shazeer, DeFreitas and their respective representatives prior to December 2021 that refer or relate to Shazeer's and DeFreitas' plans to leave Google, the reasons for their departure from Google, the timing and terms of their departure, their planned professional activities post-departure and their potential return to Google in the future.

13.    Produce all agreements, contracts or memoranda of understanding setting forth the respective financial terms, legal rights and obligations of Google, Shazeer and/or  DeFreitas following their 2021 departure from Google including but not limited to their right to the use and application of any technologies Shazeer and/or  DeFreitas worked on or developed while employed by Google.

11

14.    Produce all agreements, contracts or memoranda of understanding between Google and Character Technologies executed between October 2021 and August 2024 that set forth any respective financial terms, legal rights and obligations regarding the use and application of Google technologies, products, features or services by Character Technologies.

15.    Produce all agreements, contracts or memoranda of understanding setting forth any financial terms, respective legal rights and obligations of Google, Shazeer and/or DeFreitas following their 2024 return to Google including but not limited to their job descriptions and right to the use and application of any technologies they worked on or developed while at Character Technologies.

16.    Produce all agreements, contracts or memoranda of understanding setting forth any financial terms, respective legal rights and obligations of former Character Technologies employees hired by Google after July 2024 including but not limited to their job descriptions and right to the use and application of any technologies they worked on or developed while at Character Technologies.

17.    Produce all communications and notes of meetings between Google, Shazeer and/or DeFreitas between December 2021 and August 2024 that refer or relate to Character AI.

18.    Produce all documents regarding or referencing Google' potential, current and future use Character.AI's technology.

19.    Produce documents addressing or discussing the use or license of any of Google proprietary generative AI technology and large language models by Character.AI or its Founders.

20.    Produce all documents and agreements between Google and Character.AI to license, syndicate or otherwise share Character.AI products, technology, user data and training data.

21.    Produce all documents related to past, current, and future use of Character.AI's proprietary technology, including but not limited to AI chatbots, LLMs, User Data, training data, and generative artificial intelligence products, including plans related to the introduction, creation, distribution, monetization, and release of generative artificial intelligence agents.

22.    Produce all communications between Google's then-General Counsel, Kent Walker and Google's Advanced Technology Review Council in 2022 and 2023.

23.    Produce all documents between 2021 and the present regarding internal or external assessments of the user experience on Character.AI including but not limited to potential health and safety concerns arising from addiction, anthropomorphization, sexualization and the use of Character A.I by minors.

24.    Produce all documents between 2021 and 2023 regarding internal or external assessments of the user experience on Character.AI, including early-stage user interviews during the product exploration phase, user testing results through beta testing, A/B testing, and any other MVP (minimum viable product)-related

13

testing, and any and all user interface designs considered by the product team(s) throughout the product lifecycle.

25.     Produce all documents that refer or relate to Plaintiff Megan Garcia and/or her son, Sewell Setzer, III.

26.     Produce all documents analyzing, addressing or discussing the integration of Character.AI's generative artificial intelligence products (e.g., LLM) into Google's technology, including documents discussing how the integration of generative artificial intelligence impacts user behavior.

27.     Produce all documents analyzing, addressing, or discussing the integration of Character.AI's generative artificial intelligence products (e.g., LLM) into Google products, including documents discussing how the integration of generative artificial intelligence may impact user behavior across Google Search, Google Workplace, and any and all other Google product lines of business.

28.     Produce all documents related to past, current, and future product development efforts related to AI chatbots and generative artificial intelligence products including plans related to the introduction, creation, distribution, monetization, and release of generative artificial intelligence agents.

29.     Produce communications exchanged between Google, Character Technologies, Shazeer, DeFreitas and their respective representatives during the negotiation, formation and execution of the August 2024 transactions including but not limited to all Character Technologies' valuations, draft and final term sheets, draft agreements, due diligence and indemnification.

30.    Produce all communications between Google personnel during the negotiation, formation and execution of  the August 2024 transactions that refer or relate to Character Technologies' potential liabilities and any health and safety concerns arising from the use of Character.AI.

31.    Produce documents demonstrating the engagement and interaction between Google and Character.AI as it concerns business operations and strategic decision-making, including, but not limited to, decisions around the initiation, launch, road-mapping, development, and discontinuation of products and services; decisions around the pricing of products and services; decisions around the granting of access to products and services; and decisions around personnel, including the hiring and allocation of staff.  testing, promoting, internal and external presentations, and discontinuation of products and services; decisions around the pricing of products and services; decisions around entering into partnerships for access to products and services; and decisions around personnel, including the hiring and allocation of staff).

32.    Produce documents any governance or oversight rights or options, including Board seats that any executive, board member, stockholder or employee of Google has in past or present or may exercise with respect to Character.AI.

33.    Produce all analyses, reports, studies, and surveys prepared for the purpose of evaluating or analyzing licensing transactions concerning its impact or potential impact on product safety; on competition; on other market participants; on Google's market position across lines of business.

15

34.    Produce all analyses, reports, studies, and surveys prepared for the purpose of evaluating or analyzing Google's plans with regards to investment, expansion, retrenchment, or allocation of resources across markets and lines of business with respect to Character.AI, including analyses, reports, studies, and surveys by Google or Character.AI or prepared by a third party on Google or Character.AI's behalf.

35.    Produce all documents or communications related to any agreement or expectation of exclusivity or non-exclusivity between Google and Character.AI across any line of business.

36.    Produce all documents related to any restrictions or conditions placed on Google's ability to set terms, or grant access to Character Technologies' products or services, or to make any other decision regarding business operations or strategy.

37.    Produce all documents prepared related to the Character.AI or its Founders' use of Google's cloud computing or generative AI products or services including, but not limited to, cloud computing infrastructure, microchips, training data, models, and products or services that incorporate generative AI.

38.    Produce all documents, studies, and research articles conducted by Google or a third party related Google's  AI chatbots, Large Language Models, generative AI products, AI voice products and other AI technology in the areas including but not limited to design choice, , user safety, user coercion, user persuasion, user exploitation, user abuse, use harm, user deception, user

16

manipulation, anthropomorphism, personalization, user trust and rapport;
including all underlying user experimentation data.

39.    Produce all documents or analysis about the expected lifetime value
per user of the CAI product, particularly any that discusses the LTV of teen users.

40.    Produce all documents and/or communications between Google and
Noam Shazeer identifying Shazeer's terms of separation from Google, including
equity shares and non-disclosure agreements.

41.    Produce all documents and/or communications between Google and
Daniel DeFreitas identifying DeFreitas' terms of separation from Google, including
equity shares and non-disclosure agreements.

42.    Produce all documents and/or communications between Sundar
Pichai, Larry Page, and Sergey Brin and Character.AI

43.    Produce all documents and communications related to access of
Character.AI chat data for any purpose, including for potential monetization.

44.    Produce all agreements, contracts or memoranda of understanding
between Google and Character.AI related to the use of Google products for
monetization.

45.    Produce all documents, reports, and agreements related to data
analysis, data storage, reports, studies, and surveys between Google cloud services
and Character.AI.

46.    Produce all documents, reports, analysis, and agreements related to
Google's investment into Character.Technologies prior to 2024.

47.    Produce all documents, applications and agreement for patent and intellectual property held by Google or Alphabet listing Noam Shazeer, Daniel de Frietas or former or current Character.AI employees as inventors or co-inventors filed or prepared between 2021 and December 2024.

48.    Produce all Google email addresses and internal messaging system usernames for Noam Shazeer, Daniel de Frietas, and current Character.AI employees.

49.    Produce all storage data, analytics, data management report, cache systems reports, and other documents related to Sewell Setzer's data.

Respectfully submitted,

Dated: June 6, 2025            */s/ Amy Judkins*            

Amy Judkins, Esq.
Florida Bar No. 125046
**NORMAND PLLC**
3165 McCrory Place, Suite 175
Orlando, Florida 32803
(407) 603-6031
alj@normandpllc.com
ean@normandpllc.com

Matthew P Bergman
**Social Media Victims Law Center PLLC**
600 1st Avenue, Suite 102-Pmb 2383
Seattle, WA 98104
206-741-4862
Matt@socialmediavictims.Org

Glenn Draper
**Social Media Victims Law Center**
600 1st Avenue Suite 102-Pmb 2383
Seattle, WA 98104
206-786-3262

Glenn@socialmediavictims.Org

Laura Marquez-Garrett
**Social Media Victims Law Center**
600 1st Avenue Suite 102-Pmb 2383
Seattle, WA 98104
206-826-2362
Laura@socialmediavictims.Org

Meetali Jain
**Tech Justice Law Project**
380 Overhill Bend
Alpharetta, GA 30005
510-570-4116
Meetali@techjusticelaw.Org

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, a true and correct copy of the foregoing

has been served via electronic mail upon:

**Lauren Gallo White**
Wilson Sonsini Goodrich & Rosati, P.C.
1 Market Plaza., Spear Tower, Suite 3300
San Francisco, CA 94105-1126
415-947-2000
lwhite@wsgr.com

**Fred A. Rowley , Jr.**
Wilson Sonsini Goodrich & Rosati
953 East Third Street, Suite 100
Los Angeles, CA 90012
323-210-2900
fred.rowley@wsgr.com

**Jay Brian Shapiro**
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. Litigation
150 West Flagler Street, Suite 2200
Miami, FL 33130

305-789-3229
jshapiro@stearnsweaver.com

**Matthew K. Donohue**
Wilson, Sonsini, Goodrich & Rosati, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
323-210-2939
mdonohue@wsgr.com

***Attorneys for Defendant, Google LLC***

*/s/ Amy Judkins*

Amy Judkins, Esq.

20

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representatives of the Estate of S.R.S. III,<br><br>     Plaintiff,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; GOOGLE LLC,<br><br>     Defendants. | Case No. 6:24-cv-01903-ACC-DCI<br><br>**DEFENDANT GOOGLE LLC AND NON-PARTY ALPHABET INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF MEGAN GARCIA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-49)** |

1

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the United States District Court for the Middle District of Florida (the "Local Rules"), Defendant Google LLC ("Google") and Non-Party Alphabet Inc ("Alphabet") hereby object and respond to Plaintiff's First Set of Requests for Production of Documents to Defendants Google LLC and Alphabet Inc ("Requests"), served on June, 6, 2025, as follows:

## PRELIMINARY STATEMENT

These responses reflect the current state of Google's knowledge and information gained through its reasonable investigation in this action regarding the documents and information Plaintiff has requested.  Google's investigation and discovery in this action are continuing, and Google is continuing to evaluate what information or documents may exist, and what burden may be associated with identifying and producing information or documents, to the extent they do exist. Google may learn of additional documents and information pertaining to the Requests, and expressly reserves the right to revise or supplement its responses to the Requests.

A response to a Request shall not be deemed a waiver of any applicable objection, including privilege, immunity, or protection, or an admission of relevancy. Google makes any response on the condition that the inadvertent production and/or disclosure of privileged or otherwise protected information does not waive Google's rights to protect such information, all of which are expressly reserved, and that

2

Google may withdraw any such information inadvertently produced and/or disclosed as soon as identified. Google reserves the right to challenge the authenticity, admissibility, or use of any document produced, or information provided, in response to the Requests including without limitation in any hearing, proceeding, trial, or otherwise.

Any failure of Google to make a specific objection to any specific Request is not an admission that documents or information responsive to that Request exist. Likewise, any statement in this response that Google will produce documents or information in response to a specific Request does not mean that Google in fact has any such documents, that any such documents exist. Likewise, no response by Google shall be construed as an agreement or admission to any factual premise contained in any Request.

In light of the breadth of the Requests and the ongoing nature of investigation and discovery, Google will produce non-privileged, non-protected documents to the extent they exist and log privileged or work-product documents, if any, and as described herein (1) subject to any and all objections noted below; (2) on a rolling basis; (3) once the parties enter into, and consistent with, a protective order; and (4) that can be located after a search that is reasonable and proportionate to the needs of this case, in a manner that does not subject Google to an undue burden.

## <u>OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>

1.      Google and Alphabet object to the Instructions, Definitions, and
Requests in their entirety to the extent they are directed at Alphabet, which is not a
party to this action.  Any documents produced under these Responses will be
produced by Google.

2.      Google and Alphabet object to the definition of the terms "You,"
"Your," and "Defendant" to the extent they include Alphabet, a non-party.  Google
further objects to the definition of these terms on the grounds that the definition is
overbroad, vague and ambiguous, and unduly burdensome to the extent that it seeks
discovery from entities other than Google or Alphabet.  Google further objects to the
definition on the grounds that it includes "attorneys" and thus seeks information that
is protected by any privilege, including the attorney-client privilege, work product
immunity doctrine, common interest privilege, or any other applicable privilege,
immunity, or restriction on discovery.  For purposes of responding to the Requests,
Google interprets the terms "You," "Your" and "Defendant" to mean Google and
those authorized agents and employees acting on its behalf and within the scope of
their agency or employment.

3.      Google objects to the definition of "Document" and "Documents" to
the extent it exceeds the scope contemplated by Federal Rule of Civil Procedure
34(a).  Google will construe those terms consistent with the Federal Rules of Civil
Procedure.

4.      Google objects to the definition of "'Language Model for Dialogue Applications' (LaMDA)" as vague and ambiguous to the extent it contains arguments and assumptions about a technology developed at Google.  For purposes of these responses, Google interprets "LaMDA" and "Meena" in the manner those terms are ordinarily used within Google.

5.      Google objects to the Instructions and Definitions to the extent that Plaintiff has failed to specify a relevant time period for the Requests.  Google interprets the Relevant Time Period for the Requests as being from August 1, 2021—several months before the formation of Character Technologies, Inc. ("CTI")—through February 28, 2024—the date of Sewell Setzer III's death.  Documents from outside the Relevant Time Period are not relevant to Plaintiff's claims, and the collection, review, and production of such documents would impose an undue burden on Google.  Except where stated otherwise, Google will only search for and produce documents from the Relevant Time Period.

6.      Google objects to the Instructions in their totality to the extent they purport to impose obligations beyond those contained in the Federal Rules of Civil Procedure, the Local Rules, and any orders of the Court.  Nothing in these Responses—including the enumeration of objections to certain of the Instructions—shall be construed as Google's agreement to such additional obligations.

7.      Google objects to the Instructions, including Instructions A, K, and L, to the extent they seek production of documents in a manner other than "as they are

kept in the usual course of business," as provided by Federal Rule of Civil Procedure
34(b).  Google is not obligated to identify "any Document responsive to any Request
as being responsive to the specific Request at issue" or to "organize and label the
Documents" based on Plaintiff's requests, and Google will not do so.  Nor is Google
required to "admit the genuineness of each … [d]ocument" produced, and no
production made hereunder shall be construed as such an admission.

8.      Google objects to Instruction D to the extent it seeks to require Google
to provide additional information to substantiate its claims of privilege beyond those
imposed by the Federal Rules of Civil Procedure, the Local Rules, and any orders of
the Court.  Google will produce a privilege log in accordance with Local Rules and
the guidance of the Middle District of Florida's Civil Discovery Handbook.

9.      Google objects to Instruction E to the extent it seeks to require Google
to provide burdensome and improper discovery on discovery, including providing
information on "the number and nature of Documents which must be searched, the
location of the Documents, and the estimated man-hour and other costs necessary
for such a search."

10.     Google objects to Instruction J to the extent it seeks to require Google
to search for and produce documents that are not within its possession, custody, or
control.

11.     Google objects to Instruction L to the extent it seeks to require Google
to produce all documents in native format, or to provide certain metadata for

documents that are not maintained in the ordinary course of business or readily
available.  In accordance with the Local Rules and the Middle District of Florida's
Civil Discovery Handbook, Google is willing to meet and confer with Plaintiff
regarding the format of ESI productions.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## DOCUMENT REQUEST NO. 1:

Produce all documents furnished in response to any subpoena or investigative
request by the United State Department of Justice regarding the August 2024
transactions between Character Technologies, its founders (Noam Shazeer and
Daniel De Freitas) and Google.

## RESPONSES TO DOCUMENT REQUEST NO. 1:

Google objects to this Request to the extent it instructs Google to produce
"all" responsive documents, which is unduly burdensome, not proportional to the
needs of this case, and not required under the Federal Rules.  Google objects to this
Request to the extent it seeks information protected from disclosure by the attorney-
client privilege, work-product doctrine, and/or any other applicable privilege or
protection and will withhold or redact as appropriate such information to the extent
it exists.

Subject to and without waiving these objections, Google will produce, upon
entry of a protective order that covers information responsive to this request,
responsive documents, if any, previously produced to the Department of Justice

regarding the August 2024 License and Release transaction between Google and

CTI.

**DOCUMENT REQUEST NO. 2:**

Produce all communications discussing Shazeer and De Freitas's plans for

launching Meena and/or LaMDA.

**RESPONSES TO DOCUMENT REQUEST NO. 2:**

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.  Google further objects

to this Request as overly broad, unduly burdensome, and not proportional to the

needs of this case because, as written, the request is not tailored in any meaningful

way to Plaintiff's allegations about CTI's technology, or to Plaintiff's allegations

regarding Google's alleged role in causing her harm.  Google further objects to this

Request as vague and ambiguous in its use of the terms "plans" and "launching,"

terms which are susceptible to multiple reasonable definitions and not defined in the

Requests.  Google further objects to this Request because it seeks information that is

not relevant to the claims or defenses of any party because information about

Shazeer and De Freitas's plans for launching Meena and LaMDA are not relevant

to the alleged harm.

Google objects to the extent that this Request calls for the production of

proprietary, confidential, or trade secret information that is subject to the entry of a

Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents sufficient to show why Google did not publicly release an AI service incorporating Meena and LaMDA during the six months preceding Shazeer's and De Freitas's departures from Google.

**DOCUMENT REQUEST NO. 3:**

Produce any and all correspondence discussing or relating to the release of Meena and/or LaMDA to public audiences, including any and all correspondence and documents concerning why Meena and/or LaMDA were not released ultimately.

**RESPONSES TO DOCUMENT REQUEST NO. 3:**

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Request for Production No. 2.

Google objects to this Request to the extent it instructs Google to produce
"all" responsive documents, which is unduly burdensome, not proportional to the
needs of this case, and not required under the Federal Rules.  Google further objects
to this Request as overly broad, unduly burdensome, and not proportional to the
needs of this case because, as written, the request is not tailored to Plaintiff's
allegations and the way in which Meena and/or LaMDA allegedly contributes to
the alleged harm.  Google further objects to this Request because it seeks
information that is not relevant to the claims or defenses of any party because, as
written, the request is not tailored in any meaningful way to Plaintiff's allegations
about CTI's technology, or to Plaintiff's allegations regarding Google's alleged role
in causing her harm.

Google objects to the extent that this Request calls for the production of
proprietary, confidential, or trade secret information that is subject to the entry of a
Protective Order and has little or no connection to the parties' claims and defenses
in this action, imposing a further burden on Google that is disproportionate to the
needs of this case.  Google objects to this Request as unduly burdensome and not
proportional to the needs of the case because the Request is not reasonably limited
as to time, including to the extent it calls for the production of materials created
after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon
entry of a protective order which covers information responsive to this Request,

10

documents sufficient to show why Google did not publicly release an AI service

incorporating Meena and LaMDA during the six months preceding Shazeer's and

De Freitas's departures from Google.

## DOCUMENT REQUEST NO. 4:

Produce all documents and communications either received by or created by

former Google employee Blake Lemone that refer or relate to LaMDA.

## RESPONSES TO DOCUMENT REQUEST NO. 4:

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.  Google objects to this

Request as overly broad, unduly burdensome, and not proportional to the needs of

this case because, as written, the request is not tailored in any meaningful way to

Plaintiff's allegations about CTI's technology, or to Plaintiff's allegations regarding

Google's alleged role in causing her harm.  The burden on Google of searching for,

reviewing, and producing documents merely because they were created or received

by Lemone vastly outweighs any possible relevance.

Google objects to the extent that this Request calls for the production of

proprietary, confidential, or trade secret information that is subject to the entry of a

Protective Order and has little or no connection to the parties' claims and defenses

in this action, imposing a further burden on Google that is disproportionate to the

needs of this case

Google objects to this Request as unduly burdensome and not proportional to

the needs of the case because the Request is not reasonably limited as to time.

Because of these objections, Google will not produce documents in response

to Request No. 4, which may cause otherwise responsive documents to be withheld

from production.  However, Google will not withhold documents responsive to

other Requests, which Google would otherwise produce, merely because they are

within the scope of this Request.

## DOCUMENT REQUEST NO. 5:

Produce documents and communications either received by or created by

former Google employee Margaret Mitchell that refer or relate to ethical or safety

concerns regarding LaMDA.

## RESPONSES TO DOCUMENT REQUEST NO. 5:

Google objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of this case because, as written, the request is not tailored

in any meaningful way to Plaintiff's allegations about CTI's technology, or to

Plaintiff's allegations regarding Google's alleged role in causing her harm.  The

burden on Google of searching for, reviewing, and producing documents merely

because they were created or received by Mitchell vastly outweighs any possible

relevance.

Google objects to the extent that this Request calls for the production of

proprietary, confidential, or trade secret information that is subject to the entry of a

12

Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case. Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time.

Because of these objections, Google will not produce documents in response to Request No. 5, which may cause otherwise responsive documents to be withheld from production. However, Google will not withhold documents responsive to other Requests, which Google would otherwise produce, merely because they are within the scope of this Request.

## DOCUMENT REQUEST NO. 6:

Produce documents and communications either received by or created by former Google employee Timnit Gebru that refer or relate to LaMDA.

## RESPONSES TO DOCUMENT REQUEST NO. 6:

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored in any meaningful way to Plaintiff's allegations about CTI's technology, or to Plaintiff's allegations regarding Google's alleged role in causing her harm. The burden on Google of searching for, reviewing, and producing documents merely because they were created or received by Gebru vastly outweighs any possible relevance.

13

Google objects to the extent that this Request calls for the production of

proprietary, confidential, or trade secret information that is subject to the entry of a

Protective Order and has little or no connection to the parties' claims and defenses

in this action, imposing a further burden on Google that is disproportionate to the

needs of this case. Google objects to this Request as unduly burdensome and not

proportional to the needs of the case because the Request is not reasonably limited

as to time.

Because of these objections, Google will not produce documents in response

to Request No. 6, which may cause otherwise responsive documents to be withheld

from production. However, Google will not withhold documents responsive to

other Requests, which Google would otherwise produce, merely because they are

within the scope of this Request.

**DOCUMENT REQUEST NO. 7:**

Produce documents and communications either received by or created by

Google employee El Mahdi El Mhamdi that refer or relate to LaMDA.

**RESPONSES TO DOCUMENT REQUEST NO. 7:**

Google objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of this case because, as written, the request is not tailored

in any meaningful way to Plaintiff's allegations about CTI's technology, or to

Plaintiff's allegations regarding Google's alleged role in causing her harm. The

burden on Google of searching for, reviewing, and producing documents merely

14

because they were created or received by El Mhamdi vastly outweighs any possible
relevance.

Google objects to the extent that this Request calls for the production of
proprietary, confidential, or trade secret information that is subject to the entry of a
Protective Order and has little or no connection to the parties' claims and defenses
in this action, imposing a further burden on Google that is disproportionate to the
needs of this case. Google objects to this Request as unduly burdensome and not
proportional to the needs of the case because the Request is not reasonably limited
as to time, including to the extent it calls for the production of materials created
after Plaintiff's harm had already occurred.

Because of these objections, Google will not produce documents in response
to Request No. 7, which may cause otherwise responsive documents to be withheld
from production. However, Google will not withhold documents responsive to
other Requests, which Google would otherwise produce, merely because they are
within the scope of this Request.

**DOCUMENT REQUEST NO. 8:**

Produce all internal studies, documents and communications that refer or
relate to safety and/or ethical concerns around designing AI to be
anthropomorphic.

**RESPONSES TO DOCUMENT REQUEST NO. 8:**

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules. Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored in any meaningful way to Plaintiff's allegations about CTI's technology, or to Plaintiff's allegations regarding Google's alleged role in causing her harm. Documents discussing concerns about AI generally have little to no connection to Plaintiff's allegations regarding her son's use of CTI's service and injuries, and the burden on Google of searching for, reviewing, and producing such documents vastly outweighs any possible relevance.

Google objects to this Request as vague and ambiguous in its use of the terms "safety and/or ethical concerns," "designing," and "anthropomorphic," terms which are susceptible to multiple reasonable definitions and not defined in the Requests.

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Google objects to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no

connection to the parties' claims and defenses in this action, imposing a further

burden on Google that is disproportionate to the needs of this case

Google objects to this Request as unduly burdensome and not proportional to

the needs of the case because the Request is not limited as to time, including to the

extent it calls for the production of materials created after Plaintiff's harm had

already occurred.

Because of these objections, Google will not produce documents in response

to Request No. 8, which may cause otherwise responsive documents to be withheld

from production. However, Google will not withhold documents responsive to

other Requests, which Google would otherwise produce, merely because they are

within the scope of this Request.

## DOCUMENT REQUEST NO. 9:

Produce internal studies, documents and communications that refer or relate

to safety and/or ethical concerns around designing AI to generate or to mitigate the

generation of sexualized outputs.

## RESPONSES TO DOCUMENT REQUEST NO. 9:

Google objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of this case because, as written, the request concerns AI

generally and is not tailored in any meaningful way to Plaintiff's allegations about

CTI's technology, or to Plaintiff's allegations regarding Google's alleged role in

causing her harm. Documents discussing concerns about AI generally have little to

no connection to Plaintiff's allegations regarding her son's use of CTI's service and injuries, and the burden on Google of searching for, reviewing, and producing such documents vastly outweighs any possible relevance.

Google objects to this Request as vague and ambiguous in its use of the terms "safety and/or ethical concerns," "designing," and "sexualized outputs," terms which are susceptible to multiple reasonable definitions and not defined in the Requests.

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Google objects to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Because of these objections, Google will not produce documents in response to Request No. 9, which may cause otherwise responsive documents to be withheld

18

from production.  However, Google will not withhold documents responsive to other Requests, which Google would otherwise produce, merely because they are within the scope of this Request.

## DOCUMENT REQUEST NO. 10:

Produce internal studies, documents and communications that refer or relate to safety and/or ethical concerns around designing AI to be sycophantic.

## RESPONSES TO DOCUMENT REQUEST NO. 10:

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored in any meaningful way to Plaintiff's allegations about CTI's technology, or to Plaintiff's allegations regarding Google's alleged role in causing her harm. Documents discussing concerns about AI generally have little to no connection to Plaintiff's allegations regarding her son's use of CTI's service and injuries, and the burden on Google of searching for, reviewing, and producing such documents vastly outweighs any possible relevance.

Google objects to this Request as vague and ambiguous in its use of the terms "safety and/or ethical concerns," "designing," and "sycophantic," terms which are susceptible to multiple reasonable definitions and not defined in the Requests. Google objects to this Request because it seeks information that is not relevant to the claims or defenses of any party because general concerns regarding artificial intelligence are not relevant to the alleged harm.

19

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Google objects to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Because of these objections, Google will not produce documents in response to Request No. 10, which may cause otherwise responsive documents to be withheld from production. However, Google will not withhold documents responsive to other Requests, which Google would otherwise produce, merely because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 11:**

Produce all communications discussing or relating to the reasons why Meena and/or LaMDA were not released, including documents and communications that refer or relate to Google's decision not to integrate LaMDA into Google Assistant.

**RESPONSES TO DOCUMENT REQUEST NO. 11:**

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Requests for Production No. 2 and 3.

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules. Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored in any meaningful way to Plaintiff's allegations about CTI's technology, or to Plaintiff's allegations regarding Google's alleged role in causing her harm. Google objects to this Request as vague and ambiguous in its use of the term "integrate," which is susceptible to multiple reasonable definitions and not defined in the Requests.

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Google objects to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case.

21

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents sufficient to show why Google did not publicly release an AI service incorporating Meena and LaMDA during the six months preceding Shazeer's and De Freitas's departures from Google.

## DOCUMENT REQUEST NO. 12:

Produce all communications between Google, Shazeer, DeFreitas and their respective representatives prior to December 2021 that refer or relate to Shazeer's and DeFreitas' plans to leave Google, the reasons for their departure from Google, the timing and terms of their departure, their planned professional activities post-departure and their potential return to Google in the future.

## RESPONSES TO DOCUMENT REQUEST NO. 12:

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.  Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request seeks information about Shazeer and De

Freitas's departure from Google without regard to the relevance of that information

to Plaintiff's claims.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.  Google objects to this Request as unduly

burdensome and not proportional to the needs of the case because the Request is not

reasonably limited as to time.

Subject to and without waiving these objections, Google will produce, upon

entry of a protective order which covers information responsive to this Request,

communications between Shazeer, De Freitas, or their respective representatives, on

the one hand, and Google, on the other, between August and December 2021, that

relate to their departure from Google, and that can be located after a reasonable

search that is proportionate to the needs of this case, in a manner that does not

subject Google to an undue burden.

**<u>DOCUMENT REQUEST NO. 13:</u>**

Produce all agreements, contracts or memoranda of understanding setting

forth the respective financial terms, legal rights and obligations of Google, Shazeer

and/or DeFreitas following their 2021 departure from Google including but not

limited to their right to the use and application of any technologies Shazeer and/or

DeFreitas worked on or developed while employed by Google.

**RESPONSES TO DOCUMENT REQUEST NO. 13:**

Google objects to this Request to the extent it instructs Google to produce
"all" responsive documents, which is unduly burdensome, not proportional to the
needs of this case, and not required under the Federal Rules.  Google objects to this
Request as vague and ambiguous in its use of the terms "use" and "application,"
terms which are susceptible to multiple reasonable definitions and not defined in the
Requests.

Google objects to this Request to the extent it seeks information protected
from disclosure by the attorney-client privilege, work-product doctrine, and/or any
other applicable privilege or protection and will withhold or redact as appropriate
such information to the extent it exists.  Google objects to the extent that this
Request calls for the production of proprietary, confidential, or trade secret
information that is subject to the entry of a Protective Order and has little or no
connection to the parties' claims and defenses in this action, imposing a further
burden on Google that is disproportionate to the needs of this case.

Subject to and without waiving these objections, Google will produce, upon
entry of a protective order which covers information responsive to this Request,
documents that constitute agreements or contracts defining the legal rights and
obligations between Google, on the one hand, and Shazeer or De Freitas, on the
other, during the time period between August and December 2021, and that can be

24

located after a reasonable search that is proportionate to the needs of this case, in a

manner that does not subject Google to an undue burden.

## DOCUMENT REQUEST NO. 14:

Produce all agreements, contracts or memoranda of understanding between

Google and Character Technologies executed between October 2021 and August

2024 that set forth any respective financial terms, legal rights and obligations

regarding the use and application of Google technologies, products, features or

services by Character Technologies.

## RESPONSES TO DOCUMENT REQUEST NO. 14:

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.  Google objects to this

Request as vague and ambiguous in its use of the terms  "use" and "application,"

terms which are susceptible to multiple reasonable definitions and not defined in the

Requests.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.  Google objects to the extent that this

Request calls for the production of proprietary, confidential, or trade secret

information that is subject to the entry of a Protective Order and has little or no

connection to the parties' claims and defenses in this action, imposing a further

burden on Google that is disproportionate to the needs of this case

Google objects to this Request as overly broad and unduly burdensome to the

extent it calls for the production of materials created after Plaintiff's harm had

already occurred.

Subject to and without waiving these objections, Google will produce, upon

entry of a protective order which covers information responsive to this Request,

documents that constitute agreements or contracts defining the legal rights and

obligations between Google, on the one hand, and CTI, on the other, during the

time period between October 2021 and February 2024, and that can be located after

a reasonable search that is proportionate to the needs of this case, in a manner that

does not subject Google to an undue burden.

**DOCUMENT REQUEST NO. 15:**

Produce all agreements, contracts or memoranda of understanding setting

forth any financial terms, respective legal rights and obligations of Google, Shazeer

and/or DeFreitas following their 2024 return to Google including but not limited to

their job descriptions and right to the use and application of any technologies they

worked on or developed while at Character Technologies.

**RESPONSES TO DOCUMENT REQUEST NO. 15:**

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.  Google objects to this

Request as vague and ambiguous in its use of the terms "use" and "application,"

terms which are susceptible to multiple reasonable definitions and not defined in the

Requests.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.

Google objects to this Request as overly broad and unduly burdensome

because it calls for the production of materials created entirely after Plaintiff's harm

had occurred, given that the License and Release transaction did not occur until

August 2024.  Google will not produce documents from beyond the Relevant Time

Period.

Because of these objections, Google will not produce documents in response

to Request No. 15, which may cause otherwise responsive documents to be

withheld from production.  However, Google will not withhold documents

responsive to other Requests, which Google would otherwise produce, merely

because they are within the scope of this Request.

## DOCUMENT REQUEST NO. 16:

Produce all agreements, contracts or memoranda of understanding setting

forth any financial terms, respective legal rights and obligations of former Character

Technologies employees hired by Google after July 2024 including but not limited

to their job descriptions and right to the use and application of any technologies they

worked on or developed while at Character Technologies.

**RESPONSES TO DOCUMENT REQUEST NO. 16:**

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.  Google objects to this

Request as vague and ambiguous in its use of the terms "use" and "application,"

terms which are susceptible to multiple reasonable definitions and not defined in the

Requests.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.  Google objects to this Request to the extent

that it seeks materials relating to third parties that would require Google to violate

obligations to those third parties with respect to proprietary, confidential, or trade

secret information.

Google objects to this Request as overly broad and unduly burdensome

because it calls for the production of materials created entirely after Plaintiff's harm

had already occurred, given that the License and Release transaction did not occur

28

until August 2024.  Google will not produce documents from beyond the Relevant

Time Period.

Because of these objections, Google will not produce documents in response

to Request No. 16, which may cause otherwise responsive documents to be

withheld from production.  However, Google will not withhold documents

responsive to other Requests, which Google would otherwise produce, merely

because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 17:**

Produce all communications and notes of meetings between Google, Shazeer

and/or DeFreitas between December 2021 and August 2024 that refer or relate to

Character AI.

**RESPONSES TO DOCUMENT REQUEST NO. 17:**

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.  Google objects to this Request to the extent

that it seeks materials relating to third parties that would require Google to violate

obligations to those third parties with respect to proprietary, confidential, or trade secret information.

Google objects to this Request because it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents that constitute communications and notes of meetings between Google, Shazeer and/or De Freitas between December 2021 and February 2024 that can be located after a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden .

**DOCUMENT REQUEST NO. 18:**

Produce all documents regarding or referencing Google' potential, current and future use Character.AI's technology.

**RESPONSES TO DOCUMENT REQUEST NO. 18:**

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, including documents merely "regarding" or "referencing" certain matters, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored to Plaintiff's allegations which involve the use of Character AI's service through

30

February 2024; therefore, information about Google's "current and future use of
Character AI's technology" is therefore not relevant to the alleged harm.

Google objects to this Request as vague and ambiguous in its use of the term
"use," which is susceptible to multiple reasonable definitions and not defined in the
Requests.

Google objects to this Request to the extent it seeks information protected
from disclosure by the attorney-client privilege, work-product doctrine, and/or any
other applicable privilege or protection and will withhold or redact as appropriate
such information to the extent it exists.  Google objects to the extent that this
Request calls for the production of proprietary, confidential, or trade secret
information that is subject to the entry of a Protective Order and has little or no
connection to the parties' claims and defenses in this action, imposing a further
burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as overly broad and unduly burdensome
because it calls for the production of materials created entirely after Plaintiff's harm
had already occurred, given that the License and Release transaction did not occur
until August 2024.  Google will not produce documents from beyond the Relevant
Time Period.

Because of these objections, Google will not produce documents in response
to Request No. 18, which may cause otherwise responsive documents to be
withheld from production.  However, Google will not withhold documents

31

responsive to other Requests, which Google would otherwise produce, merely

because they are within the scope of this Request.

## DOCUMENT REQUEST NO. 19:

Produce documents addressing or discussing the use or license of any of

Google proprietary generative AI technology and large language models by

Character.AI or its Founders.

## RESPONSES TO DOCUMENT REQUEST NO. 19:

Google objects that this Request is duplicative and cumulative of other

discovery Requests; specifically, Requests for Production No. 13, 14, 37, and 44.

Google objects to this Request as vague and ambiguous in its use of the terms

"use" and "generative AI technology," which are susceptible to multiple reasonable

definitions and not defined in the Requests, and in its use of the term "Founders,"

which, though capitalized, is not defined in the Requests.  Google interprets the

term "Founders," as used in this request, to refer to Shazeer and/or De Freitas.

Google objects to this Request to the extent the information requested therein

is not within its possession, custody, and/or control; this Request seeks information

that would be in the possession of CTI, Shazeer, or De Freitas.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.  Google objects to the extent that this

32

Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents that constitute agreements or contracts defining the rights of CTI, Shazeer, and De Freitas to use Google technology from August 2021 through February 2024 that can be located after a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden.

**DOCUMENT REQUEST NO. 20:**

Produce all documents and agreements between Google and Character.AI to license, syndicate or otherwise share Character.AI products, technology, user data and training data.

**RESPONSES TO DOCUMENT REQUEST NO. 20:**

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Requests for Production No. 15, 16, and 43.

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules. Google objects to this

Request as vague and ambiguous in its use of the terms "license," "syndicate, "

"otherwise share," "products," "technology," "user data," and "training data,"

which are susceptible to multiple reasonable definitions and not defined in the

Requests.  Google objects to the extent this Request relies on or incorporates a legal

conclusion in that it seeks to define services offered by Character.AI as a "product."

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.  Google objects to the extent that this

Request calls for the production of proprietary, confidential, or trade secret

information that is subject to the entry of a Protective Order and has little or no

connection to the parties' claims and defenses in this action, imposing a further

burden on Google that is disproportionate to the needs of this case.

Google objects to this Request to the extent that it seeks materials relating to

third parties that would require Google to violate obligations to those third parties

with respect to proprietary, confidential, or trade secret information.

Google objects to this Request as unduly burdensome and not proportional to

the needs of the case because the Request is not reasonably limited as to time,

34

including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents that constitute agreements or contracts defining the legal rights and obligations between Google, on the one hand, and CTI, on the other, during the time period between October 2021 and February 2024, and that can be located after a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden.

## DOCUMENT REQUEST NO. 21:

Produce all documents related to past, current, and future use of Character.AI's proprietary technology, including but not limited to AI chatbots, LLMs, User Data, training data, and generative artificial intelligence products, including plans related to the introduction, creation, distribution, monetization, and release of generative artificial intelligence agents.

## RESPONSES TO DOCUMENT REQUEST NO. 21:

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Requests for Production No. 18, 26, 27, 28, and 43.

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.

35

Google objects to this Request as overly broad, unduly burdensome, and not
proportional to the needs of this case because, information related to technology
used by Google is not relevant to Plaintiff's claims.  Google objects to this Request
as vague and ambiguous in its use of the terms "use" and "generative artificial
intelligence agents," which are susceptible to multiple reasonable definitions and not
defined in the Requests.

Google objects to this Request to the extent it seeks information protected
from disclosure by the attorney-client privilege, work-product doctrine, and/or any
other applicable privilege or protection and will withhold or redact as appropriate
such information to the extent it exists.  Google objects to the extent that this
Request calls for the production of proprietary, confidential, or trade secret
information that is subject to the entry of a Protective Order and has little or no
connection to the parties' claims and defenses in this action, imposing a further
burden on Google that is disproportionate to the needs of this case.

Google objects to this Request to the extent that it seeks materials relating to
third parties that would require Google to violate obligations to those third parties
with respect to proprietary, confidential, or trade secret information.

Google objects to this Request as unduly burdensome and not proportional to
the needs of the case because the Request is not reasonably limited as to time,
including to the extent it calls for the production of materials created after Plaintiff's
harm had already occurred.

36

Subject to and without waiving these objections, Google will produce, upon

entry of a protective order which covers information responsive to this Request,

documents describing any intended use by Google of CTI's proprietary technology

during the time period between August 2021 and February 2024, and that can be

located after a reasonable search that is proportionate to the needs of this case, in a

manner that does not subject Google to an undue burden.

**DOCUMENT REQUEST NO. 22:**

Produce all communications between Google's then-General Counsel, Kent

Walker and Google's Advanced Technology Review Council in 2022 and 2023.

**RESPONSES TO DOCUMENT REQUEST NO. 22:**

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.  Google objects to this

Request as overly broad, unduly burdensome, and not proportional to the needs of

this case  because, as written, the request seeks all communications between various

parties without regard to the subject matter of those communications or the

relevance of those communications to the issues in this case.  Walker's

communications, without further limitation, have little to no connection to this

case, and the burden on Google of searching for, reviewing, and producing

documents merely because they exchanged between Walker and the Advanced

Technology Review Council vastly outweighs any possible relevance.

37

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.

Because of these objections, Google will not produce documents in response

to Request No. 22, which may cause otherwise responsive documents to be

withheld from production.  However, Google will not withhold documents

responsive to other Requests, which Google would otherwise produce, merely

because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 23:**

Produce all documents between 2021 and the present regarding internal or

external assessments of the user experience on Character.AI including but not

limited to potential health and safety concerns arising from addiction,

anthropomorphization, sexualization and the use of Character A.I by minors.

**RESPONSES TO DOCUMENT REQUEST NO. 23:**

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.  Google objects to this

Request as overly broad, unduly burdensome, and not proportional to the needs of

this case because, as written, the request seeks information regarding internal

assessments at Google without regard to the relevance of those assessments to the

issues in this case.  Google objects to this Request as vague and ambiguous in its use
of the terms "internal," "external," "assessments," "user experience," "addiction,"
and "anthropomorphization," which are susceptible to multiple reasonable
definitions and not defined in the Requests.

Google objects to this Request to the extent it seeks information protected
from disclosure by the attorney-client privilege, work-product doctrine, and/or any
other applicable privilege or protection and will withhold or redact as appropriate
such information to the extent it exists.

Google objects to this Request because it calls for the production of materials
created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will conduct a
reasonable search that is proportionate to the needs of this case and will produce,
upon entry of a protective order which covers information  responsive to this
Request, documents that discuss the experiences of users on Character AI that were
created or collected in Google's diligence efforts in connection with transactions
between Google and CTI, entered into between August 2021 and February 2024.

**DOCUMENT REQUEST NO. 24:**

Produce all documents between 2021 and 2023 regarding internal or external
assessments of the user experience on Character.AI, including early-stage user
interviews during the product exploration phase, user testing results through beta
testing, A/B testing, and any other MVP (minimum viable product)-related testing,

and any and all user interface designs considered by the product team(s) throughout the product lifecycle.

## RESPONSES TO DOCUMENT REQUEST NO. 24:

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Request for Production No. 23.

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request seeks information regarding internal assessments at Google without regard to the relevance of those assessments to the issues in this case. Google objects to this Request as vague and ambiguous in its use of the terms "internal," "external," "assessments," "user experience," "product exploration phase," "user testing results," and "product lifecycle," which are susceptible to multiple reasonable definitions and not defined in the Requests. Google objects to the extent this Request relies on or incorporates a legal conclusion as to the classification of Character.AI as a "product."

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.

Subject to and without waiving these objections, Google will produce, upon

entry of a protective order which covers information responsive to this Request,

documents reflecting Google's diligence in connection with transactions between

Google and CTI, entered into between August 2021 and February 2024, that discuss

the experiences of users on Character AI, and that can be located after a reasonable

search that is proportionate to the needs of this case, in a manner that does not

subject Google to an undue burden.

## DOCUMENT REQUEST NO. 25:

Produce all documents that refer or relate to Plaintiff Megan Garcia and/or

her son, Sewell Setzer, III.

## RESPONSES TO DOCUMENT REQUEST NO. 25:

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules. Google objects to this

Request as overly broad, unduly burdensome, and not proportional to the needs of

this case because, as written, the request is not tailored in any meaningful way to the

issues in this case.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

41

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.

Google objects to this Request to the extent information sought is already in

the possession of Plaintiffs, or is otherwise equally accessible and available to

Plaintiffs from other sources (including themselves, the public record, and non-

parties).

Google objects to this Request as unduly burdensome and not proportional to

the needs of the case because the Request is not reasonably limited as to time,

including to the extent it calls for the production of materials created after Plaintiff's

harm had already occurred.

Google objects to this Request to the extent it seeks information related to a

user account with respect to which Plaintiff has failed to provide information

sufficient for Google to identify.  Google cannot search for responsive records unless

and until they know (at minimum) the name of the account holder and the email

address associated with the account.

Subject to and without waiving these objections, if Plaintiff provides

identifying information—including names and email addresses—Google will

conduct a reasonable search and will produce, upon entry of a protective order

which covers information responsive to this Request, any responsive documents

found in customer service repositories.

**DOCUMENT REQUEST NO. 26:**

42

Produce all documents analyzing, addressing or discussing the integration of
Character.AI's generative artificial intelligence products (e.g., LLM) into Google's
technology, including documents discussing how the integration of generative
artificial intelligence impacts user behavior.

## RESPONSES TO DOCUMENT REQUEST NO. 26:

Google objects that this Request is duplicative and cumulative of other
discovery Requests; specifically, Requests for Production No. 18, 21, and 27.

Google objects to this Request to the extent it instructs Google to produce
"all" responsive documents, which is unduly burdensome, not proportional to the
needs of this case, and not required under the Federal Rules.  Google objects to this
Request as overly broad, unduly burdensome, and not proportional to the needs of
this case because, as written, the request seeks information regarding services at
Google having no connection to Plaintiff's alleged harm.  Google objects to the
extent this Request relies on or incorporates a legal conclusion as to the
classification of Character.AI as a "product."

Google objects to this Request to the extent it seeks information protected
from disclosure by the attorney-client privilege, work-product doctrine, and/or any
other applicable privilege or protection and will withhold or redact as appropriate
such information to the extent it exists.  Google objects to the extent that this
Request calls for the production of proprietary, confidential, or trade secret
information that is subject to the entry of a Protective Order and has little or no

43

connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as overly broad and unduly burdensome because it calls for the production of materials created entirely after Plaintiff's harm had already occurred, given that the License and Release transaction did not occur until August 2024. Google will not produce documents from beyond the Relevant Time Period.

Because of these objections, Google will not produce documents in response to Request No. 26, which may cause otherwise responsive documents to be withheld from production. However, Google will not withhold documents responsive to other Requests, which Google would otherwise produce, merely because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 27:**

Produce all documents analyzing, addressing, or discussing the integration of Character.AI's generative artificial intelligence products (e.g., LLM) into Google products, including documents discussing how the integration of generative artificial intelligence may impact user behavior across Google Search, Google Workplace, and any and all other Google product lines of business.

**RESPONSES TO DOCUMENT REQUEST NO. 27:**

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Requests for Production No. 18, 21, and 26.

Google objects to this Request to the extent it instructs Google to produce
"all" responsive documents, which is unduly burdensome, not proportional to the
needs of this case, and not required under the Federal Rules. Google objects to this
Request as overly broad, unduly burdensome, and not proportional to the needs of
this case because, as written, the request seeks information regarding services at
Google having no connection to Plaintiff's alleged harm. Google objects to the
extent this Request relies on or incorporates a legal conclusion as to the
classification of Character.AI as a "product."

Google objects to this Request to the extent it seeks information protected
from disclosure by the attorney-client privilege, work-product doctrine, and/or any
other applicable privilege or protection and will withhold or redact as appropriate
such information to the extent it exists. Google objects to the extent that this
Request calls for the production of proprietary, confidential, or trade secret
information that is subject to the entry of a Protective Order and has little or no
connection to the parties' claims and defenses in this action, imposing a further
burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as overly broad and unduly burdensome
because it calls for the production of materials created entirely after Plaintiff's harm
had already occurred, given that the License and Release transaction did not occur
until August 2024. Google will not produce documents from beyond the Relevant
Time Period.

45

Because of these objections, Google will not produce documents in response
to Request No. 27, which may cause otherwise responsive documents to be
withheld from production.  However, Google will not withhold documents
responsive to other Requests, which Google would otherwise produce, merely
because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 28:**

Produce all documents related to past, current, and future product
development efforts related to AI chatbots and generative artificial intelligence
products including plans related to the introduction, creation, distribution,
monetization, and release of generative artificial intelligence agents.

**RESPONSES TO DOCUMENT REQUEST NO. 28:**

Google objects that this Request is duplicative and cumulative of other
discovery Requests; specifically, Request for Production No. 21.

Google objects to this Request to the extent it instructs Google to produce
"all" responsive documents, which is unduly burdensome, not proportional to the
needs of this case, and not required under the Federal Rules. Google objects to this
Request as overly broad, unduly burdensome, and not proportional to the needs of
this case because, as written, the request seeks information regarding services at
Google having no connection to Plaintiff's alleged harm.  Request 28 seeks, in
effect, documents regarding an entire field of artificial intelligence technologies
across an undefined time period, the vast majority of which would have no

relevance to the allegations in this case, all of which relate to Plaintiff's son's use of
CTI's technology specifically.

Google objects to this Request as vague and ambiguous in its use of the
phrases "product development efforts" and "generative artificial intelligence agents"

Google objects to this Request to the extent it seeks information protected
from disclosure by the attorney-client privilege, work-product doctrine, and/or any
other applicable privilege or protection and will withhold or redact as appropriate
such information to the extent it exists.  Google objects to the extent this Request
relies on or incorporates a legal conclusion as to the classification of generative
artificial intelligence as a "product".

Google objects to the extent that this Request calls for the production of
proprietary, confidential, or trade secret information that is subject to the entry of a
Protective Order and has little or no connection to the parties' claims and defenses
in this action, imposing a further burden on Google that is disproportionate to the
needs of this case.

Google objects to this Request as unduly burdensome and not proportional to
the needs of the case because the Request is not reasonably limited as to time,
including to the extent it calls for the production of materials created after Plaintiff's
harm had already occurred.

Because of these objections, Google will not produce documents in response
to Request No. 28, which may cause otherwise responsive documents to be

47

withheld from production. However, Google will not withhold documents

responsive to other Requests, which Google would otherwise produce, merely

because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 29:**

Produce communications exchanged between Google, Character

Technologies, Shazeer, DeFreitas and their respective representatives during the

negotiation, formation and execution of the August 2024 transactions including but

not limited to all Character Technologies' valuations, draft and final term sheets,

draft agreements, due diligence and indemnification.

**RESPONSES TO DOCUMENT REQUEST NO. 29:**

Google objects that this Request is duplicative and cumulative of other

discovery Requests; specifically, Requests for Production No. 16 and 17.

Google objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of this case because, as written, the request seeks

information regarding transactions having no connection to Plaintiff's alleged harm.

Google objects to this Request to the extent it seeks information protected from

disclosure by the attorney-client privilege, work-product doctrine, and/or any other

applicable privilege or protection and will withhold or redact as appropriate such

information to the extent it exists.

Google objects to this Request as overly broad and unduly burdensome

because it calls for the production of materials created entirely after Plaintiff's harm

48

had already occurred, given that the License and Release transaction did not occur until August 2024. Google will not produce documents from beyond the Relevant Time Period.

Because of these objections, Google will not produce documents in response to Request No. 29, which may cause otherwise responsive documents to be withheld from production. However, Google will not withhold documents responsive to other Requests, which Google would otherwise produce, merely because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 30:**

Produce all communications between Google personnel during the negotiation, formation and execution of the August 2024 transactions that refer or relate to Character Technologies' potential liabilities and any health and safety concerns arising from the use of Character.AI.

**RESPONSES TO DOCUMENT REQUEST NO. 30:**

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules. Google objects to this Request as vague and ambiguous in its use of the phrase "potential liabilities." Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request seeks information regarding transactions having no connection to Plaintiff's alleged harm.

49

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists.

Google objects to this Request as overly broad and unduly burdensome because it calls for the production of materials created entirely after Plaintiff's harm had already occurred, given that the License and Release transaction did not occur until August 2024.  Google will not produce documents from beyond the Relevant Time Period.

Because of these objections, Google will not produce documents in response to Request No. 30, which may cause otherwise responsive documents to be withheld from production.  However, Google will not withhold documents responsive to other Requests, which Google would otherwise produce, merely because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 31:**

Produce documents demonstrating the engagement and interaction between Google and Character.AI as it concerns business operations and strategic decision-making, including, but not limited to, decisions around the initiation, launch, road-mapping, development, and discontinuation of products and services; decisions around the pricing of products and services; decisions around the granting of access to products and services; and decisions around personnel, including the hiring and

allocation of staff. testing, promoting, internal and external presentations, and

discontinuation of products and services; decisions around the pricing of products

and services; decisions around entering into partnerships for access to products and

services; and decisions around personnel, including the hiring and allocation of

staff).

## RESPONSES TO DOCUMENT REQUEST NO. 31:

Google objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of this case because, as written, the request seeks

information regarding all manner of "engagement and interaction" between Google

and CTI, without regard to the relevance of those matters to the issues in this case.

Google objects to this Request as vague and ambiguous in its use of the

phrases "initiation," "launch," "road-mapping," "development," "discontinuation,"

"decisions around personnel," "granting of access," "testing," "promoting,"

"partnerships," and  "business operations and strategic decision-making," which are

susceptible to multiple reasonable definitions and not defined in the Requests.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.

Google objects to this Request to the extent it rests on inaccurate assumptions

that Google directed or influenced the strategic decisions of CTI.  Google objects to

this Request to the extent the information requested therein is not within its

possession, custody, and/or control.

Google objects to this Request as unduly burdensome and not proportional to

the needs of the case because the Request is not reasonably limited as to time,

including to the extent it calls for the production of materials created after Plaintiff's

harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon

entry of a protective order which covers information responsive to this Request,

documents that constitute agreements or contracts defining the legal rights and

obligations between Google, on the one hand, and CTI, on the other, during the

time period between October 2021 and February 2024, and that can be located after

a reasonable search that is proportionate to the needs of this case, in a manner that

does not subject Google to an undue burden.

**DOCUMENT REQUEST NO. 32:**

Produce documents any governance or oversight rights or options, including

Board seats that any executive, board member, stockholder or employee of Google

has in past or present or may exercise with respect to Character.AI.

**RESPONSES TO DOCUMENT REQUEST NO. 32:**

Google objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of this case to the extent it seeks information regarding

any "employee" or "stockholder" of Google, a company with numerous employees

around the globe.  Google has no meaningful way, without substantial burden, to

identify the relationships between all of its shareholders or employees and a separate

company.  To the extent Plaintiff seeks information regarding the relationship of

individuals and CTI, that information is better sought from either those individuals

or CTI.

Google objects to this Request as vague and ambiguous in its use of the phrase

"documents any governance or oversight rights or options," which is susceptible to

multiple reasonable definitions and not defined in the Requests.

Google objects to this Request because it seeks information that is not relevant

to the claims or defenses of any party because documents concerning the

governance, oversight rights, or options of Google board members, stockholders, or

employees with respect to Character.AI are not relevant to the alleged harm.

Google objects to this Request to the extent the information requested therein

is not within its possession, custody, and/or control.

Because of these objections, Google will not produce documents in response

to Request No. 32, which may cause otherwise responsive documents to be

withheld from production.  However, Google will not withhold documents

responsive to other Requests, which Google would otherwise produce, merely

because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 33:**

Produce all analyses, reports, studies, and surveys prepared for the purpose of evaluating or analyzing licensing transactions concerning its impact or potential impact on product safety; on competition; on other market participants; on Google's market position across lines of business.

## RESPONSES TO DOCUMENT REQUEST NO. 33:

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored to Plaintiff's allegations and the way in which licensing transactions relate to the alleged harms.

Google objects to this Request as vague and ambiguous in its use of the terms and phrases "its," "product safety," "competition," "other market participants," and "market position," which are susceptible to multiple reasonable definitions and not defined in the Requests. Google objects to the extent this Request relies on or incorporates a legal conclusion as to the classification of generative artificial intelligence as a "product."

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate

54

such information to the extent it exists.  Google objects to the extent that this

Request calls for the production of proprietary, confidential, or trade secret

information that is subject to the entry of a Protective Order and has little or no

connection to the parties' claims and defenses in this action, imposing a further

burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as unduly burdensome and not proportional to

the needs of the case because the Request is not reasonably limited as to time,

including to the extent it calls for the production of materials created after Plaintiff's

harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon

entry of a protective order which covers information responsive to this Request,

documents that constitute agreements or contracts defining the legal rights and

obligations between Google, on the one hand, and CTI, on the other, during the

time period between October 2021 and February 2024, and that can be located after

a reasonable search that is proportionate to the needs of this case, in a manner that

does not subject Google to an undue burden

**DOCUMENT REQUEST NO. 34:**

Produce all analyses, reports, studies, and surveys prepared for the purpose of

evaluating or analyzing Google's plans with regards to investment, expansion,

retrenchment, or allocation of resources across markets and lines of business with

respect to Character.AI, including analyses, reports, studies, and surveys by Google
or Character.AI or prepared by a third party on Google or Character.AI's behalf.

**RESPONSES TO DOCUMENT REQUEST NO. 34:**

Google objects to this Request to the extent it instructs Google to produce
"all" responsive documents, which is unduly burdensome, not proportional to the
needs of this case, and not required under the Federal Rules.

Google objects to this Request as overly broad, unduly burdensome, and not
proportional to the needs of this case because, as written, the request is not tailored
to Plaintiff's allegations and the way in which Google's plans regarding investment,
expansion, and retrenchment relate to the alleged harms.

Google objects to this Request as vague and ambiguous in its use of the terms
and phrases "investment", "expansion", "retrenchment", "allocation of resources",
"markets" and "lines of business".

Google objects to this Request to the extent it seeks information protected
from disclosure by the attorney-client privilege, work-product doctrine, and/or any
other applicable privilege or protection and will withhold or redact as appropriate
such information to the extent it exists.  Google objects to the extent that this
Request calls for the production of proprietary, confidential, or trade secret
information that is subject to the entry of a Protective Order and has little or no
connection to the parties' claims and defenses in this action, imposing a further
burden on Google that is disproportionate to the needs of this case.

56

Google objects to this Request to the extent the information requested therein is not within its possession, custody, and/or control.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents that constitute agreements or contracts defining the legal rights and obligations between Google, on the one hand, and CTI, on the other, during the time period between October 2021 and February 2024, and that can be located after a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden.

**DOCUMENT REQUEST NO. 35:**

Produce all documents or communications related to any agreement or expectation of exclusivity or non-exclusivity between Google and Character.AI across any line of business.

**RESPONSES TO DOCUMENT REQUEST NO. 35:**

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the Request seeks agreements between CTI and Google without regard to the relevance of those agreements to the issues in this case.

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Google objects to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents that constitute agreements or contracts defining the legal rights and obligations between Google, on the one hand, and CTI, on the other, during the time period between October 2021 and February 2024, and that can be located after

58

a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden.

## DOCUMENT REQUEST NO. 36:

Produce all documents related to any restrictions or conditions placed on Google's ability to set terms, or grant access to Character Technologies' products or services, or to make any other decision regarding business operations or strategy.

## RESPONSES TO DOCUMENT REQUEST NO. 36:

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Request for Production No. 31.

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored to Plaintiff's allegations. Google objects to this Request as vague and ambiguous in its use of the phrases "set terms," "grant access," and "business operations or strategy."

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists.

Google objects to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents that constitute agreements or contracts defining the legal rights and obligations between Google, on the one hand, and CTI, on the other, during the time period between October 2021 and February 2024, and that can be located after a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden.

**DOCUMENT REQUEST NO. 37:**

Produce all documents prepared related to the Character.AI or its Founders' use of Google's cloud computing or generative AI products or services including, but not limited to, cloud computing infrastructure, microchips, training data, models, and products or services that incorporate generative AI.

**RESPONSES TO DOCUMENT REQUEST NO. 37:**

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Requests for Production No. 13, 14, 19, 44, and 45.

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.

Google objects to this Request as vague and ambiguous in its use of the terms "incorporate," and "Founders," which, though capitalized, is not defined in the Requests. Google interprets the term "Founders," as used in this request, to refer to Shazeer and/or De Freitas. Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request seeks information regarding CTI's, Shazeer's, and De Freitas's use of Google's services without regard to the relevance of those services to the issues in this case.

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists.

Google objects to this Request to the extent the information requested therein is not within its possession, custody, and/or control.

Google objects to this Request as unduly burdensome and not proportional to
the needs of the case because the Request is not reasonably limited as to time,
including to the extent it calls for the production of materials created after Plaintiff's
harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon
entry of a protective order which covers information responsive to this Request,
contracts between Google, on the one hand, and CTI, on the other, regarding the
provision of cloud computing or generative AI services by Google, as well as
communications negotiating the material terms of those agreements, that can be
located after a reasonable search that is proportionate to the needs of this case, in a
manner that does not subject Google to an undue burden.

**DOCUMENT REQUEST NO. 38:**

Produce all documents, studies, and research articles conducted by Google or
a third party related Google's AI chatbots, Large Language Models, generative AI
products, AI voice products and other AI technology in the areas including but not
limited to design choice, , user safety, user coercion, user persuasion, user
exploitation, user abuse, use harm, user deception, user manipulation,
anthropomorphism, personalization, user trust and rapport; including all underlying
user experimentation data.

**RESPONSES TO DOCUMENT REQUEST NO. 38:**

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request seeks documents regarding studies and research without regard to the relevance of those matters to the issues in this case. Request 38 seeks, in effect, documents regarding research on an entire field of artificial intelligence technologies across an undefined time period, the vast majority of which would have no relevance to the allegations in this case, all of which relate to Plaintiff's son's use of CTI's technology specifically.

Google objects to this Request as vague and ambiguous in its use of the phrases "design choice," "user coercion," "user persuasion," "user exploitation," "user abuse," "user deception," "user manipulation," "anthropomorphism," "user trust and rapport," and "underlying user experimentation data" which are susceptible to multiple reasonable definitions and not defined in the Requests. Google objects to the extent this Request relies on or incorporates a legal conclusion as to the classification of generative artificial intelligence as a "product."

Google objects to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no connection to the parties' claims and defenses

63

in this action, imposing a further burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Because of these objections, Google will not produce documents in response to Request No. 38, which may cause otherwise responsive documents to be withheld from production. However, Google will not withhold documents responsive to other Requests, which Google would otherwise produce, merely because they are within the scope of this Request.

## DOCUMENT REQUEST NO. 39:

Produce all documents or analysis about the expected lifetime value per user of the CAI product, particularly any that discusses the LTV of teen users.

## RESPONSES TO DOCUMENT REQUEST NO. 39:

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules. Google objects to this Request as vague and ambiguous in its use of the terms "expected lifetime value per user" and "LTV," which are susceptible to multiple reasonable definitions and not defined in the Requests. Google objects to the extent this Request relies on or

64

incorporates a legal conclusion as to the classification of Character.AI as a
"product."

Google objects to this Request because it seeks information that is not relevant
to the claims or defenses of any party because the expected lifetime value of
Character.AI users is not relevant to the alleged harm.  Google objects to this
Request to the extent the information requested therein is not within its possession,
custody, and/or control.

Google objects to this Request as unduly burdensome and not proportional to
the needs of the case because the Request is not reasonably limited as to time,
including to the extent it calls for the production of materials created after Plaintiff's
harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon
entry of a protective order which covers information responsive to this Request,
documents reflecting Google's diligence in connection with transactions between
Google and CTI, entered into between August 2021 and February 2024, that discuss
the experiences of users on Character AI, and that can be located after a reasonable
search that is proportionate to the needs of this case, in a manner that does not
subject Google to an undue burden.

**DOCUMENT REQUEST NO. 40:**

Produce all documents and/or communications between Google and Noam
Shazeer identifying Shazeer's terms of separation from Google, including equity
shares and non-disclosure agreements.

**RESPONSES TO DOCUMENT REQUEST NO. 40:**

Google objects that this Request is duplicative and cumulative of other
discovery Requests; specifically, Requests for Production No. 12 and 13.

Google objects to this Request to the extent it instructs Google to produce
"all" responsive documents, which is unduly burdensome, not proportional to the
needs of this case, and not required under the Federal Rules. Google objects to this
Request as overly broad, unduly burdensome, and not proportional to the needs of
this case because, as written, the request seeks communications, without regard to
the relevance of those communications to the issues in this case.

Google objects to this Request to the extent it seeks information protected
from disclosure by the attorney-client privilege, work-product doctrine, and/or any
other applicable privilege or protection and will withhold or redact as appropriate
such information to the extent it exists. Google objects to the extent that this
Request calls for the production of proprietary, confidential, or trade secret
information that is subject to the entry of a Protective Order and has little or no
connection to the parties' claims and defenses in this action, imposing a further
burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time.

Subject to and without waiving these objections, Google will produce documents sufficient to show employment contracts, terms of separation, or nondisclosure agreements between Google and Shazeer in effect at the time of Shazeer's departure from Google, limited to August-December 2021 upon entry of a protective order which covers information responsive to this Request.

## DOCUMENT REQUEST NO. 41:

Produce all documents and/or communications between Google and Daniel De Freitas identifying De Freitas' terms of separation from Google, including equity shares and non-disclosure agreements.

## RESPONSES TO DOCUMENT REQUEST NO. 41:

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.  Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request seeks communications, without regard to the relevance of those communications to the issues in this case.

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate

67

such information to the extent it exists.  Google objects to the extent that this
Request calls for the production of proprietary, confidential, or trade secret
information that is subject to the entry of a Protective Order and has little or no
connection to the parties' claims and defenses in this action, imposing a further
burden on Google that is disproportionate to the needs of this case.

Google objects to this Request as unduly burdensome and not proportional to
the needs of the case because the Request is not reasonably limited as to time.

Subject to and without waiving these objections, Google will produce
documents sufficient to show employment contracts, terms of separation, or
nondisclosure agreements between Google and De Freitas in effect at the time of De
Freitas's departure from Google, limited to August-December 2021 upon entry of a
protective order which covers information responsive to this Request.

**DOCUMENT REQUEST NO. 42:**

Produce all documents and/or communications between Sundar Pichai, Larry
Page, and Sergey Brin and Character.AI

**RESPONSES TO DOCUMENT REQUEST NO. 42:**

Google objects to this Request to the extent it instructs Google to produce
"all" responsive documents, which is unduly burdensome, not proportional to the
needs of this case, and not required under the Federal Rules.

Google objects to this Request as overly broad, unduly burdensome, and not
proportional to the needs of this case because, as written, the request seeks any

68

communications whatsoever between certain individuals and CTI, without regard to the subject matter of those communications or the relevance of those communications to the issues in this case.  Google objects to this Request because it seeks information that is not relevant to the claims or defenses of any party because communications between Sundar Pichai, Larry Page, Sergey Brin and Noam Shazeer or Daniel De Freitas are not relevant to the alleged harms.  Additionally, to the extent this request seeks communications regarding the August 2024 License and Release transaction, that transaction is beyond the Relevant Time Period.

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists.  Google objects to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case.

Google objects to this Request to the extent that it seeks materials relating to third parties that would require Google to violate obligations to those third parties with respect to proprietary, confidential, or trade secret information.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time,

including to the extent it calls for the production of materials created after Plaintiff's

harm had already occurred.

Because of these objections, Google will not produce documents in response

to Request No. 42, which may cause otherwise responsive documents to be

withheld from production.  However, Google will not withhold documents

responsive to other Requests, which Google would otherwise produce, merely

because they are within the scope of this Request.

**DOCUMENT REQUEST NO. 43:**

Produce all documents and communications related to access of Character.AI

chat data for any purpose, including for potential monetization.

**RESPONSES TO DOCUMENT REQUEST NO. 43:**

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.

Google objects to this Request as vague and ambiguous in its use of the term

"chat data," which is susceptible to multiple reasonable definitions and not defined

in the Requests.  Google objects to this Request as overly broad, unduly burdensome,

and not proportional to the needs of this case because, communications regarding

Google's access to Character.AI's data are not relevant to the issues in this case.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

70

other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists.  Google objects to this Request to the extent the information requested therein is not within its possession, custody, and/or control; this Request seeks information that would be in the possession of Character.AI.  Google objects to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that is subject to the entry of a Protective Order and has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Google that is disproportionate to the needs of this case.  Google objects to this Request to the extent that it seeks materials relating to third parties that would require Google to violate obligations to those third parties with respect to proprietary, confidential, or trade secret information.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time, including to the extent it calls for the production of materials created entirely after Plaintiff's harm had already occurred, given that the License and release transaction did not occur until August 2024.  Google will not produce documents from beyond the Relevant Time Period.

Because of these objections, Google will not produce documents in response to Request No. 43, which may cause otherwise responsive documents to be withheld from production.  However, Google will not withhold documents

71

responsive to other Requests, which Google would otherwise produce, merely because they are within the scope of this Request.

## DOCUMENT REQUEST NO. 44:

Produce all agreements, contracts or memoranda of understanding between Google and Character.AI related to the use of Google products for monetization.

## RESPONSES TO DOCUMENT REQUEST NO. 44:

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Requests for Production No. 13, 14, 19 and 37.

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, including documents merely "related to" certain matters, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules. Google objects to this Request as vague and ambiguous in its use of the terms "Google products" and "monetization," which are susceptible to multiple reasonable definitions and not defined in the Requests. Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored to Plaintiff's allegations in any meaningful way.

Google objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection and will withhold or redact as appropriate such information to the extent it exists. Google objects to this Request to the extent

that it seeks materials relating to third parties that would require Google to violate obligations to those third parties with respect to proprietary, confidential, or trade secret information.

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request is not reasonably limited as to time, including to the extent it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents that constitute agreements or contracts defining the legal rights and obligations between Google, on the one hand, and CTI, on the other, during the time period between October 2021 and February 2024, and that can be located after a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden..

## DOCUMENT REQUEST NO. 45:

Produce all documents, reports, and agreements related to data analysis, data storage, reports, studies, and surveys between Google cloud services and Character.AI.

## RESPONSES TO DOCUMENT REQUEST NO. 45:

Google objects that this Request is duplicative and cumulative of other discovery Requests; specifically, Request for Production No. 37

73

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.  Google objects to this

Request as overly broad, unduly burdensome, and not proportional to the needs of

this case because, as written, the request seeks documents regarding Google's

provision of cloud services without regard to the relevance of those documents to

the issues in this case.  Google objects to this Request as vague and ambiguous in its

use of the terms "data analysis" and "data storage," which are susceptible to

multiple reasonable definitions and not defined in the Requests.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.  Google objects to this Request to the extent

that it seeks materials relating to third parties that would require Google to violate

obligations to those third parties with respect to proprietary, confidential, or trade

secret information.

Google objects to this Request as unduly burdensome and not proportional to

the needs of the case because the Request is not reasonably limited as to time,

including to the extent it calls for the production of materials created after Plaintiff's

harm had already occurred.

74

Subject to and without waiving these objections, Google will produce, upon

entry of a protective order which covers information responsive to this Request,

documents that constitute agreements or contracts defining the legal rights and

obligations between Google, on the one hand, and CTI, on the other, during the

time period between October 2021 and February 2024, and that can be located after

a reasonable search that is proportionate to the needs of this case, in a manner that

does not subject Google to an undue burden..

## DOCUMENT REQUEST NO. 46:

Produce all documents, reports, analysis, and agreements related to Google's

investment into Character.Technologies prior to 2024.

## RESPONSES TO DOCUMENT REQUEST NO. 46:

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.

Google objects to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, work-product doctrine, and/or any

other applicable privilege or protection and will withhold or redact as appropriate

such information to the extent it exists.  Google objects to the extent that this

Request calls for the production of proprietary, confidential, or trade secret

information that is subject to the entry of a Protective Order and has little or no

connection to the parties' claims and defenses in this action, imposing a further

burden on Google that is disproportionate to the needs of this case.  Google objects

to this Request to the extent that it seeks materials relating to third parties that

would require Google to violate obligations to those third parties with respect to

proprietary, confidential, or trade secret information.

Subject to and without waiving these objections, Google will produce, upon

entry of a protective order which covers information responsive to this Request,

documents that constitute agreements or contracts defining the legal rights and

obligations between Google, on the one hand, and CTI, on the other, during the

time period between October 2021 and February 2024, and that can be located after

a reasonable search that is proportionate to the needs of this case, in a manner that

does not subject Google to an undue burden..

## DOCUMENT REQUEST NO. 47:

Produce all documents, applications and agreement for patent and intellectual

property held by Google or Alphabet listing Noam Shazeer, Daniel de Frietas or

former or current Character.AI employees as inventors or co-inventors filed or

prepared between 2021 and December 2024.

## RESPONSES TO DOCUMENT REQUEST NO. 47:

Google objects to this Request to the extent it instructs Google to produce

"all" responsive documents, which is unduly burdensome, not proportional to the

needs of this case, and not required under the Federal Rules.  Google objects to this

Request as overly broad, unduly burdensome, and not proportional to the needs of

this case because, as written, the request is not tailored to Plaintiff's allegations and the way in which Google or Alphabet's applications and agreements regarding intellectual property relate to the alleged harms.

Google objects to this Request because it calls for the production of materials created after Plaintiff's harm had already occurred.

Subject to and without waiving these objections, Google will produce documents sufficient to show public applications for patents held by Google or Alphabet that list Noam Shazeer or Daniel De Freitas as inventors or co-inventors and that can be located after a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden.

**DOCUMENT REQUEST NO. 48:**

Produce all Google email addresses and internal messaging system usernames for Noam Shazeer, Daniel de Frietas, and current Character.AI employees.

**RESPONSES TO DOCUMENT REQUEST NO. 48:**

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.  Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored to Plaintiff's allegations: Communications by former CTI employees currently at Google are not relevant to the issues in this case.

77

Google objects to this Request as unduly burdensome and not proportional to the needs of the case because the Request seeks information created after Plaintiff's alleged harm.

Subject to and without waiving these objections, Google will produce, upon entry of a protective order which covers information responsive to this Request, documents sufficient to show email addresses and internal messaging usernames for Noam Shazeer and Daniel De Freitas at Google.

**DOCUMENT REQUEST NO. 49:**

Produce all storage data, analytics, data management report, cache systems reports, and other documents related to Sewell Setzer's data.

**RESPONSES TO DOCUMENT REQUEST NO. 49:**

Google objects to this Request to the extent it instructs Google to produce "all" responsive documents, which is unduly burdensome, not proportional to the needs of this case, and not required under the Federal Rules.

Google objects to this Request as vague and ambiguous in its use of the terms "Sewell Setzer's data," "storage data," "analytics," "data management report," and "cache systems reports"  Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because, as written, the request is not tailored to Plaintiff's allegations.

Google objects to this Request to the extent it seeks information related to a user account with respect to which Plaintiff has failed to provide information

sufficient for Google to identify.  Google cannot search for responsive records unless

and until they know (at minimum) the name of the account holder and the email

address associated with the account.  Google objects to this Request because it seeks

detailed technical information or raw data the aggregation and/or production of

which would be highly burdensome in ways that are disproportionate to the

legitimate needs of the case.

Subject to and without waiving these objections, Google is willing to meet and

confer with Plaintiff regarding what, precisely, is sought by this request, and to

determine whether an agreement can be reached under which Google provides

certain non-privileged documents responsive to this Request and located after a

search that is reasonable and proportionate to the needs of this case, in a manner

that does not subject Google to an undue burden.


Dated: July 21, 2025                                    WILSON SONSINI GOODRICH
                                                        & ROSATI, Professional Corporation

                                                        By: ___/s/ Lauren Gallo White_____
                                                           Lauren Gallo White

                                                        Jay B. Shapiro
                                                        STEARNS WEAVER MILLER WEISSLER
                                                        ALHADEFF & SITTERSON, P.A.
                                                        150 W. Flagler Street, Suite 2200
                                                        Miami, FL 33130
                                                        (305) 789-3200
                                                        jshapiro@stearnsweaver.com

                                                        Lauren Gallo White (PHV) (Lead Counsel)
                                                        WILSON SONSINI GOODRICH & ROSATI

79

One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
lwhite@wsgr.com

Fred A. Rowley, Jr. (PHV)
Matthew K. Donohue (PHV)
WILSON SONSINI GOODRICH & ROSATI
953 E. Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
fred.rowley@wsgr.com
mdonohue@wsgr.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 21, 2025, I served the foregoing to all

counsel of record via email.

/s/ Matthew K. Donohue
Matthew K. Donohue