# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representatives of the Estate of S.R.S. III,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; and GOOGLE LLC,<br><br>    Defendants. | Case No. 6:24-cv-01903-ACC-EJK |

### DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' SHORT-FORM DISCOVERY MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The Court should deny Plaintiffs' Motion, which seeks to compel production of a poorly-defined set of documents with a tenuous-at-best connection to Plaintiffs' actual claims, and which are disproportionate to the needs of this case. Given the number of requests at issue in Plaintiffs' motion, Google requests additional briefing to respond to Plaintiffs' demands and states the following:

Plaintiffs claim harm from their son's use of Character.AI, a service created and operated by Defendant Character Technologies, Inc. ("CTI").

1

Plaintiffs seek to hold Google liable for somehow supporting Character.AI's development. Google has agreed to produce documents in response to numerous requests regarding its relationship with CTI. Google has also agreed to produce documents regarding the release of LaMDA, a technology CTI's founders worked on while employed at Google, notwithstanding that ***discovery has already disproven Plaintiffs' allegation that CTI's founders built Character.AI on LaMDA***. *See* Dkt. 182-4 ¶7; Dkt. 183-6 ¶14; Dkt. 226-3 at 62:18-21; Dkt. 226-3 at 94:12-15.

At issue now are requests that go far beyond Plaintiffs' theories of liability to reach ***all*** AI technology at Google across time periods, services, and potentially whole lines of business having nothing to do with CTI or this case. But Plaintiffs' Motion does not address—or even acknowledge—these relevance and proportionality issues. Instead, Plaintiffs suggest that Google's objections were insufficiently specific, ignoring that Google plainly set forth the bases for its objections in its Responses and Objections, *see* Mot. Ex. B at 11-20, 44-45, 49, 68-70, as well as in multiple subsequent discovery letters, *see* Exs. A-D, and meet-and-confers. For example:

**Requests 4-7** seek documents about LaMDA that are irrelevant to Plaintiffs' allegations of harm caused by Character.AI, from individuals

without any connection to CTI, without time limitation. *See Briggs v. City of Daytona Beach*, 2025 WL 1068873, at *1-2 (M.D. Fla. Apr. 8, 2025).

**Requests 8-10** seek documents even farther afield from the issues in this case, as they are not limited to *any* specific techncology but instead request information about "AI chatbots" generally, without time limitation. *See In re: Petition of Marine Sales LLC*, 2025 WL 2694988, at *2 (M.D. Fla. Feb. 26, 2025).

**Request 27** seeks documents discussing ***all*** Google services, without time limitation, despite the fact that Plaintiffs do not allege they were harmed by—or even used—Google's services. *See id.* And to the extent the request seeks documents regarding Google's future plans, those are not relevant to Plaintiffs' claims.

**Request 30** seeks information postdating the death of Plaintiffs' son and therefore cannot be relevant to Google's knowledge at the time of any at-issue conduct.

**Request 42** does not target specific categories of relevant documents, but instead targets individuals based entirely on their executive positions, without time limitation. *See Miller v. Morris Commc'ns Co., LLC*, 2005 WL 8159673, at *2 (M.D. Fla. Apr. 22, 2005) (request that was "not even limited

3

to correspondence relating to Plaintiff, but asks for all correspondence between these groups" was "vastly overbroad").

Plaintiffs' Motion should be denied.

## SHORT FORM DISCOVERY MOTION CERTIFICATION

Pursuant to this Court's Order on Discovery Motions [Dkt. 4], counsel for Google certifies this motion which was prepared using Century Schoolbook 13-point typeface and contains 500 words, excluding the parts of the document that are exempted by the Order.

Dated: December 9, 2025

WILSON SONSINI GOODRICH
& ROSATI, Professional Corporation

By: */s/ Lauren Gallo White*
    Lauren Gallo White

Jay B. Shapiro
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3200
jshapiro@stearnsweaver.com

Lauren Gallo White (PHV) (Lead Counsel)
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower
Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
lwhite@wsgr.com

>Fred A. Rowley, Jr. (PHV)
>Matthew K. Donohue (PHV)
>WILSON SONSINI GOODRICH & ROSATI
>953 E. Third Street, Suite 100
>Los Angeles, CA 90013
>(323) 210-2900
>fred.rowley@wsgr.com
>mdonohue@wsgr.com
>
>*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 9, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have registered to receive notifications.

>*/s/ Jay B. Shapiro*
>Jay B. Shapiro

5

#14306924 v1