# EXHIBIT D

**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

953 East Third Street
Suite 100
Los Angeles, California 90013-1952

O: 323.210.2900
F: 866.974.7329

MATTHEW DONOHUE
Email: MDONOHUE@wsgr.com

December 2, 2025

**Via Electronic Mail**

Matthew P. Bergman
Social Media Victims Law Center
600 1st Ave, Suite102-PMB 2383
Seattle, WA 98104
matt@socialmediavictims.org

  Re: Megan Garcia, et al., v. Character Technologies, Inc., et al., Case No. 6:24-cv-01903-ACC-DCI

Counsel:

  I write in response to your letter dated November 20, 2025. As I expressed during our last meet-and-confer, we appreciate your offer to withdraw certain Requests and narrow others but continue to believe that many of Plaintiffs' requests are overbroad and beyond the scope of the issues in these cases. Notwithstanding those objections, in the spirit of reaching a resolution, Google is willing to withdraw certain objections and produce documents as follows:

- **Request 15.** While Google maintains that documents post-dating February 2024 are not relevant to Plaintiffs' claims, in the spirit of compromise, in satisfaction of Request 15, Google is willing to produce documents that constitute agreements or contracts defining the legal rights and obligations between Google, on the one hand, and Character.AI, Shazeer, and De Freitas, on the other, entered into during the time period between March 1, 2024 and August 31, 2024, and that can be located after a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden. For the avoidance of doubt, we would understand this request as seeking executed agreements and not terms of service or similar agreements related to public Google services. Please confirm that this compromise is agreeable.

- **Request 16.** You represented on our last call that Plaintiffs would likely agree to accept a production of employee offer letters in satisfaction of Request 16. If Plaintiffs will confirm that position, Google will produce offer letters sent to former Character.AI employees in connection with the 2024 license and release agreement between Google and Character.AI. However, we would ask to redact the individuals' addresses and pay terms, to respect their privacy.

**WILSON SONSINI**

Matthew P. Bergman
Social Media Victims Law Center
December 2, 2025
Page 2

- **Request 29.** While Google maintains that documents post-dating February 2024 are not relevant to Plaintiffs' claims, to resolve Request 29, Google is willing to produce communications exchanged between agreed-upon Google custodians from Google's Corporate Development group, on the one hand, and Character.AI, Shazeer, and De Freitas, on the other, that relate to the negotiation, formation, and execution of the 2024 license and release agreement, during the time period between March 1, 2024 and August 31, 2024, and that can be located after a reasonable search that is proportionate to the needs of this case, in a manner that does not subject Google to an undue burden.

- **Request 43.** As explained in our November 24 meet and confer, the License and Release agreement between Google and Character.AI explicitly stated that Google would not receive any of Character.AI's Customer Data as part of the transaction. We understand from our last discussion that, notwithstanding that fact, Plaintiffs wish to see if discussions in connection with the transaction contradict its written terms. While Google does not believe this request is well-founded, in the interest of compromise, Google is willing to produce documents responsive to this Request, if any, that result from running a limited set of agreed-upon search terms over the communications between Character.AI and Google from a limited set of agreed-upon custodians from Google's Corporate Development group.

Google maintains that the documents sought by the following Requests are not relevant or proportional to the needs of this case, and Plaintiffs' proposals do not meaningfully address Google's objections:

- **Requests 4-7.** As we have discussed, requests for internal communications regarding technologies developed at Google are not relevant to Plaintiffs' claims. To the extent Plaintiffs' position is that documents concerning LaMDA are relevant to the safety of Character.AI's service, this position is unfounded. Defendants Shazeer and De Freitas have testified that Character.AI built its own language model and that they did not take proprietary technology from Google to build Character.AI, so there is no basis to seek documents that relate to concerns regarding LaMDA.

- **Requests 8-10.** These Requests seek documents even farther afield from the issues in this case, to the extent they are not limited to any specific technology but seek studies, documents, and communications related to "AI chatbots" generally. Such documents are not relevant to Plaintiffs' claims about Google's relationship with Character.AI.

- **Request 27.** Plaintiffs have not presented any theory by which Google's business operations after the August 1, 2024 License and Release transaction could possibly be relevant to the harm that Plaintiffs claim arises from their son's use of Character.AI. As such, documents discussing Google's potential use of a licensed LLM have no relevance to this case.

- **Request 30.** As an initial matter, this Request seeks documents post-dating the death of Plaintiffs' son, which, as noted above, are not relevant to Plaintiffs' claims.

**WILSON SONSINI**

Matthew P. Bergman
Social Media Victims Law Center
December 2, 2025
Page 3

> Additionally, this Request seeks documents that, if they exist, would be primarily or entirely protected by attorney-client privilege.

- **Request 42.** This Request does not target specific categories of relevant documents, but instead targets individuals based entirely on their position as Google executives. Google has already agreed to produce relevant and responsive documents in response to Plaintiffs' other requests, and there is no basis for targeting executives for discovery simply because of their rank.

Google's Custodians and Search Terms

With respect to Plaintiffs' request for additional information regarding Google's custodians and search terms, Google agrees to: (1) provide the job titles of each custodian and a short explanation of why they were selected as a custodian; and (2) identify which Requests for Production our search terms are intended to cover.

Further, as I stated in my prior letter and in our meet and confer, Google has already commenced a search and review based on our proposal. We are considering the proposed additions that Plaintiffs sent last week, nearly four weeks after Google shared its proposal. That said, as discussed above, Google will not agree to custodians simply because Plaintiffs named specific individuals in their document requests.

Scheduling of 30(b)(6) Deposition

Finally, as separately conveyed via email last week and as already reflected in Plaintiffs' amended notice, Google proposes January 15, 2026 for one 30(b)(6) deposition. Google expects to designate one or more additional corporate representatives to cover any topics agreed-to subject to Google's objections and following resolution of the parties' ongoing negotiations.

We look forward to hearing from you.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

Matthew Donohue