# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MEGAN GARCIA and SEWELL SETZER JR.,**
*individually and as the Personal Representatives of the Estate of S.R.S. III,*

      **Plaintiffs,**

v.                                                              Case No: 6:24-cv-1903-ACC-DCI

**CHARACTER TECHNOLOGIES, INC.;
NOAM SHAZEER; DANIEL DE
FRIETAS ADIWARSANA; and
GOOGLE LLC,**

      **Defendants.**

_____/

## ORDER

On August 19, 2025, Defendant Noam Shazeer (Shazeer) filed a motion to dismiss for lack of personal jurisdiction. Doc. 182. Plaintiffs responded, and Shazeer filed a Reply with leave of Court. Docs. 192, 203. In support of the Reply, Shazeer submitted certain redacted exhibits or placeholders. Pending before the Court is Shazeer's Motion to Seal. Doc. 224 (the Motion). Shazeer contends that specific portions of the documents at issue should be sealed "permanently" or "indefinitely." *Id.* at 2, 6. No party or non-party has filed a memorandum in support of or in opposition to the seal, and the time for doing so has elapsed. For the reasons stated herein, the Motion is due to be granted in part.

    **I.**     **Standard**

The filing of items under seal is governed by Local Rule 1.11(b), which provides:

(b) Motion to Seal. A motion to seal an item:

    (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";

>   (2) must describe the item;
>
>   (3) must establish:
>
>>   (A) that filing the item is necessary,
>>
>>   (B) that sealing the item is necessary, and
>>
>>   (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
>
>   (4) must include a legal memorandum;
>
>   (5) must propose a duration for the seal;
>
>   (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
>
>   (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and
>
>   (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

Once the Court has assessed compliance with the Local Rule, the Court then must determine whether the movant has shown good cause for sealing the documents. In deciding whether to grant a motion to seal, the Court must remain cognizant of a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citations omitted); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation

omitted). Although the common law right of access creates a presumption against sealing court records, a party may overcome that presumption with a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

## II.     Discussion

Shazeer claims that there are three documents attached to the Reply that contain confidential information. Doc. 224 (citing Docs. 203-2, 203-3, and 203-4). Shazeer states that he and Character Technologies designated information contained in these documents as confidential under the parties' "interim confidentiality agreement." *Id*. at 2. Shazeer adds that the Court has already approved the request to seal Shazeer's confidential personal and financial information in documents Plaintiffs cited in their response and amended response to the motion to dismiss. *Id*. Shazeer represents that the proposed redactions are limited to his "confidential compensation-related information and personally-identifying information ('PII')." *Id*. at 4. Shazeer apparently argues that filing these exhibits is necessary to address the issue of personal jurisdiction. *Id*. at 5. Shazeer claims that "[i]n opposing Mr. Shazeer's motion to dismiss, Plaintiffs ignored entirely substantial evidence in the discovery record supporting Mr. Shazeer's declaration explaining that, at all relevant times, C.AI observed required corporate formalities." *Id*. at 5 to 6. Shazeer requests that the Court grant the Motion and "seal the unredacted versions of the documents indefinitely[.]" *Id*. at 6.

Upon due consideration, the Court finds that there is good cause to permit Shazeer to file under seal the unredacted versions of Docs. 203-2 to 203-4 and to file on the public docket these exhibits with redactions to certain information. Specifically, Shazeer may redact from public view the portions of these exhibits that reflect Shazeer's social security number; home address; the purchase price for Shazeer's initial purchase of C.AI stock and amount of shares granted; the

purchase price for Shazeer's initial purchase of Character Technologies, Inc. stock and amount of shares granted; and the purchase price for C.AI's early employees' purchase of C.AI stock and amount of shares granted. Doc. 224 at 5. *See Travelers Cos. v. Carrillo*, 2014 U.S. Dist. LEXIS 202718, at *5 to 6 (M.D. Fla. Mar. 3, 2014) (denying the plaintiff's request to seal an offer letter because other offer letters were already disclosed to the public but permitting the plaintiff to file the document with "redactions to the salary, benefits, incentives, and other personal, sensitive information" that is not pertinent to the plaintiff's opposition to the motion to dismiss); *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, 2020 WL 13862027, at *1 (M.D. Fla. Sept. 16, 2020) (finding good cause to seal motions because they included sensitive financial and employment information) (citations omitted); *Merone v. Select Portofolio S Servicing, Inc.*, 2015 WL 12859326, at *1 (M.D. Fla. May 1, 2015) (denying a request to permanently seal a letter because the only personal information was the plaintiff's credit score and monthly gross income but finding that the information was "easily redacted" and did not require a seal).[1]

Shazeer, however, has not established a basis to "permanently" or "indefinitely" seal the unredacted exhibits. A seal under Local Rule 1.11 "expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires." Local Rule 1.11(e). Shazeer cites to no law in support of the request and, therefore, this part of the Motion is due to be denied.

---

[1] In addition to his request to seal certain portions of Doc. 203-3, Shazeer states that "the Court should provisionally seal" the exhibit until Defendant De Freitas has an opportunity to file a memorandum in support of a seal. Doc. 224 at 5. Shazeer states that "De Freitas has an interest in the confidentiality of the document." *Id*. De Freitas has not filed a memorandum in support of a seal within the time for doing so. So, the Court will only consider Shazeer's request to seal the unredacted version of the document and to place on the public docket the redacted version.

Finally, Shazeer submitted a placeholder for Doc. 203-5, but explains now that he is "withdrawing his arguments to seal ECF No. 203-5, but is nonetheless submitting it to the Court for the Court's consideration of that document in support of his Renewed Motion to Dismiss (ECF No. 203)." Doc. 224 at 2 n.2. Shazeer has, therefore, submitted the document that should be attached at Doc. 203-5.

### III. Conclusion

Based on the foregoing, the Court **ORDERS** that:

1. the Motion (Doc. 224) is **GRANTED in part** to the extent that **on or before December 19, 2025**, Shazeer may file under seal unredacted versions of Docs. 203-2, 203-3, and 203-4, which shall remain under seal until the 90th day after the date this case is closed and all appeals are exhausted (*see* Local Rule 1.11(e));

2. **on or before December 19, 2025**, Shazeer may file on the public docket Doc. 203-2, 203-3, and 203-4 with redactions to Shazeer's social security number; home address; the purchase price for Shazeer's initial purchase of C.AI stock and amount of shares granted; the purchase price for Shazeer's initial purchase of Character Technologies, Inc. stock and amount of shares granted; and the purchase price for C.AI's early employees' purchase of C.AI stock and amount of shares granted;

3. the Clerk is directed to replace the placeholder at Doc. 203-5 with Doc. 224-4; and

4. the remainder of the Motion (Doc. 224) is **DENIED**.

**ORDERED** in Orlando, Florida on December 15, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE