UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEGAN GARCIA and
SEWELL SETZER JR.,
Individually and as the Personal
Representative of the Estate of
S.R.S. III,

    Plaintiffs,

v.

CHARACTER TECHNOLOGIES, INC.;
NOAM SHAZEER; DANIEL DE
FREITAS ADIWARSANA;
GOOGLE LLC,

    Defendants.
_____/

Case No.: 6:24-cv-1903-ACC-DCI

## NOTICE OF CHARGING LIEN OF NEWSOME LAW, P.A.

Newsome Law, P.A. ("Newsome Law" or "Movant") hereby gives notice of its claim imposing an attorney's charging lien for attorney's fees and costs against any property or funds received by Plaintiffs, Megan Garcia and Sewell Setzer Jr., individually or as the Personal Representatives of the Estate of S.R.S. III, whether by settlement, judgment, or otherwise, or which was an issue in the instant action, and in support of the request for this Court to exercise jurisdiction, Newsome Law states:

### Relevant Procedural Facts

1.    This Case was filed by Plaintiffs on October 22, 2024.

2.    Other than the Complaint, the first substantive filing in this Case was Defendants' Motions to Dismiss filed on January 24, 2025. ECF Nos. 59, 63.

1

3. A salaried employee of Newsome Law, Attorney Amy Judkins, began work on this Case on or around January 31, 2025, and thereafter expended resources and incurred costs in connection with this Case.

4. While working as a W-2 employee for Newsome Law, Judkins signed a Representation Agreement with Plaintiffs in February 2025, which entitled counsel jointly to a specified percent of any verdict or settlement, and stated that all counsel would divide fees in proportion to the legal services to be performed and the responsibility assumed by each.

5. Attorney Judkins performed substantial work on Plaintiffs' Responses in Opposition to Motions to Dismiss, which were filed on March 21, 2025. ECF Nos. 84-85.

6. On April 28, 2025, Attorney Judkins argued on behalf of Plaintiffs at the hearing on Defendants' motions to dismiss. ECF No. 112.

7. On or about May 5, 2025, Attorney Judkins departed from Newsome Law and Movant's representation of Plaintiff ceased in this Case upon discharge without cause.

8. On May 21, 2025, this Court granted in part and denied in part Defendants' Motions to Dismiss. ECF No. 115.

9. On or around January 7, 2026, the Parties in this Action filed a Notice of Resolution pursuant to Local Rule 3.09(a) stating that they had "agreed to a mediated settlement in principle" and requested that the "matter be stayed so that the Parties may draft, finalize, and execute formal settlement documents." ECF No. 242, The

filing also stated that, "[u]pon full execution of the same, the Parties will file the appropriate dismissal documents with the Court and advise the Court of status within ninety (90) days of this notice." Id.

10. As of the date of this filing, the "appropriate dismissal documents" referenced in Plaintiffs' January 7, 2026, filing have not been filed.

11. Prior to seeing it referenced on the public docket, at no time during the pendency of this Case was Newsome Law advised that settlement discussions were underway, that an agreement in principle had been reached between the Parties, or that Newsome Law's contributions to this Case would be recognized.

12. Also on January 7, this Court entered its Order dismissing the Case without prejudice in accordance with Local Rule 3.09(b). ECF No. 244.

**Legal Basis for this Court Resolving Newsome Law's Charging Lien**

13. In Florida, "it is well settled that an attorney who performed services on a contingency basis and who was discharged before the contingency was accomplished, as is the case here, may recover for his services only in quantum meruit." Jenkins v. St. Petersburg Coll. Bd. of Trustees, 2022 WL 1094821, at *2 (M.D. Fla. Jan. 4, 2022), report and recommendation adopted in part, rejected in part, 2022 WL 633378 (M.D. Fla. Mar. 4, 2022). The quantum meruit action takes place in the form of the discharged counsel filing a notice of charging lien. Id.

14. Because such claims are so related to the underlying claims in the action, federal courts may, and regularly do, exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to resolve disputes between a party to a federal lawsuit and that party's

attorney over the proper amount of fees due for the work performed in the litigation. Montpellier Farm, Ltd v. Crane Envtl., Inc., 2009 WL 722238, at *3 (S.D. Fla. Mar. 18, 2009).

15. In order for an attorney's charging lien to be imposed, Florida law requires: (1) a contract between the attorney and client: (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of a request for a lien. Id., at *1 (citing Daniel Mones, P.A. v. Smith, 486 So. 2d 559, 561 (Fla. 1986)). (Hereinafter, the "requirements").

16. As stated in Paragraph 4 above, it is Movant's understanding that in February 2025, a contingency fee agreement was signed by 1) Plaintiff, 2) Newsome Law's W-2 employee (at the time), Amy Judkins, and 3) additional counsel; thereby satisfying requirements 1 and 2.

17. After learning of the impending settlement on the public docket, Movant attempted to informally resolve his lien directly with two of Plaintiffs' counsel, Attorney Amy Judkins and Attorney Ed Normand. While Judkins and Normand agree Newsome Law is entitled to quantum meruit compensation for work performed on the case during Judkins's employment with Newsome Law, there is a dispute as to the amount of the lien. Thus, satisfying requirement 3.

18. As for requirement 4, while Newsome Law's Notice is being filed after this Court's Order of dismissal pursuant to Local Rule 3.09(b), such notice is timely because the Parties' January 7, 2026, 3.09(a) notice makes clear that the settlement has

not been drafted, formalized, or executed. See Shepard v. Florida Power Corp., 2011 WL 2144769, at *4 (M.D. Fla. May 12, 2011), report and recommendation adopted, 2011 WL 2144891 (M.D. Fla. May 31, 2011) (finding attorney's notice of charging lien was filed timely where it followed an order to dismiss without prejudice but "was filed before the plaintiff's execution of the formal settlement agreement and disbursement of settlement funds").

19. "[C]ourts routinely approve the imposition of liens after settlements or dismissals when equitable circumstances dictate the original proceeding had not fully closed." Stratos v. AIG Prop. Cas. Co., 2023 WL 4930315, at *8 (S.D. Fla. Aug. 2, 2023) (citing Mones, 486 So. 2d at 562 (Boyd, C.J., concurring)).

20. In Stratos, even though the notice of charging lien was filed after entry of a final order of dismissal (unlike the case here), the district court found the charging lien was timely filed, explaining,

> The facts in Shepard are analogous, and the court's analysis of the timeliness issue is instructive. In Shepard, the court held that the plaintiff's attorney gave timely notice by filing a notice of claim of charging lien before the execution of the formal settlement agreement and disbursement of settlement proceeds. Id. (citing Sinclair, 428 So. 2d at 1383). Similarly, here, the notice of charging lien was filed before the parties executed a settlement agreement.

Stratos, 2023 WL 4930315, at *8.

21. Pursuant to Florida law,[1] a court determining a proper quantum meruit award must consider all relevant factors surrounding the professional relationship to

---

[1] Florida law applies as this is a matter of substantive issue for the court's determination. See Montpellier Farm, Ltd, 2009 WL 722238, at *1 (S.D. Fla. Mar. 18, 2009) ("'Federal courts,

5

ensure that the award is fair to both the attorney and client (i.e., "the totality of the circumstances"), including consideration of the benefit actually conferred upon the client form the attorneys' work. <u>Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz</u>, 652 So. 2d 366, 369 (Fla. 1995); <u>Buckley Towers Condo., Inc. v. Katzman Garfinkel Rosenbaum, LLP</u>, 519 Fed. Appx. 657, 665 (11th Cir. 2023).

22. For the reasons stated above, Movant has the right to a charging lien against any property or funds received or receivable by Plaintiffs in this Case, and requests that this Court exercise jurisdiction over this issue.

Respectfully Submitted,

        */s/ Dale M. Swope*
DALE M. SWOPE
Florida Bar No.: 261270
NATALIE I. SHOEMAKER
Florida Bar No.: 1025707
Swope, Rodante P.A
1234 E. Fifth Avenue
Tampa, Florida 33605
Tel.: (813)273-0017
Fax: (813) 223-3678
Team1eservice@swopelaw.com
eservice@swopelaw.com

---

although they recognize no common-law lien in favor of attorneys, give effect to the laws of the state in which they are held.'") (quoting <u>Gottlieb v. GC Fin. Corp.</u>, 97 F.Supp.2d 1310, 1311 (S.D. Fla. 1999)).

## CERTIFCATE OF SERVICE

I HEREBY CERTIFY that on **February 12, 2026,** I electronically filed the forgoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Dale M. Swope*
DALE M. SWOPE
Florida Bar No.: 261270
NATALIE I. SHOEMAKER
Florida Bar No.: 1025707
Swope, Rodante P.A
1234 E. Fifth Avenue
Tampa, Florida 33605
Tel.: (813)273-0017
Fax: (813) 223-3678
Team1eservice@swopelaw.com
eservice@swopelaw.com
**Counsel for Newsome**
