UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representative of the Estate of S.R.S. III,<br><br>Plaintiffs,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FRIETAS ADIWARSANA; and GOOGLE LLC,<br><br>Defendants. | Case No. 6:24-cv-01903-ACC-EJK |

**JOINT MOTION TO STRIKE NOTICE OF CHARGING LIEN OF NEWSOME LAW, P.A. [D.E. 246] AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Megan Garcia and Sewell Setzer, Jr. (collectively, "Plaintiffs"), and Plaintiffs' counsel, Normand PLLC ("Normand"), by and through undersigned counsel, hereby file their Joint Motion to Strike Notice of Charging Lien ("Notice") of Newsome Law, P.A. ("Newsome Law") [D.E. 246], and in support thereof state as follows:

**INTRODUCTION**

Newsome Law, through its sole partner and shareholder C. Richard "Rich" Newsome ("Newsome") improperly seeks to impose a charging lien against Plaintiffs' future recovery in this case. Newsome Law's sole allegation in support

1

of its Notice is that Amy Judkins ("Ms. Judkins"), Plaintiffs' counsel, who is now affiliated with Normand, but was previously affiliated with Newsome Melton, P.A. (not Newsome Law) allegedly signed a Representation Agreement with Plaintiffs in February 2025. *See* Notice, D.E. 246 at ¶ 4. That allegation is false. Plaintiffs never signed a Representation Agreement with Ms. Judkins. Plaintiffs also never signed a Representation Agreement with Newsome Law, Newsome, or any other firm affiliated with Newsome.

This fact—of which Newsome Law and its counsel were fully aware before filing the Notice—is dispositive. A charging lien not supported by a contract for representation is unenforceable as a matter of well-established Florida law. For these reasons, and as more fully argued below, the Notice must be stricken. Plaintiffs and Normand further submit that the Court would also be justified in issuing an order to show cause directed to Newsome Law and/or its counsel, Dale Swope, Natalie Shoemaker, and their firm, Swope Rodante, as to why asserting the baseless charging lien does not violate Fed. R. Civ. P. 11(b).

## RELEVANT FACTS

Newsome Law's Notice includes multiple factual misrepresentations which Plaintiffs and Normand address in turn below. Plaintiffs and Normand otherwise provide additional facts as relevant to the instant dispute.

1. Amy Ms. Judkins, who is an attorney with Normand, was not a

"salaried employee of Newsome Law…on or around January 30, 2025" as Newsome Law knowingly misrepresents in its Notice. At that time, Ms. Judkins was an employed attorney with Newsome Melton, P.A., a now-dissolved law firm that Ms. Judkins worked with from August 2023 until May 2, 2025. *See* Newsome Melton, P.A. Articles of Dissolution, a true and correct copy of which is attached hereto as **Exhibit A**; *see also* Declaration of Amy Judkins ("Judkins Dec."), at ¶¶ 2, 17, attached hereto as **Exhibit B**.

2. Ms. Judkins never signed a Representation Agreement with Plaintiffs in this action, including in February of 2025 as Newsome Law misrepresents in its Notice.

3. Instead, Ms. Judkins was first contacted regarding potentially becoming involved in the instant action in or about January of 2025 by attorneys affiliated with Normand, which had been retained as trial counsel in this action. *See* Judkins Dec., Ex. B, at ¶ 9.

4. At that time, the partners of Newsome Melton, P.A. (Newsome and Frank Melton) had announced that they were dissolving the firm and would be forming separate firms. Newsome, Melton, and Ms. Judkins were discussing plans to continue working together through a partnership of independent law firms. *See* Judkins Dec., Ex. B, at ¶¶ 4, 6-7.

5. In furtherance of that plan, and with the encouragement of Newsome

3

and Melton, on February 17, 2025, Ms. Judkins formed Amy Judkins, P.A. A true and correct copy of the Electronic Articles of Incorporation for Amy Judkins, P.A. is attached hereto as **Exhibit C**. *See also* Judkins Dec., Ex. B, at ¶ 8.

6. On or about February 19, 2025, Ms. Judkins confirmed to Normand that she was able to assist with preparing Plaintiffs' opposition to then-pending motions to dismiss, solely limited to discrete arguments relating to personal jurisdiction. Thereafter, Ms. Judkins prepared approximately five pages of briefing included in Plaintiffs' opposition to the motions to dismiss filed by certain individual defendants. *See* D.E. 84; *see also* Judkins Dec., Ex. B, at ¶ 12.

7. Effective March 6, 2025, Newsome formally established Newsome Law. *See* Articles of Incorporation of Newsome Law, P.A, attached hereto as **Exhibit D**.

8. On March 26, 2025, Ms. Judkins entered her appearance in the instant action, indicating her then-affiliation with Newsome Melton, P.A. *See* Ms. Judkins Notice of Appearance, D.E. 87, attached hereto as **Exhibit E**.

9. To the extent Ms. Judkins and Normand contemplated Ms. Judkins' compensation for her work on the Plaintiffs' opposition to the motions to dismiss, Ms. Judkins understood Normand would pay Ms. Judkins directly for the hours expended. *See* Judkins Dec., Ex. B at ¶ 11. There was no fee arrangement agreed upon directly between Ms. Judkins and Plaintiffs. *Id.*

10. Thereafter, on April 28, 2025, Ms. Judkins provided approximately twenty minutes of oral argument related to personal jurisdiction on Plaintiffs' behalf during the two hour and ten-minute hearing on the motions to dismiss. *See* Clerk's Minutes regarding April 28, 2025, Oral Argument, D.E. 112; *see also* Judkins Dec., Ex. B at ¶ 16.

11. While Ms. Judkins was providing limited and discrete input on opposing arguments for dismissal based on personal jurisdiction, she and Newsome attempted to negotiate employment terms for Ms. Judkins to join Newsome Law. Those efforts were ultimately unsuccessful, and on May 2, 2025, Ms. Judkins officially declined Newsome Law's employment offer and severed her professional affiliation with Newsome on or about May 2, 2025. *See* Judkins Dec., Ex. B at ¶¶ 13, 15.

12. Ms. Judkins unknowingly received one month's worth of salary from Newsome Law in April of 2025, at a time when her employment status was indisputably in flux. Ms. Judkins never consented to, or knowingly accepted, a W-2 employment position with Newsome Law. *See* Judkins Dec., Ex. B at ¶¶ 17-18.

13. Effective May 30, 2025, Plaintiffs in this action executed a Representation Agreement with Social Media Victims Law Center PLLC. That Representation Agreement authorized Social Media Victims Law Center PLLC to

5

associate with co-counsel "if SMVLC believes that doing so is in [Plaintiffs'] best interest or required by law," and further provided "such associated co-counsel will be paid by SMVLC out of any attorneys' fees [Plaintiffs] pay[] to SMVLC…subject to client's prior approval and in accordance with applicable law." A true and correct copy of the Representation Agreement is attached hereto as **Exhibit F**.[1]

14.    The Representation Agreement includes an Associating Attorney Clause, executed by Plaintiffs, Social Media Victims Law Center, PLLC's counsel, Tech Justice Law Project's counsel, and Normand's counsel. *See id.* at p. 6. While Ms. Judkins is specifically mentioned by name in the Associating Attorney Clause, Ms. Judkins did not sign the Representation Agreement. *Id.* Neither Newsome Melton, P.A. nor Newsome Law is mentioned anywhere in the Associating Attorney Clause or in the Representation Agreement.

15.    Ms. Judkins has never signed a contract of representation with either or both of the Plaintiffs. *See* Ms. Judkins Dec., Ex. B at ¶ 19; *see also* Declaration of Megan Garcia, attached hereto as **Exhibit G**, at ¶¶ 14; *see also* Declaration of Sewell Setzer, Jr., attached hereto as **Exhibit H**, at ¶ 12.

16.    Plaintiffs were never aware of Newsome Melton, P.A., Newsome

---

[1] Plaintiffs provide a redacted copy of their Representation Agreement to preserve attorney–client privilege and confidentiality. An unredacted copy can be made available to the Court for *in camera* review upon request.

Law, or Newsome individually.  Plaintiffs never retained Newsome Melton, P.A., Newsome Law, or Newsome individually in connection with this matter, nor did they intend to do so.  *See* Garcia Dec., Ex. G at ¶¶ 12-14; *see also* Setzer Dec. Ex. H at ¶¶ 7-9, 12.

## MEMORANDUM OF LAW

### A. Legal Standard for Attorney Charging Liens

Under Florida law, before a charging lien becomes enforceable, the asserting attorney must establish: (1) "a contract between the attorney and client;" (2) "an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery;" (3) "an attempt by the client to avoid paying or a dispute as to the amount of the fee;" and (4) "timely notice." *In re Washington*, 242 F.3d 1320, 1323 (11th Cir. 2001).  "Each of the four elements is necessary for the perfection of the charging lien." *Aldar Tobacco Grp., LLC v. Am. Cigarette Co., Inc.*, 577 F. App'x 903, 906 (11th Cir. 2014).

The first element—a contract between the attorney and client—is indispensable. *Daniel Mones, P.A. v. Smith*, 486 So. 2d 559, 561 (Fla. 1986); *see also Gottlieb v. GC Financial Corp.*, 97 F. Supp. 2d 1310, 1311 (S.D. Fla. 1999) ("The first element for a charging lien necessitates a contract between the attorney and the client."). Courts within the Eleventh Circuit regularly strike improper notices of charging liens like the Notice Newsome Law asserts here.  *See, e.g.*, *In re: Miami*

7

*Beverly, LLC*, 608 B.R. 574, 582-83 (Bankr. S.D. Fla. 2019); *see also Chapman v. Dep't of Corr.*, No. 14-23323-Civ-Scola, 2018 WL 10705353, at *3 (S.D. Fla. Apr. 13, 2018). "A charging lien cannot be imposed merely because the attorney provided legal services." *Robert C. Malt & Co. v. Carpet World Distributors, Inc.*, 861 So. 2d 1285, 1287 (Fla. 4th DCA 2004) (concluding that "the trial court's finding that [asserting firm] met all the requirements for the imposition of a charging lien was error").

**B. The Notice Fails as a Matter of Law Because There Has Never Been an Express or Implied Contract of Representation Between Plaintiffs and Newsome Law.**

Newsome Law's Notice must be stricken as a matter of law because Newsome Law has not—and cannot—establish any express or implied contract of representation between itself and Plaintiffs. This issue is dispositive. *See Daniel Mones, P.A.*, 486 So. 2d at 561; *see also Gottlieb*, 97 F. Supp. 2d 1311; *compare In re Abilify (Aripiprazole) Products Liability Litig.*, No. 3:16-md-2734; 3:18-cv-876, 2020 WL 2575506 at *5 (N.D. Fla. May 21, 2020) (denying motion to strike charging lien where all elements of an enforceable charging lien were established, including "the existence of a contract [with the law firm] to represent Plaintiff").

Here, as established and supported by Plaintiffs' respective and contemporaneous Declarations, Plaintiffs never entered into any representation agreement with Newsome, Newsome Law, or any entity affiliated with Newsome Law. *See* Garcia Dec., Ex. G at ¶¶ 7, 12-14; Setzer Dec. Ex. H at ¶¶ 7-9, 12. Not only

8

did Plaintiffs never retain Newsome or Newsome Law, they never communicated with Newsome or became aware of Newsome's existence until Newsome Law asserted a claim for payment in their case. *See* Garcia Dec., Ex. G at ¶¶ 12-13; Setzer Dec. Ex. H at ¶¶ 7, 9.

Newsome Law's singular, and flimsy allegation in support of its improper Notice appears to be its demonstrably false assertions that Ms. Judkins was a "W-2 employee for Newsome Law" in January of 2025, when Ms. Judkins was first contacted about potential work on the instant action, and in February of 2025, when Newsome Law alleges "Ms. Judkins signed a Representation Agreement with Plaintiffs." Notice, D.E. 246, at ¶¶ 3-4. Ms. Judkins was not an employee of Newsome Law in February of 2025—indeed, Newsome Law was not formed until March of 2025—and she never signed a contract of representation with Plaintiffs, including any contract of representation in February of 2025, as Newsome Law falsely alleges. *See* Ex. D; *see also* Judkins Dec., Ex. B at ¶¶ 13, 15, 17-18. That is further substantiated by the actual Representation Agreement attached to this motion as Exhibit F, signed by Plaintiffs, Normand, and Normand's co-counsel (excluding Ms. Judkins), which was not effective until May 30, 2025—after Ms. Judkins' May 2, 2025, resignation from any professional affiliation with Newsome. *See also* Judkins Dec., Ex. B at ¶¶ 17, 19. That Representation Agreement also does not mention Newsome Law, Newsome Melton, or Newsome individually, and

9

importantly, Ms. Judkins did not sign it. *See* Representation Agreement, Ex. F.

The limited and discrete assistance Ms. Judkins provided to Plaintiffs' trial counsel, Normand, in opposition to the personal jurisdiction arguments included in then-pending motions to dismiss, did not create a contingency fee contract between Plaintiffs and Newsome Law. The Rules Regulating the Florida Bar are unequivocal with respect to the requirements necessary to create a contingency fee agreement. Under Rule 4-1.5(f)(2), a lawyer may participate in a contingency fee agreement only if: (1) the client provides written consent to that participation; (2) the lawyer signs the contingency contract; and (3) the lawyer agrees to assume joint legal responsibility. R. Reg. Fla. Bar 4-1.5(f)(2). None of those requirements were met by Newsome Law, Newsome Melton, P.A., or Newsome individually. Plaintiffs never consented, expressly or impliedly, to sharing any recovery in this action with Newsome Law, Newsome Melton, P.A., or Newsome individually. Newsome Law lacks an express or implied contract of representation with Plaintiffs, including a valid and enforceable contingency fee agreement. Newsome Law's attempt to impose a charging lien on Plaintiffs' future potential recovery in this action is invalid as a matter of law. Newsome Law's Notice must be stricken.

The Southern District of Florida addressed analogous circumstances in *Chapman v. Fla. Dep't of Corr.*, No. 14-23323-Civ-Scola, 2018 WL 10705353, at *1 (S.D. Fla. Apr. 13, 2018). There, an attorney filed a notice of charging lien based on work

she performed as a former attorney of the law firm representing the client. *Id.* at *1. The movant did not have a written agreement with the clients but instead relied on internal emails suggesting that she would receive a share of the recovery as a bonus for her work on the case. The court struck the charging lien, holding that those communications did not establish a contingency fee agreement between the *movant* and the *clients*. At most, the court explained, the movant "would have only a potential claim to [the law firm's] recovery of his fees." *Id.* at *1.

Even when a law firm expends considerable time and resources on a case, courts will not enforce a charging lien absent the threshold requirement of a client contract. In *Frank v. AGA Enter., LLC*, No. 17-CV-61373-SMITH/VALLE, 2021 WL 1960453, at *11 (S.D. Fla. May 17, 2021), a law firm litigated a federal action for over three years on behalf of the plaintiff-insurance company before the district court substituted the insurance company with the insured as plaintiff. *Id.* at *2. The insured was represented by different counsel. After a settlement was reached, the insurance company's lawyers sought a charging lien for their substantial work in the litigation. *Id.* at *2. The district court recognized that law firm's substantial involvement, stating that the plaintiffs were "hard-pressed to challenge the time and efforts expended by the Gonzalez firm during three years of federal litigation or to show that these efforts were of no value in their ultimate settlement." *Id.* at *5. Despite that time and effort, the court concluded that the charging lien failed

as a matter of law because there was no contractual relationship between the plaintiffs and the previous firm. *Id.* at *5.

Like in *Frank* and *Chapman*, Newsome Law has no attorney-client relationship with Plaintiffs—express or implied. There is no contingency fee agreement between Newsome Law and Plaintiffs. Work Ms. Judkins performed as an employee of a Newsome-related entity cannot substitute for the clear, threshold requirement of a contract between the attorney asserting the charging lien and the client whose recovery the asserting attorney seeks to impose the lien against. *Robert C. Malt & Co.*, 861 So. 2d at 1287 ("A charging lien cannot be imposed merely because the attorney provided legal services."). Newsome Law's Notice must therefore be stricken. *See Benitez v. Leal*, 272 So. 3d 506, 509 (Fla. 3d DCA 2019) (vacating charging lien where there was no admissible evidence of "any express or implied understanding for payment of attorney's fees out of the recovery.").

### C. The Absence of an Attorney-Client Relationship Between Plaintiffs and Newsome Law Also Undercuts the Second and Third Elements for Imposing a Charging Lien

The second and third elements that must be established before a charging lien may be imposed on Plaintiffs' potential recovery in this action are: (2) "an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery;" and (3) "an attempt by the client to avoid

paying or a dispute as to the amount of the fee." *In re Washington*, 242 F.3d 1320, 1323 (11th Cir. 2001).  As demonstrated above, Newsome Law also cannot establish these elements because Plaintiffs are not—and never were—Newsome Law's clients.  *See supra* Section B above, and supporting exhibits.  Newsome Law glosses over this dispositive fact in its Notice, indicating that through informal efforts "to resolve his lien directly with two of Plaintiffs' counsel, Attorney Amy Ms. Judkins and Attorney Ed Normand," Ms. Judkins and Normand "agree[d] Newsome Law is entitled to quantum meruit compensation for work performed on the case during Ms. Judkins's employment with Newsome Law."  *See* Notice, D.E. 246 at ¶ 17.

First, Newsome Law's and its counsel's claim is false.  Via email on January 15, 2026, only Ms. Judkins, on her own behalf, and in an effort to resolve this impending employment dispute to avoid undue disruption to ongoing efforts to resolve the instant action, offered to pay Newsome for her hours spent on the case while employed with a Newsome entity. *See* Judkins Dec., Ex. B, at ¶¶ 20-21.[2]  Ms. Judkins provided Newsome an accounting of her hours, plus additional hours to settle the dispute in good faith. Ms. Judkins never included the Plaintiffs nor

---

[2] Normand and Ms. Judkins understood this email was a confidential settlement communication and therefore do not attach it to this Motion.  However, to the extent Newsome Law has falsely characterized that communication for purposes of its Notice, should the Court request it, undersigned counsel will make the communication available for *in camera* review.

13

Case 6:24-cv-01903-ACC-DCI   Document 250   Filed 02/20/26   Page 14 of 17 PageID
6695

attempted to speak in a representative capacity for Plaintiffs when agreeing to compensate Newsome Melton or Newsome Law for any time she may have spent on cases while professionally associated with them. Ms. Judkins's offer was solely in her individual capacity in an effort to resolve a brewing employment dispute with a prior employer. Newsome declined Ms. Judkins's offer and filed the Notice of Charging Lien shortly thereafter.

*Newsome Law's* own manufactured dispute regarding *both* its purported entitlement to a charging lien in this action *and* the amount of that charging lien does not constitute an admission by Plaintiffs that they were ever clients of Newsome Law, nor does it reflect an attempt to avoid paying a fee owed to Newsome Law or a dispute over the amount of such fee. For this reason, too, Newsome Law's Notice must be stricken.

### D. The Court Would be Justified in Issuing an Order to Show Cause Under Fed. R. Civ. P. 11(c)(3) Against Newsome Law and its Counsel, Dale Swope and Swope Rodante

Pursuant to Fed. R. Civ. P. 11(c)(3), the Court, on its own initiative, "may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Under the circumstances described above, such an Order to Show Cause would be justified here. At a minimum, Newsome Law advanced before this Court its Notice that contains several material and demonstrably false factual allegations,

14

including that Ms. Judkins was a W-2 employee for Newsome Law in January 2025 (two months before Newsome Law was even formed), and that Ms. Judkins signed a representation agreement with Plaintiffs in February 2025. In doing so, Newsome Law improperly, and without legal or factual justification, has attempted to impose a charging lien against Plaintiffs' potential future recovery in this action based on, at best, guesswork. A pleading premised on factual "guesswork" falls squarely within Rule 11's prohibition. *See, e.g.*, *Trump v. Clinton*, 640 F. Supp. 3d 1321, 1329 (S.D. Fla. 2022) ("The lawyers . . . continued to advance Plaintiff's false claims based upon nothing but conjecture, speculation, and guesswork. This is precisely the conduct Rule 11 is intended to deter."); *Randall v. Target Corp.*, No. 13-61196-CIV, 2013 WL3448116, at *4 (S.D. Fla. July 9, 2013) (explaining that guessing whether a requirement was met "is not allowed under Rule 11"); *Carter v. City of Melbourne*, No. 6:11-cv-824-Orl-22DAB, 2012 WL 12895874, at *5 (M.D. Fla. May 24, 2012) (Conway, J.) (cautioning counsel that pleading factual allegations "without any then-existing evidentiary support" constitutes conduct that "falls well short of the conduct expected of counsel practicing before this Court.").

Newsome Law's counsel, Dale Swope, Natalie Shoemaker, and their firm, Swope Rodante, provided substantial assistance to Newsome Law in connection with its Notice. Plaintiffs and Normand submit that the exercise of even minimal

diligence on Swope's, Shoemaker's, and their firm's parts would have revealed that multiple factual allegations made in the Notice are without factual or legal support, as demonstrated above. As such, Plaintiffs and Normand further assert that an order to show cause pursuant to Fed. R. Civ. P. 11(c)(3) would also be justified against Swope, Shoemaker, and their firm, Swope Rodante.

## LOCAL RULE 3.01(g) CERTIFICATE

Undersigned counsel for Normand PLLC conferred with counsel for Newsome Law, P.A., Dale Swope and Natalie Shoemaker via telephone on February 17, 2026, regarding the substance of this motion. Counsel were unable to agree on the resolution of all or part of this motion.

Dated: February 20, 2026                Respectfully submitted,

*/s/ Angelica L. Novick*
**THE FERRARO LAW FIRM, P.A.**
Leslie B. Rothenberg (FBN 607850)
lrothenberg@ferrarolaw.com
James Ferraro, Jr. (FBN 107494)
james@ferrarolaw.com
Angelica L. Novick (FBN 105069)
anovick@ferrarolaw.com
600 Brickell Avenue, Suite 3800
Miami, Florida 33131
Tel: (305) 375-0111

*Counsel for Plaintiffs' Counsel Normand PLLC*

16

> */s/ Amy L. Judkins*
> **NORMAND PLLC**
> Edmund A. Normand (FBN 865590)
> ean@normandpllc.com
> Amy L. Judkins (FBN 125046)
> alj@normandpllc.com
> 3165 McCrory Place, Suite 175
> Orlando, Florida 32803
> Tel: (407) 603-6031
> *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record in the manner via transmission of Notices of Electronic Filing generated by CM/ECF for those counsel who are not authorized to receive Notices of Electronic Filing.

> By: */s/ Angelica L. Novick*
> Angelica L. Novick, Esq.