UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEGAN GARCIA, et al.,

     Plaintiffs,

     v.

CHARACTER TECHNOLOGIES, INC., et al.,

     Defendants.

CASE NO.:  6:24-cv-01903-ACC-EJK

## DEFENDANT GOOGLE LLC'S UNOPPOSED MOTION TO MAINTAIN SEAL OR DELETE FILINGS FROM THE RECORD

Defendant Google, Inc. ("Google"), by and through its undersigned counsel and pursuant to Local Rule 1.11 and the Court's Notice (Dkt. 245), files this motion concerning a seal previously entered by the Court beyond the ninety-day time period set forth in Local Rule 1.11(e). Absent relief, the seal of these documents will expire on April 7, 2026. (Doc. 245).

On March 19, 2026, in response to Defendant Character Technologies' Motion to Maintain Seal or Delete Filings from the Record, the Court directed the clerk to delete Dkts. 194-1, 194-2 and 194-7. Dkt. 262. Google files this related Motion for two reasons: (1) Google requests that the Court extend the duration of the seal for Dkts. 194-6 and 194-23 (not at issue in Character Technologies' motion) until the settlement is finalized and to delete the documents from the docket altogether thereafter; and (2) to the extent the documents subject to the Court's March 19, 2026 (Dkts. 194-1, 194-2, and 194-7) and this Motion (Dkts. 194-6 and 194-23) are filed under seal elsewhere on the docket, the Court should also extend the duration of the seal for those documents until the settlement is finalized and delete the documents from the docket altogether thereafter.

The list of documents subject to this Motion, including references to where the documents appear to be filed in multiple locations, is attached as **Exhibit A** ("Documents").

As similarly contemplated in the previously filed Response to Motion to Seal (Dkt. 208) that was granted by this Court (Dkt. 221), the Documents not subject to Dkt. 262 (Dkts. 194-6 and 194-23) reference highly sensitive information related to confidential financial information related to Google's compensation of its employees in the highly competitive field of artificial intelligence. Each Document has been designated "Confidential" under the confidentiality agreement entered into by the parties to restrict access to the information therein to the Court and its personnel, and the parties and their counsel. Declaration of Amy L. Judkins in Support of Plaintiffs' Oppositions to the Individual Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint ("Judkins Decl.") Exs. 6, 23 (Dkts. 194-6, 194-23)).

Nothing in the intervening four months since this Court granted the motion to seal has diminished the confidentiality of the Documents. Nor would the harm associated with the disclosure of this confidential information be any lesser following the 90-day expiration of the seal than it was when Google initially filed its motion. Accordingly, Google requests that the Court grant this motion for the same reasons it initially granted Google's requests for the documents to be sealed. *Thompson v. United States Dep't of Homeland Sec.*, Case No. 8:24-cv-349-KKM-AAS, 2025 WL 1370051, at *1 (M.D. Fla. May 12, 2025) (finding good cause to maintain documents under seal "for the reasons the court initially granted the seal under Local Rule 1.11(e)"); *Sesame Workshop v. Seaworld Parks & Ent., Inc.*, No. 6:23-cv-1507-PGB-UAM, 2025 WL 57546, at *1 (M.D. Fla. Jan. 9, 2025) (granting motion to prevent the expiration of a seal on numerous documents where the relevant documents contained confidential and proprietary business information).

Separate from the documents subject to Dkt. 262, Google therefore requests that this Court order that the following Documents be sealed until the settlement is finalized and to delete the documents from the docket altogether thereafter: 194-6, 194-23, 195-1, 195-2, 195-4, 195-5, 195-8, and 226-7. Ex. A.

## MEMORANDUM OF LAW

While there is a common law right of access to court records, this right is not absolute and may be overcome by "a showing of good cause." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310–15 (11th Cir. 2001). Once good cause is shown, the court must then "balance the party's interest in obtaining access [to the information] against the other party's interest in keeping the information confidential." *Id.* at 1313. In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents

*Patent Asset Licensing, LLC v. Bright House Networks, LLC*, No. 3:15-CV-742-J-32MCR, 2016 WL 2991057, at *1 (M.D. Fla. May 24, 2016) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citations omitted)).

Following the closure of a case, courts in this district regularly grant motions to maintain seals previously entered in the case or direct documents under seal to be deleted, pursuant to Local Rule 1.11(e). *Scrap King, LLC v. Stericycle, Inc.*, No. 8:18-cv-733-MSS-AEP, 2025 WL 3112477, at *1 (M.D. Fla. May 1, 2025) (granting permanent seal and collecting cases); *Thompson*, 2025 WL 1370051, at *1 (granting motion to maintain seal of financial and business records "indefinitely"); Dkt. 262 (directing documents under seal to be deleted).

For each of the Documents, for the reasons explained below, good cause exists to extend the duration of the seal for the Documents until the settlement is finalized and to delete the documents from the docket altogether thereafter, and Google's interest in maintaining confidentiality outweighs the public's right to access such information.

## A.    Dkts. 194-6 & 194-23: Excerpts of 2016 and 2024 Offer Letters

Google's Motion first addresses two documents not previously at issue in Character Technologies' related Motion. Dkt. 261. The excerpts of the 2016 and 2024 Offer Letters contain confidential financial information reflecting how Google compensates employees in the competitive field of artificial intelligence, including salary figures and disbursements of Google stock. Judkins Decl. Ex. 6 (Dkt. 194-6) at 2; Judkins Decl. Ex. 23 (Dkt. 194-23) at 1; *see* Declaration of Matthew Donohue in Support of Google's Response to Plaintiff's Motion to Seal ("Donohue Decl.") (Dkt. 208-1) ¶¶ 7, 8; Declaration of Sarah Hutchison in Support of Google's Response to Plaintiffs' Motion to Seal ("Hutchison Decl.") (Dkt. 208-2) ¶¶ 9-10. This information is particularly sensitive in the highly competitive market surrounding artificial intelligence and ongoing competition to hire and retain top talent. *Id.* ¶¶ 5, 9-10. Its disclosure would reveal important information about Google's employment decision making, causing Google competitive disadvantage. *Id.*

Courts generally find good cause to seal this sort of "sensitive financial and employment information." *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, No. 6:19-cv-1908-Orl-78EJK, 2020 WL 13862027, at *18 (M.D. Fla. Sep. 16, 2020); *see also Cottingim v. ReliaStar Life Ins. Co.*, No. 8:22-cv-1235-CEH-CPT, 2023 WL 2535085, at *12 (M.D. Fla. Mar. 16, 2023) (granting motion to seal separation agreement containing "Plaintiff's salary, payment structure, [and] severance package" where employer argued it would "put the employer at a

competitive disadvantage with respect to its ability to hire employees, negotiate terms of its contracts, and its ability to perform its primary business of placing candidates with other employers").

Because the public disclosure of the 2016 and 2024 Offer Letters contain sensitive financial and employment information, would compromise Google's competitiveness in a highly competitive industry and have been designated "Confidential," the public's interest in disclosure is vastly outweighed by Google's legitimate confidentiality concerns.

**B.      Documents Ordered To Be Deleted That Appear Elsewhere on The Docket**

This Court's March 19, 2026 Order (Dkt. 262) directed the clerk to delete Dkts. 194-1, 194-2 and 194-7. However these documents have been filed in additional locations under seal on the Court's docket as identified in Exhibit A. For the same reasons that the Court granted Character A.I.'s motion as to those documents (Dkts. 261, 262) and for the same reasons that the Court granted Google's prior motion to seal those documents (Dkt. 208 at 6-10 (addressing N. Shazeer deposition transcript, D. De Freitas deposition transcript and License and Release agreement); Dkt. 221 at 6-10, 13-14 (same)), Google requests that the Court also seal the copies of those documents located elsewhere on the docket until the settlement is finalized and delete those documents from the docket altogether thereafter.

**CONCLUSION**

WHEREFORE, Google respectfully requests that this Court grant this motion and, to the extent not addressed in Dkt. 262, extend the duration of the seal for Documents 194-6, 194-23, 195-1, 195-2, 195-4, 195-5, 195-8, and 226-7 until the settlement is finalized and to delete the Documents from the docket altogether thereafter, and such other and further relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that counsel for Google conferred with counsel for Plaintiffs and Plaintiffs do not oppose the relief requested at this time.

DATED: March 23, 2026

Respectfully submitted,

*/s/ Jay B. Shapiro*

Jay B. Shapiro
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3200
jshapiro@stearnsweaver.com

Lauren Gallo White (PHV) (Lead Counsel)
WILSON SONSINI GOODRICH &
ROSATI
One Market Plaza, Spear Tower Suite 3300
San Francisco, CA 94105-1126
(415) 947-2000
lwhite@wsgr.com

Fred A. Rowley, Jr. (PHV)
Matthew K. Donohue (PHV)
WILSON SONSINI GOODRICH &
ROSATI
953 E. Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
fred.rowley@wsgr.com
mdonohue@wsgr.com

*Counsel for Google LLC and Alphabet Inc.*

## CERTIFICATE OF SERVICE

I certify that, on March 23, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: March 23, 2026                    /s/ Jay B. Shapiro
                                         Jay B. Shapiro