**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MEGAN GARCIA and SEWELL
SETZER JR.,
*individually and as the Personal*
*Representatives of the Estate of S.R.S. III,*

        **Plaintiffs,**

v.                            **Case No: 6:24-cv-1903-ACC-DCI**

CHARACTER TECHNOLOGIES, INC.;
NOAM SHAZEER; DANIEL DE
FRIETAS ADIWARSANA; and
GOOGLE LLC,

        **Defendants.**

---

## ORDER

On January 7, 2026, the parties notified the Court that they settled this matter, and the Court dismissed and closed the case. Doc. 244.[1] On February 12, 2026, Newsome Law, P.A. (Newsome Law) filed a Notice of Charging Lien "imposing an attorney's charging lien for attorney's fees and costs against any property or funds received by Plaintiffs, Megan Garcia and Sewell Setzer Jr. . . . whether by settlement, judgment, or otherwise, or which was an issue in the instant action[.]" Doc. 246 (the Notice of Charging Lien). The lien relates to work Attorney Amy Judkins (Attorney Judkins) allegedly performed as a salaried employee of Newsome Law. *Id*. In response, Plaintiffs and Normand PLLC (Normand) filed a Joint Motion to Strike the Notice of Charging Lien. Doc. 250 (the Motion). Newsome Law filed a response in opposition to the Motion, exhibits in support of that response, and other documents as directed by an order of the Court. Doc. 251, 254, 258,

---

[1] On April 10, 2026, the Court granted the parties' request to extend the deadline to move for stipulated final order or judgment or to reopen the case. Doc. 271.

259.  Plaintiffs and Normand filed a Reply in support of the Motion.  Doc. 260.  Upon review of the Notice of Charging Lien and Newsome Law's filings, the Court finds that the Notice of Charging Lien is due to be stricken.

In the Notice of Charging Lien, Newsome Law makes two critical factual assertions to the Court:

(1) "A salaried employee of Newsome Law, Attorney Amy Judkins, began work on this Case on or around January 31, 2025, and thereafter expended resources and incurred costs in connection with this Case";[2] and

(2) "While working as a W-2 employee for Newsome Law, Judkins signed a Representation Agreement with Plaintiffs in February 2025, which entitled counsel jointly to a specified percent of any verdict or settlement, and stated that all counsel would divide fees in proportion to the legal services to be performed and the responsibility assumed by each."

Doc. 246 at 2.  If true, those two factual assertions would likely carry the day for Newsome Law. So, seeking to get to the heart of the matter, by order dated February 23, 2026, the Court directed the following:

On or before 2/24/2026, Newsome Law, P.A. shall file documents—not argument—establishing that (1) Attorney Amy Judkins was "a salaried employee of Newsome Law... on or around January 31, 2025" (see Doc. 246 at 2); and (2) "While working as a W-2 employee for Newsome Law, Judkins signed a Representation Agreement with Plaintiffs in February 2025" (see id.). Those documents shall be limited to agreements, corporate filings, tax forms, and other primary source documents. Specifically, Newsome Law is directed to file the "Representation Agreement" that Amy Judkins signed with Plaintiffs referenced in paragraph 4 of the Notice of Charging Lien. Those documents shall be filed under seal, and must be served upon Plaintiffs, including via electronic mail sent to Amy Judkins. On or before 3/6/2026, Newsome Law P.A. shall respond to [] the Joint Motion to Strike [] Notice of Charging Lien of Newsome Law, P.A.

---

[2] The undersigned recognizes that some arguable ambiguity is baked into the foregoing sentence. Perhaps someone could argue that the opening clause—"A salaried employee of Newsome Law"—did not modify what follows but merely stated a fact about Attorney Judkins status at the time she worked on the case.  But that would turn arguable ambiguity into something approaching purposeful deceit.  And regardless, the second factual assertion contains both unsupported factual assertions: the identity of Attorney Judkins employer on the dates in question and the fact of the signed "Representation Agreement."

Doc. 251.  In response to that order, Newsome Law did file documents.  But Newsome Law's filing does not comply with the Court's order.

With respect to the first factual contention (the one related to Attorney Judkins' employer on the dates in question), Newsome Law submitted the declaration of C. Richard Newsome (Attorney Newsome) as well as Attorney Judkins' pay stubs, healthcare invoices, W-2 forms, emails, and a separation agreement.  *See* Doc. 258-1.  According to Attorney Newsome, "Effective **April 1, 2025**, Ms. Judkins became a full-time W-2 employee of Newsome Law, P.A."  Doc. 258-1 at 5 (emphasis added).  Thus, contrary to Newsome Law's factual contentions to the Court in the Notice of Charging Lien, Attorney Newsome's declaration and exhibits evidence that "on or about January 31, 2025"—the date alleged in the Notice of Charging Lien—Attorney Judkins was employed at Newsome Melton, P.A. (an entity that has since been dissolved)[3] and not Newsome Law, P.A.  *See* Docs. 252, 258-1 to 10; *see also* Doc. 259 at 3 ("As the Declaration and exhibits thereto. . . make clear, beginning April 1, 2025, Ms. Judkins was a full-time employee of Newsome Law, and Ms. Judkins' communications and actions during that time period undeniably prove she was explicitly aware of that change."); *Id*. at 8 ("While she was working as a full-time attorney for **Newsome Melton, P.A.** in January 2025, Ms. Judkins was solicited by Ed Normand to join the team of co-counsel representing Plaintiffs in the *Garcia* matter.") (emphasis added).  Thus, Newsome Law failed to file documents establishing that Attorney Judkins was a salaried employee of Newsome Law on or around January 31, 2025, as the Court ordered.

With respect to the second factual contention (the one related to the allegation that Attorney Judkins "signed a Representation Agreement with Plaintiffs in February 2025"), the Court directed

---

[3] Attorney Newsome states that "[o]n December 22, 2025, a Notice of Corporate Dissolution for Newsome Melton, P.A. was executed and filed."  Doc. 258-1 at 3.

Newsome Law to file the "Representation Agreement" that Amy Judkins allegedly signed as referenced in paragraph 4 of the Notice of Charging Lien.  Despite the factual contention made by Newsome Law in its filing, Newsome Law failed to file any such "Representation Agreement." Instead, in its response to the Motion, Newsome Law appeared to abandon the contention: "Regardless of whether there was a *signed* contract with the Plaintiffs in this matter, the undisputed evidence shows Ms. Judkins, while an employee of Newsome Melton, P.A.. . . provided valuable legal services resulting in benefit to the Plaintiffs, entitling Newsome to a portion of the fees." Doc. 254 at 1 to 2 (emphasis in original).

Thus, Newsome Law failed to comply with the undersigned's February 23, 2026 order directing that evidence be filed to support the two identified factual contentions made in the Notice of Charging Lien.  On that basis alone, the Notice of Charging Lien is due to be stricken.  Further, the undersigned is left with the impression that the factual contentions Newsome Law made to the Court in the Notice of Charging Lien lack evidentiary support based on Newsome Law's own records and the information available to it.  *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a . . . paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support . . . .").

Regardless, even a cursory look at the substance of the Notice of Charging Lien in comparison to the filings Newsome Law submitted to the Court reveals that those filings simply do not support the factual assertions that Newsome Law made to the Court.  "A charging lien is 'an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recover in that particular suit.'" *Adinolfe v. RTX Corp.*, 2025 WL 3905157, at *2

(S.D. Fla. Oct. 8, 2025) (quoting *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So.2d 1383, 1384 (Fla. 1983)). "The charging lien must be perfected before it can be enforced." *Id.* (citing *Baker & Hostetler, LLP v. Swearingen*, 998 So.2d 1158, 1161 (Fla. 5th DCA 2008)). Because the Notice of Charging Lien is without factual support based on Newsome Law's own filings, it is due to be stricken.

To establish the propriety of the lien, Newsome Law states in the Notice of Charging Lien that "[w]hile working as a W-2 employee for Newsome Law, Judkins signed a Representation Agreement with Plaintiffs in February 2025." That statement is demonstrably untrue. Newsome Law submitted W-2 records for Attorney Judkins—she was not "working as a W-2 employee for Newsome Law . . . in February 2025," or in January 2025 for that matter. And Newsome Law has presented the Court with no signed "Representation Agreement" at all, let alone one that Attorney Judkins signed in February 2025 while working for Newsome Law that relates to fees.[4]

Newsome Law tries to circumvent its problems by arguing in response to the Motion that the distinction between whether Attorney Judkins worked for Newsome Melton, P.A. or Newsome Law, P.A is "inconsequential" since Attorney Newsome was the majority owner of both firms and the absence of a signed contract is "not dispositive" because "the evidence shows the existence of an implied contract." Doc. 254 at 3 to 4, 6. But words matter. Newsome Law can't just waive away its misstatements in the Notice of Charging Lien by changing its argument—and its story—in its response to the Motion. The Court is not persuaded that the Notice of Charging Lien can be amended through a response to a motion by making representations that conflict with the factual

---

[4] Newsome Law did attach a draft, red-lined, unsigned representation agreement, which is of little to no value to the Court in considering the lien. *See* Doc. 252-1 at 55-63. Plaintiffs and Normand attach to the Motion Plaintiffs' representation agreement. *See* Doc. 250-6. So far as the Court can tell, Attorney Judkins was not a signatory to that agreement. *See id.*

assertions made in the lien. The Court sees no reason to let the lien stand when it is based on factual contentions that Newsome Law made pursuant to Rule 11 but then abandoned when the Court demanded evidentiary support.

Based on the foregoing, it is **ORDERED** that:

1. the Notice of Charging Lien (Doc. 246) is hereby **STRICKEN** for failure to comply with the Court's Order (Doc. 251) and because Newsome Law's exhibits do not support Newsome Law's statements represented as fact in the Notice of Charging Lien; and

2. the Motion to Strike (Doc. 250) is **DENIED as moot**.

**ORDERED** in Orlando, Florida on June 11, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE