UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MEGAN GARCIA and SEWELL SETZER JR., individually and as the Personal Representative of the Estate of S.R.S. III,<br><br>Plaintiff,<br><br>v.<br><br>CHARACTER TECHNOLOGIES, INC.; NOAM SHAZEER; DANIEL DE FREITAS ADIWARDANA; GOOGLE LLC,<br><br>Defendants. | Case No.: 6:24-cv-01903-ACC-DCI |

**JOINT MOTION TO EXTEND DEADLINE TO MOVE FOR STIPULATED FINAL ORDER OR JUDGMENT OR TO REOPEN CASE**

Plaintiffs Megan Garcia and Sewell Setzer Jr. and Defendants Character Technologies, Inc., Noam Shazeer, Daniel De Freitas Adiwardana, and Google LLC (collectively, the "Parties"), jointly move for an extension of 90 days of the deadline to move for a stipulated final order or judgment or to reopen the case.

On January 7, 2026, the Parties filed a notice of resolution. Doc. 242. In their notice, the Parties informed the Court that they had "agreed to a mediated settlement in principle to resolve all claims between them in the above-referenced matter." *Id.* at 1. The parties further explained that, upon full execution of settlement documents, "the Parties will file the appropriate dismissal documents with the Court and advise the Court of status within ninety (90) days." *Id.*

On January 7, 2026, the Court entered an order under Middle District of Florida Local Rule 3.09(b), dismissing this case without prejudice "subject to the right of the parties, within ninety (90) days of the date of [the] order, to submit a stipulated form of final order or judgment should they so choose or for any party to move to reopen the action, upon good cause shown." Doc. 244, at 1 (emphasis omitted).

On April 7, 2026, the Parties jointly moved for a 120-day extension of the deadline to move for a stipulated final order or judgment or to reopen the case. Doc. 270. The Parties explained that they had "made significant progress towards resolving this matter and related matters in other jurisdictions as part of a global settlement," but that "[g]iven the complexity of the settlement . . . including the number of parties involved and the need to coordinate across jurisdictions, the Parties require[d] additional time to fully execute the settlement agreement and obtain all necessary court approvals." *Id.* at 2.

On April 8, 2026, the Court granted the Parties' joint motion, extending the deadline until August 5, 2026. *See* Doc. 271.

As of the date of this joint motion, the Parties have executed a global settlement agreement and are awaiting necessary judicial approvals of a minor settlement. Accordingly, the Parties move to extend the current deadline to file dismissal papers or to reopen the case by an additional 90 days.

## MEMORANDUM OF LAW

The Court, for good cause shown, may extend the time prescribed by the

Federal Rules of Civil Procedure for any act required or allowed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 6(b)(1). This Court is "receptive to motions for enlargement of time before deadlines pass based on the good cause standard[.]" *Landis v. Direct Wireless Enters., Inc.*, No. 8-cv-1603, 2009 WL 2605074, at *5 n.7 (M.D. Fla. June 10, 2009). The good cause standard "is a non-rigorous standard that has been broadly construed." *Jenkins v. McCalla Raymer, LLC*, No. 10-cv-03732, 2011 WL 13318624, at *5 (N.D. Ga. Apr. 19, 2011) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)). Unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused the privilege of prior extensions, a court will generally find good cause and grant the extension. *Id.* (citation omitted).

There is good cause to grant the relief requested in this motion. The Parties have worked diligently and made significant progress towards resolving this matter (and related matters) as part of a global settlement, including executing a global settlement agreement. The Parties require additional time because they are awaiting necessary judicial approvals of a minor settlement.

The Parties estimate that a 90-day extension will provide sufficient time to secure the necessary judicial approvals of a minor settlement. No party will be prejudiced by the requested extension, and the extension will conserve the resources of the Parties and the Court by obviating the need to seek leave to reopen this case, or otherwise prolonging this litigation. Good cause therefore exists to grant the Parties' requested extension.

WHEREFORE, the parties respectfully request that the Court extend the

deadline to move for a stipulated final order or judgment up to and including November 3, 2026.

**Local Rule 3.01(g) Certification**

The Parties seek the requested relief jointly.

Dated: August 3, 2026

Respectfully submitted,

*/s/ Victoria A. Degtyareva*
Thomas A. Zehnder
Florida Bar No. 0063274
Dustin Mauser-Claassen
Florida Bar No. 0119289
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
25 East Pine Street
Orlando, FL 32801
(407) 422-2472
tzehnder@kbzwlaw.com
dmauser@kbzwlaw.com

Jonathan H. Blavin* (Lead Counsel)
Stephanie Goldfarb Herrera*
MUNGER, TOLLES & OLSON, LLP
560 Mission Street
San Francisco, CA 94105
(415) 512-4011
Jonathan.Blavin@mto.com
Stephanie.Herrera@mto.com

Victoria A. Degtyareva*
MUNGER, TOLLES & OLSON, LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9505
Victoria.Degtyareva@mto.com
**Admitted Pro Hac Vice*

*Counsel for Defendant Character Technologies, Inc.*

*/s/ Amy Judkins*
Matthew Bergman* (Lead Counsel)
Laura Marquez-Garrett*
Glenn Draper*
SOCIAL MEDIA VICTIMS LAW CENTER, PLLC
600 1st Avenue
Suite 102-PMB 2383
Seattle, WA 98104
Telephone: (206) 741-4862
matt@socialmediavictims.org
laura@socialmediavictims.org
glenn@socialmediavictims.org

Amy Judkins
Christopher Hudon
NORMAND PLLC
3165 McCory Place, Suite 175
Orlando, FL 32803
alj@normandpllc.com
christopher.hudon@normandpllc.com

Meetali Jain
Melodi Dincer
TECH JUSTICE LAW PROJECT
611 Pennsylvania Ave., Southeast #337
Washington, DC 20003
meetali@techjusticelaw.org
melodi@techjusticelaw.org
**Admitted Pro Hac Vice*

*Counsel for Plaintiff*

*/s/ Matthew K. Donohue*
Jay B. Shapiro
STEARNS WEAVER MILLER
WEISSLER ALHADEFF
& SITTERSON, P.A.
150 W. Flagler Street, Suite 2200
Miami, FL 33130
(305) 789-3200
jshapiro@stearnsweaver.com

Lauren Gallo White* (Lead Counsel)
WILSON SONSINI GOODRICH & ROSATI,
PROFESSIONAL CORPORATION
One Market Plaza, Suite 3300
San Francisco, CA 94105
(415) 947-2000
lwhite@wsgr.com

Fred A. Rowley, Jr.*
Matthew K. Donohue*
WILSON SONSINI GOODRICH & ROSATI,
PROFESSIONAL CORPORATION
953 E. Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
fred.rowley@wsgr.com
mdonohue@wsgr.com
**Admitted Pro Hac Vice*

*Counsel for Defendant Google LLC and Alphabet Inc.*

*/s/ Isaac D. Chaput*
Paul W. Schmidt* (Lead Counsel)
COVINGTON & BURLING LLP
New York Times Building
820 Eighth Avenue,
New York, NY 10018-1405
(212) 841-1171
pschmidt@cov.com

Isaac D. Chaput*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-7020
ichaput@cov.com
**Admitted Pro Hac Vice*

*Counsel for Defendant Noam Shazeer*

*/s/ Andrew H. Schapiro*
Oliva Barket Yeffet
Florida Bar No. 1026382
QUINN EMANUEL URQUHART & SULLIVAN LLP
2601 S. Bayshore Drive, Suite 1550
Miami, FL 33133-5417
(305) 496-2988
oliviayeffet@quinnemanuel.com

Andrew H. Schapiro*
QUINN EMANUEL URQUHART & SULLIVAN LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com
**Admitted Pro Hac Vice*

*Counsel for Defendant Daniel De Freitas Adiwardana*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 3, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Thomas A. Zehnder*
Thomas A. Zehnder
Florida Bar No. 0063274